# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AUG 2 4 2005

United States of America ex rel.                                    )

Patrick O'Connor #20020018557/ B-45832                              )
(Full name and prison number)                                       )
(Include name under which convicted)                                )

PETITIONER                                                          )

        vs.                   )

Michael F. Sheahan                                                  )
(Warden, Superintendent, or authorized                             )
person having custody of petitioner)                               )

RESPONDENT, and                                                     )

**(Fill in the following blank only if judgment**                  )
**attacked imposes a sentence to commence**                        )
**in the future)**                                                 )

ATTORNEY GENERAL OF THE STATE OF                                   )

Illinois                                                           )
(State where judgment entered)                                     )

# 05C 4880

CASE NO: _____
    (Supplied by Clerk of this Court)

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE LEVIN

Case Number of State Court Conviction:

91-CR-2297201

## PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: Circuit Court of Cook County, Chicago,

Il. 2650 S. California Ave. Chicago, Il. 60608

2.  Date of judgment of conviction: August 29, 1993

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

First degree murder, Aggravated Criminal Sexual Assault

4.  Sentence(s) imposed: 50 and 20 years concurrently

5.  What was your plea?  (Check one)     (A) Not guilty        ( )
                                          (B) Guilty            (XX)
                                          (C) Nolo contendere   ( )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

I was coersed to enter a plea of guilty but mentally ill to avoid capital punishment
this plea was withdrawn, and the conviction reversed in 2003, yet I am still in custody.
The state of Illinois has frustrated all of my attempts to gain a fair and speedy retrial
allowing the prosecution fourteen years to decide a post-conviction petition, which
deprives the Constitution of any meaning and exerpts  the intent of the law, making a fair
trial unattainable.

## PART 1 -- TRIAL AND DIRECT REVIEW

1. Kind of trial:  (Check one):        Jury ( )        Judge only (XX)

2. Did you testify at trial?    YES ( )        NO        (XX)

3. Did you appeal from the conviction or the sentence imposed? YES (XX )   NO ( )

   (A)  If you appealed, give the

      (1)  Name of court:   Illinois Appellate Court

      (2)  Result:       ~~Ander's Brief by~~ Public Defender

      (3)  Date of ruling:   ?

      (4)  Issues raised:   none

   (B)  If you did not appeal, explain briefly why not:

     Counsel refused to pursue the issues.

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (XX)    NO ( )

   (A)  If yes, give the

      (1)  Result   The Illinois Supreme Court  revoked my right to proceed in the court.

      (2)  Date of ruling:   9/24/04

      (3)  Issues raised: violation  of 4th Amendment and due process rights.

   (B)  If no, why not:

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )   No (XX)

   If yes, give (A) date of petition: _____   (B) date *certiorari* was denied: _____

2

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( XX )  NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A.  Name of court:  Circuit Court of Cook County

B.  Date of filing:  October 1993

C.  Issues raised: INEFFECTIVE ASSISTANCE OF COUNSEL, JUDICIAL ABUSE OF DISCRETION, POLICE MISCONDUCT, VIOLATION OF DUE PROCESS, VIOLATION OF THE FOURTH AMENDMENT.

D.  Did you receive an evidentiary hearing on your petition?    YES (XX)  NO ( )

E.  What was the court's ruling? DENIED

F.  Date of court's ruling:  January 2001

G.  Did you appeal from the ruling on your petition?    YES (XX)  NO ( )

H.  (a)  If yes,    (1) what was the result?    CIRCUIT COURT WAS OVERRULED

(2) date of decision:  JANUARY 2001

(b)  If no, explain briefly why not: _____

I.  Did you appeal, or seek leave to appeal this decision to the highest state court?

YES ( )  NO (XX)

(a)  If yes,    (1) what was the result? _____

(2) date of decision: _____

(b)  If no, explain briefly why not: IT WAS A FAVORABLE DECISION.

## SUMMARY OF COMPLAINT

PATRICK O'CONNOR, PETITIONER, PRO SE BRINGS THIS PETITION FOR A WRIT OF HABEAS CORPUS, SEEKING RELIEF FROM HIS STATE CONVICTION.  IN CASE #91CR2297201, PETITIONER WAS ARRESTED WITHOUT A WARRANT, CHARGED WITH CAPITOL MURDER AND AGGRAVATED CRIMINAL SEXUAL ASSAULT. INEFFECTIVE COUNSEL REFUSED TO ARGUE THE ISSUE OF THE INVOLUNTARYNESS OF PETITIONER'S COERSED  CONFESSION, AND CONVINCED THE MENTALLY ILL  DEFENDANT TO PLEAD GUILTY TO AVOID THE DEATH PENALTY.  PETITIONER ATTEMPTED TO WITHDRAW HIS PLEA WITHIN THE 30 DAY PERIOD ALLOWED BY ILLINOIS LAW, BUT HIS MOTION WAS DENIED, PETITIONER APPEALED, BUT APPOINTED COUNSEL REFUSED TO RAISE ANY ISSUES ON APPEAL, SO THE APPEAL WAS DENIED.  PETITIONER THEN FILED A POST-CONVICTION PETITION RAISING TWENTYSEVEN ISSUES OF VIOLATIONS OF HIS RIGHTS. COURT APPOINTED COUNSEL DECIDED TO BIFIRCATE THESE ISSUES AND RAISED ONLY THE ISSUE OF FITNESS FOR TRIAL.  THE COURT DENIED THE PETITION, PETITIONER APPEALED AND THE APPELLATE COURT REVERSED THE CIRCUIT COURT'S DECISION.  PETITION WAS GRANTED AND A NEW TRIAL ORDERED, YET PETITIONER WAS NEVER RELEASED FROM CUSTODY.  COURT APPOINTED COUNSEL REFUSES TO FILE MOTIONS TO DISMISS THE CHARGES BASED ON THE FACT THAT BEFORE THE ORIGINAL TRIAL, ASSISTANT STATES ATTORNEY LORI LEVIN  DID NOT HAVE EVIDENCE TO PROVE THE SEXUAL ASSAULT, SO SHE ORDERED DESTRUCTIVE TESTING TO BE PERFORMED UPON PHYSICAL EVIDENCE TAKEN FROM THE ALLEGED CRIME SCENE.  WHEN TEST RESULTS WERE NOT FAVORABLE TO HER, SHE ORDERED THE SAME DESTRUCTIVE TESTING BE PERFORMED THREE MORE TIMES IN SPITE OF PETITIONER'S REQUEST FOR ALL DISCOVERABLE EVIDENCE.  THIS DENIED PETITIONER DUE PROCESS OF LAW AND THE ABILITY TO REBUT THE FINDINGS OF  THE PROSECUTIONS WITNESSES, AS THE ENTIRE SAMPLE WAS CONSUMED BY THE REPEATED TESTING.  PETITIONER'S ARREST WAS UNLAWFUL AS DEFENDANT WAS ARRESTED WITHOUT A WARRANT ON  8/29/91 AND A JUDICIAL DETERMINATION OF PROBABLE CAUSE FOR THE ARREST WAS NOT DETERMINED UNTIL 9/9/91 IN VIOLATION OF  THE FOURTH AMENDMENT AS INTERPRETED BY THE U.S. SUPREME COURT IN RIVERSIDE V. MCLAUGHLIN REQUIRING JUDICIAL DETERMINATIONS OF PROBABLE CAUSE FOR ARRESTS BE DETERMINED WITHIN 48 HOURS OF ARREST.  STATE OFFICIALS HAVE DRAGGED THEIR FEET IN THE PROSECUTION OF THIS OFFENSE, AS 14 YEARS HAVE PASSED, YET 725ILCS 5/122-2.1 REQUIRES A DECISION ON A POST-CONVICTION PETITION WITHIN 90 DAYS OF FILING. DELAYING A DECISION ON THE PETITION FOR 14 YEARS CLEARLY DEPRIVES THIS STATUTE OF MEANING AND USEFULNESS.. COURT APPOINTED COUNSEL'S REFUSAL TO FILE MOTIONS IN ACCORD WITH PETITIONER'S WISHES DENIES PETITIONER DILIGENT REPRESENTATION.  725 ILCS 114-4 MOTION FOR CONTINUANCE REQUIRES THAT "(a), IF THE MOTION IS MADE MORE THAN 30 DAYS AFTER ARRAIGNMENT THE COURT SHALL REQUIRE IT TO BE IN WRITING, SUPPORTED BY AFFIDAVIT.", YET NONE OF THE MORE THAN 169 CONTINUANCES GRANTED BY THE COURT WERE IN WRITING NOR SUPPORTED BY AFFIDAVIT, DENYING PETITIONER DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAWS.

ON 9/14/04 PETITIONER AND SEVERAL OTHER UNJUSTLY INCARCERATED PEOPLE FILED A CLASS ACTION SUIT TO ATTEMPT TO FORCE ILLINOIS COURTS TO COMPLY WITH FEDERAL LAW AND FOR THEIR RELEASE FROM CUSTODY FOR VIOLATIONS OF 4th AMENDMENT RIGHTS.  AFTER GRANTING LEAVE TO PROCEED IN THE ILLINOIS SUPREME COURT.  ON 11/19/04 THE ILLINOIS SUPREME COURT WITHDREW PERMISSION TO PROCEED AND DENIED ALL OF PETITIONER'S MOTIONS.  IT IS POINTLESS FOR PETITIONER TO AWAIT A RULING IN STATE COURT AS HE WAS SENTENCED TO 50 AND 20 YEAR SENTENCES OF WHICH HE MUST SERVE TWENTY FOUR AND ONE HALF YEARS, SO WHILE AWAITING A RULING HE HAS ALREADY SERVED THE TWENTY YEAR SENTENCE, MAKING THE POST-CONVICTION ACT TOTALLY MEANINGLESS IN ILLINOIS, AND FORCING PETITIONER TO  PETITION THIS COURT FOR RELIEF.

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES (XX)      NO ( )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding     Mandamus

      2. Date petition filed     9/24/04

      3. Ruling on the petition     DENIED PERMISSION TO PROCEED.

      3. Date of ruling     11/19/04

      4. If you appealed, what was the ruling on appeal?     DENIED

      5. Date of ruling on appeal     11/19/04

      6. If there was a further appeal, what was the ruling ?     none

      7. Date of ruling on appeal

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
      YES ( )   NO (XX)

   A. If yes, give name of court, case title and case number: _____

_____

   B. Did the court rule on your petition? If so, state

      (1) Ruling: _____

      (2) Date: _____

## 4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?

YES (XX)   NO ( )

If yes, explain: 14 year delay in post-conviction  proceedings has denied petitioner of
due process of law.

# PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one ~~DELAY OF - 169 MONTHS~~ DEPRIVES PETITIONER OF DUE PROCESS OF LAW
Supporting facts (tell your story briefly without citing cases or law):

~~Petitioner has been unjustly arrested, coersed to plead guilty but mentally ill,~~

~~then filed an appeal which was denied by counsel, leading to the filing of a post~~

~~conviction petition, which was to be heard in 45 days, yet it has been 14 years,~~

~~and still has not received relief under this act denying due process, equal~~

~~protection and violating petitioner's 4th Amendment protections.~~

(B) Ground two Extensive delay in judicial determination of probable cause denies
Supporting facts:

petitioner due process of law and violates his 4th Amendment protections.

The U.S. Supreme Court decided that to satisfy the promptness requirements of

the Fourth Amendment judicial determinations of probable cause for arrest

must be made within 48 hours of arrest. Petitioner was arrested on 8/29/91 and

probable cause for the arrest was not determined by the court until 9/9/91.

Illinois law requires violations of this law be cured by dismissal of charges, yet

petitioner is still in custody in violation of these laws.

(C) Ground three Supporting facts:

Deviation from rules of Criminal Procedure violate petitioner's

right to due process of law, equal protection of the law, and

deny petitioner a fair trial.

Illinois Compiled Statutes, 725 ILCS 5/114-4 motion for

continuance requires all motions for continuances to be in writing
supported by affidavit, when made more than 30 days after arraignment

Petitioner's case has been continued over 169 times over 14 years,

yet none of the motions for continuance have been in writing nor
supported by affidavit, allowing the state to delay the case indefinitely.

(D) Ground four Supporting facts:

Denial of effective assistance of counsel denies petitioner

due process of law, equal protection of the law, and his 6th Amendment rights

Trial counsel refused to take the case to trial, but coersed the mentally ill

petitioner to plead guilty to avoid the death penalty.Appellate
counsel failed to file any  argument for petitioner

2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
       YES ( )   NO (XX)

3.   If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:
       I WAS ONLY ABLE TO PRESENT THE ISSUE OF  MY FOURTH AMENDMENT VIOLATION

I FILED A PETITION FOR A WRIT OF MANDAMUS TO THE ILLINOIS SUPREME COURT DUE  TO

ILLINOIS REFUSAL TO COMPLY WITH FEDERAL LAW.

ADDITIONAL ISSUE:   THE PROSECUTION WITHHELD AND DESTROYED EXCULPATORY
EVIDENCE FROM THE PETITIONER.

DETAILS:   PETITIONER WAS CHARGED WITH AGGRAVATED CRIMINAL SEXUAL ASSAULT
ALLEGEDLY SODOMIZING THE VICTIM, HOWEVER NO  PHYSICAL EVIDENCE OF
THIS ACT EXISTED, BUT A RECTAL SWAB OF THE VICTIM'S ANUS  WAS
TAKEN AS EVIDENCE.  THE CONTENTS OF THIS SWAB  WAS EXAMINED BY
FORENSIC SCIENTISTS, WHO CONCLUDED THAT NO BLOOD TYPE FROM THE
PETITIONER WAS PRESENT IN THAT SWAB.  ASSISTANT STATES ATTORNEY
LORI LEVIN, AFTER PETITIONER MADE A DISCOVERY REQUEST FOR THIS
EVIDENCE PROCEEDED TO ORDER DISTRUCTIVE TESTING DONE ON THIS
EVIDENCE FOUR TIMES, IN THE HOPE OF OBTAINING DIFFERENT RESULTS.
BEFORE RETRIAL,  THE PROSECUTION PERFORMED DNA TESTING ON THIS
EVIDENCE MYSTERIOUSLY, PETITIONER'S DNA APPEARED IN THIS EVIDENCE,
AND THE DNA TESTING DESTROYED ALL OF THE SAMPLE  DENYING THE
PETITIONER DUE PROCESS OF LAW, AND THE CHANCE TO REBUT THE
LAB'S FINDINGS.  APPOINTED COUNSEL REFUSES TO RAISE THIS ISSUE
AND HAVE THE CHARGES AGAINST PETITIONER DISMISSED, THE PROPER
REMEDY UNDER ILLINOIS LAW FOR THIS RIGHTS VIOLATION.

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A)  At preliminary hearing  RAYMOND GARZA

(B)  At arraignment and plea  RAYMOND GARZA

(C)  At trial  RAYMOND GARZA

(D)  At sentencing  RAYMOND GARZA

(E)  On appeal  PUBLIC DEFENDER

(F)  In any post-conviction proceeding  HAROLD WINSTON, BRENDON MAX

(G)  Other (state):

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (  )   NO ( XX

Name and location of the court which imposed the sentence:

Date and length of sentence to be served in the future

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____
                (Date)

_____
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_Patrick O'Cone_
(Signature of petitioner)
_2004-00 18557_
(I.D. Number)
_P.O. Box 089002 Chicago, Il 60608_
(Address)

REVISED 01/01/2001

VIOLATION OF HIS RIGHTS, DISMISSAL OF CHARGES.  WHEN ILLINOIS LAW IS MADE TO CONFORM TO FEDERAL LAW, AS ARTICLE VI OF THE U.S. CONSTITUTION REQUIRES.  THERE IS NO OTHER CHOICE THAN TO DISMISS THE CHARGES AGAINST THE PETITIONER, OTHERWISE PETITIONER'S RIGHT TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW IS VIOLATED.

4-ILLINOIS LAW CLEARLY DEFINES THE REQUIREMENTS COUNSEL MUST MEET TO MOVE THE COURT FOR A CONTINUANCE.  725 ILCS 5/114-4  **MOTION FOR CONTINUANCE**  (a) HOLDS " IF THE MOTION IS MADE MORE THAN 30 DAYS AFTER ARRAIGNMENT THE COURT SHALL REQUIRE THAT IT BE IN WRITING AND SUPPORTED BY AFFIDAVIT."PETITIONER"S CASE HAS BEEN CONTINUED OVER 169 TIMES IN 14 YEARS, YET NO MOTION FOR CONTINUANCE HAS EVER BEEN IN WRITING, OR SUPPORTED BY AFFIDAVIT.  PARAGRAPH (e) ALLOWS THE COURT TO DISMISS THE CHARGES WHEN THE STATE FAILS TO DILIGENTLY PROSECUTE THE DEFENDANT, YET IN VIOLATION OF PETITIONER'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW, THE COURT PERSISTS IN ITS BIAS AGAINST PETITIONER'S RIGHTS, AND ALLOWS THE PROSECUTION TO DRAG OUT THIS PROSECUTION FOR 14 YEARS.

5- DENIAL OF EFFECTIVE ASSISTANCE OF APPOINTED COUNSEL DEPRIVES PETITIONER OF DUE PROCESS OF LAW AND A FAIR TRIAL.  COUNSEL REFUSES TO ABIDE BY PETITIONER'S WISHES TO CALL WITNESSES TO TO SUPPRESS PETITIONER'S COERSED STATEMENTS BY LT. COMMANDER JON BURGE AND HIS MEN, WHO ABUSED PETITIONER TO EXTRACT THESE STATEMENTS.  COUNSEL REFUSES TO DILIGENTLY RESEARCH THE FACTS OF THE CASE TO FIND FORENSIC WITNESSES TO TESTIFY OF THE IMPOSSIBILITY OF THE BLIND, MENTALLY CHALLANGED, PARTIALLY PARALYZED, PETITIONER'S ABILITY TO COMMIT THE OFFENSES ALLEGED TO HAVE BEEN COMMITTED BY HIM.  COUNSEL REFUSES TO DEMAND A SPEEDY TRIAL AS PETITIONER REQUESTS TO BRING A CONCLUSION TO THIS PROSECUTION.

6-THE PROSECUTION WITHHELD THEN DESTROYED EXCULPATORY EVIDENCE AFTER A SPECIFIC REQUEST TO EXAMINE IT IN PETITIONER'S MOTION FOR DISCOVERY.  A RECTAL SWAB WAS TAKEN FROM THE VICTIM, WHICH TESTING SHOWED NO PRESENCE OF BLOOD, SEMEN, NOR SALIVA FROM THE PETITIONER, YET ACCORDING TO THE COERSED CONFESSION THESE BODILY FLUIDS FROM THE PETITIONER MUST BE PRESENT TO CONFIRM THE COMMISSION OF THE OFFENSE.  ASSISTANT STATES ATTORNEY LORI LEVIN REQUESTED DESTRUCTIVE TESTING BE PERFORMED ON THIS SWAB A TOTAL OF FOUR TIMES HOPING FOR A DIFFERENT RESULT FROM IDENTICAL TESTING, AND DESTROYING MOST OF THE SAMPLE.  WITH STILL NO EVIDENCE OF PETITIONER'S BLOOD TYPE BEING PRESENT, IN 2005, THE PROSECUTION TOTALLY DESTROYED THE EVIDENCE FOR D.N.A. TESTING WHICH SUSPICIOUSLY REVEALED THE PRESENCE OF PETITIONER'S BLOOD TYPE IN VIOLATION OF **BRADY V. MARYLAND** AND **YOUNGBLOOD V. ARIZONA** .  THE STATE HAS DUTY  TO PRESERVE EVIDENCE, SUPPRESSION OF EVIDENCE FAVORABLE TO AN ACCUSED UPON PROPER REQUEST VIOLATES ACCUSED'S RIGHT TO DUE PROCESS OF LAW WHERE EVIDENCE IS MATERIAL TO THE GUILT OR PUNISHMENT IRRESPECTIVE OF GOOD FAITH OF THE PROSECUTION. **PEOPLE V. GAITOR** B64 NE 2d 484."DUTY OF PROSECUTOR IS NOT ONLY TO REPRESENT THE STATE BUT ALSO TO REPRESENT THE PEOPLE BY SEEING THAT DEFENDANTS RECEIVE A FAIR TRIAL." **PEOPLE V. HIGGS** 289 n.e. 2d 1042.

7- ILLINOIS LAW IS CLEAR, PETITIONER'S RIGHTS TO DUE PROCESS OF LAW ARE CONTINUALLY BEING VIOLATED; FEDERAL LAW CLEARLY IS THE ONLY AVENUE OF RELIEF AVAILABLE TO THE PETITIONER, THEREFOR; PETITIONER PRAYS THIS HONORABLE COURT WILL REVIEW THESE FACTS, PROVIDE PETITIONER WITH THE RIGHTS HE IS GUARANTEED BY THE U.S. CONSTITUTION, AND ORDER PETITIONER RELEASED FROM CUSTODY WITH PREJUDICE.

RESPECTFULLY SUBMITTED,

*Pillian O'Connor*

PATRICK O'CONNOR PRO SE
REG # 20020018557
DIVISION 10-1-B
P.O. Box 089002
CHICAGO, IL. 60608

IN THE
SUPREME COURT
OF THE
STATE OF ILLINOIS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| Patrick O'Connor, | ) | |
| William R. Johnson, | ) | |
| Piotr Rymarczuk, | ) | |
| All other similiarly situated persons, | ) | |
| PLAINTIFFS/ petitioners | ) | |
| | ) | CASE #_____ |
| V. | ) | |
| Rod R Blagojovich, Governor, | ) | |
| Lisa Madigan,  Attorney General, | ) | |
| DEFENDANTS/respondents, | ) | |

PETITION OF MANDAMUS

# TABLE OF CONTENTS

................................................................................2

TABLE OF CONTENTS..............................................................3
TABLE OF AUTHORITIES...........................................................4

LEAVE TO FILE WRIT OF MANDAMUS.................................................6

PETITION OF MANDAMUS..........................................................7

MEMORANDUM AT LAW.............................................................9
AFFIDAVIT OF WILLIAM JOHNSON..................................................10

AFFIDAVIT OF PIOTR RYMARCZUK..................................................

## ATTACHMENTS

..............................................................................11
NOTICE OF FILING..............................................................12
725ILCS 5/109-3.1.............................................................13

725 ILCS 5/114-1 (11).........................................................14
MOTION FOR APPOINTMENT OF COUNSEL.............................................

# TABLE OF AUTHORITIES

uthority .................................................................5

35 ILCS 5/14-101 et. seq. ...........................................5

SUPREME COURT RULE 381 ...............................................5

OVERAND V. GUARD ....................................................5
524 NE2d 731

HARRIS V. REGIONAL BOARD OF SCHOOL TRUSTEES OF UNION COUNTY ..........5
403 NE2d 3

RIVERSIDE V. MCLAUGHLIN .............................................5
500U.S. 44

725ILCS 5/109-3.1 (c) ...............................................6

725ILCS 5/114-1 (11) ................................................6

PEOPLE V. LOFTUS ....................................................6
81 NE 2d495

U.S. CONSTITUTION ARTICLE VI ........................................7

CUPPV. MURPHY .......................................................7
412 U.S. 291

GERSTEIN V. PUGH ....................................................8
420 U.S.103

TERRY V. OHIO .......................................................8
392 U.S.1, 16

JOHNSON V. HALPIN ...................................................8
108NE2d 429

LEO MICHUDA & SONS CO. V. METROPOLITAN  SANITARY DISTRIC OF GREATER CHICAGO ....8
422NE2d 1078

PEOPLE EX. REL. BLOME V. NEWMAN .....................................8
25NE2d 811

ILL. CENT. R. CO. V. PEOPLE ........................................
33NE2d 173

IN THE
SUPREME COURT
OF ILLINOIS

Rod R. Blagojevich Governor,  Lisa Madigan Attorney General,)
et al.,                                                    )
Respondants,                                               )  Case no._____
V.                                                         )
Patrick O'Connor, Piotr Rymarczuk, William R. Johnson,     )
all other similarly situated persons,                      )
Petitioners,                                               )

LEAVE TO FILE WRIT OF MANDAMUS

Mandamus complaint pursuant to 735 ILCS 5/14- 101 et. seq. and rule 381.

In support of this motion petitioners state the following:

. Mandamus is the correct instrument to bring these issues to the court's attention as S.Ct. Rule381 allows this court jurisdiction to decide the constitutionality of state law, as "Mandamus is appropiate means to compel public officials to comply with statutory or constitutional duties." Overand V. Guard 424 NE2d 731, and "Mandamus is an extraordinary remedy to compel official to preform duties which the petitioner is entitled to have preformed." Harris V. Regional Board of School Trusteesof Union County403 NE2d 3.

. On May 13 1991 the United States Supreme Court clearly defined what reasonable means in regard to the Fourth Amendment, in Riverside V. McLaughlin500 U.S. 44.

. The court found juridictions that allow a suspect to be detained for up to 30 days without a judicial determination of probable cause for arrest to be in violation of the constitution. id. at 1667-8. The court went on to require judicial determinations of probable cause for a warrantless arrest be made within 48 hours of arrest.

. It is clear that all individuals arrested without a warrant have a right under the 4th Amendment of the U.S. Constitution to a judicial determination of probable cause within 48 hours of arrest.

. In Illinois, probable cause for an arrest is determined by a judge at either a preliminary hearing or by a Grand Jury indictment.

. 725 ILCS 5/109-3.1 governs judicial determinations of probable cause, and paragraph (c) allows up to 30 days for the state to make a judicial determination of probable cause for an arrest. This clearly is unconstitutional.

. 725 ILCS 5/109-3.1 clearly must require judicial determinations of probable cause to be made within 48 hours of arrest to meet the requirements of the constitution.

. 725 ILCS 5/114-1 (11) gives petitioners the right to have charges against them dismissed for violations of what 725 ILCS 5/109-3.1 must say.

. Petitioners did not receive judicial determinations of probable cause for their arrests within 48 hours of their arrests, therefore; charges against them must be dismissed.

0. For the foregoing reasons petitioners pray this Honorable Court will grant petitioners leave to file a complaint under 735 ILCS5/14-101 et. seq. and rule 381.

## AFFIDAVIT

, Patrick O'Connor, aver and affirm that I am the petitioner in the attached motion, and all facts contained therein are true and correct to the best of my knowledge.

_Patrick O'Connor_    6-7-04
atrick O'Connor          DATE

IN THE
SUPREME COURT
OF ILLINOIS

Rod R. Blagojevich Governor,                     )
Lisa Madigan Attorney General,                   )
et'al.,                                           )
Respondants,                                      )
                                                 )
                                                 ) case no. _____
r.                                               )
                                                 )
                                                 )
Patrick O'Connor, Piotr Rymarczuk,               )
William R.  Johnson,                             )
all other similarly situated people,             )
Petitioners                                       )

PETITION OF MANDAMUS

  NOW COMES petitioners pursuant to S.ct Rule381, 735 ILCS 5/.14-101 et. seq. and move this
Honorable Court to issue an order of Mandamus upon the respondants, ordering them to
comply with the laws  of the United States, amend  chapter 725 of the Illinois Compiled
Statutes section 5/109-3.1, .3 to require a judicial determination of probable cause for an
arrest be made within 48 hours of the arrest.  Petitioners also move this Honorable Court to
dismiss the charges against them.  In support of this motion petitioners state the following:

.The  U.S. Supreme Court decision that that determined Illinois law to be unconstitutional
   was  entered  on May 13, 1991, and 725 ILCS 5/114-1 (11) states grounds for
   dismissal of charges as a violation of  725 ILCS 5/109-3.1.

. If 725 ILCS5/109-3.1, had been in accord with the requirements of the U.S. Constitution on
   May 13, 1991, all petitioner's charges would have been dismissed in accordance with the
   law.  Illinois procedures which allow up to 30 days detention of prisoners before a judicial
   determination of probable cause is made are unconstitutional. (see Riverside V. McLaughlin
   500 U.S. 44 at 1667.

. It is well established  that "The Constitution of the United States and decisions of
   the Supreme Court  are the supreme law of the land binding  on every court in the land."
   People V. Loftus 81 NE2d 495 and U,S. Constitution Article VI.

. For the forgoing reasons petitioners pray this Honorable Court will enter an order of
   Mandamus upon respondents  requiring  them to amend  725 1LCS5/109-3.1 and apply this
   change retroactively to May 13, 1991, and dismiss all charges against petitioners who's
   rights were violated by this unconstitutional statute,  and any other relief this
   court deems just and fair.

                    Respectfully submitted,

                    _____        6-7-04
                    Patrick O'Connor                 date

IN THE
SUPREME COURT
OF ILLINOIS

Rod R. Blagovich Governor,           )
Lisa Madigan Attorney General,       )
ET AL.,                              )
Respondants,                         )
                                     )
                                     )
V.                                   ) case no._____
                                     )
Patrick O'Connor,                    )
Piotr Rymarczuk,                     )
William R. Johnson,                  )
all other similarly situated         )
people,                              )
Petitioners,                         )

MEMORANDUM AT LAW  IN SUPPORT OF PETITION

NOW COME petitioners and attach this memorandum  at law in support of their petition
for Mandamus.

1. Petitioners were all  arrested after May 13, 1991 without an arrest warrant, nor
was a judicial determination  of probable cause for their arrests made within 48
hours of their arrests in violation  of the United States Constitution.
"A jurisdiction that chooses to  combine probable cause determinations with
other pretrial proceedings must do so as soon as is reasonably feasible, but in no
event  later than 48 hours after arrest." Riverside V. McLaughlin  500U.S. 44 at 1661.

2. "This court held unconstitutional procedures under which  persons arrested
without a warrant could remain in police custody for 30 days or more without a judicial
determination of probable cause." id. 1667-8

3. "Both the standards and procedures  for arrest and detention have been derived from
the 4th Amendment and its common-law  antecedents see Cupp V. Murphy 412 U.S.291."
Gerstien V. Pugh 420 U.S. 103

4. It must be recognized that whenever a police officer accosts an individual and
restrains  his freedom to walk away he has seized that person." Terry V. Ohio
392 U.S. 1, 16.

5.It is clear that petitioner's 4th Amendment  protections were violated when the police
arrested them  without a warrant or probable cause and the government denied them
a judicial determination  of probable cause within 48 hours of their arrests.

3:06-cv-0322 Case 1:05-cv-04880 Document 1 Filed 09/24/2006 Page 18 of 48

6. "The General assembly may enact legislislation authorizing searches to be made under certain circumstances provided such leglislation does not authorize unreasonable searches and seizures in violation of Constitutional guarantee." <u>Johnson V. Halpin</u> 108 N.E.2d 429. "The Constitution of the United States and the decisions of the United States Supreme Court are the supreme law of the land binding on every court in the land." <u>People V. Loftus</u> 81 N.E.2d 495, U.S. Constitution Article VI.

7. It is clear that Illinois law is contrary to Federal law, and Illinois law must be amended to comply with Federal law.

8. Petitioners have the right to relief as "Mandamus is appropiate means to compel public officials to comply with statutory or Constitutional duties." <u>Overand V. Guard</u> 424 NE2d 731 and"Writ of Mandamus commands the officer or body to whom it is directed to preform specific duty to which petitioner is entitled by right." <u>Leo Michuda & Son Co. V.</u> <u>Metropolitan Sanitary Distric of Greater Chicago</u> 422 NE2d 1078.

9. "Where petitioner shows clear right to the mandamus, court has no discretion with respect to granting or refusal of it." <u>People ex rel. Blome V. Newman</u> 25 N.E.2d 811, Ill. Cent. R. Co. V. People 33 NE2d173.

10. The equal protection clause of the 14th Amendment guarantees petitioners a clear right to equal protection of the laws of the United States.

11. This Honorable Court has jurisdiction to decide this case under Supreme Court Rule 381 governing mandamus as an original action in the Supreme Court.
At the heart of this controversy is the fact that chapter 725 of the Illinois Compiled Statutes section 5 paragraph109-3.1 violates the United States Constitution. Furthermore, when 725ILCs 5/109-3.1 is made to conform to the requirements of the U.S. Constitution, as explained in <u>Riverside V. McLaughlin</u> 500 U.S. 44petitioners are clearly entitled to the relief under 725 ILCS 5/114-1 paragraph (11) dismissal of charges. The petitioners seek dismissal of the charges against them, and any other relief this court deems just and fair. Supreme Court Rule 19 has been complied with.( see attachment (1)).

## AFFIDAVIT

I, Patrick O'Connor aver and affirm that I have read the foregoing memorandum and all facts contained therein are true and correct to the best of my knowledge.

_____
Patrick O'Connor

<u>6-7-04</u>
date

## AFFIDAVIT

I, William R. Johnson aver and affirm that I am one of the petitioners in the attached Petition of Mandamus.  I have read the petition and all facts contained therein are true and correct to the best of my knowledge.

_____          6-7-04
William R. Johnson                 date

**AFFIDAVIT**

I, Piotr Rymarczuk, aver and affirm that I am one of the  petitioners in the attached
Mandamus, I have read the  petition, and all facts contained therein are true and
correct to the best of my knowledge.


*Piotr Rymarczuk* _____          6-7-04 _____
Piotr Rymarczuk                             date

## NOTICE

PLEASE TAKE NOTICE that a claim of Unconstitutionality of 725 ILCS 5/109-3.1 has been raised in the Supreme Court. 725 ILCS 5/109-3.1 (b) allows 30 days for a judicial determination of probable cause to be made. This clearly violates the Supreme Court ruling in RIVERSIDE V. MCLAUGHLIN 500U.S.44, 111 S.Ct. 1661 and Gerstien V. Pugh 95 S.Ct.868, therefore; this statute is in rebellion to the U.S. Constitution. To comply with the 4th Amendment to the U.S. Constitution this time frame for a judicial determination of probable cause for a warrantless arrest must be changed to, "within 48 hours". Until this statute is amended it is clearly unconstitutional.

## AFFIDAVIT

I, Patrick O'Connor, aver and affirm that I have read the foregoing, and all facts contained therein are true and correct to the best of my knowledge.

_Patrick O'Connor_                    6-7-04
Patrick O'Connor                      Date

THIS NOTICE IS IN COMPLIANCE WITH SUPREME COURT RULE 19.

## 725 ILCS 5/109–1.1    CRIMINAL PROCEDURE

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 109–1.1.
1 325 ILCS 5/1 et seq.

### 5/109–2.  Person arrested in another county

§ 109–2.  Person arrested in another county.  (a) Any person arrested in a county other than the one in which a warrant for his arrest was issued shall be taken without unnecessary delay before the nearest and most accessible judge in the county where the arrest was made or, if no additional delay is created, before the nearest and most accessible judge in the county from which the warrant was issued.  He shall be admitted to bail in the amount specified in the warrant or, for offenses other than felonies, in an amount as set by the judge, and such bail shall be conditioned on his appearing in the court issuing the warrant on a certain date.  The judge may hold a hearing to determine if the defendant is the same person as named in the warrant.

(b) Notwithstanding the provisions of subsection (a), any person arrested in a county other than the one in which a warrant for his arrest was issued, may waive the right to be taken before a judge in the county where the arrest was made.  If a person so arrested waives such right, the arresting agency shall surrender such person to a law enforcement agency of the county that issued the warrant without unnecessary delay.  The provisions of Section 109–1 shall then apply to the person so arrested.

Laws 1963, p. 2836, § 109–2, eff. Jan. 1, 1964.  Amended by P.A. 86–298, § 1, eff. Jan. 1, 1990.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 109–2.

### 5/109–3.  Preliminary examination

§ 109–3.  Preliminary examination.  (a) The judge shall hold the defendant to answer to the court having jurisdiction of the offense if from the evidence it appears there is probable cause to believe an offense has been committed by the defendant, as provided in Section 109–3.1 of this Code, if the offense is a felony.

(b) If the defendant waives preliminary examination the judge shall hold him to answer and may, or on the demand of the prosecuting attorney shall, cause the witnesses for the State to be examined.  After hearing the testimony if it appears that there is not probable cause to believe the defendant guilty of any offense the judge shall discharge him.

(c) During the examination of any witness or when the defendant is making a statement or testifying the judge may and on the request of the defendant or State shall exclude all other witnesses.  He may also cause the witnesses to be kept separate and to be prevented from communicating with each other until all are examined.

(d) If the defendant is held to answer the judge may require any material witness for the State or defendant to enter into a written undertaking to appear at the trial, and may provide for the forfeiture of a sum certain in the event the witness does not appear at the trial.  Any witness who refuses to execute a recognizance may be committed by the judge to the custody of the sheriff until trial or further order of the court having jurisdiction of the cause.  Any witness who executes a recognizance and fails to comply with its terms shall, in addition to any forfeiture provided in the recognizance, be subject to the penalty provided in Section 32–10 of the "Criminal Code of 1961", approved July 28, 1961, as heretofore and hereafter amended, for violation of bail bond.

(e) During preliminary hearing or examination the defendant may move for an order of suppression of evidence pursuant to Section 114–11 or 114–12 of this Act for reasons, and may move for dismissal of the charge to Section 114–1 of this Act or for other reasons.

Laws 1963, p. 2836, § 109–3, eff. Jan. 1, 1964.  Laws 1967, p. 2833, § 1, eff. Aug. 11, 1967; P.A. § 26, eff. Oct. 1, 1976; P.A. 83–644, § 1, eff. Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 109–3.
1 720 ILCS 5/32–10.

### 5/109–3.1.  Persons Charged with Felonies

§ 109–3.1.  Persons Charged with Felonies.  (a) case involving a person charged with a felony in this alleged to have been committed on or after January the provisions of this Section shall apply.

(b) Every person in custody in this State for the commission of a felony shall receive either a preliminary examination as provided in Section 109–3 or an indictment by a Grand Jury as provided in Section 111–2, within 30 days from the date he or she was taken into custody, if the person on bail or recognizance for the alleged commission of a felony shall receive either a preliminary examination provided in Section 109–3 or an indictment by Grand Jury provided in Section 111–2, within 60 days from the date she was arrested.

The provisions of this paragraph shall not apply in the following situations:

(1) when delay is occasioned by the defendant; or

(2) when the defendant has been indicted by the Grand Jury on the felony offense for which he or she was taken into custody or on an offense arising from the same transaction or conduct of the defendant that was the basis of the felony offense or offenses initially charged; or

(3) when a competency examination is ordered by the court; or

(4) when a competency hearing is held; or

(5) when an adjudication of incompetency for trial has been made; or

(6) when the case has been continued by the court under Section 114–4 of this Code after a determination that the defendant is physically incompetent to stand trial.

(c) Delay occasioned by the defendant shall temporarily suspend, for the time of the delay, the period within which the preliminary examination must be held.  On the day of the expiration of the delay the period in question shall continue at the point at which it was suspended.

Laws 1963, p. 2836, § 109–3.1, added by P.A. 83–644, § 1, eff. Jan. 1, 1984.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 109–3.1.

### ARTICLE 110.  BAIL

### 5/110–1.  Definitions

§ 110–1.  Definitions.  (a) "Security" is that which is required to be pledged to insure the payment of bail.

(b) "Sureties" encompasses the monetary and nonmonetary requirements set by the court as conditions for release either before or after conviction.  "Surety" is one who executes a bail bond and binds himself to pay the bail if the person in custody fails to comply with all conditions of the bail bond.

(c) The phrase "for which a sentence of imprisonment, without conditional and revocable release, shall be imposed by law as a consequence of conviction" means an offense for which a sentence of imprisonment, without probation, period-

imprisonment or conc upon conviction.

(d) "Real and present person or persons", as to the community, perso Laws 1963, p. 2836, § 1 P.A. 84–945, § 2, eff. § Nov. 4, 1987.
Formerly Ill.Rev.Stat.

### 5/110–2.  Release on

§ 110–2.  Release on the circumstances the c will appear as req and the defendant will the community and the conditions of bond, wh rent address with a wr that he or she must c 110–12 of this Code i address, the defendant recognizance.  The de remain a matter of pul A failure to appear as constitute an offense Section 32–10 of the "C 28, 1961, as heretofore of the bail bond, and a zance shall be forfeit subsection (g) of Sectic

This Section shall b purpose of relying up criminal sanctions ins appearance of the defe pose a danger to any defendant will comply bail should be set onl conditions of release appearance in court, danger to any person dant will comply with

The State may ap personal recognizance Laws 1963, p. 2836, § P.A. 82–1027, § 1, eff Sept. 25, 1985; P.A. 8 377, § 20, eff. Aug. 18 Formerly Ill.Rev.Stat
1 720 ILCS 5/32–10.

### 5/110–3.  Issuance

§ 110–3.  Issuance with any condition of having jurisdiction at tion to any other acti the arrest of the p recognizance.  The c same as required fo plaint.  When a def recognizance on a fe as directed, the cour such person.  Such v peace officers to ar without bail and to further proceedings. ders within 30 days

tion, exclusion from admission to the United States, or denial of naturalization under the laws of the United States.".

Laws 1963, p. 2886, § 113-8, added by P.A. 93-373, § 5, eff. Jan. 1, 2004.

## ARTICLE 114. PRE-TRIAL MOTIONS

### 5/114-1. Motion to dismiss charge

§ 114-1. Motion to dismiss charge.

(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

(1) The defendant has not been placed on trial in compliance with Section 103-5 of this Code.

(2) The prosecution of the offense is barred by Sections 3-3 through 3-8 of the Criminal Code of 1961, as heretofore and hereafter amended.

(3) The defendant has received immunity from prosecution for the offense charged.

(4) The indictment was returned by a Grand Jury which was improperly selected and which results in substantial injustice to the defendant.

(5) The indictment was returned by a Grand Jury which acted contrary to Article 112 of this Code and which results in substantial injustice to the defendant.

(6) The court in which the charge has been filed does not have jurisdiction.

(7) The county is an improper place of trial.

(8) The charge does not state an offense.

(9) The indictment is based solely upon the testimony of an incompetent witness.

(10) The defendant is misnamed in the charge and the error results in substantial injustice to the defendant.

(11) The requirements of Section 109-3.1 have not been complied with.

The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof, except as to subsections (a)(6) and (a)(8) of this Section, are waived.

If the motion presents only an issue of law the court shall determine it without the necessity of further pleadings. If the motion alleges facts not of record in the case the State shall file an answer admitting or denying each of the factual allegations of the motion.

When an issue of fact is presented by a motion to dismiss the answer of the State the court shall conduct a hearing and determine the issues.

When a defendant seeks dismissal of the charge upon the ground set forth in subsection (a)(7) of this Section, the defendant shall make a prima facie showing that the county is an improper place of trial. Upon such showing, the State shall have the burden of proving, by a preponderance of the evidence, that the county is the proper place of trial.

Dismissal of the charge upon the grounds set forth in subsections (a)(4) through (a)(11) of this Section shall not prevent the return of a new indictment and the filing of a new charge, and upon such dismissal the court may order that the defendant be held in custody or, if the defendant had been admitted to bail, that the bail be continued for a

specified time pending the return of a new indictment or the filing of a new charge.

(f) If the court determines that the motion to dismiss based upon the grounds set forth in subsections (a)(6) and (a)(7) is well founded it may, instead of dismissal, order the cause transferred to a court of competent jurisdiction or to a proper place of trial.

Laws 1963, p. 2886, § 114-1, eff. Jan. 1, 1964. Amended by P.A. 83-644, § 1, eff. Jan. 1, 1984; P.A. 89-288, § 10, eff. Aug. 11, 1995; P.A. 92-16, § 90, eff. June 28, 2001.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 114-1.

1 720 ILCS 5/3-3 to 5/3-8.

### 5/114-2. Motion for a Bill of Particulars

§ 114-2. Motion for a Bill of Particulars. (a) A written motion for a bill of particulars shall be filed before or within a reasonable time after arraignment and shall specify the particulars of the offense necessary to enable the defendant to prepare his defense.

(b) A bill of particulars may be amended at any time before trial subject to such conditions as justice may require.

Laws 1963, p. 2886, § 114-2, eff. Jan. 1, 1964.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 114-2.

### 5/114-3. Motion to Discharge Jury Panel

§ 114-3. Motion to Discharge Jury Panel. (a) Any objection to the manner in which a jury panel has been selected or drawn shall be raised by a motion to discharge the jury panel prior to the voir dire examination. For good cause shown the court may entertain the motion after the voir dire has begun but such motion shall not be heard after a jury has been sworn to hear the cause.

(b) The motion shall be in writing supported by affidavit and shall state facts which show that the jury panel was improperly selected or drawn.

(c) If the motion states facts which show that the jury panel has been improperly selected or drawn it shall be the duty of the court to conduct a hearing. The burden of proving that the jury panel was improperly selected or drawn shall be upon the movant.

(d) If the court finds that the jury panel was improperly selected or drawn the court shall order the jury panel discharged and the selection or drawing of a new panel in the manner provided by law.

Laws 1963, p. 2886, § 114-3, eff. Jan. 1, 1964.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 114-3.

### 5/114-4. Motion for continuance

§ 114-4. Motion for continuance. (a) The defendant or the State may move for a continuance. If the motion is made more than 30 days after arraignment the court shall require that it be in writing and supported by affidavit.

(b) A written motion for continuance made by defendant more than 30 days after arraignment may be granted when:

(1) Counsel for the defendant is ill, has died, or is held to trial in another cause; or

(2) Counsel for the defendant has been unable to prepare for trial because of illness or because he has been held to trial in another cause; or

(3) A material witness is unavailable and the defense will be prejudiced by the absence of his testimony; however, this shall not be a ground for continuance if the State will

                                                SUPREME COURT
                                                   OF THE
                                                  STATE OF
                                                  ILLINOIS

trick O'Connor, Piotr Rymarczuk,              )
lliam R. Johnson,                             )
titioners/ plaintiffs,                        )
                                              )
                                              ) CASE # _____
                                              )
d R. Blagojovich Governor,                    )
sa Madigan, Attorney General,                 )
fendants/respondents,                         )

                    MOTION FOR APPOINTMENT OF COUNSEL

   NOW COME THE Petitioners pro se and move this Honorable Court for appointment of
unsel.  Petitioners have good cause for this motion in that:


· The petition for relief under Mandamus  is taken in good faith.

· Petitioners are all indigent as evidenced by their incarceration.

·The petition is a class action and as such deserves to be handled  by legal professionals,
 yet none of the petitioners is trained in the law.

·Petitioners are attacking the Constitutionality of  an Illinois statute, making the outcome
 of this suit important to all of the citizens of Illinois.

· It would be unfair to make petitioners proceed without the assistance  of competent legal
 counsel, and a severe miscarriage of justice affecting all of Illinois could result if
 counsel is denied in this case.

· I, Patrick O'Connor  aver and affirm that I am the petitioner in the above captioned
 motion, and all facts contained therein are true and correct to the best of my
 knowledge.

                        Respectfully submitted,

                        _Patrick O'Connor_ (signature)           6-7-04

                        Patrick O'Connor                         date

I, Patrick O'Connor, the undersigned, hereby certify that a true and correct copy of the foregoing motion was placed in the mail to each of the Supreme Court Justices and to the Attorney General's Office  at 500 S. Second St. Springfield, Il.62704, on this ___7th___ day of ___JUNE___  2004.

Respectfully Submitted,

_Patrick O'Con_          _6 7-04_

Patrick O'Connor          Date

IN THE CIRCUIT COURT OF COOK COUNTY

CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. _____ |
| -VS- | ) | |
| | ) | HONORABLE JUDGE KAZMEIRSKI |
| PATRICK O'CONNOR | ) | |
| | ) | |
| DEFENDANT | ) | |

## MOTION TO DISMISS CHARGES

NOW COMES THE DEFENDANT, PATRICK O'CONNOR, THROUGH HIS ATTORNEY EDWIN BURNETTE, THROUGH BRENDAN MAX, AND MOVES THIS HONORABLE COURT PURSUANT TO 725 ILCS 5/114-1, TO DISMISS THE CHARGES AGAINST HIM. IN SUPPORT OF THIS MOTION THE DEFENDANT STATES THE FOLLOWING:

1— ON MAY 13, 1991, THE UNITED STATES SUPREME COURT DECIDED THAT TO SASTIFY THE PROMPTNESS REQUIREMENT OF THE FOURTH AMENDMENT, A JUDICIAL DETERMINATION OF PROBABLE CAUSE FOR A WARRANTLESS ARREST MUST BE MADE WITHIN 48 HOURS OF THE ARREST. **RIVERSIDE V. MCLAUGHLIN**, 500 U.S. 44, 111.S'CT. 1661.

2— DEFENDANT WAS ARRESTED ON AUGUST 29, 1991, WITHOUT A WARRANT.

3— THE ILLINOIS PROBABLE CAUSE FOR AN ARREST IS DETERMINED AT A PRELIMINARY HEARING, 725 ILCS 5/109-3, 3-1.

4— DEFENDANT DID NOT RECEIVE A PRELIMINARY HEARING NOR GRAND JURY INDICTMENT UNTIL SEPTEMBER 9, 1991, IN VIOLATION OF HIS FOURTH AMENDMENT RIGHTS UNDER, **RIVERSIDE V. MCLAUGHLIN**, 111 S.CT. 1661

5— IF 725 ILCS 5/109-3.1 WAS MADE TO CONFORM TO THE REQUIREMENTS OF THE UNITED STATES CONSTITUTION, SUBPARAGRAPH (11) OF 725 ILCS 5/114-1 APPLIES AND DEFENDANT HAS THE RIGHT TO DISMISSAL OF THE CHARGES AGAINST HIM.

6– IN 1991, DEFENDANT FILED A MOTION FOR DISCOVERY OF ALL EVIDENCE TO BE USED AGAINST HIM, INCLUDING ALL BLOOD EVIDENCE.

7– ON SEPTEMBER 1, 1993, THE HONORABLE THOMAS P. CAWLEY ENTERED AN ORDER TO PRESERVE ALL EVIDENCE IN THE ABOVE CAPTIONED CAUSE.

8– ' INHERENT IN THE RIGHT TO DUE PROCESS, IS THE RIGHT TO KNOW OF ADVERSE EVIDENCE AND THE OPPORTUNITY TO REBUT IT,' **PEOPLE V. TAYLOR, 369 N.E.2D 573,** FURTHER; STATE'S DUTY OF DISCLOSURE IS OPERATIVE AT THE INVESTIGATORY STAGE AS A DUTY OF PRESERVATION. id.

9– IN SPITE OF DEFENSE COUNSEL'S REPEATED REQUESTS FOR THE PRESERVATION OF BLOOD SAMPLES, THE STATE DESTROYED THIS EVIDENCE IN VIOLATION OF DEFENDANTS DUE PROCESS RIGHTS.

10– ASSISTANT STATE'S ATTORNEY LORI LEVINS, REPEATED REQUESTS FOR TESTING OF THE AFOREMENTIONED EVIDENCE SERVED NO PURPOSE OTHER THAN TO DESTROY THE EVIDENCE FAVORABLE TO THE DEFENSE.

11– IN 2004, DEFENDANT AGAIN REQUESTED THROUGH DISCOVERY MOTIONS TO EXAMINE THE BLOOD EVIDENCE IN THE STATE'S POSSESSION; THE STATE IN BAD FAITH PROCEEDED TO DESTROY THIS EVIDENCE, PRECLUDING THE DEFENSE FROM HAVING HIS EXPERT EXAMINE THIS EVIDENCE.

12– CLEARLY DEFENDANT'S RIGHT TO DUE PROCESS OF LAW HAS BEEN VIOLATED AND BASED ON THE SERIOUSNESS OF THIS VIOLATION DEFENDANT CANNOT RECEIVE A FAIR TRIAL.

13– WHEREFORE, DEFENDANT PRAYS THIS HONORABLE COURT WILL DISMISS THE CHARGES AGAINST DEFENDANT WITH PREJUDICE.

RESPECTFULLY SUBMITTED,

REFUSED TO ARGUE

BRENDON MAX

ATTY. NO._____

–2–

IN THE CIRCUIT COURT OF COOK COUNTY

CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )
                             )
             PLAINTIFF,    )
                             )     CASE NO.
    -VS-                    )
                             )     HONORABLE JUDGE KAZMEIRSKI
PATRICK O'CONNER              )
                             )
           DEFENDANT    )
                             )

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO DISMISS CHARGES

NOW COMES THE DEFENDANT, PATRICK O'CONNER, THROUGH HIS ATTORNEY EDWIN BURNETTE, THROUGH BRENDAN MAX, AND ATTACHES THIS MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION TO DISMISS CHARGES AGAINST HIM. THIS MOTION IS FILED PURSUANT TO 725 ILCS 5/114-1 (c) WHICH STATES IN PART: * IF THE MOTION PRESENTS ONLY AN ISSUE OF LAW, THE COURT SHALL DETERMINE IT WITHOUT THE NECESSITY OF FURTHER PLEADINGS.' THIS MOTION BRINGS FORTH ONLY ISSUES OF LAW, THEREFORE, THE COURT MUST DETERMINE THE MOTION BASED ON CONTROLLING STATE AND FEDERAL LAW, AS SET FORTH IN THE MOTION, AND DISMISS THE CHARGES WITH PREJUDICE.

1- THE PROMPTNESS REQUIREMENT OF THE FOURTH AMENDMENT IS CLEARLY DEFINED IN **RIVERSIDE V. MCLAUGHLIN, 500 U.S. 44 at 1670;** 'A JURISDICTION THAT CHOOSES TO OFFER COMBINED PROCEEDINGS MUST DO SO AS SOON AS IS REASONABLY FEASIBLE, BUT IN NO EVENT LATER THAN 48 HOURS AFTER ARREST.'

2- 725 ILCS 5/109-3 SAYS IN PART: (a) 'THE JUDGE SHALL HOLD THE DEFENDANT TO ANSWER TO THE COURT HAVING JURISDICTION OF THE OFFENSE IF FROM THE EVIDENCE IT APPEARS THERE IS PROBABLE CAUSE TO BELIEVE THAT AN OFFENSE HAS BEEN COMMITTED BY THE DEFENDANT AS PROVIDED IN SECTION 109-3.1 OF THIS CODE IF THE OFFENSE IS A FELONY.'

3- 725 ILCS 5/109-3.1 SAYS IN PART: 'EVERY PERSON IN CUSTODY IN THIS STATE FOR THE ALLEGED COMMISSION OF A FELONY SHALL RECEIVE EITHER A PRELIMINARY EXAMINATION IN SECTION 109-3, OR AN INDICTMENT BY GRAND JURY AS PROVIDED IN SECTION 111-12 WITHIN 30 DAYS FROM THE

DATE HE OR SHE WAS TAKEN INTO CUSTODY.'

4- IN **GERSTEIN**, THIS COURT FOUND UNCONSTITUTIONAL PROCEDURES UNDER WHICH PERSONS ARRESTED WITHOUT WARRANTS COULD BE HELD IN POLICE CUSTODY FOR 30 DAYS OR MORE WITHOUT A JUDICIAL DETERMINATION OF PROBABLE CAUSE. ID, at 1667-68, **GERSTEIN V. PUGH**, 420 U.S. 112, 95 S.CT. 854.

5- CLEARLY ILLINOIS LAW IS CONTRARY TO THESE UNITED STATES SUPREME COURT DECISIONS, YET, ARTICLE VI OF THE UNITED STATES CONSTITUTION READS; 'THIS CONSTITUTION AND THE LAWS OF THE UNITED STATES SHALL BE MADE IN PURSUANCE THEREOF...SHALL BE THE SUPREME LAW OF THE LAND, AND JUDGES OF EVERY STATE SHALL BE BOUND THEREBY.' 'THE DECISIONS OF THE SUPREME COURT ARE SUPREME LAW OF THE LAND, BINDING ON EVERY COURT IN THE LAND.' **PEOPLE V. LOFTUS**, 81 N.E.2D 495.

6- BASED ON THE FOREGOING FACTS AND CONSTITUTIONAL MANDATE, 725 ILCS 5/109-3.1 MUST BE AMENDED TO READ; 'EVERY PERSON IN CUSTODY IN THIS STATE FOR THE ALLEGED COMMISSION OF A FELONY SHALL RECEIVE EITHER A PRELIMINARY EXAMINATION OR AN INDICTMENT BY GRAND JURY WITHIN 48 HOURS OF THE TIME HE OR SHE WAS TAKEN INTO CUSTODY.'

7- 725 ILCS 5/114-1 (11) SAYS GROUNDS FOR DISMISSAL OF CHARGES IS A VIOLATION OF 725 ILCS 5/109-3.1

8- THE DEFENDANT DID NOT RECEIVE A JUDICIAL DETERMINATION OF PROBABLE CAUSE WITHIN 48 HOURS OF BEING TAKEN INTO CUSTODY , THEREFORE, HE IS ENTITLED TO DISMISSAL OF THE CHARGES AGAINST HIM.

9- THE STATE HAS A DUTY TO PRESERVE EVIDENCE. 'SUPPRESSION OF EVIDENCE FAVORABLE TO AN ACCUSED ON PROPER REQUEST VIOLATES ACCUSED'S RIGHT TO DUE PROCESS OF LAW WHERE THE EVIDENCE IS MATERIAL EITHER TO GUILT OR PUNISHMENT, IRRESPECTIVE OF THE GOOD FAITH OR BAD FAITH OF THE PROSECUTION.' **PEOPLE V. GAITOR**, 364 N.E.2D 484. DUTY OF PROSECUTOR IS NOT ONLY TO REPRESENT STATE, BUT ALSO TO REPRESENT PEOPLE BY SEEING THAT DEFENDANT'S RECEIVE FAIR TRIALS. **PEOPLE V. HIGGS**, 298 N.E.2D 283; **PEOPLE V. FAULKNER**, 287 N.E.2D 243. PROSECUTION IS REQUIRED TO FURNISH DEFENDANT OR PROVIDE MITIGATING FACTORS FOR USE IN HIS DEFENSE. **PEOPLE V. CAMEL**, 295 N.E.2D 270, **PEOPLE V. BERGERON**, 295 N.E.2D 228.

10- WHEN STATE IS UNABLE TO PRODUCE FOR DEFENSE TESTING THE SUBSTANCE WHICH IS AT THE
HEART OF THE STATE'S CASE BECAUSE SUBSTANCE HAS BEEN DESTROYED BY STATE'S TESTING
A HEAVY BURDEN RESTS UPON STATE TO SHOW THAT DESTRUCTIVE TESTING WAS NECESSARY.
**PEOPLE V. DODSWORTH**, 376 N.E.2D 449. SUPPRESSION OF EVIDENCE AVAILABLE TO DEFENDANT,
IRRESPECTIVE OF GOOD OR BAD FAITH ON STATE'S PART, IS ERROR WHEN PROPERLY RAISED BY
DEFENDANT. **PEOPLE V. PINCHOTT**, 370 N.E.2D 1289. PROSECUTION'S SUPPRESSION OF EVIDENCE
IN FACE OF A SPECIFIC REQUEST FOR SUCH EVIDENCE BY ACCUSED IS SELDOM, IF EVER EXCUSABLE.
**PEOPLE V. FITZGERALD**, 370 N.E.2D 1207.

11- AN ACCUSED IS DENIED FAIR TRIAL WHEN THE PROSECUTION WITHHOLDS EXCULPATORY EVIDENCE
FROM THE ACCUSED UNTIL AFTER TRIAL, HOWEVER, A PROSECUTIONS FAILURE TO DISCLOSE
EXCULPATORY EVIDENCE MUST BE 'MATERIAL.' **PEOPLE V. HARDY**, 387 N.E.2D 1042. IN CONJUNCTION
WITH THE DUTY TO DISCLOSE EVIDENCE TO DEFENDANT, THERE IS ALSO A DUTY NOT TO DISPOSE
OF EVIDENCE FAVORABLE TO A DEFENDANT. **PEOPLE V. MOORE**, 378 N.E.2D 516.

12- THERE IS NO EXCEPTION TO DISCLOSURE RULE FOR INNOCENT OR INADVERTENT SUPPRESSION BY
STATE OF FAVORABLE EVIDENCE. **SUPREME COURT RULE** 412 S.H.A. Ch.110 A §412. **PEOPLE V.
BENNETT**, 402 N.E.2D 650. WHERE GOVERNMENT ACTION HAVING EFFECT OF MAKING WITNESS OR
EVIDENCE UNAVAILABLE AMOUNTS TO A WILLFUL AFFRONT TO JUSTICE, SUCH CONDUCT IN ITSELF
RENDERS A CONVICTION UNPALATABLE. **U.S. V. PERLMAN**, 430 F2d 22. THE PROSECUTION IN A
CRIMINAL CASE HAS THE CONSTITUTIONAL DUTY TO REVEAL EVIDENCE WHICH MIGHT LEAD THE JURY
TO ENTERTAIN A REASONABLE DOUBT ABOUT DEFENDANT'S GUILT. **U.S. V. MARRERRO**, 416 F2D
12. GOVERNMENT MUST TURN OVER ALL EVIDENCE FAVORABLE TO ACCUSED UPON REQUEST, WHERE
EVIDENCE IS MATERIAL EITHER TO GUILT OR TO PUNISHMENT IRRESPECTIVE OF GOOD FAITH OR
BAD FAITH OF THE PROSECUTION, AND, EVEN IF WITHHELD IS NOT CONCLUSIVELY MATERIAL NON
DISCLOSURE OF INFORMATION IS REVERSIBLE ERROR, WHEN THE PROSECUTORS FAILURE TO REVEAL
THE EVIDENCE WAS NOT IN GOOD FAITH. **U.S. V. DISSTON**, 612 F2D 1035.

13- EVEN ABSENT A SPECIFIC REQUEST, PROSECUTION HAS CONSTITUTIONAL DUTY TO TURN OVER
EXCULPATORY EVIDENCE THAT WOULD RAISE A REASONABLE DOUBT ABOUT DEFENDANT'S GUILT;
HOWEVER, THAT RIGHT IS NOT ABSOLUTE BECAUSE WHATEVER DUTY CONSTITUTION IMPOSES ON
STATE TO PRESERVE EVIDENCE THAT MIGHT BE EXPECTED TO PLAY A SIGNIFICANT ROLE IN
DEFENDANT'S DEFENSE. **PEOPLE V. MADISON**, 637 N.E.2D 1074. THE DESTROYED BLOOD EVIDENCE
PLAYS A MAJOR ROLE IN IDENTIFYING THE DONOR OF SEMEN IN SEXUAL ASSAULT CASE.
IT IS STATES DUTY TO ZEALOUSLY PROTECT EVIDENCE IN IT'S POSSESSION, AND RECORD MUST
BE CAREFULLY SCRUTINIZED FOR EVIDENCE OF BAD FAITH WHERE RELEVANT MATERIALS ARE
ALLEGED TO BE LOST OR DESTROYED. **PEOPLE V. HALL**, 601 N.E.2D 883. AFTER DEFENDANT HAS

MADE DISCOVERY REQUEST FOR SPECIFIC EVIDENCE DEFENDANT NEED NOT SHOW EXCULPATORY VALUE OF EVIDENCE TO BE ENTITLED TO SANCTIONS FOLLOWING DESTRUCTION OF EVIDENCE BY STATE; SPECIFIC NOTICE PUTS STATE ON NOTICE TO PRESERVE EVIDENCE. **S.CT. RULES, RULES 412, 412(a)**. **PEOPLE V. KOUTSAKIS**, 627 N.E.2D 388.

14- SANCTIONS MAY BE IMPOSED FOR STATES FAILURE TO PRESERVE REQUIRED INFORMATION EVEN WHERE DISCOVERY VIOLATION IS INADVERTENT. **S.CT. RULES, RULES 412, 415.**

15- TRIAL COURT DID NOT ABUSE IT'S DISCRETION IN DISMISSING INDICTMENTS AS A SANCTION FOR STATE'S DESTRUCTION OF THE SUBSTANCE FOLLOWING RECEIPT OF DISCOVERY MOTION CONSIDERING THE PIVOTAL NATURE OF THE EVIDENCE AT ISSUE IN THE CASE. **S.CT. RULES, RULES 412, 415(g)(1)**. **PEOPLE V. NEWBERRY**, 652 N.E.2D 288. IF STATE PROCEEDS TO DESTROY EVIDENCE AFTER EVIDENCE HAS BEEN REQUESTED BY DEFENSE IN DISCOVERY MOTION APPROPRIATE SANCTIONS MAY BE IMPOSED EVEN IF THE DESTRUCTION IS INADVERTENT, NO SHOWING OF BAD FAITH IS NECESSARY. **U.S.C.A.CONST.AMENDS. 5, 14, S.CT. RULES, RULE 412**. **PEOPLE V. NEWBERRY**, 652 N.E.2D 288, 236 F.3D 860.

16- BAD FAITH IS SHOWN ON THE STATE'S PART THROUGH REPETITIVE DESTRUCTIVE TESTING TO OBTAIN THE SAME RESULT. NOW THE DEFENSE CANNOT REBUT THE STATE'S FINDING FROM DNA TESTING AS THE STATE DESTROYED ALL EVIDENCE REQUESTED IN DISCOVERY, MAKING DISMISSAL OF CHARGES THE APPROPRIATE SANCTION FOR THIS DUE PROCESS VIOLATION.

17- IN THE CASE AT BAR, DEFENSE FILED HIS MOTION FOR DISCOVERY REQUESTING ALL PHYSICAL EVIDENCE OF AN ALLEGED MURDER SEXUAL ASSAULT PROSECUTION. THE PROSECUTION TESTED A RECTAL SWAB TAKEN FROM THE VICTIM ONLY TO FIND NO EVIDENCE OF THE SEXUAL ASSAULT, SO THE STATE'S ATTORNEY DEMENDED THAT THE EVIDENCE BE RETESTED A TOTAL OF THREE TIMES AND EACH TIME THE RESULTS FAILED TO SHOW ANY EVIDENCE OF DEFENDANT'S BLOOD. 14 YEARS LATER THE STATE DEMENDED DNA TESTING OF THE RECTAL SWAB DESTROYING THE EVIDENCE AFTER A DEFENSE REQUEST FOR EXAMINATION OF EVIDENCE IN HIS MOTION FOR DISCOVERY.

18- BASED ON THE FOREGOING FACTS, DEFENDANT PRAYS THIS HONORABLE COURT WILL DISMISS THE CHARGES AGAINST THE DEFENDANT WITH PREJUDICE AND IN ACCORDANCE WITH THE LAWS OF ILLINOIS AND THE UNITED STATES OF AMERICA.

RESPECTFULLY SUBMITTED,

*REFUSED TO ARGUE*

BRENDAN MAY

ATTY. # _____

# SEMEN TYPING

DATE 2 May 93
RD # P-420737

VICTIM: Deborah O'Connor (MEO 594 Aug 91)
OFFENDER(s): Patrick O'Connor

| | 10 MIN | | | 20 MIN | | | 30 MIN | |
|---|---|---|---|---|---|---|---|---|
| | A | B | O | A | B | O | A | B |
| A CONTROL | 0 | 0 | 0 | 0 | 2+ | 0 | 0 | 3+ |
| B CONTROL | 1+ | 0 | 0 | 3+ | 0 | 0 | 3+ | 0 |
| O CONTROL | 2+ | 1+ | 0 | 3+ | 2+ | 0 | 4+ | 3+ |
| VICTIM (MEO oral swab) | 3+ | 1+ | 1+ | 3+ | 3+ | 3+ | 4+ | 4+ |
| OFFENDER | 2+ | 0 | 0 | 3+ | 0 | 1+ | 4+ | 0 |
| SWAB (rectal) | 0 | 2+ | 0 | 2+ | 3+ | 2+ | 4+ | 4+ |
| Non Sp | 2+ | 1+ | 0 | 3+ | 3+ | 2+ | 4+ | 4+ |

14E

ASE #: _P-420737_
CTIM: _Deborah O'Connor_

| SAMPLE | DIRECT | | IEF | | | GROUP IV | | | | OTHER |
|---|---|---|---|---|---|---|---|---|---|---|
| | ABO | Le(a/b) | PGM | GC | ESD | Hb | CaII | PepA | G6PD | |
| Deborah O'Connor MEO 594 Aug 91 | A | a pos b neg | 2+/+ | 15 | 1 | | | | | |
| Deborah val swab - bloody | no A,B H | | → ∅ for sperm / semen — | | | | | | | |
| Patrick O'Connor blood Q-2 | B | a neg b pos | 2+/+ | 2/5 | 1 | | | | | |
| ick O'Connor Saliva Q-3 | B/H | | | | | | | | | |
| rectal swab R-2 | no A, B, H | | 2+ 1+ | | | | | | | |
| vaginal swab R-4 | | | neg for sperm / semen — | | | | | | | |
| E floor 5-1 | A+t | | 2+1+ | 15 QNS | | | | | | |
| hammer 5-2 | AH | | NR | NR QNS | | | | | | |
| tr. shirt R-1 | A+t | | 2+1+ | 15 | NR | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

CHICAGO POLICE DEPARTMENT
CRIME LABORATORY – SEROLOGY

14E

DATE: 30 March 5

REQUESTER: ASA Laura Levin

ADDRESS: 26th & Cal          ROOM: 11C 28

PHONE: 890-3432

[ ] ASA

[ ] DETECTIV

R.D.# P-420737                          [ ] IAD

VICTIM(S): Deborah O'Connor             [ ] OPS

DATE OF CRIME: _____                  [ ] ROUTINE

TYPE OF CRIME: Hom                      [ ] PP EXAM

DEFENDANT(S): _____

COURT DATE: _____

REMARKS: _____

TECHNICIAN: _____ — per DST

DATE ASSIGNED: 23 March 9?

2 TECHS?
WHY ONLY RECTAL
SWABS REQUESTED
INITIALS: BY LORI
?

EVEN LAB TECHS QUESTIONED LEVIN!

14E

DATE: 30 Jan 92

REQUESTER: ASA Laura Levin

ADDRESS: _____ ROOM: 11C28

PHONE: 890-3432

R.D.# P-420737

VICTIM(S): Deborah O'Connor

DATE OF CRIME: _____

TYPE OF CRIME: Hom

[ ] ASA
[ ] DETECTIVE
[ ] IAD
[ ] OPS
[ ] ROUTINE
[ ] FP EXAM

DEFENDANT(S): _____ LAB TECH CALLED LORI LEVIN 6 MAR 9

COURT DATE: _____

REMARKS: (Need rectal swabs.)

WAY DID LORI LEVIN ONLY WANT
RECTAL SWABS?

TECHNICIAN: _____ 2 TECHS

DATE ASSIGNED: 3/Aug 91

INITIALS:

14D

DATE:

REQUESTER:_____

ADDRESS:_____  ROOM:_____

PHONE:_____

( ) ASA
( ) DETECTIVE
( ) IAD
( ) OPS
(X) ROUTINE
(X) FP EXAM

R.D.# P.420737

VICTIM(S): Deborah O'Connor

DATE OF CRIME:_____

TYPE OF CRIME: HOM

DEFENDANT(S):_____    5-17689
                                  17694
COURT DATE:_____       17703
                                  1717

REMARKS: Check for blood send to laser

       WHO REQUESTED THIS?

TECHNICIAN: DST

DATE ASSIGNED: 31 Aug 91

INITIALS:

14D

**********************************************************

STATE OF ILLINOIS )
              ) SS.
COUNTY OF COOK   )

ORIGINAL
FILE COPY of the
DO NOT REMOVE

The September, 1991 Grand Jury of the

Circuit Court of Cook County.

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about AUGUST 29, 1991 at and within the County of Cook

PATRICK OCONNOR

committed the offense of     FIRST DEGREE MURDER

in that    HE, WITHOUT LAWFUL JUSTIFICATION INTENTIONALLY AND

KNOWINGLY BEAT, STABBED AND KILLED DEBORAH OCONNOR

WITH A HAMMER AND KNIFE, IN VIOLATION OF CHAPTER 38,

SECTION 9-1-A(1) OF THE ILLINOIS REVISED

STATUTES 1989, AS AMENDED, AND

contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

Charge ID Code: 1606

3:06-cv-03202-SEM-... Case 1:05-cv-048... Document 1    Filed 08/24/2005    Page ...

**ABOVE PLACED UNDER ARREST FOR THE MURDER OF HIS WIFE**
**ABOVE CAME INTO 008TH DIST STATING THAT HE FOUND HIS WIFE COVERED**
**WITH BLOOD AND HE THINKS SHE IS DEAD. ABOVE WAS OBSERVED WITH**
**HIS CLOTHING COVERED WITH BLOOD STAINS AND A/Os LEARNED THAT**
**ABOVE WAS OBSERVED IN A ROCKING CHAIR NEXT TO THE BODY**
**SEVERAL HOURS BEFORE REPORT.    ABOVE READ HIS RIGHTS FROM**
**PREPRINTED FORM AT 0550 HRS.**

NO GANG AFFILIATION CLAIMED

I do solemnly, sincerely, and truly declare and affirm that the facts stated herein are accurate to the best of my knowledge.

COURT DOCKET: 91131351

VICTIM/COMPLAINANT: O'CONNOR DEBBIE

FIRST ARRESTING APPEARING OFFICER'S NAME: M GROARK   STAR NO 9072   UNIT 08   BEAT 833

Purtell   STAR NO 3217   08

COSTANZO   STAR NO 2929

JUVENILE DATA

IN THE
SUPREME COURT
OF ILLINOIS


PATRICK O'CONNOR, PIOTR RYMARCZUK,      )
WILLIAM R. JOHNSON, ALL SIMILARLY       )
SITUATED PERSONS,                       )
PETITIONERS,                            )
                                        )
                                        )
VS.                                     ) CASE NO. M11216
                                        )
ROD BLAGOJEVICH, GOVERNOR,              )
LISA MADIGAN, ATTORNEY GENERAL,         )
RESPONDENTS,                            )

### MOTION TO RECONSIDER JUDGEMENT

   NOW COME THE PETITIONERS, PRO-SE AND MOVE THIS HONORABLE COURT TO RECONSIDER
   THE ORDER ENTERED ON SEPTEMBER 24, 2004, IN CASE #M-11216.  IN SUPPORT OF THIS MOTION
   PETITIONERS STATE THE FOLLOWING:

1. THIS ORDER PLACES AN UNDUE HARDSHIP UPON PETITIONERS AND THE CITIZENRY OF ILLINOIS
   BY DEPRIVING THEM OF THE PROTECTIONS GUARANTEED BY THE FOURTH AMENDMENT OF THE
   UNITED STATES CONSTITUTION.

2. TO DENY CITIZENS THE RIGHT TO PETITION THE COURTS FOR REDRESS OF GRIEVANCES, IS TO DENY
   FUNDAMENTAL DUE PROCESS RIGHTS AFFORDED TO ALL  CITIZENS.

3. UNDER ILLINOIS LAW PETITIONERS ARE ENTITLED TO THE RELIEF  SOUGHT.

4. DENYING PETITIONERS THEIR PETITION DENIES CITIZENS  THE RIGHT TO APPROACH THE COURT
   SYSTEM, IN VIOLATION OF THE FIFTH AMENDMENT.

5. NOTHING IS MORE CLEAR THAN THE FOURTH AMENDMENT WAS MEANT TO PREVENT WHOLESALE
   INTRUSIONS UPON THE PERSONAL SECURITY OF OUR CITIZENRY, WHETHER THESE INTRUSIONS BE
   TERMED "ARRESTS" OR "INVESTIGATORY  DETENTIONS".  DAVIS V. MISSISSIPPI  89S.Ct.1397

6. DENIAL OF THIS PETITION IA A DENIAL OF ILLINOIAN'S  PROTECTION UNDER THE FOURTH
   AMENDMENT.

7. ON JULY 24, 2004, THIS COURT GRANTED PETITIONERS LEAVE TO PROCEED AS A POOR PERSON. IT DEFIES LOGIC FOR THIS HONORABLE COURT TO WITHOUT ANY ATTENUATING CIRCUMSTANCE, OR AS  MUCH AS A RESPONSE FROM THE RESPONDENT, REVERSE ITS DECISION.  THE ONLY ACTIVITY IBN THE CASE SINCE THE  JUNE 24, 2004, DECISION IS ILLINOIS CITIZENS HAVE SUFFERED UNDER  AN UNCONSTITUTIONAL LAW,  AND PETITIONERS HAVE RESPECTFULLY REQUESTED THAT THIS COURT'S RULES BE APPLIED TO HOLD RESPONDENTS IN DEFAULT TO BRING A  QUICK END TO THEIR SUFFERING.

8. DENIAL OF THIS PETITION IS DENIAL OF  THE EQUAL PROTECTION CLAUSE OF THE 14th DENYING EFFECTIVE ACCESS TO THE COURTS FOR POOR PEOPLE.

9. WHEREFORE PETITIONERS PRAY THIS COURT WILL RECONSIDER ITS JUDGEMENT AND GRANT PETITIONER'S MOTION  FOR DEFAULT JUDGEMENT.

                              RESPECTFULLY SUBMITTED,
                              PATRICK O'CONNOR
                              #20020018557
                              Div. 10 2-A
                              P.O. box 089002
                              Chicago, Il. 60608

IN THE SUPREME COURT
OF ILLINOIS

PATRICK O'CONNOR, PIOTR RYMARCZUK,       )
WILLIAM R. JOHNSON, ALL SIMILARLY        )
SITUATED PERSONS                         )
                                         )
                PETITIONERS              )
                                         )          CASE NO. M11216
        VS.                              )
                                         )
ROD BLAGOJEVICH, GOVERNOR,               )
LISA MADIGAN, ATTORNEY GENERAL,          )
                                         )
                RESPONDENTS              )

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO RECONSIDER JUDGEMENT

NOW COMES PETITIONERS, PRO SE, AND ATTACH THIS MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO RECONSIDER.JUDGEMENT. IN SUPPORT OF THIS MOTION PETITIONER STATES THE
FOLLOWING:

1— THE SEVENTH AMENDMENT OF THE UNITED STATES CONSTITUTION GUARANTEES PETITIONERS
   THE RIGHT TO PETITION THE COURT IN CIVIL MATTERS. DENIAL OF PETITIONERS PETITION
   DENIES THEM THIS RIGHT.

2— ARTICLE 1 § 2 OF THE ILLINOIS CONSTITUTION STATES; "NO PERSON SHALL BE DEPRIVED
   OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW NOR BE DENIED THE
   EQUAL PROTECTION OF THE LAWS." PETITIONERS BROUGHT THIS ACTION UNDER SUPREME
   COURT RULE 381, DENYING THEM THIS PETITION IS TO DENY EQUAL PROTECTION OF THE
   LAWS IN VIOLATION OF THE FOURTEENTH AMENDMENT AND ARTICLE 1 § 2.

3— ARTICLE 1 § 5 GIVES PETITIONER THE RIGHT TO PETITION THE COURT FOR REDRESS
   OR GRIEVANCES.

4— ARTICLE 1 § 12 STATES; EVERY PERSON SHALL FIND A CERTAIN REMEDY IN THE LAWS

FOR ALL INJURIES AND WRONGS WHICH HE RECEIVES TO HIS PERSON, PRIVACY,

PETITIONERS FOUND THAT REMEDY, BUT THIS COURT IS DENYING THEM THIS RIGHT.

THEREFORE, TO GRANT PETITIONERS DUE PROCESS THIS COURT MUST REVERSE IT'S

DECISION AND GRANT THE MOTIONS FILED.

5- BASED ON THE FOREGOING FACTS PETITIONERS RESPECTFULLY PRAY THIS COURT TO

RECONSIDER THE ORDER OF SEPTEMBER 24, 2004, AND GRANT PETITION OF MANDAMUS,

HEAR THE MOTION FOR DEFAULT JUDGEMENT, GRANT RELIEF REQUESTED, AND BRING AN

END TO THE SUFFERINGS OF ILLINOIS CITIZENS, AND END THE HIGH-HANDED DEFIANCE

TO THE UNITED STATES CONSTITUTION, ILLINOIS COURTS HAVE BEEN ENGAGED IN SINCE

1975, BY SIMPLY APPLYING CURRENT LAW AS OUTLINED IN PETITIONERS MOTIONS AND

PETITIONS.

RESPECTFULLY SUBMITTED,

PATRICK O'CONNER
REG. NO. 20020018557
P.O. BOX 089002
CHICAGO, ILLINOIS 60608



## SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

June 24, 2004

Mr. Patrick O'Connor
Reg. No. 2002-0018557
P. O. Box 089002
Chicago, IL  60608

Re: M11216 - Patrick O'Connor et al., petitioners, v. Hon. Rod R. Blagojevich, Governor of the State of Illinois, et al., respondents. Mandamus.

Dear Mr. O'Connor:

This office has today filed your motion for leave to file a petition for an original writ of mandamus, styled as set forth above. You are being permitted to proceed as a poor person.

Your motion will be referred to the Court, and you will be advised as to the action taken.

Very truly yours,

*Juleann Hornyak*

Clerk of the Supreme Court

JH/jak
cc:    AG CrMadigan

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 24, 2004

Mr. Patrick O'Connor
Reg. No. 2002-0018557
P. O. Box 089002
Chicago, IL 60608

THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:

No. 11216 - Patrick O'Connor et al., petitioners, v. Hon. Rod
R. Blagojevich, Governor of the State of Illinois,
et al., respondents. Mandamus.

The motion by petitioners for leave to file
a petition for an original writ of mandamus
is denied without prejudice.

The motion by petitioners for default
judgment is denied.

cc: Hon. Lisa Madigan
Mr. Piotr Rymarczuk
Mr. William R. Johnson

# Burge, 9 others take Fifth on police torture

## Current and former cops questioned for upcoming lawsuit

BY NATASHA KORECKI
Staff Reporter

SUN-TIMES JULY 13, 2004

Nine current and former Chicago Police detectives have invoked their right to remain silent rather than answer questions about police torture for a pending civil lawsuit, according to detectives — including for-

mer Area 2 Cmdr. Jon Burge.

Taylor said invoking the Fifth Amendment is in essence the city taking cops their right to remain silent and avoid self-incrimination in response to 25 written questions posed by attorneys of freed Death Row inmate Aaron Patterson.

Patterson is one of at least six freed inmates who have civil cases pending against the detectives and the City of Chicago, charging he was threatened and tortured into giving a confession. He also was seeking to hold their lack of answers against them.

The detectives will likely later be questioned during oral interviews, where their answers could change.



Jon Burge
Ex-Area 2 Cmdr.

significant because the detectives will likely stick with those answers, and, unlike in a criminal case, a jury can be instructed to hold their lack of answers against them.

whether there is a policy and practice of police torture in the Chicago police department," Taylor said. "I say this because the city's financing the lawyers who are advising these defendants to take the Fifth."

Law Department spokeswoman Jennifer Hoyle said if detectives change their answers, a jury can see that at one time they took the Fifth.

"Even more significantly, [this is] in essence the city taking the Fifth Amendment of Wilson.

vide the legal representation for Chicago fired Burge in 1993 in the torture of murder suspect Andrew Wilson.

Attorney Richard Sikes, representing Burge and the others, said it is possible his client may more when a special prosecutor's criminal investigation of torture allegations is over. He also said the detectives' legal defense in the case are not the only cops so.

"Other witnesses [to the torture] were also beaten," Sikes said. "We also told Patterson was also beaten," Sikes said.

Cos't of Appeals decision to provide ...



CHICAGO SUN-TIMES

**METRO**

TUESDAY, JUNE 28, 2005

PAGE 8

# Burge case costing city millions

## Police torture trial or settlements would add to price tag

**BY NATASHA KORECKI**
*Federal Courts Reporter*

The public price to defend former Chicago Police Cmdr. Jon Burge and those under him against police torture allegations is quickly approaching $4 million, city officials told the Chicago Sun-Times on Monday.

To date, the city has paid more than $3.6 million to defend four federal lawsuits filed against Burge and others. That dollar figure, generated since two lawsuits were filed in 2003 and another two in 2004, doesn't include legal bills submitted that have not yet been paid, and will continue to climb until the cases go to trial or settlements are reached, Chicago Law Department spokeswoman Jennifer Hoyle said.

"I'm sure that it will hit $4 million," Hoyle said. "The cases aren't over yet."

Plaintiff attorneys lambasted the hefty bill, saying the money has gone toward continuing a cover-up they charge Burge and others started when they allegedly tortured suspects in the 1970s and 1980s. They say the city is helping in the cover-up by paying legal costs for more than 30 current and former police personnel — about



**Jon Burge**
*Former cop*

half of whom are defendants — who refused to answer questions about torture allegations.

Under advice from their attorneys, Burge and other police personnel have taken the Fifth Amendment in depositions to avoid charges of furthering a conspiracy.

Four Death Row inmates pardoned in 2003 by former Gov. George Ryan — Aaron Patterson, Madison Hobley, Stanley Howard and Leroy Orange — filed separate suits accusing Burge and current and former police personnel under him of using torture tactics to get confessions out of them.

A federal judge earlier this year picked a mediator and ordered all parties to try settling the cases. Hoyle and attorneys for the former Death Row inmates said they are not allowed to discuss the negotiations.

Separately, a state special prosecutor is conducting a criminal grand jury investigation into allegations of torture at the hands of Burge and others.

### City lawyers blasted

Though the city fired Burge in 1993 for allegedly torturing a confession out of murder suspect Andrew Wilson, it is bound to defend him and other city officials named in the suits. Hoyle noted the suits name the city specifically and as many as 13 defendants that the city is responsible for defending.

"There are others named in these cases; these are not just [against] Jon Burge," Hoyle said.

Hoyle also said the city uses an outside firm to review legal bills, as it does with all cases handled by outside law firms, to make sure charges are appropriate.

Flint Taylor, who represents Patterson and Orange in two lawsuits, criticized the city Monday for using taxpayer money to "defend the indefensible." Taylor said if the city loses at trial, it will also have to pay plaintiffs' legal costs, which are also in the millions.

In a recent court filing, Taylor charged city lawyers were "secrecy obsessed," for repeatedly asking the courts to keep documents sealed.

"Such patently irresponsible pleadings by lawyers who are handsomely quaffing at the public trough cannot be countenanced and should be sternly sanctioned by the court," Taylor wrote.

1 December, 2004

Supreme Court Building
Springfield, Illinois


    I hope this letter finds you well. My name is Patrick O'Connor, and I'm writing to
you to ask you to please make a ruling on the motion to Reconsider Judgment entered in
case #M 11216 before the end of the session this year. Literally millions of
Illinois citizens are awaiting justice from your court. The issues raised in this case
found Illinois law to be contrary to the United States Constitution. This condition
has existed since 1975, yet our legislature continues in defiance to the law of the
United States. During this time of war, I hope you and your fellow justices
realize the consequences of being found in rebellion to our country. As a citizen
of Illinois and a veteran of the United States military, I feel it is extremely
important for government officials to remain loyal to the Constitution of the
United States. To deny me and my fellow plaintiffs/petitioners the right to petition
the court for redress of grievances, and to hold us hostage in Illinois prisons in
high-handed disregard for the laws of the United States is rebellion in its ugliest
form, and no less than treason.
    About 140 years ago some other states of the United States decided to defy the laws
of the United States, and these states are still suffering the repercussions of that
defiance.    Please don't allow Illinois to make the mistake of continuing in defiance
of federal law, as Mr. Bush will be no more merciful than Mr. Lincoln was.
    You have to ask yourself, what is best; to grant citizens equal protection of the laws,
and all rights guaranteed them under the Constitution of Illinois and America; or
suffer the political and economic sanctions that will be imposed upon infidels and
insurgents against the United States.Constitution. Thank you for your time.
Your help and cooperation in this matter is greatly appreciated. I look forward to your
reply.

                    Respectfully submitted,
                    Patrick O'Connor
                    #20020018557
                    Division 10-2-A
                    P.O. box 089002
                    Chicago, Illinois 60608

**IN THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

## NOTICE OF FILING

TO: CLERK OF THE UNITED STATES DISTRICT COURT
     PRISONER CORRESPONDENCE
     219 S. DEARBORN ST. ROOM2302-B
     CHICAGO, IL. 60604

**PLEASE TAKE NOTICE** THAT ON THIS _17_ DAY OF AUGUST 2005, I PLACED THREE COPIES OF THE ATTACHED  PETITION OF HABEAS CORPUS IN AN ENVELOPE, ADDRESSED AS ABOVE WITH PROPER U.S. POSTAGE ATTACHED, AND PLACED SAID ENVELOPE IN THE CONTAINER FOR U.S. MAIL LOCATED AT THE COOK COUNTY JAIL CHICAGO, IL. 60608.

## AFFIDAVIT

I, PATRICK O'CONNOR, AVER AND AFFIRM THAT I AM THE PETITIONER IN THE ABOVE CAPTIONED CAUSE AND ALL FACTS CONTAINED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_Patrick O'Connor_     _8/17/05_
PATRICK O'CONNOR PRO SE     DATE