**E-FILED**
Wednesday, 29 November, 2006  09:32:03 AM
Clerk, U.S. District Court, ILCD

November 18 2006
Clerk of the U.S. District Court for
the Central District of Illinois
600 East Monroe St.
Springfield, Il. 62701

NOV 2 8 2006

Dear Clerk,

   I hope this letter finds you well.   Enclosed please find anoriginal and
two copies of my amended petition for habeas corpus relief for you to file.
I have already served one copy on the respondent's attorney.  Please file-
stamp any extra copy and return it to me for my files.  Thank you.  Your help
and cooperation in this matter is greatly appreciated.  I look forward to your
reply.

                    Sincerely,
                    Patrick O'Connor
                    reg. no. B-45832
                    Logan Correctional Center
                    P.O. Box 1000
                    Lincoln, Il. 62656

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FILED

NOV 2 8 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA EX. REL.,    )
PATRICK O'CONNOR,#20020018557/         )
B-45832                                 )
PETITIONER,                             )
                                        )
                                        )
VS.                                     )   CASE NO. 06 3229
                                        )   PREVIOUS # 04 C 4880
                                        )
GREGORY P. FIRJUS,                      )
RESPONDENT,                             )
PREVIOUS RESPONDENT                     )
MICHAEL F. SHEAHAN,                     )
ATTORNEY GENERAL STATE OF ILLINOIS  )   STATE CASE # 91CR 2297201

AMENDED PETITION UNDER 28 U.S.C.§2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

1. NAME AND LOCATION OF COURT WHERE CONVICTION ENTERED: CIRCUIT COURT OF COOK COUNTY
   2650 S. CALIFORNIA AVE. CHICAGO, IL. 60608

2. DATE OF JUDGMENT OR CONVICTION: 8/29/93, 11/28/05.

3. OFFENSES WHICH PETITIONER WAS CONVICTED OF : FIRST DEGREE MURDER AND AGGREVATED
   CRIMINAL SEXUAL ASSAULT.

4. SENTENCES IMPOSED:50 & 20 YEARS CONCURRENTLY, (ON REMAND) 44 & 6 YEARS
   CONSECUTIVELY.

5. WHAT WAS YOUR PLEA? GUILTY BUT MENTALLY ILL.

IF YOU PLEADED GUILTY TO ONE COUNT OR INDICTMENT AND NOT GUILTY TO ANOTHER COUNT OR INDICTMENT GIVE DETAILS:

   I WAS COERSED TO ENTER A PLEA OF GUILTY BUT MENTALLY ILL TO AVOID CAPITOL PUNISHMENT, THIS PLEA WAS WITHDRAWN, AND THE CONVICTION REVERSED IN 2003, YET I AM STILL IN THE CUSTODY OF THE STATE OF ILLINOIS, WHO HAS FRUSTRATED ALL OF MY ATTEMPTS TO GAIN A FAIR AND SPEEDY TRIAL, ALLOWING THE PROSECUTION 14 YEARS TO DECIDE A POST CONVICTION PETITION, WHICH UNDER STATUTE MUST BE DETERMINED IN 90 DAYS, DEPRIVING THE CONSTITUTION OF ANY MEANING, AND EXERPTS THE INTENT OF THE LAW, MAKING A FAIR TRIAL AT THE STATE LEVEL UNATTAINABLE.

AO 241
(Rev. 12/04)

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: CENTRAL DISTRICT OF ILLINOIS |
|---|---|
| Name (under which you were convicted): PATRICK J. O'CONNOR | Docket or Case No.: 91 CR-2297201 |
| Place of Confinement : LOGAN CORRECTIONAL CENTER, LINCOLN, ILLINOIS | Prisoner No.: B-45832 |
| Petitioner (include the name under which you were convicted) PATRICK J. O'CONNOR | Respondent (authorized person having custody of petitioner) v.  GREGORY P. FIRKUS |
| The Attorney General of the State of ILLINOIS | |

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

   CIRCUIT COURT OF COOK COUNTY 2650 S. CALIFORNIA AVE. CHICAGO, IL. 60608

   (b) Criminal docket or case number (if you know):  91 CR-2297201

2.    (a) Date of the judgment of conviction (if you know) AUGUST 29, 1993, NOVEMBER 28, 2005
   (b) Date of sentencing:  8/29/93, 11/28/05

3.    Length of sentence:   50 AND 20 YEARS CONCURRENTLY, 44 AND 6 YEARS CONSESECUTIVELY

4.    In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes    ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:
   FIRST DEGREE MURDER AND AGGRAVATED CRIMINAL SEXUAL ASSAULT

6.    (a) What was your plea? (Check one)

|   | | | | |
|---|---|---|---|---|
| ☐ | (1) | Not guilty | ☐ (3) | Nolo contendere (no contest) |
| ☐ | (2) | Guilty | ☐ (4) | Insanity plea |

   GUILTY BUT MENTALLY ILL.

AO 241
(Rev. 12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one) N/A

☐ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    XXXX☐ No

8.  Did you appeal from the judgment of conviction?

XXXX☐ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: ILLINOIS APPELLATE COURT FOR THE FIRST DISTRICT OF ILLINOIS

(b) Docket or case number (if you know): ?

(c) Result: INEFFECTIVE COUNSEL FILED AN ANDERS BRIEF THEN FILED A POST CONVICTION PETITION

(d) Date of result (if you know): 11/28/05

(e) Citation to the case (if you know): NONE

(f) Grounds raised:

VIOLATIONS OF 14TH AMENDMENT RIGHTS AS WELL AS 5TH AMENDMENT RIGHTS

(g) Did you seek further review by a higher state court? XXXX☐ Yes    ☐ No

If yes, answer the following:

(1) Name of court: ILLINOIS SUPREME COURT

(2) Docket or case number (if you know): M 11216

(3) Result: COURT WITHDREW LEAVE TO PROCEED ON 9/24/04

(4) Date of result (if you know): 9/24/04

AO 241
(Rev. 12/04)

Page 4

(5) Citation to the case (if you know): ?

(6) Grounds raised: illinois law violates the u.s. constitution
violations of 4th, 5th and 14th amendment rights

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    XXX☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know) 9/24/04

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?    XXX☐ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: CIRCUIT COURT OF COOK COUNTY

(2) Docket or case number (if you know): 91CR2297201

(3) Date of filing (if you know): 3/30/06

(4) Nature of the proceeding: LEAVE TO FILE POST-CONVICTION PETITION

(5) Grounds raised:

VIOLATIONS OF 4TH, 5TH, 14TH. , 6TH, AMENDMENT RIGHTS
IN THAT A  MENTALLY DISABLED PERSON WAS ARRESTED BEATEN, FORCED TO SIGN A FALSE
CONFESSION WITHOUT  EFFECTIVE REPRESENTATION OF COUNSEL, HELD IN VIOLATION
OF THE 4TH AMENDMENT, BROUGHT TO TRIAL UNDER  AN UNCONSTITUTIONAL STATUTE
IN VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL, DENIED EFFECTIVE COUNSEL,
FORCED TO PLEAD GUILTY BUT MENTALLY ILL AND CONVICTED.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    XXX☐ No

(7) Result: PETITION DENIED WITHOUT FAIR HEARING.

(8) Date of result (if you know): 6/12/06

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: ILLINOIS APPELLATE COURT FOR THE FIRST DISTRICT OF ILLINOIS

(2) Docket or case number (if you know): 062090

(3) Date of filing (if you know): ?

(4) Nature of the proceeding: APPEAL OF DENIAL OF POST CONVICTION PETITION.

(5) Grounds raised:

THE PETITION FOR POST-CONVICTION RELIEF RAISED MERITORIOUS ISSUES OF VIOLATIONS OF PETITIONER'S RIGHTS CONCERNING THE DESTRUCTION OF EVIDENCE FAVORABLE TO THE ACCUSED, VIOLATIONS OF THE PETITIONER'S 4TH AMENDMENT RIGHTS, VIOLATIONS OF PETITIONER'S RIGHT TO COUNSEL, AND PETITIONER'S RIGHT NOT TO BE TRIED IN VIOLATION OF THE U.S. CONSTITUTION. PETITIONER ONLY NEEDED TO STATE THE GIST OF A CONSTITUTIONAL RIGHTS VIOLATION IN HIS PETITION TO REQUIRE AN EVIDENTIARY HEARING, IN SPITE OF PETITIONER'S ASSERTIONS THE PETITION WAS DISMISSED WITHOUT AN EVIDENTIARY HEARING, HOWEVER , THE COURT DID FIND THAT PETITIONER WAS ARRESTED AND INDICTED IN AN UNCONSTITUTIONAL MANNER, AND STILL DENIED PETITIONER HIS RIGHT TO BE HEARD AND RELIEF FROM HIS UNCONSTITUTIONAL CONVICTION AND SENTENCE.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? NO.

☐ Yes    ☒ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes   ❑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ❑ Yes   ❑ No

(2) Second petition:   ❑ Yes   ❑ No

(3) Third petition:   ❑ Yes   ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Because I was granted a new trial on my first postconviction petition
no appeal was needed.  The fact the the state took 14 years to decide a post conviction
petition, makes proceeding on this matter pointless, as the sentence will be served.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** SEE ORIGINAL PETITION, AS THIS IS AN AMENDED PETITION DUE TO
THE GOVERNMENTS ACTION OF TRANSFERREING PETITIONER OUT OF  THE ORIGINAL JURISDICTION.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA EX REL.      )
PATRICK O'CONNOR, #20020018557/ B-45832   )
                              )
PETITIONER,                      )
                              )
VS.                            )CASE NO._____
                              )PREVIOUS  CASE NO. 04 C 4880
                              )
GREGORY P. FIRKUS,             )
RESPONDENT                   )
PREVIOUS RESPONDENT MICHAEL F. SHEAHAN,  )
AND ATTORNEY GENERAL STATE OF ILLINOIS   ) STATE CASE NO. 91CR2297201
                              )

<u>AMENDED PETITION  FOR WRIT OF HABEAS CORPUS- PERSON IN STATE CUSTODY</u>

1. NAME AND LOCATION OF COURT WHERE CONVICTION ENTERED: CIRCUIT COURT OF COOK
   COUNTY 2650 S. CALIFORNIA AVE. CHICAGO, IL. 60608

2. DATE OF JUDGMENT OF CONVICTION: AUGUST 29, 1993, NOVEMBER 28, 2005

3. OFFENSES WHICH PETITIONER WAS CONVICTED OF: FIRST DEGREE MURDER, AGGREVATED
   CRIMINAL SEXUAL ASSAULT
4. SENTENCES IMPOSED: 50 AND 20 YEARS CONCURRENTLY,  44 AND 6 YEARS CONSECUTIVE
5. WHAT WAS YOUR PLEA?    GUILTY BUT MENTALLY ILL

IF YOU PLEADED GUILTY TO ONE COUNT OR INDICTMENT AND NOT GUILTY TO  ANOTHER COUNT
OR INDICTMENT, GIVE DETAILS:
    I WAS COERSED TO ENTER A PLEA OF GUILTY BUT MENTALLY ILL TO AVOID CAPITOL
PUNISHMENT, THIS PLEA WAS WITHDRAWN, AND THE CONVICTION REVERSED IN 2003, YET I
AM STILL IN THE CUSTODY OF THE STATE OF ILLINOIS, WHO HAS FRUSTRATED ALL OF MY
ATTEMPTS TO GAIN A FAIR AND SPEEDY TRIAL ALLOWING THE PROSECUTION 14 YEARS TO
DECIDE A POST-CONVICTION PETITION, WHICH DEPRIVES THE CONSTITUTION OF ANY MEANING
AND EXERPTS THE INTENT OF THE LAW, MAKING A FAIR TRIAL UNATTAINABLE.

# IN THE UNITED STATES DISTRICT COURT
## ~~NORTHERN~~ DISTRICT OF ILLINOIS
### Central

| | |
|---|---|
| United States of America ex rel. | ) |
| | ) |
| Patrick O'Connor #20020018557/ B-45832 | ) |
| (Full name and prison number) | ) |
| (Include name under which convicted) | ) |
| | ) |
| PETITIONER | )    CASE NO: _____ |
| | )         (Supplied by Clerk of this Court) |
| vs. | ) |
| | ) |
| GREGORY P. FIRKUS, | ) |
| (Warden, Superintendent, or authorized | ) |
| person having custody of petitioner) | ) |
| | ) |
| RESPONDENT, and | ) |
| | ) |
| **(Fill in the following blank only if judgment | ) |
| attacked imposes a sentence to commence | ) |
| in the future)** | ) |
| | ) |
| ATTORNEY GENERAL OF THE STATE OF | )    Case Number of State Court Conviction: |
| | ) |
| Illinois | )    91-CR-2297201 |
| (State where judgment entered) | ) |

**AMENDED PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY**

1. Name and location of court where conviction entered: Circuit Court of Cook County, Chicago, Il. 2650 S. California Ave. Chicago, Il. 60608

2. Date of judgment of conviction: August 29, 1993

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)

First degree murder, Aggreveted Criminal Sexual Assault

4. Sentence(s) imposed: 50 and 20 years concurrently

5. What was your plea? (Check one)
   (A) Not guilty        (  )
   (B) Guilty            ( XX )
   (C) Nolo contendere   (  )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

I was coersed to enter a plea of guilty but mentally ill to avoid capital punishment this plea was withdrawn, and the conviction reversed in 2003, yet I am still in custody. The state of Illinois has frustrated all of my attempts to gain a fair and speedy retrial allowing the prosecution fourteen years to decide a post-conviction petition, which deprives the Constitution of any meaning and exerpts the intent of the law, making a fair trial unattainable.

## PART I -- TRIAL AND DIRECT REVIEW

1.  Kind of trial:  (Check one):        Jury  (   )            Judge only  (xx)

2.  Did you testify at trial?    YES  (   )            NO        (xx )

3.  Did you appeal from the conviction or the sentence imposed?  YES (xx)    NO (   )

    (A)  If you appealed, give the

        (1)  Name of court:   Illinois Appellate  Court

        (2)  Result:     Ander's Brief by  Public Defender

        (3)  Date of ruling:    ?

        (4)  Issues raised:    none

    (B)  If you did not appeal, explain briefly why not:

     Counsel refused to pursue the issues.

4.  Did you appeal, or seek leave to appeal, to the highest state court?   YES (xx)       NO  (   )

    (A)  If yes, give the

        (1) Result    The Illinois Supreme Court  revoked my right to proceed in the court.

        (2) Date of ruling:   9/24/04

        (3) Issues raised: violation  of 4th Amendment and due process rights.

    (B)  If no, why not:  _____

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?   Yes (   )   No  (xx)

    If yes, give (A) date of petition: _____  (B) date *certiorari* was denied:   _____

2

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES ( XX   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A.   Name of court:   Circuit Court of Cook County

   B.   Date of filing:   October 1993

   C.   Issues raised: INEFFECTIVE ASSISTANCE OF COUNSEL, JUDICIAL ABUSE OF DISCRETION, POLICE MISCONDUCT, VIOLATION OF DUE PROCESS, VIOLATION OF THE FOURTH AMENDMENT.


   D.   Did you receive an evidentiary hearing on your petition?     YES (XX)   NO ( )

   E.   What was the court's ruling? DENIED

   F.   Date of court's ruling:   January 2001

   G.   Did you appeal from the ruling on your petition?     YES (XX)   NO ( )

   H.   (a) If yes,     (1) what was the result?     CIRCUIT COURT WAS OVERRULED

              (2) date of decision:   JANUARY 2001

        (b) If no, explain briefly why not:


   I.   Did you appeal, or seek leave to appeal this decision to the highest state court?

        YES ( ) NO (XX)

        (a) If yes,     (1) what was the result?

              (2) date of decision:

        (b) If no, explain briefly why not: IT WAS A FAVORABLE DECISION.

3

## SUMMARY OF COMPLAINT

PATRICK O'CONNOR, PETITIONER, PROSE, BRINGS THIS AMENDED PETITION FOR A WRITOF
HABEAS CORPUS, SEEKING RELIEF FROM HIS STATE CONVICTION IN CASE #91 CR 2297201,
PETITIONER WAS ARRESTED WITHOUT A WARRANT, CHARGED WITH CAPITOL MURDER, AGGREVATED
CRIMINAL SEXUAL ASSAULT.  INEFFECTIVE COUNSEL REFUSED TO ARGUE THE ISSUE OF THE
VOLUNTARINESS OF PETITIONER'S COERSED CONFESSION, AND CONVINCED THEMENTALLY ILL
DEFENDANT TO PLEAD GUILTY TO AVOID THE DEATH PENALTY.  PETITIONER ATTEMPTED TO
WITHDRAW HIS PLEA WITHIN THE 30 DAY PERIODALLOWED BY ILLINOIS LAW, BUT HIS MOTION
WAS DENIED, PETITIONER APPEALED, BUT APPOINTED COUNSEL REFUSED TO RAISE ANY ISSUES ON
APPEAL, SO THE APPEAL WAS DENIED.  PETITIONER THEN FILED A POST-CONVICTION PETITION
RAISING TWENTYSEVEN ISSUES OF VIOLATIONS OF HIS RIGHTS.  APPOINTED COUNSEL DECIDED TO
BIFRICATE THESE ISSUES AND RAISED ONLY THE ISSUE OF FITNESS FOR TRIAL, THE COURT
DENIED THE PETITION, PETITIONER APPEALED, AND THE APPEALLATE COURT REVERSED THE
CIRCUIT COURT'S DECISION.  THE PETITION WAS GRANTED AND A NEW TRIAL ORDERED, YET PETIION-
ER WAS NEVER RELEASED FROM CUSTODY.  COURT APPOINTED COUNSEL REFUSES TO FILE MOTIONS TO
DISMISSTHE CHARGES BASED ON THE FACTS THAT BEFORE TRIAL IN THE FACE OF A SPECIFIC
DEMAND FOR DISCOVERABLE EVIDENCE, ASSISTANT STATES ATTORNEY, LORI LEVIN DID NOT HAVE
EVIDENCE TO PROVE THE SEXUAL ASSAULT CHARGE, SO SHE ORDERED DESTRUCTIVE TESTING BE
 PERFORMED UPON PHYSICAL EVIDENCE TAKEN FROM THE CRIME SCENE.  WHEN TEST RESULTS
WERE NOT FAVORABLE TO HER CASE, SHE ORDERED THE DESTRUCTIVE TESTS TO BE PERFORMED
THREE MORE TIMES, INSPITE OF PETITIONER'S REQUEST FOR THIS EVIDENCE.  THIS DENIED
PETITIONER DUE PROCESS OF LAW AND THE ABILITY TO REBUT ANY FINDINGS BY STATE'S
WITNESSES, AS THE ENTIRE SAMPLE WAS DESTROYED BY THE STATES TESTING.  PETITIONER'S
ARREST WAS UNLAWFUL, AS HIS WARRANTLESS ARREST ON 9/29/91 VIOLATED THE 4TH AMENDMENT,
AS INTERPRETED BY THE U.S. SUPREME COURT IN RIVERSIDE V. MCLAUGHLIN REQUIRING
JUDICIAL DETERMINATIONS OF PROBABLE CAUSE FOR WARRANTLESS ARRESTS WITHIN 48 HOURS OF
ARREST.  A JUDICIAL DETERMINATION OF PROBABLE CAUSE WAS NOT MADE UNTIL 9/9/91.
STATE OFFICIALS HAVE DRAGGED THEIR FEET IN THE PROSECUTION OF THIS CASE, AS 14 YEARS
HAVE PASSED, YET 725 ILCS5/122-2.1 REQUIRES A DECISION ON A POST-CONVICTION PETITION
WITHIN 90 DAYS OF FILING. DELAYING A DECISION ON THE PETITION FOR 14 YEARS CLEARLY
DEPRIVES THIS STATUTE OF MEANING AND USEFULLNESS.  COURT APPOINTED COUNSEL'S REFUSAL
 TO FILE MOTIONS IN ACCORD WITH PETITIONER'S WISHES DENIES PETITIONER DILIGENT REPRE-
SENTATION.  725 ILCS 5/114-4 MOTION FOR CONTINUANCE REQUIRES THAT "(a)IF THE MOTION IS
MADE MORE THAN 30 DAYS AFTER ARRAIGNMENT, THE COURT SHALL REQUIRE IT TO BE IN
WRITING, SUPPORTED BY AFFIDAVIT.", YETNONE OF THE MORE THAN 169 CONTINUANCES
GRANTED BY THE COURT WERE IN WRITING NOR SUPPORTED BY AFFIDAVIT. DENYING PETITIONER
DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW AND A FAIR TRIAL.

    ON 9/14/04, PETITIONER AND SEVERAL OTHER UNJUSTLY INCARCERATED PEOPLE FILED A
CLASS ACTION SUIT IN AN ATTEMPT TO FORCE ILLINOIS TO COMPLY WITH FEDERAL LAW, AND FOR
RELEASE FROM CUSTODY FOR VIOLATIONS OF THEIR 4TH AMENDMENT RIGHTS.  AFTER GRANTING
LEAVE  TO PROCEED IN THE ILLINOIS SUPREME COURT, ON 11/19/04, THE ILLINOIS SUPREME
COURTWITHDREW PERMISSION TO PROCEED AND DENIED ALL OF PETITIONER'S MOTIONS.  DUE TO
UNDUE COERSIVE PRESSURE BY  STATE OFFICIALS PETITIONER HAD TO ENTER A COERSED
PLEA OF GUILTY BUT MENTALLY ILL TO A CRIME HE COULD NOT COMMIT JUST TO GET THREE HOT
MEALS PER DAY, A BED TO SLEEP IN, ACCESS TO THE COURTS VIA A LAW LIBRARY, CLEAN AIR,
AND LEAD-FREE WATER TO DRINK, AND TO AVOID A NATURAL LIFE SENTENCE.  AFTER PETITIONER
DEMANDED TRIAL ON 6/22/05, WAS DENIED TRIAL  WITHIN THE 120 DAYS ALLOWED BY LAW AND
COUNSEL'S REFUSAL TO RAISE THIS ISSUE IT WAS MORE THAN APPARENT THAT SINCE PETITIONER
HAD SERVED ON OF THE SENTENCES IMPOSED WHILE AWAITING A DECISION ON HIS POST-CONVICTION
PETITION, PETITIONER COULD NEVER RECEIVE A JUST AND FAIR DECISION FROM THE CIRCUIT COURT.
ON 12/28/05 A SENTENCING HEARING WAS HELD IN WHICH THE STATE PRODUCED  TESTIMONY FROM
PAID WITNESSES TO INFLAME THE PASSSIONS OF THE COURT, WITHOUT DISCLOSING THAT THE
WITNESS HAD RECEIVED STATE FUNDS FOR HER TESTIMONY.  PETITIONER'S NEW SENTENCE OF 6 &44
YEARS VIOLATES HIS PROTECTION FROM DOUBLE JEOPARDY AS THE ORIGINAL 50 &20 YEAR

CONCURRENT SENTENCES
              AWARDED HIM DAY FOR DAY PLUS 6MONTHS GOOD CONDUCT CREDITS, SO

THIS NEW COERSED PLEA AND SENTENCE PUNISH PETITIONER A SECOND TIME FOR THE SAME ACT, AS PETITIONER SUCCESSFULLY COMPLETED HIS SENTENCE FOR AGGREVATED CRIMINAL SEXUAL ASSAULT ON 2/29/01. BASSED ON THE CIRCUMSTANCES DESCRIBED ABOVE IT IS IMPOSSIBLE FOR PETITIONER TO EVER RECEIVE A FAIR TRIAL, MAKING THE FILING OF ANOTHER POST-CONVICTION PETION THAT WILL RESULT IN THE APPOINTMENT OF THE SAME INEFFECTIVE COUNSEL, AND TAKE ANOTHER 14 YEARS TO DETERMINE, FIVE YEARS AFTER PETITIONER'S PROJECTED RELEASE DATE POINTLESS.

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES (XX)        NO ( )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

       1. Nature of proceeding     Mandamus

       2. Date petition filed     9/24/04

       3. Ruling on the petition     DENIED PERMISSION TO PROCEED.

       3. Date of ruling     11/19/04

       4. If you appealed, what was the ruling on appeal?     DENIED

       5. Date of ruling on appeal     11/19/04

       6. If there was a further appeal, what was the ruling ?     none

       7. Date of ruling on appeal

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
       YES ( )  NO (XX)

   A. If yes, give name of court, case title and case number:

   B. Did the court rule on your petition? If so, state

      (1) Ruling:

      (2) Date:

## 4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?

YES (XX)  NO ( )

If yes, explain: 14 year delay in post-conviction proceedings has denied petitioner of due process of law.

## PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one DELAY OF 169 MONTHS DEPRIVES PETITIONER OF DUE PROCESS OF LAW
Supporting facts (tell your story briefly without citing cases or law):

Petitioner has been unjustly arrested, coersed to plead guilty but mentally ill, then filed an appeal which was denied by counsel, leading to the filing of a post-conviction petition, which was to be heard in 90 days, yet it has been 14 years, and still has not received relief under this act denying due process, equal protection and violating petitioner's 4th Amendment protections.

(B) Ground two Extensive delay in judicial determination of probable cause denies
Supporting facts:
petitioner due process of law and violates his 4th Amendment protections.

The U.S. Supreme Court decided that to satisfy the promptness requirements of

the Fourth Amendment judicial determinations of probable cause for arrest

must be made within 48 hours of arrest. Petitioner was arrested on 8/29/91 and

probable cause for the arrest was not determined by the court until 9/9/91.

Illinois law requires violations of this law be cured by dismissal of charges, yet

petitioner is still in custody in violation of these laws.

5

(C) Ground three    Deviation from rules of Criminal Procedure violate petitioner's
Supporting facts:

right to due process of law, equal protection of the law, and

deny petitioner a fair trial.

Illinois Compiled Statutes, 725 ILCS 5/114-4 motion for

continuance requires all motions for continuances to be in writing
supported by affidavit, when made more than 30 days after arraignment

Petitioner's case has been continued over 169 times over 14 years,

yet none of the motions for continuance have been in writing nor
supported by affidavit, allowing the state to delay the case indefinitely.

(D) Ground four Denial of effective assistance of counsel denies petitioner
Supporting facts:

due process of law, equal protection of the law, and his 6th Amendment rights

Trial counsel refused to take the case to trial, but coersed the mentally ill

petitioner to plead guilty to avoid the death penalty.Appellate
counsel failed to file any  argument for petitioner

2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
    YES ( )   NO (XX)

3.  If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:
    I WAS ONLY ABLE TO PRESENT THE ISSUE OF MY FOURTH AMENDMENT VIOLATION

I FILED A PETITION FOR A WRIT OF MANDAMUS TO THE ILLINOIS SUPREME COURT DUE  TO

ILLINOIS REFUSAL TO COMPLY WITH FEDERAL LAW.

6

ADDITIONAL ISSUE:  THE PROSECUTION WITHHELD AND DESTROYED EXCULPATORY
                   EVIDENCE FROM THE PETITIONER.

DETAILS:   PETITIONER WAS CHARGED WITH AGGRAVATED CRIMINAL SEXUAL ASSAULT
           ALLEGEDLY SODOMIZING THE VICTIM, HOWEVER NO  PHYSICAL EVIDENCE OF
           THIS ACT EXISTED, BUT A RECTAL SWAB OF THE VICTIM'S ANUS  WAS
           TAKEN AS EVIDENCE.  THE CONTENTS OF THIS SWAB  WAS EXAMINED BY
           FORENSIC SCIENTISTS, WHO CONCLUDED THAT NO BLOOD TYPE FROM THE
           PETITIONER WAS PRESENT IN THAT SWAB.  ASSISTANT STATES ATTORNEY
           LORI LEVIN, AFTER PETITIONER MADE A DISCOVERY REQUEST FOR THIS
           EVIDENCE PROCEEDED TO ORDER DISTRUCTIVE TESTING DONE ON THIS
           EVIDENCE FOUR TIMES, IN THE HOPE OF OBTAINING DIFFERENT RESULTS.
           BEFORE RETRIAL,  THE PROSECUTION PERFORMED DNA TESTING ON THIS
           EVIDENCE MYSTERIOUSLY, PETITIONER'S DNA APPEARED IN THIS EVIDENCE,
           AND THE DNA TESTING DESTROYED ALL OF THE SAMPLE  DENYING THE
           PETITIONER DUE PROCESS OF LAW, AND THE CHANCE TO REBUT THE
           LAB'S FINDINGS.  APPOINTED COUNSEL REFUSES TO RAISE THIS ISSUE
           AND HAVE THE CHARGES AGAINST PETITIONER DISMISSED, THE PROPER
           REMEDY UNDER ILLINOIS LAW FOR THIS RIGHTS VIOLATION.

GROUND SIX:  UNDUE COERSIVE PRESSURE  FROM GOVERNMENT OFFICIALS CAUSED AN
INVOLUNTARY PLEA OF GUILTY.

PETITIONER, AS A PRETRIAL DETAINEE, IS NOT SUBJECT TO PUNISHMENT, YET PETITIONER
WHILE BEING HELD IN POLICE CUSTODY ON A NO BOND HOLD WAS DENIED THREE HOT MEALS PER
DAY, CLEAN FRESH AIR, A BED TO SLEEP IN, ACCESS TO THE COURTS VIA ACCESS TO
A COMPREHENSIVE LAW LIBRARY, CLOTHING ADEQUATE FOR THE SEASON. FOR THREE YEARS
EIGHT MONTHS AND 22 DAYS PETITIONER SLEPT ON THE FLOOR IN A RODENT INFESTED ROOM,
ENDURED RECICULATED, DIRTY AIR, AND KEPT THE SAME SHIRT AND PANTS REGARDLESS OF
THE SEASON, PETITIONER WAS NEVER FED A WARM OR HOT NUTRIOUS LUNCH, AND ALL MEALS
WERE SERVED FROM THE FLOOF WHERE THE RODENTSATTEMPTED TO EAT THE FOOD SERVED TO
PETITIONER, THREE MEN WERE LOCKED IN A CELL WITH ADEQUATE SPACE FOR ONE MAN,
COURT APPOINTED COUNSEL REFUSED TO  DILIGENTLY PROTECT PETITIONER'S RIGHTS, SO
UNDER THIS COERSIVE SITUATION PETITIONER, WITH HIS HEALTH AND LIFE IN DANGER,
HAD TO ENTER AN INVOLUNTARY PLEA OF GUILT TO OBTAIN HUMANE TREATMENT.

GROUND SEVEN  INEFFECTIVE COUNSEL ALLOWED PETITIONER TO BE CONVICED IN  VIOLATION
OF HIS RIGHT TO A FAIR AND SPEEDY TRIAL.
ON JUNE 22, 2005, PETITIONER DEMANDED TRIAL  THE ILLINOIS SPEEDY TRIAL ACT 725 5/103-5,
REQUIRES TRIAL TO BEGIN WITHIN 120 DAYS OF DEMAND; 120 DAYS PASSED YET NO TRIAL BEGAN,
IN SPITE OF PETITIONER'S REQUEST FOR COUNSEL TO  MOVE FOR DISMISSAL ON THE GROUNDS
OF THIS RIGHTS VIOLATION, COUNSEL REFUSED TO RAISE THIS ISSUEDENYING PETITIONER
A FAIR AND SPEEDY TRIAL.

GROUND EIGHT:  PETITIONER'S SENTENCE VIOLATES HIS PROTECTION FROM DOUBLE JEOPARDY.
                PETITIONER'S ORIGINAL SENTENCE OF 50 YEARS FOR MURDER AND
                CONCURRENT 20 YEAR SENTENCE FOR AGGREVATED CRIMINAL SEXUAL ASSAULT
                WERE TO BE REDUCED BY DAY-FOR-DAY GOOD CONDUCT CREDITS AND AN
                ADDITIONAL SIX MONTHS EARNED GOOD CONDUCT CREDIT THEREFORE; THE
20 YEAR SENTENCE WAS COMPLETED ON 2/29/01, AS PETITIONER BEGAN SERVING THIS
                SENTENCE ON 8/29/91.  TO RESENTENCE PETITIONER TO 44 YEARS FOR
                MURDER AND 6 YEARS FOR AGGREVATED CRIMINAL SEXUAL ASSAULT TO
                BE SERVED CONSECUTIVELY IS TO IMPOSE A SIX YEAR SENTENCE ON A
                CRIME PETITIONER ALREADY COMPLETED A SENTENCE FOR IN VIOLATION
                OF PETITIONER'S PROTECTION FROM DOUBLE JEOPARDY.

GROUND NINE:  THE PROSECUTION WITHHELD THE FACT THAT ON 12/28/05 THEY USED THE
TESTIMONY OF A PAID INFORMANT TO INFLAME THE  PASSIONS OF THE COURT FOR A HARSH
                SENTENCE WITHOUT  INFORMING THE DEFENSE OF THE FACT THAT TRISHA
                O'CONNOR HAD RECEIVED PAYMENTS FROM THE STATES ATTORNEY'S
                WITNESS PROTECTION PROGRAM. IN VIOLATION OF 725 ILCS 5/115-22.
                DEPRIVING PETITIONER OF A FAIR TRIAL, EQUAL PROTECT AND DUE
                PROCESS OF LAW.

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing __RAYMOND GARZA__

(B) At arraignment and plea __RAYMOND GARZA__

(C) At trial __RAYMOND GARZA__

(D) At sentencing __RAYMOND GARZA__

(E) On appeal __PUBLIC DEFENDER__

(F) In any post-conviction proceeding __HAROLD WINSTON, BRENDON MAX__

(G) Other (state): _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ( xx )

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____         _____
                (Date)                          Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
(Signature of petitioner)

_____
(I.D. Number)

_____
(Address)

REVISED 01/01/2001

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


PATRICK O'CONNOR,                    )
PETITIONER,                          )
                                     )
                                     )
V.                                   ) CASE NO.
                                     )
                                     )
MICHAEL SHEAHAN,                     )
COOK COUNTY SHERIFF ET AL.           )
RESPONDENT,                          )


## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

**NOW COMES PETITIONER,** PATRICK O'CONNOR PRO SE AND ATTACHES THIS MEMORANDUM OF LAW IN SUPPORT OF HIS PETITION FOR WRIT OF HABEAS CORPUS TO SHOW THAT THIS IS A MERITORIOUS CLAIM, AND CONTROLLING STATE AND FEDERAL LAW REQUIRE HIS IMMEDIATE RELEASE FROM STATE CUSTODY. IN SUPPORT OF THIS  PETITION PETITIONER STATES THE FOLLOWING:

1- " WHERE CIRCUMSTANCES SURROUNDING ALMOST EIGHT YEAR DELAY OF FEDERAL HABEAS CORPUS
    PETITIONER'S STATE APPEAL WERE SUCH THAT THERE WAS LITTLE LIKELIHOOD THAT HIS
    PETITION FOR CORAM NOBIS IN STATE COURTS WOULD HAVE BEEN EFFECTIVE, PETITIONER WAS NOT
    REQUIRED TO EXHAUST STATE REMEDIES BEFORE FILING HIS FEDERAL PETITION.42U.S.C.A.§1983
    **CONST. AMEND. 6; 28U.S.C.A. §2254(b).** **BROOKS V. JONES**  875 f2d 30

2-"WHEN IT IS PERFECTLY APPARENT, AS IT IS HERE THAT A PETITIONER'S REQUESTS TO THE STATE COURT
    AND REQUESTS TO STATE APPOINTED COUNSEL HAVE BEEN TO NO AVAIL WE HAVE HELD THE PRISONER
    NEED NOT TAKE ADDITIONAL STEPS IN THE STATE COURT BEFORE HE MAY BE HEARD IN THE
    FEDERAL COURTS." **MATHIS V. HOOD**  851 F2d 612, 614-615.
    WRITS OF HABEAS CORPUS MAY BE GRANTED BY THE SUPREME COURT, ANY JUSTICE THEREOF, THE DISTRICT
    COURTS, AND ANY CIRCUIT JUDGE WITHIN THEIR RESPECTIVE JURIDICTION.   THE CIRCUIT JUDGE
    SHALL BE ENTERED IN THE RECORDS  OF THE DISTRICT COURT OF THE DISTRICT WHEREIN THE
    RESTRAINT COMPLAINED OF IS HAD.
    "THE WRIT OF HABEAS CORPUS SHALL EXTEND TO A PRISONER UNLESS 3) HE IS IN CUSTODY IN
    VIOLATION OF THE CONSTITUTION OR LAWS OR TREATIES OF THE UNITED STATES. **28USCA§2241**"

CLEARLY THE PETITIONER, WHO HAS BEEN DENIED A FAIR AND SPEEDY TRIAL FOR  14 YEARS WHILE
WHILE BEING HELD IN VIOLATION OF HIS 4th, 5th, AND 14th AMENDMENT RIGHTS, AND IS
ENTITLED TO RELIEF UNDER THIS ACT.   PETITIONER IS CONFINED IN THE COOK COUNTY JAIL
WITHIN THE JURISDICTION OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION.

3- ON MAY 13, 1991, THE UNITED STATES SUPREME COURT ENTERED A DECISION  IN
    **RIVERSIDE V. MCLAUGHLIN** 500 U.S. 44 111 S.CT. 1661.  THIS DECISION REQUIRES JURISDICTIONS
    THAT CHOSE TO OFFER COMBINED PRE-TRIAL PROCEDURES TO  MAKE A JUDICIAL DETERMINATION
    OF PROBABLE CAUSE FOR A WARRANTLESS ARREST WITHIN  48 HOURS OF THE ARREST; IN ILLINOIS
PROBABLE CAUSE IS DETERMINED EITHER BY A GRAND JURY OR FROM EVIDENCE PRESENTED AT A
    PRELIMINARY HEARING, **725 ILCS** 5/109-3.1 THIS STATUTE ALSO ALLOWS UP TO THIRTY DAYS
    FOR THE JUDICIAL DETERMINATION OF PROBABLE CAUSE.  A TIME FRAME EXPRESSLY FOUND TO BE
UNCONSTITUTIONAL IN **GERSTIEN V. PUGH**  420 U.S. 112 95 S.Ct. 854; **RIVERSIDE AT 1667-8.**
PETITIONER WAS ARRESTED WITHOUT A WARRANT ON 8/29/91, YET PROBABLE CAUSE FOR HIS
    ARREST WAS NOT ESTABLISHED BY A GRAND JURY UNTIL 9/9/91 IN VIOLATION OF HIS FOURTH
    AMENDMENT RIGHTS, FURTHER;  ILLINOIS LAW **725 ILCS** 5/114-1(11) HAS A REMEDY FOR THIS

VIOLATION OF HIS RIGHTS, DISMISSAL OF CHARGES. WHEN ILLINOIS LAW IS MADE TO CONFORM TO FEDERAL LAW, AS ARTICLE VI OF THE U.S. CONSTITUTION REQUIRES. THERE IS NO OTHER CHOICE THAN TO DISMISS THE CHARGES AGAINST THE PETITIONER, OTHERWISE PETITIONER'S RIGHT TO DUE PROCESS OF LAW AND EQUAL PROTECTION OF THE LAW IS VIOLATED.

4-ILLINOIS LAW CLEARLY DEFINES THE REQUIREMENTS COUNSEL MUST MEET TO MOVE THE COURT FOR A CONTINUANCE. **725 ILCS 5/114-4 MOTION FOR CONTINUANCE** (a) HOLDS " IF THE MOTION IS MADE MORE THAN 30 DAYS AFTER ARRAIGNMENT THE COURT SHALL REQUIRE THAT IT BE IN WRITING AND SUPPORTED BY AFFIDAVIT."PETITIONER"S CASE HAS BEEN CONTINUED OVER 169 TIMES IN 14 YEARS, YET NO MOTION FOR CONTINUANCE HAS EVER BEEN IN WRITING, OR SUPPORTED BY AFFIDAVIT. PARAGRAPH (e) ALLOWS THE COURT TO DISMISS THE CHARGES WHEN THE STATE FAILS TO DILIGENTLY PROSECUTE THE DEFENDANT, YET IN VIOLATION OF PETITIONER'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW, THE COURT PERSISTS IN ITS BIAS AGAINST PETITIONER'S RIGHTS, AND ALLOWS THE PROSECUTION TO DRAG OUT THIS PROSECUTION FOR 14 YEARS.

5- DENIAL OF EFFECTIVE ASSISTANCE OF APPOINTED COUNSEL DEPRIVES PETITIONER OF DUE PROCESS OF LAW AND A FAIR TRIAL. COUNSEL REFUSES TO ABIDE BY PETITIONER'S WISHES TO CALL WITNESSES TO TO SUPPRESS PETITIONER'S COERSED STATEMENTS BY LT. COMMANDER JON BURGE AND HIS MEN, WHO ABUSED PETITIONER TO EXTRACT THESE STATEMENTS. COUNSEL REFUSES TO DILIGENTLY RESEARCH THE FACTS OF THE CASE TO FIND FORENSIC WITNESSES TO TESTIFY OF THE IMPOSSIBILITY OF THE BLIND, MENTALLY CHALLANGED, PARTIALLY PARALYZED, PETITIONER'S ABILITY TO COMMIT THE OFFENSES ALLEGED TO HAVE BEEN COMMITTED BY HIM. COUNSEL REFUSES TO DEMAND A SPEEDY TRIAL AS PETITIONER REQUESTS TO BRING A CONCLUSION TO THIS PROSECUTION.

6-THE PROSECUTION WITHHELD THEN DESTROYED EXCULPATORY EVIDENCE AFTER A SPECIFIC REQUEST TO EXAMINE IT IN PETITIONER'S MOTION FOR DISCOVERY. A RECTAL SWAB WAS TAKEN FROM THE VICTIM, WHICH TESTING SHOWED NO PRESENCE OF BLOOD, SEMEN, NOR SALIVA FROM THE PETITIONER, YET ACCORDING TO THE COERSED CONFESSION THESE BODILY FLUIDS FROM THE PETITIONER MUST BE PRESENT TO CONFIRM THE COMMISSION OF THE OFFENSE. ASSISTANT STATES ATTORNEY LORI LEVIN REQUESTED DESTRUCTIVE TESTING BE PERFORMED ON THIS SWAB A TOTAL OF FOUR TIMES HOPING FOR A DIFFERENT RESULT FROM IDENTICAL TESTING, AND DESTROYING MOST OF THE SAMPLE. WITH STILL NO EVIDENCE OF PETITIONER'S BLOOD TYPE BEING PRESENT, IN 2005, THE PROSECUTION TOTALLY DESTROYED THE EVIDENCE FOR D.N.A. TESTING WHICH SUSPICIOUSLY REVEALED THE PRESENCE OF PETITIONER'S BLOOD TYPE IN VIOLATION OF **BRADY V. MARYLAND** AND **YOUNGBLOOD V. ARIZONA** . THE STATE HAS DUTY TO PRESERVE EVIDENCE, SUPPRESSION OF EVIDENCE FAVORABLE TO AN ACCUSED UPON PROPER REQUEST VIOLATES ACCUSED'S RIGHT TO DUE PROCESS OF LAW WHERE EVIDENCE IS MATERIAL TO THE GUILT OR PUNISHMENT IRRESPECTIVE OF GOOD FAITH OF THE PROSECUTION. **PEOPLE V. GAITOR** B64 NE 2d 484."DUTY OF PROSECUTOR IS NOT ONLY TO REPRESENT THE STATE BUT ALSO TO REPRESENT THE PEOPLE BY SEEING THAT DEFENDANTS RECEIVE A FAIR TRIAL." **PEOPLE V. HIGGS** 289 n.e. 2d 1042.

7- ILLINOIS LAW IS CLEAR, PETITIONER'S RIGHTS TO DUE PROCESS OF LAW ARE CONTINUALLY BEING VIOLATED; FEDERAL LAW CLEARLY IS THE ONLY AVENUE OF RELIEF AVAILABLE TO THE PETITIONER, THEREFOR; PETITIONER PRAYS THIS HONORABLE COURT WILL REVIEW THESE FACTS, PROVIDE PETITIONER WITH THE RIGHTS HE IS GUARANTEED BY THE U.S. CONSTITUTION, AND ORDER PETITIONER RELEASED FROM CUSTODY WITH PREJUDICE.

RESPECTFULLY SUBMITTED,

PATRICK O'CONNOR PRO SE
REG # 20020018557
DIVISION 10-1-B
P.O. Box 089002
CHICAGO, IL. 60608

IN THE CIRCUIT COURT OF COOK COUNTY

CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO. _____ |
| -VS- | ) | |
| | ) | HONORABLE JUDGE KAZMEIRSKI |
| PATRICK O'CONNOR | ) | |
| | ) | |
| DEFENDANT | ) | |

## MOTION TO DISMISS CHARGES

NOW COMES THE DEFENDANT, PATRICK O'CONNOR, THROUGH HIS ATTORNEY EDWIN BURNETTE, THROUGH BRENDAN MAX, AND MOVES THIS HONORABLE COURT PURSUANT TO 725 ILCS 5/114-1, TO DISMISS THE CHARGES AGAINST HIM. IN SUPPORT OF THIS MOTION THE DEFENDANT STATES THE FOLLOWING:

1- ON MAY 13, 1991, THE UNITED STATES SUPREME COURT DECIDED THAT TO SASTIFY THE PROMPTNESS REQUIREMENT OF THE FOURTH AMENDMENT, A JUDICIAL DETERMINATION OF PROBABLE CAUSE FOR A WARRANTLESS ARREST MUST BE MADE WITHIN 48 HOURS OF THE ARREST. **RIVERSIDE V. MCLAUGHLIN, 500 U.S. 44, 111.STCT. 1661.**

2- DEFENDANT WAS ARRESTED ON AUGUST 29, 1991, WITHOUT A WARRANT.

3- THE ILLINOIS PROBABLE CAUSE FOR AN ARREST IS DETERMINED AT A PRELIMINARY HEARING, 725 ILCS 5/109-3, 3-1.

4- DEFENDANT DID NOT RECEIVE A PRELIMINARY HEARING NOR GRAND JURY INDICTMENT UNTIL SEPTEMBER 9, 1991, IN VIOLATION OF HIS FOURTH AMENDMENT RIGHTS UNDER, **RIVERSIDE V. MCLAUGHLIN, 111 S.CT. 1661**

5- IF 725 ILCS 5/109-3.1 WAS MADE TO CONFORM TO THE REQUIREMENTS OF THE UNITED STATES CONSTITUTION, SUBPARAGRAPH (11) OF 725 ILCS 5/114-1 APPLIES AND DEFENDANT HAS THE RIGHT TO DISMISSAL OF THE CHARGES AGAINST HIM.

6— IN 1991, DEFENDANT FILED A MOTION FOR DISCOVERY OF ALL EVIDENCE TO BE USED AGAINST HIM, INCLUDING ALL BLOOD EVIDENCE.

7— ON SEPTEMBER 1, 1993, THE HONORABLE THOMAS P. CAWLEY ENTERED AN ORDER TO PRESERVE ALL EVIDENCE IN THE ABOVE CAPTIONED CAUSE.

8— ' INHERENT IN THE RIGHT TO DUE PROCESS, IS THE RIGHT TO KNOW OF ADVERSE EVIDENCE AND THE OPPORTUNITY TO REBUT IT,' **PEOPLE V. TAYLOR, 369 N.E.2D 573,** FURTHER; STATE'S DUTY OF DISCLOSURE IS OPERATIVE AT THE INVESTIGATORY STAGE AS A DUTY OF PRESERVATION. id.

9— IN SPITE OF DEFENSE COUNSEL'S REPEATED REQUESTS FOR THE PRESERVATION OF BLOOD SAMPLES, THE STATE DESTROYED THIS EVIDENCE IN VIOLATION OF DEFENDANTS DUE PROCESS RIGHTS.

10— ASSISTANT STATE'S ATTORNEY LORI LEVINS, REPEATED REQUESTS FOR TESTING OF THE AFOREMENTIONED EVIDENCE SERVED NO PURPOSE OTHER THAN TO DESTROY THE EVIDENCE FAVORABLE TO THE DEFENSE.

11— IN 2004, DEFENDANT AGAIN REQUESTED THROUGH DISCOVERY MOTIONS TO EXAMINE THE BLOOD EVIDENCE IN THE STATE'S POSSESSION; THE STATE IN BAD FAITH PROCEEDED TO DESTROY THIS EVIDENCE, PRECLUDING THE DEFENSE FROM HAVING HIS EXPERT EXAMINE THIS EVIDENCE.

12— CLEARLY DEFENDANT'S RIGHT TO DUE PROCESS OF LAW HAS BEEN VIOLATED AND BASED ON THE SERIOUSNESS OF THIS VIOLATION DEFENDANT CANNOT RECEIVE A FAIR TRIAL.

13— WHEREFORE, DEFENDANT PRAYS THIS HONORABLE COURT WILL DISMISS THE CHARGES AGAINST DEFENDANT WITH PREJUDICE.


RESPECTFULLY SUBMITTED,


_____

BRENDON MAX

ATTY. NO._____

IN THE CIRCUIT COURT OF COOK COUNTY

CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| -VS- | ) | CASE NO. |
| | ) | |
| PATRICK O'CONNER | ) | HONORABLE JUDGE KAZMEIRSKI |
| | ) | |
| DEFENDANT | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**

**TO DISMISS CHARGES**

NOW COMES THE DEFENDANT, PATRICK O'CONNER, THROUGH HIS ATTORNEY EDWIN BURNETTE, THROUGH BRENDAN MAX, AND ATTACHES THIS MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION TO DISMISS CHARGES AGAINST HIM. THIS MOTION IS FILED PURSUANT TO 725 ILCS 5/114-1 (c) WHICH STATES IN PART: ' IF THE MOTION PRESENTS ONLY AN ISSUE OF LAW, THE COURT SHALL DETERMINE IT WITHOUT THE NECESSITY OF FURTHER PLEADINGS.' THIS MOTION BRINGS FORTH ONLY ISSUES OF LAW, THEREFORE, THE COURT MUST DETERMINE THE MOTION BASED ON CONTROLLING STATE AND FEDERAL LAW, AS SET FORTH IN THE MOTION, AND DISMISS THE CHARGES WITH PREJUDICE.

1- THE PROMPTNESS REQUIREMENT OF THE FOURTH AMENDMENT IS CLEARLY DEFINED IN **RIVERSIDE V. MCLAUGHLIN, 500 U.S. 44 at 1670;** 'A JURISDICTION THAT CHOOSES TO OFFER COMBINED PROCEEDINGS MUST DO SO AS SOON AS IS REASONABLY FEASIBLE, BUT IN NO EVENT LATER THAN 48 HOURS AFTER ARREST.'

2- 725 ILCS 5/109-3 SAYS IN PART: (a) 'THE JUDGE SHALL HOLD THE DEFENDANT TO ANSWER TO THE COURT HAVING JURISDICTION OF THE OFFENSE IF FROM THE EVIDENCE IT APPEARS THERE IS PROBABLE CAUSE TO BELIEVE THAT AN OFFENSE HAS BEEN COMMITTED BY THE DEFENDANT AS PROVIDED IN SECTION 109-3.1 OF THIS CODE IF THE OFFENSE IS A FELONY.'

3- 725 ILCS 5/109-3.1 SAYS IN PART: 'EVERY PERSON IN CUSTODY IN THIS STATE FOR THE ALLEGED COMMISSION OF A FELONY SHALL RECEIVE EITHER A PRELIMINARY EXAMINATION IN SECTION 109-3, OR AN INDICTMENT BY GRAND JURY AS PROVIDED IN SECTION 111-12 WITHIN 30 DAYS FROM THE

DATE HE OR SHE WAS TAKEN INTO CUSTODY.'

4– IN **GERSTEIN,** THIS COURT FOUND UNCONSTITUTIONAL PROCEDURES UNDER WHICH PERSONS
ARRESTED WITHOUT WARRANTS COULD BE HELD IN POLICE CUSTODY FOR 30 DAYS OR MORE
WITHOUT A JUDICIAL DETERMINATION OF PROBABLE CAUSE. ID, at 1667–68, **GERSTEIN V.
PUGH,** 420 U.S. 112, 95 S.CT. 854.

5– CLEARLY ILLINOIS LAW IS CONTRARY TO THESE UNITED STATES SUPREME COURT DECISIONS,
YET, ARTICLE VI OF THE UNITED STATES CONSTITUTION READS; 'THIS CONSTITUTION AND
THE LAWS OF THE UNITED STATES SHALL BE MADE IN PURSUANCE THEREOF...SHALL BE THE
SUPREME LAW OF THE LAND, AND JUDGES OF EVERY STATE SHALL BE BOUND THEREBY.' 'THE
DECISIONS OF THE SUPREME COURT ARE SUPREME LAW OF THE LAND, BINDING ON EVERY COURT
IN THE LAND.' **PEOPLE V. LOFTUS,** 81 N.E.2D 495.

6– BASED ON THE FOREGOING FACTS AND CONSTITUTIONAL MANDATE, 725 ILCS 5/109–3.1 MUST
BE AMENDED TO READ; 'EVERY PERSON IN CUSTODY IN THIS STATE FOR THE ALLEGED
COMMISSION OF A FELONY SHALL RECEIVE EITHER A PRELIMINARY EXAMINATION OR AN
INDICTMENT BY GRAND JURY WITHIN 48 HOURS OF THE TIME HE OR SHE WAS TAKEN INTO
CUSTODY.'

7– 725 ILCS 5/114–1 (11) SAYS GROUNDS FOR DISMISSAL OF CHARGES IS A VIOLATION OF
725 ILCS 5/109–3.1

8– THE DEFENDANT DID NOT RECEIVE A JUDICIAL DETERMINATION OF PROBABLE CAUSE WITHIN
48 HOURS OF BEING TAKEN INTO CUSTODY , THEREFORE, HE IS ENTITLED TO DISMISSAL OF
THE CHARGES AGAINST HIM.

9– THE STATE HAS A DUTY TO PRESERVE EVIDENCE. 'SUPPRESSION OF EVIDENCE FAVORABLE TO
AN ACCUSED ON PROPER REQUEST VIOLATES ACCUSED'S RIGHT TO DUE PROCESS OF LAW WHERE
THE EVIDENCE IS MATERIAL EITHER TO GUILT OR PUNISHMENT, IRRESPECTIVE OF THE GOOD FAITH
OR BAD FAITH OF THE PROSECUTION.' **PEOPLE V. GAITOR,** 364 N.E.2D 484. DUTY OF
PROSECUTOR IS NOT ONLY TO REPRESENT STATE, BUT ALSO TO REPRESENT PEOPLE BY SEEING
THAT DEFENDANT'S RECEIVE FAIR TRIALS. **PEOPLE V. HIGGS,** 298 N.E.2D 283; **PEOPLE V.
FAULKNER,** 287 N.E.2D 243. PROSECUTION IS REQUIRED TO FURNISH DEFENDANT OR PROVIDE
MITIGATING FACTORS FOR USE IN HIS DEFENSE. **PEOPLE V. CAMEL,** 295 N.E.2D 270, **PEOPLE V.
BERGERON,** 295 N.E.2D 228.

10- WHEN STATE IS UNABLE TO PRODUCE FOR DEFENSE TESTING THE SUBSTANCE WHICH IS AT THE
    HEART OF THE STATE'S CASE BECAUSE SUBSTANCE HAS BEEN DESTROYED BY STATE'S TESTING
    A HEAVY BURDEN RESTS UPON STATE TO SHOW THAT DESTRUCTIVE TESTING WAS NECESSARY.
    **PEOPLE V. DODSWORTH**, 376 N.E.2D 449. SUPPRESSION OF EVIDENCE AVAILABLE TO DEFENDANT,
    IRRESPECTIVE OF GOOD OR BAD FAITH ON STATE'S PART, IS ERROR WHEN PROPERLY RAISED BY
    DEFENDANT. **PEOPLE V. PINCHOTT**, 370 N.E.2D 1289. PROSECUTION'S SUPPRESSION OF EVIDENCE
    IN FACE OF A SPECIFIC REQUEST FOR SUCH EVIDENCE BY ACCUSED IS SELDOM, IF EVER EXCUSABLE.
    **PEOPLE V. FITZGERALD**, 370 N.E.2D 1207.

11- AN ACCUSED IS DENIED FAIR TRIAL WHEN THE PROSECUTION WITHHOLDS EXCULPATORY EVIDENCE
    FROM THE ACCUSED UNTIL AFTER TRIAL, HOWEVER, A PROSECUTIONS FAILURE TO DISCLOSE
    EXCULPATORY EVIDENCE MUST BE 'MATERIAL.' **PEOPLE V. HARDY**, 387 N.E.2D 1042. IN CONJUNCTIC
    WITH THE DUTY TO DISCLOSE EVIDENCE TO DEFENDANT, THERE IS ALSO A DUTY NOT TO DISPOSE
    OF EVIDENCE FAVORABLE TO A DEFENDANT. **PEOPLE V. MOORE**, 378 N.E.2D 516.

12- THERE IS NO EXCEPTION TO DISCLOSURE RULE FOR INNOCENT OR INADVERTENT SUPPRESSION BY
    STATE OF FAVORABLE EVIDENCE. **SUPREME COURT RULE 412** S.H.A. Ch.110 A §412. **PEOPLE V.
    BENNETT**, 402 N.E.2D 650. WHERE GOVERNMENT ACTION HAVING EFFECT OF MAKING WITNESS OR
    EVIDENCE UNAVAILABLE AMOUNTS TO A WILLFUL AFFRONT TO JUSTICE, SUCH CONDUCT IN ITSELF
    RENDERS A CONVICTION UNPALATABLE. **U.S. V. PERLMAN**, 430 F2d 22. THE PROSECUTION IN A
    CRIMINAL CASE HAS THE CONSTITUTIONAL DUTY TO REVEAL EVIDENCE WHICH MIGHT LEAD THE JURY
    TO ENTERTAIN A REASONABLE DOUBT ABOUT DEFENDANT'S GUILT. **U.S. V. MARRERRO**, 416 F2D
    12. GOVERNMENT MUST TURN OVER ALL EVIDENCE FAVORABLE TO ACCUSED UPON REQUEST, WHERE
    EVIDENCE IS MATERIAL EITHER TO GUILT OR TO PUNISHMENT IRRESPECTIVE OF GOOD FAITH OR
    BAD FAITH OF THE PROSECUTION, AND, EVEN IF WITHHELD IS NOT CONCLUSIVELY MATERIAL NON
    DISCLOSURE OF INFORMATION IS REVERSIBLE ERROR, WHEN THE PROSECUTORS FAILURE TO REVEAL
    THE EVIDENCE WAS NOT IN GOOD FAITH. **U.S. V. DISSTON**, 612 F2D 1035.

13- EVEN ABSENT A SPECIFIC REQUEST, PROSECUTION HAS CONSTITUTIONAL DUTY TO TURN OVER
    EXCULPATORY EVIDENCE THAT WOULD RAISE A REASONABLE DOUBT ABOUT DEFENDANT'S GUILT;
    HOWEVER, THAT RIGHT IS NOT ABSOLUTE BECAUSE WHATEVER DUTY CONSTITUTION IMPOSES ON
    STATE TO PRESERVE EVIDENCE THAT MIGHT BE EXPECTED TO PLAY A SIGNIFICANT ROLE IN
    DEFENDANT'S DEFENSE. **PEOPLE V. MADISON**, 637 N.E.2D 1074. THE DESTROYED BLOOD EVIDENCE
    PLAYS A MAJOR ROLE IN IDENTIFYING THE DONOR OF SEMEN IN SEXUAL ASSAULT CASE.
    IT IS STATES DUTY TO ZEALOUSLY PROTECT EVIDENCE IN IT'S POSSESSION, AND RECORD MUST
    BE CAREFULLY SCRUTINIZED FOR EVIDENCE OF BAD FAITH WHERE RELEVANT MATERIALS ARE
    ALLEGED TO BE LOST OR DESTROYED. **PEOPLE V. HALL**, 601 N.E.2D 883. AFTER DEFENDANT HAS

MADE DISCOVERY REQUEST FOR SPECIFIC EVIDENCE DEFENDANT NEED NOT SHOW EXCULPATORY VALUE OF EVIDENCE TO BE ENTITLED TO SANCTIONS FOLLOWING DESTRUCTION OF EVIDENCE BY STATE; SPECIFIC NOTICE PUTS STATE ON NOTICE TO PRESERVE EVIDENCE. **S.CT. RULES, RULES 412, 412(a). PEOPLE V. KOUTSAKIS, 627 N.E.2D 388.**

14– SANCTIONS MAY BE IMPOSED FOR STATES FAILURE TO PRESERVE REQUIRED INFORMATION EVEN WHERE DISCOVERY VIOLATION IS INADVERTENT. **S.CT. RULES, RULES 412, 415.**

15– TRIAL COURT DID NOT ABUSE IT'S DISCRETION IN DISMISSING INDICTMENTS AS A SANCTION FOR STATE'S DESTRUCTION OF THE SUBSTANCE FOLLOWING RECEIPT OF DISCOVERY MOTION CONSIDERING THE PIVOTAL NATURE OF THE EVIDENCE AT ISSUE IN THE CASE. **S.CT. RULES, RULES 412, 415(g)(1). PEOPLE V. NEWBERRY, 652 N.E.2D 288.** IF STATE PROCEEDS TO DESTROY EVIDENCE AFTER EVIDENCE HAS BEEN REQUESTED BY DEFENSE IN DISCOVERY MOTION APPROPRIATE SANCTIONS MAY BE IMPOSED EVEN IF THE DESTRUCTION IS INADVERTENT, NO SHOWING OF BAD FAITH IS NECESSARY. **U.S.C.A.CONST.AMENDS. 5,14, S.CT. RULES, RULE 412. PEOPLE V. NEWBERRY, 652 N.E.2D 288, 236 F.3D 860.**

16– BAD FAITH IS SHOWN ON THE STATE'S PART THROUGH REPETITIVE DESTRUCTIVE TESTING TO OBTAIN THE SAME RESULT. NOW THE DEFENSE CANNOT REBUT THE STATE'S FINDING FROM DNA TESTING AS THE STATE DESTROYED ALL EVIDENCE REQUESTED IN DISCOVERY, MAKING DISMISSAL OF CHARGES THE APPROPRIATE SANCTION FOR THIS DUE PROCESS VIOLATION.

17– IN THE CASE AT BAR, DEFENSE FILED HIS MOTION FOR DISCOVERY REQUESTING ALL PHYSICAL EVIDENCE OF AN ALLEGED MURDER SEXUAL ASSAULT PROSECUTION. THE PROSECUTION TESTED A RECTAL SWAB TAKEN FROM THE VICTIM ONLY TO FIND NO EVIDENCE OF THE SEXUAL ASSAULT, SO THE STATE'S ATTORNEY DEMENDED THAT THE EVIDENCE BE RETESTED A TOTAL OF THREE TIMES AND EACH TIME THE RESULTS FAILED TO SHOW ANY EVIDENCE OF DEFENDANT'S BLOOD. 14 YEARS LATER THE STATE DEMENDED DNA TESTING OF THE RECTAL SWAB DESTROYING THE EVIDENCE AFTER A DEFENSE REQUEST FOR EXAMINATION OF EVIDENCE IN HIS MOTION FOR DISCOVERY.

18– BASED ON THE FOREGOING FACTS, DEFENDANT PRAYS THIS HONORABLE COURT WILL DISMISS THE CHARGES AGAINST THE DEFENDANT WITH PREJUDICE AND IN ACCORDANCE WITH THE LAWS OF ILLINOIS AND THE UNITED STATES OF AMERICA.

RESPECTFULLY SUBMITTED,

_____

BRENDAN MAY

ATTY. # _____

# SEMEN TYPING

DATE __2 May 93__
RD # __P-420737__

VICTIM: Deborah O'Connor (MEO 594 Aug 91)
OFFENDER(S): Patrick O'Connor

| | 10 MIN. | | | 20 MIN | | | 30 MIN | |
|---|---|---|---|---|---|---|---|---|
| | A | B | O | A | B | O | A | B |
| A CONTROL | 0 | 0 | 0 | 0 | 2+ | 0 | 0 | 3+ |
| B CONTROL | 1+ | 0 | 0 | 3+ | 0 | 0 | 3+ | 0 |
| O CONTROL | 2+ | 1+ | 0 | 3+ | 2+ | 0 | 4+ | 3+ |
| VICTIM (MEO oral swab) | 3+ | 1+ | 1+ | 3+ | 3+ | 3+ | 4+ | 4+ |
| OFFENDER | 2+ | 0 | 0 | 3+ | 0 | 1+ | 4+ | 0 |
| SWAB (rectal) | 0 | 2+ | 0 | 2+ | 3+ | 2+ | 4+ | 4+ |
| Non 5c | 2+ | 1+ | 0 | 3+ | 3+ | 2+ | 4+ | 4+ |

CASE #: P.-420737
VICTIM: Deborah O'Connor

| SAMPLE | DIRECT | | IEF | | | GROUP IV | | | | OTHER |
|---|---|---|---|---|---|---|---|---|---|---|
| | ABO | Le(a/b) | PGM | GC | ESD | Hb | CaII | PepA | G6PD | |
| Deborah O'Connor MEO 594 Aug 91 | A | a pos b neg | 2+ 1+ | 15 | 1 | | | | | |
| Deborah oral swab - bloody | no A,B,H | | — | neg for sperm / semen — | | | | | | |
| Patrick O'Connor blood Q-2 | B | a neg b pos | 2+ 1+ | 2IS | 1 | | | | | |
| Patrick O'Connor saliva Q-3 | B/H | | | | | | | | | |
| K-2 rectal swab | no A, B, H | | 2+ 1+ | | | | | | | |
| K-4 vaginal swab | neg for sperm / semen — | | | | | | | | | |
| S-1 floor | A+ | | 2+ 1+ | 1S | QNS | | | | | |
| S-2 hammer | A H | | NR | NR | QNS | | | | | |
| Q-1 shirt | A++ | | 2+ 1+ | 1S | NR | | | | | |

CHICAGO POLICE DEPARTMENT
CRIME LABORATORY – SEROLOGY

DATE: 30 march 9

REQUESTER: _ASA Laura Levin_

ADDRESS: _26th & Cal_    ROOM: _11C 28_

PHONE: _890-3432_

( ) ASA

( ) DETECTIV

R.D. # _P-420737_    ( ) IAD

VICTIM(S): _Deborah O'Connor_    ( ) OPS

DATE OF CRIME: _____    ( ) ROUTINE

TYPE OF CRIME: _Hom_    ( ) PP EXAM

DEFENDANT(S): _____

COURT DATE: _____

REMARKS: _Denial Tyson_

_billed 27_
_70 need 57_
_900 in court_
_w/ person/_
_let to cell_

_why only rectal?_

_spoke to ASA_
_death penalty case)_
_please run_
_priorities C4_

TECHNICIAN: _CMB_ — _prev DST_

DATE ASSIGNED: _23 march 9d_

2 TECHS?
WHY ONLY RECTAL
SWABS REQUESTED
INITIALS: BY LOR!
?

EVEN LAB TECHS QUESTIONED LEVIN!

14

. NOTE LAPSE IN TIME

DATE: 20 Jan 92

REQUESTER: ASA Laura Levin

ADDRESS: _____ ROOM: 11C28

PHONE: 890-3432

R.D.# P-420737

VICTIM(S): Deborah O'Conron

DATE OF CRIME: _____

TYPE OF CRIME: Hom

[ ] ASA
[ ] DETECTIVE
[ ] IAD
[ ] OPS
[ ] ROUTINE
[ ] FP EXAM

Called (2)

DEFENDANT(S): _____ LAB TECH CALLED LORI LEVIN GHARG

COURT DATE: _____

REMARKS: ( Need rectal swabs )

WHY DID LORI LEVIN ONLY WANT
RECTAL SWABS?

_____
_____
_____
_____

2 TECHS

TECHNICIAN: QST

DATE ASSIGNED: 3 Aug 91

INITIALS:

DATE:

REQUESTER: _____

ADDRESS: _____ ROOM: _____

PHONE: _____

[ ] ASA

[ ] DETECTIVE

R.D.# P.420737                       [ ] IAD

VICTIM(S): Deborah O'Connor          [ ] OPS

DATE OF CRIME: _____      [X] ROUTINE

TYPE OF CRIME: HOM                    [X] PP EXAM

DEFENDANT(S): _____ 5-17689
                                17694

COURT DATE: _____        17703
                                    17717

REMARKS: _Check for blood send to laser_

_WHO REQUESTED THIS?_

_____

_____

_____

_____

_____

TECHNICIAN: _DST_

DATE ASSIGNED: 31 Aug 91

INITIALS:

14D

************************************************************************

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

ORIGINAL
FILE COPY
DO NOT REMOVE

The September, 1991 Grand Jury of the

Circuit Court of Cook County.

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about AUGUST 29, 1991 at and within the County of Cook

PATRICK OCONNOR

committed the offense of      FIRST DEGREE MURDER

in that    HE, WITHOUT LAWFUL JUSTIFICATION INTENTIONALLY AND

KNOWINGLY BEAT, STABBED AND KILLED DEBORAH OCONNOR

WITH A HAMMER AND KNIFE, IN VIOLATION OF CHAPTER 38,

SECTION 9-1-A(1) OF THE ILLINOIS REVISED

STATUTES 1989, AS AMENDED, AND

contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

Charge ID Code: 1606

IN THE
SUPREME COURT
OF THE
STATE OF ILLINOIS

|  |  |
|---|---|
| )<br>)<br>'Patrick O'Connor,                                   )<br>William R. Johnson,                            )<br>Piotr Rymarczuk,                               )<br>All other similiarly situated persons,         )<br>PLAINTIFFS/ petitioners                        )<br>                                               )<br>V.                                             )<br>Rod R Blagojovich, Governor,                   )<br>Lisa Madigan,  Attorney General,               )<br>DEFENDANTS/respondents,                        ) | CASE #_____ |

PETITION OF MANDAMUS

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................2
TABLE OF AUTHORITIES.............................................................3

LEAVE TO FILE WRIT OF MANDAMUS..................................................4

PETITION OF MANDAMUS............................................................6

MEMORANDUM AT LAW...............................................................7
AFFIDAVIT OF WILLIAM JOHNSON....................................................9
AFFIDAVIT OF PIOTR RYMARCZUK...................................................10

**ATTACHMENTS**

NOTICE OF FILING...............................................................11
725 ILCS 5/109-3.1.............................................................12

725 ILCS 5/114-1 (11).........................................................13
MOTION FOR APPOINTMENT OF COUNSEL..............................................14

# TABLE OF AUTHORITIES

Authority                                                                    page

735 ILCS 5/14-101 et. seq.........................................................5

SUPREME COURT RULE 381...........................................................5

OVERAND V. GUARD................................................................5
424 NE2d 731

HARRIS V. REGIONAL BOARD OF SCHOOL TRUSTEES OF UNION COUNTY.....................5
403 NE2d 3

RIVERSIDE V. MCLAUGHLIN.........................................................5
500U.S. 44

725ILCS 5/109-3.1 (c)...........................................................5

725ILCS 5/114-1 (11)............................................................6

PEOPLE V. LOFTUS................................................................6
81 NE 2d495

U.S. CONSTITUTION ARTICLE VI....................................................6

CUPPV. MURPHY..................................................................7
412 U.S. 291

ERSTEIN V. PUGH................................................................7
20 U.S.103

ERRY V. OHIO..................................................................8
92 U.S.1, 16

JOHNSON V. HALPIN..............................................................8
08NE2d 429

O MICHUDA & SONS CO. V. METROPOLITAN  SANITARY DISTRIC OF GREATER CHICAGO.......8
2NE2d 1078

OPLE EX. REL. BLOME V. NEWMAN..................................................8
NE2d 811

L. CENT. R. CO. V. PEOPLE......................................................8
NE2d 173

4

IN THE
SUPREME COURT
OF ILLINOIS


Rod R. Blagojevich Governor,  Lisa Madigan Attorney General,)
et al.,                                                      )
Respondants,                                                 )
                                                             ) Case no._____
V.                                                           )
Patrick O'Connor, Piotr Rymarczuk, William R. Johnson,       )
all other similarly situated persons,                        )
Petitioners,                                                 )
                                                             )
                    LEAVE TO FILE WRIT OF MANDAMUS

NOW COME petitioners pro se and move this Honorable Court for leave to file a mandamus complaint pursuant to 735 ILCS 5/14- 101 et. seq. and Supreme Court Rule 381. In support of this motion petitioners state the following:

Mandamus is the correct instrument to bring these issues to the court's attention as S.Ct. Rule381 allows this court jurisdiction to decide the constitutionality of state law, as "Mandamus is appropiate means to compel public officials to comply with statutory or constitutional duties." Overand V. Guard 424 NE2d 731, and "Mandamus is an extraordinary remedy to compel official to preform duties which the petitioner is entitled to have preformed." Harris V. Regional Board of School Trusteesof Union County403 NE2d 3.

1. On May 13 1991 the United States Supreme Court clearly defined what reasonable means in regard to the Fourth Amendment, in Riverside V. McLaughlin500 U.S. 44.

2. The court found juridictions that allow a suspect to be detained for up to 30 days without a judicial determination of probable cause for arrest to be in violation of the constitution. id. at 1667-8. The court went on to require judicial determinations of probable cause for a warrantless arrest be made within 48 hours of arrest.

3. It is clear that all individuals arrested without a warrant have a right under the 4th Amendment of the U.S. Constitution to a judicial determination of probable cause within 48 hours of arrest.

4. In Illinois, probable cause for an arrest is determined by a judge at either a preliminary hearing or by a Grand Jury indictment.

5. 725 ILCS 5/109-3.1 governs judicial determinations of probable cause, and paragraph (c) allows up to 30 days for the state to make a judicial determination of probable cause for an arrest. This clearly is unconstitutional.

6. 725 ILCS 5/109-3.1 clearly must require judicial determinations of probable cause to be made within 48 hours of arrest to meet the requirements of the constitution.

7. 725 ILCS 5/114-1 (11) gives petitioners the right to have charges against them dismissed for violations of what 725 ILCS 5/109-3.1 must say.

8. Petitioners did not receive judicial determinations of probable cause for their arrests within 48 hours of their arrests, therefore; charges against them must be dismissed.

9. For the foregoing reasons petitioners pray this Honorable Court will grant petitioners leave to file a complaint under 735 ILCS5/14-101 et. seq. and rule 381.

### AFFIDAVIT

I, Patrick O'Connor, aver and affirm that I am the petitioner in the attached motion, and all facts contained therein are true and correct to the best of my knowledge.

_____        6-7-04
Patrick O'Connor                 DATE

IN THE
SUPREME COURT
OF ILLINOIS

6

od R. Blagojevich Governor,                    )
isa Madigan Attorney General,                  )
t al.,                                         )
espondants,                                    )
                                               )
                                               )
.                                              ) case no. _____
                                               )
                                               )
atrick O'Connor, Piotr Rymarczuk,              )
illiam R.  Johnson,                            )
ll other similarly situated people,            )
etitioners                                     )
                                               )

### PETITION OF MANDAMUS

NOW COMES petitioners pursuant to S.ct Rule381, 735 ILCS 5/.14-101 et. seq. and move this
morable Court to issue an order of Mandamus upon the respondants, ordering them to
mply with the laws of the United States, amend chapter 725 of the Illinois Compiled
atutes section 5/109-3.1, .3 to require a judicial determination of probable cause for an
rest be made within 48 hours of the arrest.  Petitioners also move this Honorable Court to
smiss the charges against them.  In support of this motion petitioners state the following:

The U.S. Supreme Court decision that that determined Illinois law to be unconstitutional
 was  entered  on May 13, 1991, and 725 ILCS 5/114-1 (11) states grounds for
 dismissal of charges as a violation of  725 ILCS 5/109-3.1.

If 725 ILCS5/109-3.1, had been in accord with the requirements of the U.S. Constitution on
May 13, 1991, all petitioner's charges would have been dismissed in accordance with the
law.  Illinois procedures which allow up to 30 days detention of prisoners before a judicial
determination of probable cause is made are unconstitutional. (see Riverside V. McLaughlin
500 U.S. 44 at 1667.

It is well established  that "The Constitution of the United States and decisions of
the Supreme Court  are the supreme law of the land binding  on every court in the land."
People V. Loftus 81 NE2d 495 and U,S. Constitution Article VI.

For the forgoing reasons petitioners pray this Honorable Court will enter an order of
Mandamus upon respondents requiring  them to amend  725 ILCS5/109-3.1 and apply this
change retroactively to May 13, 1991, and dismiss all charges against petitioners who's
rights were violated by this unconstitutional statute,  and any other relief this
court deems just and fair.

            Respectfully submitted,

            _Patrick O'Connor_            _4-7-04_
            Patrick O'Connor                date

IN THE
SUPREME COURT
OF ILLINOIS

Rod R. Blagovich Governor,            )
Lisa Madigan Attorney General,        )
ET AL.,                               )
Respondants,                          )
                                      )
                                      )
V.                                    ) case no._____
                                      )
Patrick O'Connor,                     )
Piotr Rymarczuk,                      )
William R. Johnson,                   )
all other similarly situated          )
people,                               )
Petitioners,                          )

MEMORANDUM AT LAW   IN SUPPORT OF PETITION

NOW COME petitioners and attach this memorandum at law in support of their petition
for Mandamus.

1. Petitioners were all  arrested after May 13, 1991 without an arrest warrant, nor
   was a judicial determination of probable cause for their arrests made within 48
   hours of their arrests in violation  of the United States Constitution.
   "A jurisdiction that chooses to  combine probable cause determinations with
   other pretrial proceedings must do so as soon as is reasonably feasible, but in no
   event  later than 48 hours after arrest." Riverside V. McLaughlin  500U.S. 44 at 1661.

2. "This court held unconstitutional procedures under which  persons arrested
   without a warrant could remain in police custody for 30 days or more without a judicial
   determination of probable cause." id. 1667-8

3. "Both the standards and procedures  for arrest and detention have been derived from
   the 4th Amendment and its common-law  antecedents see Cupp V. Murphy 412 U.S.291."
   Gerstien V. Pugh 420 U.S. 103

4. It must be recognized that whenever a police officer accosts an individual and
   restrains  his freedom to walk away he has seized that person." Terry V. Ohio
   392 U.S. 1, 16.

5. It is clear that petitioner's 4th Amendment  protections were violated when the police
   arrested them  without a warrant or probable cause and the government denied them
   a judicial determination  of probable cause within 48 hours of their arrests.

6. "The General assembly may enact  leglislation authorizing searches and seizures to be made under certain circumstances provided such leglislation does not authorize unreasonable searches and seizures in violation of Constitutional guarantee." Johnson V. Halpin 108 N.E.2d 429.  "The Constitution of the United States and the decisions of the United States Supreme  Court are the supreme law of the land binding on  every court in the land." People V. Loftus  81 N.E.2d 495, U.S. Constitution Article VI.

7. It is clear that Illinois law is  contrary to Federal law, and Illinois law must be amended to comply with    Federal law.

8. Petitioners have the right to relief as "Mandamus is appropiate means to compel public officials to comply with  statutory or Constitutional duties." Overand V. Guard 424 NE2d 731 and"Writ of Mandamus commands the officer or body to whom it is directed to preform specific duty to which petitioner is entitled by right." Leo Michuda & Son Co. V. Metropolitan Sanitary Distric  of Greater Chicago 422 NE2d 1078.

9. "Where petitioner shows clear right to the mandamus,  court has no discretion with respect to  granting or refusal of it." People ex rel. Blome V. Newman 25 N.E.2d 811, Ill. Cent. R. Co. V. People 33 NE2d173.

10. The equal protection clause of the 14th Amendment guarantees petitioners a clear right to equal protection of the laws of the United States.

11. This Honorable Court has jurisdiction to  decide this case under Supreme Court  Rule 381 governing mandamus as an original action in the Supreme Court.
    At the heart of this controversy is the fact that chapter 725 of the Illinois Compiled Statutes section 5 paragraph109-3.1 violates the United States Constitution,  Furthermore, when 725ILCs 5/109-3.1 is made to conform to the requirements of the  U.S. Constitution, as explained in Riverside V. McLaughlin 500 U.S. 44petitioners are clearly entitled to the relief under 725 ILCS 5/114-1 paragraph (11) dismissal of charges.  The petitioners seek dismissal of the charges against them, and any other relief this court deems just and fair.  Supreme Court Rule 19 has been complied with.( see attachment  (1)).

### AFFIDAVIT

I, Patrick O'Connor aver and affirm that I have read the foregoing memorandum and all facts contained therein are true and correct to the best of my knowledge.

_____        _____
Patrick O'Connor                          date  6-7-04

**AFFIDAVIT**

I, William R. Johnson aver and affirm that I am one of the petitioners in the attached Petition of Mandamus.  I have read the petition and all facts contained therein are true and correct to the best of my knowledge.


_____          6-7-04
William R. Johnson                              date

## AFFIDAVIT

I, Piotr Rymarczuk, aver and affirm that I am one of the  petitioners in the attached Mandamus, I have read the  petition, and all facts contained therein are true and correct to the best of my knowledge.

Piotr Rymarczuk
_____
Piotr Rymarczuk

6-7-04
_____
date

## NOTICE

PLEASE TAKE NOTICE that a claim of Unconstitutionality of 725 ILCS 5/109-3.1 has been raised in the Supreme Court.  725 ILCS 5/109-3.1 (b) allows 30 days for a judicial determination of probable cause to be made.  This clearly violates the Supreme Court ruling in RIVERSIDE V. MCLAUGHLIN  500U.S.44, 111 S.Ct. 1661 and Gerstien V. Pugh 95 S.Ct.868, therefore; this statute is in rebellion to the U.S. Constitution.  To comply with the 4th Amendment to the U.S. Constitution this time frame for a judicial determination of probable cause for a warrantless arrest must be changed to, "within 48 hours".  Until this statute is amended it is clearly unconstitutional.

## AFFIDAVIT

I, Patrick O'Connor, aver and affirm that I have read the foregoing, and all facts contained therein are true and correct to the best of my knowledge.

_Patrick O'Connor_                    6-7-04
_____        _____
Patrick O'Connor                      Date

THIS NOTICE IS IN COMPLIANCE WITH SUPREME COURT RULE 19.

**725 ILCS 5/109-1.1**  CRIMINAL PROCEDURE

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 109-1.1.
¶ 825 ILCS 5/1 et seq.

**5/109-2. Person arrested in another county**

§ 109-2. Person arrested in another county. (a) Any person arrested in a county other than the one in which a warrant for his arrest was issued shall be taken without unnecessary delay before the nearest and most accessible judge in the county where the arrest was made, or if no additional delay is created, before the nearest and most accessible judge in the county from which the warrant was issued. He shall be admitted to bail in the amount specified in the warrant or, for offenses other than felonies, in an amount as set by the judge, and such bail shall be conditioned on his appearing in the court issuing the warrant on a certain date. The judge may hold a hearing to determine if the defendant is the same person as named in the warrant.

(b) Notwithstanding the provisions of subsection (a), any person arrested in a county other than the one in which a warrant for his arrest was issued, may waive the right to be taken before a judge in the county where the arrest was made. If a person so arrested waives such right, the arresting agency shall surrender such person to a law enforcement agency of the county that issued the warrant without unnecessary delay. The provisions of Section 109-1 shall then apply to the person so arrested.

Laws 1963, p. 2836, § 109-2, eff. Jan. 1, 1964. Amended by P.A. 86-298, § 1, eff. Jan. 1, 1990.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 109-2.

**5/109-3. Preliminary examination**

§ 109-3. Preliminary examination. (a) The judge shall hold the defendant to answer to the court having jurisdiction of the offense if from the evidence it appears there is probable cause to believe an offense has been committed by the defendant, as provided in Section 109-3.1 of this Code, if the offense is a felony.

(b) If the defendant waives preliminary examination the judge shall hold him to answer and may, or on the demand of the prosecuting attorney shall, cause the witnesses for the State to be examined. After hearing the testimony if it appears that there is not probable cause to believe the defendant guilty of any offense the judge shall discharge him.

(c) During the examination of any witness or when the defendant is making a statement or testifying the judge may and on the request of the defendant or State shall exclude all other witnesses. He may also cause the witnesses to be kept separate and to be prevented from communicating with each other until all are examined.

(d) If the defendant is held to answer the judge may require any material witness for the State or defendant to enter into a written undertaking to appear at the trial, and may provide for the forfeiture of a sum certain in the event the witness does not appear at the trial. Any witness who refuses to execute a recognizance may be committed by the judge to the custody of the sheriff until trial or further order of the court having jurisdiction of the cause. Any witness who executes a recognizance and fails to comply with its terms shall, in addition to any forfeiture provided in the recognizance, be subject to the penalty provided in Section 32-10 of the "Criminal Code of 1961", approved July 28, 1961, as heretofore and hereafter amended, for violation of bail bond.

(e) During preliminary hearing or examination the defendant may move for an order of suppression of evidence pursuant to Section 114-11 or 114-12 of this Act, or for other reasons, and may move for dismissal of the charge to Section 114-1 of this Act or for other reasons.

Laws 1963, p. 2836, § 109-3, eff. Jan. 1, 1964. Amended by Laws 1967, p. 2839, § 1; eff. Aug. 11, 1967; P.A. ___, § 26, eff. Oct. 1, 1976; P.A. 83-644, § 1, eff. ___.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 109-3.

¶ 720 ILCS 5/32-10.

**5/109-3.1. Persons Charged with Felonies**

§ 109-3.1. Persons Charged with Felonies. (a) In any case involving a person charged with a felony in this State alleged to have been committed on or after January ___, the provisions of this Section shall apply.

(b) Every person in custody in this State for the commission of a felony shall receive either a preliminary examination as provided in Section 109-3 or an indictment by Grand Jury as provided in Section 111-2, within 30 days from the date he or she was taken into custody. A person on bail or recognizance for the alleged commission of a felony shall receive either a preliminary examination provided in Section 109-3 or an indictment by Grand Jury provided in Section 111-2, within 60 days from the date she was arrested.

The provisions of this paragraph shall not apply in the following situations:

(1) when delay is occasioned by the defendant; or

(2) when the defendant has been indicted by the Grand Jury on the felony offense for which he or she was taken into custody or on an offense arising from the same transaction or conduct of the defendant that was the basis for the felony offense or offenses initially charged; or

(3) when a competency examination is ordered by the court; or

(4) when a competency hearing is held; or

(5) when an adjudication of incompetency for trial has been made; or

(6) when the case has been continued by the court under Section 114-4 of this Code after a determination that the defendant is physically incompetent to stand trial.

(c) Delay occasioned by the defendant shall temporarily suspend, for the time of the delay, the period within which the preliminary examination must be held. On the day of expiration of the delay the period in question shall continue at the point at which it was suspended.

Laws 1963, p. 2836, § 109-3.1, added by P.A. 83-644, § 1, eff. Jan. 1, 1984.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 109-3.1.

**ARTICLE 110. BAIL**

**5/110-1. Definitions**

§ 110-1. Definitions. (a) "Security" is that which is required to be pledged to insure the payment of bail.

(b) "Sureties" encompasses the monetary and nonmonetary requirements set by the court as conditions for release either before or after conviction. "Surety" is one who executes a bail bond and binds himself to pay the bail if the person in custody fails to comply with all conditions of the bail bond.

(c) The phrase "for which a sentence of imprisonment, without conditional and revocable release, shall be imposed by law as a consequence of conviction" means an offense for which a sentence of imprisonment, without probation, period-

imprisonment or c
upon conviction.

(d) "Real and pres person or persons", a to the community, per ___ laws 1963, p. 2836, § P.A. 84-945, § 2, eff Nov. 4, 1987.

Formerly Ill.Rev.Stat ___

**5/110-2. Release**

§ 110-2. Release the circumstances the ___ will appear as re and the defendant wi the community and t conditions of bond, a rent address with a that he or she must 110-12 of this Code address, the defenda recognizance. The c remain a matter of p A failure to appear constitute an offense Section 32-10 of the ___ 28, 1961, as heretofor of the bail bond, and ___ance shall be forfei subsection (g) of Secti

This Section shall purpose of relying u criminal sanctions in appearance of the def pose a danger to any defendant will comply bail should be set on conditions of release appearance in court, danger to any person dant will comply with

The State may ap personal recognizance Laws 1963, p. 2836, § P.A. 82-1027, § 1, ef Sept. 25, 1986; P.A. 8 377, § 20, eff. Aug. 18

Formerly Ill.Rev.Stat
¶ 720 ILCS 5/32-10.

**5/110-3. Issuance**

§ 110-3. Issuance with any condition of having jurisdiction at tion to any other acti the arrest of the p recognizance. The c same as required fo plaint. When a defe recognizance on a fel as directed, the cour such person. Such w peace officers to ar without bail and to c further proceedings. ders within 30 days o

tion, exclusion from admission to the United States, or denial of naturalization under the laws of the United States.".

Laws 1963, p. 2836, § 113-8, added by P.A. 93-373, § 5, eff. Jan. 1, 2004.

## ARTICLE 114. PRE-TRIAL MOTIONS

### 5/114-1. Motion to dismiss charge

§ 114-1. Motion to dismiss charge.

(a) Upon the written motion of the defendant made prior to trial before or after a plea has been entered the court may dismiss the indictment, information or complaint upon any of the following grounds:

(1) The defendant has not been placed on trial in compliance with Section 103-5 of this Code.

(2) The prosecution of the offense is barred by Sections 3-3 through 3-8 of the Criminal Code of 1961, as heretofore and hereafter amended.

(3) The defendant has received immunity from prosecution for the offense charged.

(4) The indictment was returned by a Grand Jury which was improperly selected and which results in substantial injustice to the defendant.

(5) The indictment was returned by a Grand Jury which acted contrary to Article 112 of this Code and which results in substantial injustice to the defendant.

(6) The court in which the charge has been filed does not have jurisdiction.

(7) The county is an improper place of trial.

(8) The charge does not state an offense.

(9) The indictment is based solely upon the testimony of an incompetent witness.

(10) The defendant is misnamed in the charge and the misnomer results in substantial injustice to the defendant.

(11) The requirements of Section 109-3.1 have not been complied with.

(b) The court shall require any motion to dismiss to be filed within a reasonable time after the defendant has been arraigned. Any motion not filed within such time or an extension thereof shall not be considered by the court and the grounds therefor, except as to subsections (a)(6) and (a)(8) of this Section, are waived.

(c) If the motion presents only an issue of law the court shall determine it without the necessity of further pleadings. If the motion alleges facts not of record in the case the State shall file an answer admitting or denying each of the factual allegations of the motion.

(d) When an issue of fact is presented by a motion to dismiss and the answer of the State the court shall conduct a hearing and determine the issues.

(e) When a defendant seeks dismissal of the charge upon the ground set forth in subsection (a)(7) of this Section, the defendant shall make a prima facie showing that the county is an improper place of trial. Upon such showing, the State shall have the burden of proving, by a preponderance of the evidence, that the county is the proper place of trial.

(f) The dismissal of the charge upon the grounds set forth in subsection (a)(4) through (a)(11) of this Section shall not prevent the return of a new indictment or the filing of a new information or complaint, and upon such dismissal the court may order that the defendant be held in custody or, if the defendant had been released on bail, that the bail be continued for a

specified time pending the return of a new indictment or the filing of a new charge.

(f) If the court determines that the motion to dismiss based upon the grounds set forth in subsections (a)(6) and (a)(7) is well founded it may, instead of dismissal, order the cause transferred to a court of competent jurisdiction or to a proper place of trial.

Laws 1963, p. 2836, § 114-1, eff. Jan. 1, 1964. Amended by P.A. 83-644, § 1, eff. Jan. 1, 1984; P.A. 89-288, § 10, eff. Aug. 11, 1995; P.A. 92-16, § 90, eff. June 28, 2001.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 114-1.

¹ 720 ILCS 5/3-3 to 5/3-8.

### 5/114-2. Motion for a Bill of Particulars

§ 114-2. Motion for a Bill of Particulars. (a) A written motion for a bill of particulars shall be filed before or within a reasonable time after arraignment and shall specify the particulars of the offense necessary to enable the defendant to prepare his defense.

(b) A bill of particulars may be amended at any time before trial subject to such conditions as justice may require.

Laws 1963, p. 2836, § 114-2, eff. Jan. 1, 1964.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 114-2.

### 5/114-3. Motion to Discharge Jury Panel

§ 114-3. Motion to Discharge Jury Panel. (a) Any objection to the manner in which a jury panel has been selected or drawn shall be raised by a motion to discharge the jury panel prior to the voir dire examination. For good cause shown the court may entertain the motion after the voir dire has begun but such motion shall not be heard after a jury has been sworn to hear the cause.

(b) The motion shall be in writing supported by affidavit and shall state facts which show that the jury panel was improperly selected or drawn.

(c) If the motion states facts which show that the jury panel has been improperly selected or drawn it shall be the duty of the court to conduct a hearing. The burden of proving that the jury panel was improperly selected or drawn shall be upon the movant.

(d) If the court finds that the jury panel was improperly selected or drawn the court shall order the jury panel discharged and the selection or drawing of a new panel in the manner provided by law.

Laws 1963, p. 2836, § 114-3, eff. Jan. 1, 1964.

Formerly Ill.Rev.Stat.1991, ch. 38, ¶ 114-3.

### 5/114-4. Motion for continuance

§ 114-4. Motion for continuance. (a) The defendant or the State may move for a continuance. If the motion is made more than 30 days after arraignment the court shall require that it be in writing and supported by affidavit.

(b) A written motion for continuance made by defendant more than 30 days after arraignment may be granted when:

(1) Counsel for the defendant is ill, has died, or is held to trial in another cause; or

(2) Counsel for the defendant has been unable to prepare for trial because of illness or because he has been held to trial in another cause; or

(3) A material witness is unavailable and the defense will be prejudiced by the absence of his testimony; however, this shall not be a ground for continuance if the State will

IN THE
SUPREME COURT
OF THE
STATE OF
ILLINOIS

trick O'Connor, Piotr Rymarczuk,                    )
lliam R. Johnson,                                    )
titioners/ plaintiffs,                               )
                                                     )
                                                     ) CASE #_____
                                                     )
d R. Blagojovich Governor,                           )
sa Madigan, Attorney General,                        )
fendants/respondents,                                )

MOTION FOR APPOINTMENT OF COUNSEL

   NOW COME THE Petitioners pro se and move this Honorable Court for appointment of
unsel.  Petitioners have good cause for this motion in that:


The petition for relief under Mandamus  is taken in good faith.

Petitioners are all indigent as evidenced by their incarceration.

he petition is a class action and as such deserves to be handled  by legal professionals,
yet none of the petitioners is trained in the law.

etitioners are attacking the Constitutionality of  an Illinois statute, making the outcome
of this suit important to all of the citizens of Illinois.

It would be unfair to make petitioners proceed without the assistance  of competent legal
ounsel, and a severe miscarriage of justice affecting all of Illinois could result if
counsel is denied in this case.

I, Patrick O'Connor  aver and affirm that I am the petitioner in the above captioned
motion, and all facts contained therein are true and correct to the best of my
knowledge.

Respectfully submitted,

_Patrick O'Connor_                          _6-7-04_
Patrick O'Connor                            date

**PROOF OF SERVICE**                                    16

I, Patrick O'Connor, the undersigned, hereby certify that a true and correct copy of the foregoing motion was placed in the mail to each of the Supreme Court Justices and to the Attorney General's Office at 500 S. Second St. Springfield, Il.62704, on this __7TH__ day of __JUNE__ 2004.

Respectfully Submitted,

_Patrick O'law_                    _6 7-04_
Patrick O'Connor                    Date

IN THE
SUPREME COURT
OF ILLINOIS

PATRICK O'CONNOR, PIOTR RYMARCZUK,     )
WILLIAM R. JOHNSON, ALL SIMILARLY      )
SITUATED PERSONS,                      )
PETITIONERS,                           )
                                       )
                                       )
VS.                                    ) CASE NO. M11216
                                       )
ROD BLAGOJEVICH, GOVERNOR,             )
LISA MADIGAN, ATTORNEY GENERAL,        )
RESPONDENTS,                           )

### MOTION TO RECONSIDER JUDGEMENT

NOW COME THE PETITIONERS, PRO-SE AND MOVE THIS HONORABLE COURT TO RECONSIDER THE ORDER ENTERED ON SEPTEMBER 24, 2004, IN CASE #M-11216. IN SUPPORT OF THIS MOTION PETITIONERS STATE THE FOLLOWING:

1. THIS ORDER PLACES AN UNDUE HARDSHIP UPON PETITIONERS AND THE CITIZENRY OF ILLINOIS BY DEPRIVING THEM OF THE PROTECTIONS GUARANTEED BY THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

2. TO DENY CITIZENS THE RIGHT TO PETITION THE COURTS FOR REDRESS OF GRIEVANCES, IS TO DENY FUNDAMENTAL DUE PROCESS RIGHTS AFFORDED TO ALL CITIZENS.

3. UNDER ILLINOIS LAW PETITIONERS ARE ENTITLED TO THE RELIEF SOUGHT.

4. DENYING PETITIONERS THEIR PETITION DENIES CITIZENS THE RIGHT TO APPROACH THE COURT SYSTEM, IN VIOLATION OF THE FIFTH AMENDMENT.

5. NOTHING IS MORE CLEAR THAN THE FOURTH AMENDMENT WAS MEANT TO PREVENT WHOLESALE INTRUSIONS UPON THE PERSONAL SECURITY OF OUR CITIZENRY, WHETHER THESE INTRUSIONS BE TERMED "ARRESTS" OR "INVESTIGATORY DETENTIONS". DAVIS V. MISSISSIPPI 89S.Ct.1397

6. DENIAL OF THIS PETITION IA A DENIAL OF ILLINOIAN'S PROTECTION UNDER THE FOURTH AMENDMENT.

7. ON JULY 24, 2004, THIS COURT GRANTED PETITIONERS LEAVE TO PROCEED AS A POOR PERSON. IT DEFIES LOGIC FOR THIS HONORABLE COURT TO WITHOUT ANY ATTENUATING CIRCUMSTANCE, OR AS MUCH AS A RESPONSE FROM THE RESPONDENT, REVERSE ITS DECISION. THE ONLY ACTIVITY IBN THE CASE SINCE THE JUNE 24, 2004, DECISION IS ILLINOIS CITIZENS HAVE SUFFERED UNDER AN UNCONSTITUTIONAL LAW, AND PETITIONERS HAVE RESPECTFULLY REQUESTED THAT THIS COURT'S RULES BE APPLIED TO HOLD RESPONDENTS IN DEFAULT TO BRING A QUICK END TO THEIR SUFFERING.

8. DENIAL OF THIS PETITION IS DENIAL OF THE EQUAL PROTECTION CLAUSE OF THE 14th DENYING EFFECTIVE ACCESS TO THE COURTS FOR POOR PEOPLE.

9. WHEREFORE PETITIONERS PRAY THIS COURT WILL RECONSIDER ITS JUDGEMENT AND GRANT PETITIONER'S MOTION FOR DEFAULT JUDGEMENT.

> RESPECTFULLY SUBMITTED,
> PATRICK O'CONNOR
> #20020018557
> Div. 10 2-A
> P.O. box 089002
> Chicago, Il. 60608

IN THE SUPREME COURT
OF ILLINOIS

PATRICK O'CONNOR, PIOTR RYMARCZUK,  )
WILLIAM R. JOHNSON, ALL SIMILARLY    )
SITUATED PERSONS                     )
                                     )
        PETITIONERS                  )
                                     )        CASE NO. M11216
    VS.                              )
                                     )
ROD BLAGOJEVICH, GOVERNOR,           )
LISA MADIGAN, ATTORNEY GENERAL,      )
                                     )
        RESPONDENTS                  )

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO RECONSIDER JUDGEMENT

NOW COMES PETITIONERS, PRO SE, AND ATTACH THIS MEMORANDUM OF LAW IN SUPPORT OF

THEIR MOTION TO RECONSIDER JUDGEMENT. IN SUPPORT OF THIS MOTION PETITIONER STATES THE

FOLLOWING:

1— THE SEVENTH AMENDMENT OF THE UNITED STATES CONSTITUTION GUARANTEES PETITIONERS

   THE RIGHT TO PETITION THE COURT IN CIVIL MATTERS. DENIAL OF PETITIONERS PETITION

   DENIES THEM THIS RIGHT.

2— ARTICLE 1 § 2 OF THE ILLINOIS CONSTITUTION STATES; "NO PERSON SHALL BE DEPRIVED

   OF LIFE, LIBERTY, OR PROPERTY WITHOUT DUE PROCESS OF LAW NOR BE DENIED THE

   EQUAL PROTECTION OF THE LAWS." PETITIONERS BROUGHT THIS ACTION UNDER SUPREME

   COURT RULE 381, DENYING THEM THIS PETITION IS TO DENY EQUAL PROTECTION OF THE

   LAWS IN VIOLATION OF THE FOURTEENTH AMENDMENT AND ARTICLE 1 § 2.

3— ARTICLE 1 § 5 GIVES PETITIONER THE RIGHT TO PETITION THE COURT FOR REDRESS

   OR GRIEVANCES.

4— ARTICLE 1 § 12 STATES; EVERY PERSON SHALL FIND A CERTAIN REMEDY IN THE LAWS

FOR ALL INJURIES AND WRONGS WHICH HE RECEIVES TO HIS PERSON, PRIVACY...

PETITIONERS FOUND THAT REMEDY, BUT THIS COURT IS DENYING THEM THIS RIGHT.

THEREFORE, TO GRANT PETITIONERS DUE PROCESS THIS COURT MUST REVERSE IT'S

DECISION AND GRANT THE MOTIONS FILED.

5— BASED ON THE FOREGOING FACTS PETITIONERS RESPECTFULLY PRAY THIS COURT TO

RECONSIDER THE ORDER OF SEPTEMBER 24, 2004, AND GRANT PETITION OF MANDAMUS,

HEAR THE MOTION FOR DEFAULT JUDGEMENT, GRANT RELIEF REQUESTED, AND BRING AN

END TO THE SUFFERINGS OF ILLINOIS CITIZENS, AND END THE HIGH-HANDED DEFIANCE

TO THE UNITED STATES CONSTITUTION, ILLINOIS COURTS HAVE BEEN ENGAGED IN SINCE

1975, BY SIMPLY APPLYING CURRENT LAW AS OUTLINED IN PETITIONERS MOTIONS AND

PETITIONS.


RESPECTFULLY SUBMITTED,

PATRICK O'CONNER
REG. NO. 20020018557
P.O. BOX 089002
CHICAGO, ILLINOIS 60608



# SUPREME COURT OF ILLINOIS
### SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

June 24, 2004

Mr. Patrick O'Connor
Reg. No. 2002-0018557
P. O. Box 089002
Chicago, IL 60608

Re: M11216 -   Patrick O'Connor et al., petitioners, v. Hon. Rod R. Blagojevich, Governor of the State of Illinois, et al., respondents. Mandamus.

Dear Mr. O'Connor:

This office has today filed your motion for leave to file a petition for an original writ of mandamus, styled as set forth above. You are being permitted to proceed as a poor person.

Your motion will be referred to the Court, and you will be advised as to the action taken.

Very truly yours,

*Juleann Hornyak*
Clerk of the Supreme Court

JH/jak
cc:   AG CrMadigan

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 24, 2004

Mr. Patrick O'Connor
Reg. No. 2002-0018557
P. O. Box 089002
Chicago, IL 60608

THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:

No. 11216 - Patrick O'Connor et al., petitioners, v. Hon. Rod
R. Blagojevich, Governor of the State of Illinois,
et al., respondents.  Mandamus.

The motion by petitioners for leave to file
a petition for an original writ of mandamus
is <u>denied without prejudice</u>.

The motion by petitioners for default
judgment is <u>denied</u>.

cc: Hon. Lisa Madigan
    Mr. Piotr Rymarczuk
    Mr. William R. Johnson

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 24, 2004

Mr. Patrick O'Connor
Reg. No. 2002-0018557
P. O. Box 089002
Chicago, IL 60608

**THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:**

No. 11216 - Patrick O'Connor et al., petitioners, v. Hon. Rod
R. Blagojevich, Governor of the State of Illinois,
et al., respondents.  Mandamus.

The motion by petitioners for leave to file
a petition for an original writ of mandamus
is <u>denied without prejudice</u>.

The motion by petitioners for default
judgment is <u>denied</u>.

cc: Hon. Lisa Madigan
    Mr. Piotr Rymarczuk
    Mr. William R. Johnson

CHICAGO
SUN-TIMES

TUESDAY,
JUNE 28,
2005

# METRO

PAGE 8

# Burge case costing city millions

## Police torture trial or settlements would add to price tag

BY NATASHA KORECKI
*Federal Courts Reporter*

The public price to defend former Chicago Police Cmdr. Jon Burge and those under him against police torture allegations is quickly approaching $4 million, city officials told the Chicago Sun-Times on Monday.

To date, the city has paid more than $3.6 million to defend four federal lawsuits filed against Burge and others. That dollar figure, generated since two lawsuits were filed in 2003 and another two in 2004, doesn't include legal bills submitted that have not yet been paid, and will continue to climb until the cases go to trial or settlements are reached, Chicago Law Department spokeswoman Jennifer Hoyle said.

"I'm sure that it will hit $4 million," Hoyle said. "The cases aren't over yet."

Plaintiff attorneys lambasted the hefty bill, saying the money has gone toward continuing a cover-up they charge Burge and others started when they allegedly tortured suspects in the 1970s and 1980s. They say the city is helping in the cover-up by paying legal costs for more than 30 current and former police personnel — about



**Jon Burge**
*Former cop*

half of whom are defendants — who refused to answer questions about torture allegations.

Under advice from their attorneys, Burge and other police personnel have taken the Fifth Amendment in depositions to avoid charges of furthering a conspiracy.

Four Death Row inmates pardoned in 2003 by former Gov. George Ryan — Aaron Patterson, Madison Hobley, Stanley Howard and Leroy Orange — filed separate suits accusing Burge and current and former police personnel under him of using torture tactics to get confessions out of them.

A federal judge earlier this year picked a mediator and ordered all parties to try settling the cases. Hoyle and attorneys for the former Death Row inmates said they are not allowed to discuss the negotiations.

Separately, a state special prosecutor is conducting a criminal grand jury investigation into allegations of torture at the hands of Burge and others.

### City lawyers blasted

Though the city fired Burge in 1993 for allegedly torturing a confession out of murder suspect Andrew Wilson, it is bound to defend him and other city officials named in the suits. Hoyle noted the suits name the city specifically and as many as 13 defendants that the city is responsible for defending. "There are others named in these cases; these are not just [against] Jon Burge," Hoyle said.

Hoyle also said the city uses an outside firm to review legal bills, as it does with all cases handled by outside law firms, to make sure charges are appropriate.

Flint Taylor, who represents Patterson and Orange in two lawsuits, criticized the city Monday for using taxpayer money to "defend the indefensible." Taylor said if the city loses at trial, it will also have to pay plaintiffs' legal costs, which are also in the millions.

In a recent court filing, Taylor charged city lawyers were "secrecy obsessed," for repeatedly asking the courts to keep documents sealed.

"Such patently irresponsible pleadings by lawyers who are handsomely quaffing at the public trough cannot be countenanced and should be sternly sanctioned by the court," Taylor wrote.



# Burge, 8 others take Fifth on police torture

SUN-TIMES  JULY 13, 2004

## Current and former cops questioned for upcoming lawsuit

BY NATASHA KORECKI
Staff Reporter

Nine current and former Chicago Police detectives have invoked their Fifth Amendment rights rather than answer questions about police torture for a pending civil lawsuit.

The detectives — including former Area 2 Cmdr. Jon Burge — cited their right to remain silent and avoid self-incrimination in response to 25 written questions posed by attorneys of freed Death Row inmate Aaron Patterson.

Patterson is one of at least six freed inmates who have civil cases pending against the detectives and the City of Chicago, charging he was threatened and tortured into giving a confession. He also accuses the state's attorney's office of covering it up. Patterson's attorney, Flint Taylor, said the detectives were asked about 47 victims of police torture.

Taylor said invoking the Fifth Amendment is significant because the detectives will be stuck with those answers and, unlike in a criminal case, a jury can be instructed to hold their lack of answers against them.

The detectives will likely later be questioned during oral interviews, where their answers could change. If Taylor said if detectives later change their answers, a jury will see that at one time they took the Fifth.



**Jon Burge**
*Ex-Area 2 Cmdr.*

"Even more significantly, [this is] in essence the city taking the Fifth Amendment of whether there is a policy and practice of police torture in the Chicago police department," Taylor said. "I say this because the city's financing the lawyers who are advising these defendants to take the Fifth."

Law Department spokeswoman Jennifer Hoyle said the city is required by a 7th Circuit Court of Appeals decision to pro-vide the legal representation.

Chicago fired Burge in 1993 for torture of murder suspect Andrew Wilson.

Attorney Richard Sikes, who represents Burge and the others, said it is possible his clients will say more when a special prosecutor's criminal investigation also said the detectives' statements are not the only evidence for defense in the case.

"Other witnesses will testify Patterson was not tortured or beaten," Sikes said. "He told me so."

1 December, 2004

Supreme Court Building
Springfield, Illinois

I hope this letter finds you well. My name is Patrick O'Connor, and I'm writing to you to ask you to please make a ruling on the motion to Reconsider Judgment entered in case #M 11216 before the end of the session this year. Literally millions of Illinois citizens are awaiting justice from your court. The issues raised in this case found Illinois law to be contrary to the United States Constitution. This condition has existed since 1975, yet our legislature continues in defiance to the law of the United States. During this time of war, I hope you and your fellow justices realize the consequences of being found in rebellion to our country. As a citizen of Illinois and a veteran of the United States military, I feel it is extremely important for government officials to remain loyal to the Constitution of the United States. To deny me and my fellow plaintiffs/petitioners the right to petition the court for redress of grievances, and to hold us hostage in Illinois prisons in high-handed disregard for the laws of the United States is rebellion in its ugliest form, and no less than treason.

About 140 years ago some other states of the United States decided to defy the laws of the United States, and these states are still suffering the repercussions of that defiance. Please don't allow Illinois to make the mistake of continuing in defiance of federal law, as Mr. Bush will be no more merciful than Mr. Lincoln was.

You have to ask yourself, what is best; to grant citizens equal protection of the laws, and all rights guaranteed them under the Constitution of Illinois and America; or suffer the political and economic sanctions that will be imposed upon infidels and insurgents against the United States.Constitution. Thank you for your time. Your help and cooperation in this matter is greatly appreciated. I look forward to your reply.

Respectfully submitted,
Patrick O'Connor
#20020018557
Division 10-2-A
P.O. box 089002
Chicago, Illinois 60608

## NOTICE OF SERVICE

TO: CLERK OF THE U.S. DISTRICT COURT            TO: COLLEEN M. GRIFFIN
    FOR THE NORTHERN DISTRICT OF ILLINOIS        ASSISTANT ATTORNEY GENERAL
    219 S. DEARBORN ST.                          100 W. RANDOLPH ST.
    CHICAGO, IL. 60604                           CHICAGO, IL. 60601


    PLEASE TAKE NOTICE THAT ON THIS ___ DAY OF _____ 2006, I FILED THE ATTACHED AMENDED PETITION FOR HABEAS CORPUS RELIEF ON THE PARTIES LISTED ABOVE BY PLACING AN ORIGINAL AND  THREE COPIES OF SAID PETITION IN ENVELOPES ADDRESSED AS ABOVE WITH PROPER U.S. POSTAGE ATTACHED, AND DEPOSITED SAID ENVELOPES IN THE CONTAINER FOR U.S. MAIL LOCATED AT THE LOGAN CORRECTIONAL CENTER IN LINCOLN, ILLINOIS

_____              11/16/06
PATRICK O'CONNOR PRO SE              DATE


## AFFIDAVIT

    I, PATRICK O'CONNOR, AVER AND AFFIRM THAT ALL FACTS  STATED ABOVE ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____              11/16/06
PATRICK O'CONNOR #B-45832            DATE
P.O. BOX 1000
LINCOLN, ILLINOIS 62656