**E-FILED**
Wednesday, 27 December, 2006  07:55:13 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| PATRICK O'CONNOR, | ) | |
| | ) | |
| Petitioner, | ) | No. 06 C 3229 |
| | ) | |
| vs. | ) | The Honorable |
| | ) | Richard Mills, |
| GREG FIRKUS, Warden, | ) | Judge Presiding. |
| Logan Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MOTION FOR LEAVE TO FILE</u><br><u>MOTION TO DISMISS WITHOUT PREJUDICE</u><br><u>FOR FAILURE TO EXHAUST</u>

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent, GREG FIRKUS, through his attorney, LISA MADIGAN, Attorney General of Illinois, respectfully requests that this Court grant him leave to file the attached Motion To Dismiss Without Prejudice for Failure to Exhaust.  In support, respondent states as follows:

1.     On October 27, 2006, this Court ordered respondent to file an answer, pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, to petitioner Patrick O'Connor's petitioner for writ of habeas corpus, and to discuss the merits and the procedural posture of the petition, including

1

whether petitioner has exhausted his state remedies and/or procedurally defaulted any of his claims.

2.      Rule 4 authorizes this Court to allow the respondent to make a motion to dismiss based upon information furnished by respondent, which may show that the petitioner has failed to exhaust state court remedies. *See* Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 permits the practice of a pre-answer motion to dismiss and reflects the view that if this Court does not dismiss the petition, it may require (or permit) the respondent to file a motion. *See* Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases.

2.      Because petitioner has not yet exhausted his state remedies, his claims are not ripe for review by this Court. Respondent therefore respectfully requests that this Court permit the filing of the attached Motion to Dismiss Without Prejudice for Failure to Exhaust pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

WHEREFORE, respondent asks that he be granted leave to file the attached

Motion to Dismiss For Failure to Exhaust State Court Remedies.


December 27, 2006                          Respectfully submitted,

                                           LISA MADIGAN
                                           Attorney General of Illinois

                              By:    s/Colleen M. Griffin
                                     COLLEEN M. GRIFFIN
                                     Assistant Attorney General
                                     Atty. Reg. No. 6198598
                                     100 West Randolph Street, 12th Floor
                                     Chicago, Illinois 60601
                                     PHONE: (312) 814-4684
                                     FAX: (312) 814-2253
                                     EMAIL: cgriffin@atg.state.il.us

3

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>  PATRICK O'CONNOR, | ) | |
| | ) | |
| Petitioner, | ) | No. 06 C 3229 |
| | ) | |
| vs. | ) | The Honorable |
| | ) | Richard Mills, |
| GREG FIRKUS, Warden, | ) | Judge Presiding. |
|   Logan Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO DISMISS FOR FAILURE TO EXHAUST

Pursuant to Rule 4[1] of the Rules Governing Habeas Cases in the United

States District Courts and 28 U.S.C. §2254(b)(1), respondent, Greg Firkus, moves to

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates that the respondent's response to the petition may be by "motion, or other response." In this vein, the Committee Notes explain that where a "dismissal may be called for on procedural grounds," such as for failure to exhaust state court remedies, a response by motion could "avoid burdening the respondent with the necessity of filing an answer on the substantive merits of a petition." Advisory Committee Notes to Rule 4, 1976 Adoption. This reasoning remains in force following the 2004 amendments to Rule 4. *See* Advisory Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that the response to the habeas petition may be a motion"). *See also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion").

dismiss petitioner's petition for writ of habeas corpus for failing to exhaust his state court remedies, and states as follows:

1. Petitioner, Patrick O'Connor, inmate number B45832, is in the custody of Greg Firkus, warden of the Logan Correctional Center.

2. On September 1, 1993, petitioner pleaded guilty but mentally ill in the Circuit Court of Cook County to first degree murder and aggravated criminal sexual assault. He was sentenced to concurrent prison terms of 50 years for murder and 20 years for aggravated criminal sexual assault. The public defender of Cook County, who represented petitioner on direct appeal, filed a motion for leave to withdraw as appellate counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). On February 6, 1995, the Illinois Appellate Court, First District, granted the *Anders* motion and affirmed the judgment of the circuit court. *People v. O'Connor*, No. 1-94-0651 (unpublished order under Supreme Court Rule 23). (Exhibit A).

3. On May 22, 1995, petitioner filed a postconviction petition under 730 ILCS 5/122-1, *et seq. See* Certified Copy of Conviction, *People v. O'Connor*, No. 91 CR 2297201, at 8. (Exhibit B). Petitioner thereafter filed a supplemental petition on September 2, 1998, arguing that the trial court should have conducted a fitness hearing because he was taking psychotropic medication when he pled guilty, counsel was ineffective in failing to request a fitness hearing, and retrospective fitness hearings were insufficient to protect due process rights. *See* (Exhibit B at 12);(Exhibit C, amended motion to dismiss, at 2, 7); (Exhibit D, response to motion

2

to dismiss, at 2-4).  On December 2, 1998, the State filed an amended motion to dismiss.  (Exhibit C).  On January 4, 1999, petitioner filed a response.  (Exhibit D).  On March 12, 1999, the trial court granted the State's motion to dismiss petitioner's postconviction petition.  (Exhibit E).

4.     Petitioner appealed to the Illinois Appellate Court, First District, contending that the trial court erred as a matter of law in dismissing his postconviction petition when he did not receive a fitness hearing, despite there being a bona fide doubt concerning his fitness.  Petitioner also argued that the case should not be remanded for a retrospective fitness hearing under *People v. Burgess*, 680 N.E.2d 357 (Ill. 1997), because: (1) *Burgess* should not be applied retroactively to petitioner's case; (2) petitioner's case did not fall into the category of cases in which a retrospective fitness hearing was appropriate; and (3) retrospective fitness hearing were insufficient to protect the due process right to a fair trial.  (*See* Exhibit F, petitioner's brief on appeal).  The State filed a response, (Exhibit G, state's brief on appeal), and a supplemental brief.  (Exhibit H, supplemental brief on appeal).  Petitioner filed a reply brief. (Exhibit I, petitioner's reply brief).  On January 19, 2001, the state appellate court reversed and remanded for an evidentiary hearing, finding that petitioner's postconviction petition should not have been summarily dismissed.  The court also instructed that, if on remand the circuit court determined that the trial court of conviction erred in failing to conduct a fitness hearing, a retrospective hearing under *Burgess* would be appropriate.  Exhibit J, *People v. O'Connor*, No. 1-99-1339 (unpublished order under Supreme Court Rule 23).

3

5.     On remand, the state postconviction trial court ordered a retrospective fitness hearing on October 3, 2002.  *See* (Exhibit B at 15).  On March 24, 2003, the court issued a special order finding that petitioner would have been unfit at the time of his original plea.  (*Id*. at 17).  The court held a new fitness hearing, (*Id*. at 17-21), and on July 28, 2004, petitioner was found fit for trial.  (*Id*. at 21).  Thereafter, on October 26, 2005, petitioner again pleaded guilty but mentally ill to murder and aggravated criminal sexual assault.  *See* (*Id*. at 24); (Exhibit K, sentencing order).  Petitioner was sentenced to 44 years imprisonment for murder, and a consecutive term of 6 years for aggravated criminal sexual assault.  (Exhibit K).[2]

6.     Petitioner filed a postconviction petition on March 30, 2006, contending:  (1) his guilty but mentally ill plea was coerced; (2) he was denied his right to a speedy trial; (3) counsel was ineffective for allowing his constitutional rights to be violated; (4) he was arrested without probable cause; (5) no probable cause determination was made within 48 hours of his warrantless arrest; (6) he was convicted under an unconstitutional statute; (7) the prosecution destroyed key blood and DNA evidence, and counsel was ineffective for failing to raise this issue; (8) the prosecution used the statements of a paid witness to establish probable cause for

---

[2]  On June 7, 2004, petitioner also filed a petition for original writ of mandamus in the Illinois Supreme Court contending a violation of his rights when the trial court did not hold a probable cause hearing within 48 hours of his arrest. That petition is attached to petitioner's habeas corpus petition before this Court. On September 24, 2004, the Illinois Supreme Court denied the petition without prejudice.

petitioner's arrest, and neither the court nor defense counsel was informed of the payment; and (9) his new sentence was illegal since he began to serve his original 50-year sentence on August 29, 1991, and thus should be released.  (Exhibit L).  On June 12, 2006, the Circuit Court of Cook County dismissed petitioner's postconviction petition, finding that claims were waived, that petitioner had not shown he was entitled to file a successive post-conviction petition, and that the petition was frivolous and patently without merit.  (Exhibit M).  Petitioner filed a motion to reconsider judgment, (*see* Exhibit N), which was denied.  On July 18, 2006, petitioner appealed, and that appeal is pending before the Illinois Appellate Court, First District as case No. 1-06-2090.  (Exhibit O).

7.     On November 28, 2006, petitioner filed his amended petition for habeas corpus relief in this Court, contending that:  (1) he was unjustly arrested; (2) counsel did not file an appeal; (3) his postconviction petition should have been heard in 90 days, but is still pending after 14 years; (4) petitioner was denied his rights to due process and the 4th Amendment when a probable cause determination for his warrantless arrest was not made within 48 hours of that arrest; (5) due process requires that motion for continuances be made in writing, but over 169 oral motions for continuances were granted in state court, allowing the State to delay his case indefinitely; (6) counsel coerced petitioner into pleading guilty but mentally ill, and appellate counsel failed to make any argument on petitioner's behalf; (7) the prosecution withheld blood and DNA evidence and appointed counsel failed to raise any issue regarding this behavior; (8) the State coerced petitioner into pleading

5

guilty but mentally ill by holding him at jail without bond in deplorable conditions;
(8) petitioner was denied his right to a speedy trial; (9) petitioner's sentence violated
double jeopardy, and he has already served his original sentence; and (10) the
prosecution withheld the fact that it used the testimony of a paid witness to inflame
the court during sentencing.

      8.     Respondent has attached the following Exhibits to this Motion to
Dismiss:

Exhibit A:  Appellate court order, *People v. O'Connor*, No. 1-94-0651;

Exhibit B:  Certified Copy of Conviction, *People v. O'Connor*, No. 91 CR
2297201;

Exhibit C:  Amended motion to dismiss postconviction petition;

Exhibit D:  Response to motion to dismiss postconviction petition;

Exhibit E:  Order granting motion to dismiss postconviction petition;

Exhibit F:  Petitioner's brief on appeal, *People v. O'Connor*, No. 1-99-1339;

Exhibit G:  State's brief on appeal, *People v. O'Connor*, No. 1-99-1339;

Exhibit H:  State's supplemental brief on appeal, *People v. O'Connor*,
No. 1-99-1339;

Exhibit I:  Petitioner's reply brief, *People v. O'Connor*, No. 1-99-1339;

Exhibit J:  Appellate court order, *People v. O'Connor*, No. 1-99-1339;

Exhibit K:  Sentencing order;

Exhibit L:  Petitioner's postconviction petition;

Exhibit M:  Circuit court order dismissing postconviction petition;

Exhibit N:  Motion for reconsideration of order dismissing postconviction petition; and

Exhibit O:  Appellate court docketing statement, No. 1-06-2090.

9.    As noted above, petitioner has a collateral appeal pending in the state appellate court from the dismissal of his postconviction petition.  *See* Exhibit O.  His postconviction petition contained many of the same claims he now raises on federal habeas review.  *See* Exhibit L.  As explained in greater detail below, this Court should dismiss this habeas petition without prejudice for failure to exhaust state remedies, and should not stay the petition until the conclusion of state court proceedings.

10.    In general, a federal habeas petition "should be dismissed if the prisoner has not exhausted available state court remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Rose v. Lundy*, 455 U.S. 509, 518-20 (1982) (federal courts should dismiss mixed habeas petitions containing both exhausted and unexhausted claims); *Perruquet v. Briley*,  390 F.3d 505, 514 (7th Cir. 2004); 28 U.S.C. § 2254(b).  In this context, the Seventh Circuit has stated that a petitioner cannot receive federal relief while collateral proceedings are pending in state court.  *Fernandez v. Sternes*, 227 F.3d 977, 980-81 (7th Cir. 2000); 28 U.S.C. §2244(d)(2).

11.    Exhaustion promotes federal-state comity by giving state courts the first opportunity to address and correct potential violations of a petitioner's federal rights.  *Perruquet*,  390 F.3d at 513 (*citing Picard v. Connor*, 404 U.S. 270, 275

7

(1971) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Coleman*, 501 U.S. at 731 (state courts should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights). To achieve comity, the petitioner must fairly present to each appropriate state court his constitutional claims before seeking relief in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Boerckel*, 526 U.S. at 845; *Picard*, 404 U.S. at 275; *Momient-El v. DeTella*, 118 F.3d 535, 538 (7th Cir. 1997). A petitioner exhausts his state court remedies by presenting the constitutional issue to every level of state court, including the highest state court, for a decision on the merits; exhaustion also occurs when the petitioner has no further means for obtaining review of his conviction in state court. *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985).

12. There are two exceptions to the exhaustion requirement set forth in 28 U.S.C. § 2254(b)(1): (1) if "there is an absence of available state corrective process;" and (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *see also Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). Neither exception applies here, as the corrective process provided by the state courts remains open; petitioner continues to litigate a postconviction petition in state court. Nor are there circumstances that render that state corrective process ineffective. One circumstance that might render state processes ineffective is inordinate delay, which justifies excusing a petitioner from the exhaustion requirement. *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir.

8

1997).  Petitioner alleges inordinate delay, asserting that his postconviction petition has been delayed for fourteen years.  But this is wrong.  While petitioner's original postconviction petition was filed in 1995, the state appellate court ultimately remanded the case for an evidentiary hearing.  (*See* Exhibit J).  On remand, petitioner was given a fitness hearing.  *See* Exhibit J; Exhibit B at 15, 17, & 21. The trial court found petitioner fit on July 5, 2005, and petitioner thereafter pleaded guilty but mentally ill on October 25, 2005.  Petitioner then filed another postconviction petition on March 30, 2006 and, as noted, his appeal from the denial of that petition is pending.  Exhibit O.  In light of those state court postconviction proceedings, no inordinate delay occurred in this case.  In fact, the certified copy of conviction sheet, Exhibit B, shows that most, if not all, of the continuances in the postconviction proceedings in the trial court were by agreement.  Thus, there is no valid reason to forego the exhaustion requirement in this case.

13.    Additionally, this Court should not stay this habeas petition.  In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court addressed the issue of staying federal habeas petitions that include both exhausted and unexhausted claims.  The district court in *Rhines* held that some of the petitioner's claims were unexhausted 18 months after he had filed his habeas petition.  *Rhines*, 544 U.S. at 272.  As a result, if the district court dismissed the petition to allow a return to state court to exhaust the unexhausted claims, the petitioner would later be time-barred in federal court under 28 U.S.C. §2244(d)(1) because the one-year limitations period is not tolled during the pendency of an unexhausted federal habeas petition.

9

*Id.* at 272-73.  In contrast, if the district court stayed federal habeas proceedings, the petitioner would not face a time-bar issue.  *Id.* at 275-76.

Even in light of time-bar concerns, *Rhines* cautions that too-frequent usage of stay-and-abeyance frustrates AEDPA's twin purposes of reducing delays in enforcing state and federal criminal sentences and streamlining federal habeas proceedings.  *Id.* at 276.  As a result, "stay and abeyance should be available only in limited circumstances," namely, when:  (1) the petitioner had good cause for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no evidence that petitioner deliberately engaged in "dilatory litigation tactics."  *Id.* at 277.  In other words, the Supreme Court has recently shown its preference that stays be implemented less frequently than the Seventh Circuit had previously endorsed.  *Compare Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002) *with Rhines*, 544 U.S. at 277.  As noted above, although petitioner does allege inordinate delay on the part of the state courts regarding petitioner's postconviction petition, he is mistaken.  Petitioner does not establish the requisite "good cause" for his failure to exhaust his state court remedies before coming to federal court.  Therefore, this Court should dismiss the habeas petition without prejudice for failure to exhaust, rather than stay it.  *See Coleman*, 501 U.S. at 731; 28 U.S.C. § 2254(b)(2).

14.    Should this Court dismiss the present federal habeas petition, respondent intends to assert all available defenses to any future petition filed by

10

petitioner upon conclusion of his state court proceedings, including the defense of time-bar under section 2244(d)(1).

## <u>CONCLUSION</u>

This Court should dismiss, and not stay, petitioner's habeas petition without prejudice.  Should this Court stay the federal habeas petition, respondent requests an opportunity to address the merits and/or procedural defaults of the claims when that stay is lifted.  And should this Court deny this motion to dismiss, respondent requests 30 days from entry of that order to file an answer to the habeas petition.

December 27, 2006                                Respectfully submitted,

                                                 LISA MADIGAN
                                                 Attorney General of Illinois


                                        By:   s/ Colleen M. Griffin
                                              COLLEEN M. GRIFFIN, Bar #6198598
                                              Assistant Attorney General
                                              100 West Randolph Street, 12th Floor
                                              Chicago, Illinois 60601
                                              Telephone:  (312) 814-4684
                                              Fax:  (312) 814-2253
                                              E-mail: cgriffin@atg.state.il.us

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| United States of America ex rel. | ) | |
| PATRICK O'CONNOR, | ) | |
| | ) | |
| Petitioner, | ) | No. 06 C 3229 |
| | ) | |
| vs. | ) | The Honorable |
| | ) | Richard Mills, |
| GREG FIRKUS, Warden, | ) | Judge Presiding. |
| Logan Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

Certificate of Service

I hereby certify that on December 27, 2006, I electronically filed a motion to dismiss with the Clerk of Court using the CM/ECF system and I hereby certify that on January 5, 2007, I mailed by United States Postal Service, the document to the following non-registered participant:

    Patrick O'Connor #B45832
    Logan Correctional Center
    1096 1350th Street
    Lincoln, Illinois 62656

                             Respectfully submitted,

                             LISA MADIGAN
                             Attorney General of Illinois

              BY:   s/Colleen M. Griffin
                    COLLEEN M. GRIFFIN
                    Atty. Reg. No. 6198598
                    Assistant Attorney General
                    100 West Randolph Street, 12th Floor
                    Chicago, Illinois 60601
                    cgriffin@atg.state.il.us

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| United States of America ex rel.<br>  PATRICK O'CONNOR, | ) | |
| | ) | |
| Petitioner, | ) | No. 06 C 3229 |
| | ) | |
| vs. | ) | The Honorable |
| | ) | Richard Mills, |
| GREG FIRKUS, Warden, | ) | Judge Presiding. |
|   Logan Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This cause coming to be heard on the motion of the respondent to dismiss petitioner's habeas corpus complaint without prejudice, and this Honorable Court being duly advised in the premises:

IT IS HEREBY ORDERED that the Motion of respondent is hereby GRANTED/DENIED.


ENTER:                              _____

COLLEEN M. GRIFFIN
Assistant Attorney General
Attorney for Respondent
Criminal Appeals Division
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
(312) 814-4684

FIRST DIVISION
FEBRUARY, 1996

**E-FILED**
Wednesday, 13 December, 2006 07:55:42 AM
Clerk, U.S. District Court, ILCD

No. 1-94-0651

---

**IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT**

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 91 CR 22972 |
| | ) | |
| PATRICK O'CONNOR, | ) | Honorable |
| | ) | Thomas P. Cawley, |
| Defendant-Appellant. | ) | Judge Presiding. |

---

O R D E R

Defendant pleaded guilty but mentally ill to first degree murder and aggravated criminal sexual assault.  He was sentenced to concurrent prison terms of 50 years for murder and 20 years for aggravated criminal sexual assault.  The public defender of Cook County, who represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel.  A brief in support of the motion has been submitted pursuant to <u>Anders v. California</u> (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, in which counsel concludes that no issues of merit exist warranting argument on appeal.  Copies of the brief and motion were sent to defendant and he was advised that he might submit any points in support of his appeal.  He has not responded.

We have carefully reviewed the record in this case and the

EXHIBIT A

1-94-0651

aforesaid brief in compliance with the mandate of the <u>Anders</u>
decision and find no issues of arguable merit.  Therefore, the
motion of the public defender for leave to withdraw as counsel is
allowed.

The judgment of the circuit court of Cook County is
affirmed.

Affirmed.

CAMPBELL, P.J., with WOLFSON, J., and BRADEN, J., concurring.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK     O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 38-9-1-A(1) | F | MURDER |
| 38-9-1-A(2) | F | MURDER |
| 38-9-1-A(3) | F | MURDER |
| 38-9-1-A(3) | F | MURDER |
| 38-12-14-A(1) | F | AGG CRIM SEX ASSAULT |
| 38-12-14-A(2) | F | AGG CRIM SEX ASSAULT |
| 38-12-14-A(4) | F | AGG CRIM SEX ASSAULT |
| 38-12-13-A(1) | F | CRIM SEXUAL ASSAULT |
| 38-10-3-1 | F | AGG UNLAWFUL RESTRAINT |

The following disposition(s) was/were rendered before the Honorable Judge(s):

10/07/91 IND/INFO-CLK OFFICE-PRES JUDGE          10/18/91 1701
    FITZGERALD, THOMAS R.
10/18/91 DEFENDANT NOT ARRAIGNED
    BASTONE, ROBERT P.
10/18/91 CASE ASSIGNED                           10/18/91 1729
    BASTONE, ROBERT P.
10/18/91 DEFENDANT IN CUSTODY
    CAWLEY, THOMAS P.
10/18/91 DEFENDANT ARRAIGNED
    CAWLEY, THOMAS P.
10/18/91 PLEA OF NOT GUILTY
    CAWLEY, THOMAS P.
10/18/91 CONTINUANCE BY AGREEMENT                11/22/91
    CAWLEY, THOMAS P.
10/30/91 CASE ADVANCED                           10/30/91 1729
    CAWLEY, THOMAS P.
10/30/91 SPECIAL ORDER
    MOTION TO INCREASE THE MEDICTION DEFT IS TAKING.
    CAWLEY, THOMAS P.
10/30/91 DEFENDANT IN CUSTODY
    CAWLEY, THOMAS P.

EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 002

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK        O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
10/30/91 CONTINUANCE BY AGREEMENT                11/22/91
    CAWLEY, THOMAS P.
11/22/91 DEFENDANT IN CUSTODY
    CAWLEY, THOMAS P.
11/22/91 CONTINUANCE BY AGREEMENT                12/13/91
    CAWLEY, THOMAS P.
12/13/91 DEFENDANT IN CUSTODY
    HETT, THOMAS A.
12/13/91 HOLD ON CALL                           12/16/91 1729
    HETT, THOMAS A.
12/16/91 DEFENDANT IN CUSTODY
    CAWLEY, THOMAS P.
12/16/91 CONTINUANCE BY AGREEMENT               01/22/92
    CAWLEY, THOMAS P.
01/22/92 DEFENDANT IN CUSTODY
    CAWLEY, THOMAS P.
01/22/92 CONTINUANCE BY AGREEMENT               02/28/92
    CAWLEY, THOMAS P.
02/28/92 DEFENDANT IN CUSTODY
    CAWLEY, THOMAS P.
02/28/92 CONTINUANCE BY AGREEMENT               03/10/92
    CAWLEY, THOMAS P.
03/10/92 DEFENDANT IN CUSTODY
    CAWLEY, THOMAS P.
03/10/92 PRISONER DATA SHEET TO ISSUE
    CAWLEY, THOMAS P.
03/10/92 CONTINUANCE BY AGREEMENT               05/01/92
    CAWLEY, THOMAS P.
05/01/92 DEFENDANT IN CUSTODY
    CAWLEY, THOMAS P.
05/01/92 PRISONER DATA SHEET TO ISSUE
    CAWLEY, THOMAS P.
05/01/92 CONTINUANCE BY AGREEMENT               05/20/92
    CAWLEY, THOMAS P.
05/20/92 DEFENDANT IN CUSTODY
    CAWLEY, THOMAS P.
05/20/92 PRISONER DATA SHEET TO ISSUE
    CAWLEY, THOMAS P.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 003

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 91CR2297201

PATRICK      O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
05/20/92 CONTINUANCE BY AGREEMENT                    06/25/92
      CAWLEY, THOMAS P.
06/25/92 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
06/25/92 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
06/25/92 CONTINUANCE BY AGREEMENT                    08/04/92
      CAWLEY, THOMAS P.
08/04/92 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
08/04/92 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
08/04/92 CONTINUANCE BY AGREEMENT                    08/13/92
      CAWLEY, THOMAS P.
08/13/92 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
08/13/92 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
08/13/92 CONTINUANCE BY AGREEMENT                    08/31/92
      CAWLEY, THOMAS P.
08/31/92 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
08/31/92 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
08/31/92 CONTINUANCE BY AGREEMENT                    09/01/92
      CAWLEY, THOMAS P.
09/01/92 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
09/01/92 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
09/01/92 CONTINUANCE BY AGREEMENT                    10/08/92
      CAWLEY, THOMAS P.
10/08/92 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
10/08/92 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
10/08/92 BEHAVIOR CLINIC EXAM ORDERED                11/10/92 1729
      CAWLEY, THOMAS P.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 004

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK      O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/10/92 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
11/10/92 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
11/10/92 CONTINUANCE BY AGREEMENT               12/04/92
      CAWLEY, THOMAS P.
12/04/92 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
12/04/92 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
12/04/92 CONTINUANCE BY AGREEMENT               12/23/92
      CAWLEY, THOMAS P.
12/23/92 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
12/23/92 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
12/23/92 CONTINUANCE BY AGREEMENT               01/13/93
      CAWLEY, THOMAS P.
01/13/93 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
01/13/93 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
01/13/93 CONTINUANCE BY AGREEMENT               02/10/93
      CAWLEY, THOMAS P.
02/02/93 CASE ADVANCED                          02/10/93 1799
02/02/93 CHANGE PRIORITY STATUS            P
02/02/93 CONTINUANCE BY ORDER OF COURT          02/10/93 1729
02/10/93 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
02/10/93 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
02/10/93 CONTINUANCE BY AGREEMENT               03/02/93
      CAWLEY, THOMAS P.
03/02/93 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
03/02/93 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 005

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 91CR2297201

PATRICK      O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/02/93 CONTINUANCE BY AGREEMENT            03/30/93
     CAWLEY, THOMAS P.
03/30/93 DEFENDANT IN CUSTODY
     CAWLEY, THOMAS P.
03/30/93 PRISONER DATA SHEET TO ISSUE
     CAWLEY, THOMAS P.
03/30/93 CONTINUANCE BY AGREEMENT            05/04/93
     CAWLEY, THOMAS P.
05/04/93 DEFENDANT IN CUSTODY
     CAWLEY, THOMAS P.
05/04/93 PRISONER DATA SHEET TO ISSUE
     CAWLEY, THOMAS P.
05/04/93 WITNESSES ORDERED TO APPEAR         05/04/93 1729
     CAWLEY, THOMAS P.
05/04/93 CONTINUANCE BY AGREEMENT            06/08/93
     CAWLEY, THOMAS P.
06/08/93 DEFENDANT IN CUSTODY
     CAWLEY, THOMAS P.
06/08/93 PRISONER DATA SHEET TO ISSUE
     CAWLEY, THOMAS P.
06/08/93 WITNESSES ORDERED TO APPEAR         06/08/93
     CAWLEY, THOMAS P.
06/08/93 CONTINUANCE BY AGREEMENT            06/24/93
     CAWLEY, THOMAS P.
06/24/93 DEFENDANT IN CUSTODY
     CAWLEY, THOMAS P.
06/24/93 PRISONER DATA SHEET TO ISSUE
     CAWLEY, THOMAS P.
06/24/93 WITNESSES ORDERED TO APPEAR         06/24/93 1729
     CAWLEY, THOMAS P.
06/24/93 CONTINUANCE BY AGREEMENT            07/16/93
     CAWLEY, THOMAS P.
07/16/93 DEFENDANT IN CUSTODY
     CAWLEY, THOMAS P.
07/16/93 PRISONER DATA SHEET TO ISSUE
     CAWLEY, THOMAS P.
07/16/93 MOTION TO SUPPRESS                         E       2
     STATEMENTS
     CAWLEY, THOMAS P.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 006

PEOPLE OF THE STATE OF ILLINOIS

            VS                NUMBER 91CR2297201

PATRICK ·    O'CONNOR

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/16/93 CONTINUANCE BY ORDER OF COURT          07/22/93
      CAWLEY, THOMAS P.
07/22/93 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
07/22/93 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
07/22/93 MOTION TO SUPPRESS                              E      2
      CAWLEY, THOMAS P.
07/22/93 CONTINUANCE BY ORDER OF COURT          07/23/93
      CAWLEY, THOMAS P.
07/23/93 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
07/23/93 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
07/23/93 MOTION TO SUPPRESS                              E      2
      CAWLEY, THOMAS P.
07/23/93 CONTINUANCE BY ORDER OF COURT          08/26/93
      CAWLEY, THOMAS P.
08/10/93 CHANGE PRIORITY STATUS        P
08/10/93 CONTINUANCE BY ORDER OF COURT          08/26/93 1729
08/26/93 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
08/26/93 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
08/26/93 CONTINUANCE BY AGREEMENT                09/01/93
      CAWLEY, THOMAS P.
09/01/93 DEFENDANT IN CUSTODY
      CAWLEY, THOMAS P.
09/01/93 PRISONER DATA SHEET TO ISSUE
      CAWLEY, THOMAS P.
09/01/93 PG JW FINDING GUILTY          C001
      CAWLEY, THOMAS P.
09/01/93 PG JW FINDING GUILTY          C005
      CAWLEY, THOMAS P.
09/01/93 DEF DEMAND FOR TRIAL
      CAWLEY, THOMAS P.
09/01/93 NOLLE PROSEQUI                C002
      CAWLEY, THOMAS P.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 007

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK        O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| Date | Action | Code | | |
|------|--------|------|---|---|
| 09/01/93 | NOLLE PROSEQUI | C003 | | |
| | CAWLEY, THOMAS P. | | | |
| 09/01/93 | NOLLE PROSEQUI | C004 | | |
| | CAWLEY, THOMAS P. | | | |
| 09/01/93 | NOLLE PROSEQUI | C006 | | |
| | CAWLEY, THOMAS P. | | | |
| 09/01/93 | NOLLE PROSEQUI | C007 | | |
| | CAWLEY, THOMAS P. | | | |
| 09/01/93 | NOLLE PROSEQUI | C008 | | |
| | CAWLEY, THOMAS P. | | | |
| 09/01/93 | NOLLE PROSEQUI | C009 | | |
| | CAWLEY, THOMAS P. | | | |
| 09/01/93 | CHANGE PRIORITY STATUS | M | | |
| | CAWLEY, THOMAS P. | | | |
| 09/01/93 | DEF SENTENCED ILLINOIS DOC | C001 | | |
| | 50 YRS | | | |
| | CAWLEY, THOMAS P. | | | |
| 09/01/93 | DEF SENTENCED ILLINOIS DOC | C005 | | |
| | 20 YRS | | | |
| | CAWLEY, THOMAS P. | | | |
| 12/03/93 | DEFENDANT IN CUSTODY | | | |
| | CAWLEY, THOMAS P. | | | |
| 12/03/93 | PRISONER DATA SHEET TO ISSUE | | | |
| | CAWLEY, THOMAS P. | | | |
| 12/03/93 | MOTION TO WITHDRAW AS ATTORNEY | | S | 2 |
| | CAWLEY, THOMAS P. | | | |
| 12/03/93 | PUBLIC DEFENDER APPOINTED | | | |
| | CAWLEY, THOMAS P. | | | |
| 12/03/93 | DEF REM CUST CC SHERIF | | | |
| | CAWLEY, THOMAS P. | | | |
| 12/03/93 | MOTION DEFT - CONTINUANCE - MD | 12/16/93 | | |
| | CAWLEY, THOMAS P. | | | |
| 12/16/93 | DEFENDANT IN CUSTODY | | | |
| | CAWLEY, THOMAS P. | | | |
| 12/16/93 | PRISONER DATA SHEET TO ISSUE | | | |
| | CAWLEY, THOMAS P. | | | |
| 12/16/93 | MOTION TO WITHDRAW | | S | 2 |
| | MOTION TO WITHDRAW PLEA. | | | |
| | CAWLEY, THOMAS P. | | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 008

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 91CR2297201

PATRICK      O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
12/16/93 MOTION TO REDUCE SENTENCE                         D        2
     CAWLEY, THOMAS P.
12/16/93 DEFT SERVING SENTENCE
     CAWLEY, THOMAS P.
09/30/93 NOTICE OF APPEAL FILED, TRNSFR
03/08/94 NOTICE OF NOTICE OF APP MAILED
03/08/94 CONTINUANCE BY ORDER OF COURT          03/11/94 1713
03/11/94 PUBLIC DEF APPTD FOR APPEAL
     FITZGERALD, THOMAS R.
03/11/94 O/C FREE REPT OF PROCD ORD N/C
     FITZGERALD, THOMAS R.
03/11/94 MEMO OF ORDS & NOA PICKED-UP
     FITZGERALD, THOMAS R.
04/12/94 REPT OF PRCDS ORD FR CRT RPT
05/27/94 TRANS PROC REC/FILED CLKS OFF
07/07/94 REPORT OF PROCEEDINGS PREPARED
07/07/94 COMMON LAW RECORD PREPARED
07/12/94 CLR RECD BY APP COUNSEL
     PD
07/12/94 REPRT/PROCDS RECD BY APP ATTRY
     PD
03/11/94 APPELLATE COURT NUMBER ASGND                      94-0651
05/08/95 MANDATE FILED                          05/18/95 1701
05/18/95 REVIEW COURT AFFIRMANCE
     FITZGERALD, THOMAS R.
05/22/95 POST-CONVICTION FILED             CALL 06/23/95 1701
06/23/95 CONTINUANCE BY ORDER OF COURT          06/23/95 1729
     FITZGERALD, THOMAS R.
06/23/95 DEFENDANT IN CUSTODY
     CAWLEY, THOMAS P.
06/23/95 DEFENDANT NOT IN COURT
     CAWLEY, THOMAS P.
06/23/95 POST-CONVICTION FILED             CALL 07/24/95 1729
     CAWLEY, THOMAS P.
06/23/95 CONTINUANCE BY ORDER OF COURT          07/24/95
     CAWLEY, THOMAS P.
07/24/95 DEFENDANT IN CUSTODY
     CAWLEY, THOMAS P.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 009

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK        O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/24/95 PRISONER DATA SHEET TO ISSUE
    CAWLEY, THOMAS P.
07/24/95 PUBLIC DEFENDER APPOINTED
    CAWLEY, THOMAS P.
07/24/95 DEFENDANT ARRAIGNED
    CAWLEY, THOMAS P.
07/24/95 PLEA OF NOT GUILTY
    CAWLEY, THOMAS P.
07/24/95 CONTINUANCE BY AGREEMENT              10/23/95
    CAWLEY, THOMAS P.
08/14/95 M/D PETN FOR TRNSCT,COMLAW RCD                   E        2
08/14/95 NOTICE OF MOTION/FILING               08/21/95 1729
08/21/95 DEFENDANT IN CUSTODY
    ERICKSON, DAVID A
08/21/95 PRISONER DATA SHEET TO ISSUE
    ERICKSON, DAVID A
08/21/95 DEFENDANT NOT IN COURT
    ERICKSON, DAVID A
08/21/95 POST-CONV PETITION DENIED
    ERICKSON, DAVID A
09/06/95 NOTICE OF MOTION/FILING               09/13/95 1729
    MOTION TO REINSTATE POST-CONVICTION PETITION DISMISSAL.
09/13/95 DEFENDANT IN CUSTODY
    ERICKSON, DAVID A
09/13/95 PRISONER DATA SHEET TO ISSUE
    ERICKSON, DAVID A
09/13/95 DEFENDANT NOT IN COURT
    ERICKSON, DAVID A
09/13/95 CONTINUANCE BY AGREEMENT              10/23/95
    ERICKSON, DAVID A
09/22/95 M/D PETN FOR TRNSCT,COMLAW RCD                   E        2
09/22/95 NOTICE OF MOTION/FILING               09/29/95 1729
09/29/95 DEFENDANT IN CUSTODY
    ERICKSON, DAVID A
09/29/95 PRISONER DATA SHEET TO ISSUE
    ERICKSON, DAVID A
09/29/95 M/D PETN FOR TRNSCT,COMLAW RCD                   D        2
    ERICKSON, DAVID A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 010

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 91CR2297201

PATRICK      O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
09/29/95 DEFT SERVING SENTENCE
      ERICKSON, DAVID A
10/02/95 PAUPER PETITION FILED                          E        2
10/02/95 M/D PETN FOR TRNSCT,COMLAW RCD                 E        2
10/02/95 NOTICE OF MOTION/FILING           10/06/95 1729
10/06/95 DEFENDANT IN CUSTODY
      ERICKSON, DAVID A
10/06/95 PRISONER DATA SHEET TO ISSUE
      ERICKSON, DAVID A
10/06/95 DEFENDANT NOT IN COURT
      ERICKSON, DAVID A
10/06/95 POST-CONV PETITION DENIED
      ERICKSON, DAVID A
10/06/95 DEFT SERVING SENTENCE
      ERICKSON, DAVID A
10/23/95 DEFENDANT IN CUSTODY
      ERICKSON, DAVID A
10/23/95 PRISONER DATA SHEET TO ISSUE
      ERICKSON, DAVID A
10/23/95 DEFENDANT NOT IN COURT
      ERICKSON, DAVID A
10/23/95 CONTINUANCE BY AGREEMENT           01/22/96
      ERICKSON, DAVID A
01/22/96 DEFENDANT IN CUSTODY
      ERICKSON, DAVID A
01/22/96 PRISONER DATA SHEET TO ISSUE
      ERICKSON, DAVID A
01/22/96 CONTINUANCE BY ORDER OF COURT       04/26/96
      ERICKSON, DAVID A
04/26/96 DEFENDANT IN CUSTODY
      ERICKSON, DAVID A
04/26/96 PRISONER DATA SHEET TO ISSUE
      ERICKSON, DAVID A
04/26/96 CONTINUANCE BY AGREEMENT           08/01/96
      ERICKSON, DAVID A
08/01/96 DEFENDANT IN CUSTODY
      ERICKSON, DAVID A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 011

PEOPLE OF THE STATE OF ILLINOIS

VS                        NUMBER 91CR2297201

PATRICK        O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
08/01/96 PRISONER DATA SHEET TO ISSUE
    ERICKSON, DAVID A
08/01/96 CONTINUANCE BY AGREEMENT              10/29/96
    ERICKSON, DAVID A
10/29/96 DEFENDANT IN CUSTODY
    ERICKSON, DAVID A
10/29/96 PRISONER DATA SHEET TO ISSUE
    ERICKSON, DAVID A
10/29/96 MOTION DEFT - CONTINUANCE - MD         01/28/97
    ERICKSON, DAVID A
01/28/97 DEFENDANT IN CUSTODY
    KAZMIERSKI, JOSEPH G. JR.
01/28/97 PRISONER DATA SHEET TO ISSUE
    KAZMIERSKI, JOSEPH G. JR.
01/28/97 CONTINUANCE BY AGREEMENT              04/29/97
    KAZMIERSKI, JOSEPH G. JR.
04/29/97 DEFENDANT IN CUSTODY
    DOOLING, DEBORAH M.
04/29/97 PRISONER DATA SHEET TO ISSUE
    DOOLING, DEBORAH M.
04/29/97 DEFENDANT NOT IN COURT
    DOOLING, DEBORAH M.
04/29/97 CONTINUANCE BY AGREEMENT              05/07/97
    DOOLING, DEBORAH M.
05/07/97 DEFENDANT IN CUSTODY
    KAZMIERSKI, JOSEPH G. JR.
05/07/97 PRISONER DATA SHEET TO ISSUE
    KAZMIERSKI, JOSEPH G. JR.
05/07/97 DEFENDANT NOT IN COURT
    KAZMIERSKI, JOSEPH G. JR.
05/07/97 CONTINUANCE BY ORDER OF COURT         08/13/97
    KAZMIERSKI, JOSEPH G. JR.
08/13/97 DEFENDANT IN CUSTODY
    BERTUCCI, ROBERT W.
08/13/97 CONTINUANCE BY AGREEMENT              09/11/97
    BERTUCCI, ROBERT W.
09/11/97 CONTINUANCE BY ORDER OF COURT         10/14/97
    KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS         Page 012

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 91CR2297201

PATRICK      O'CONNOR

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
10/14/97 DEFENDANT NOT IN COURT
      KAZMIERSKI, JOSEPH G. JR.
10/14/97 CONTINUANCE BY ORDER OF COURT          11/18/97
      KAZMIERSKI, JOSEPH G. JR.
11/18/97 MOTION DEFT - CONTINUANCE - MD          01/22/98
      KAZMIERSKI, JOSEPH G. JR.
01/22/98 MOTION DEFT - CONTINUANCE - MD          04/13/98
      KAZMIERSKI, JOSEPH G. JR.
04/13/98 CONTINUANCE BY ORDER OF COURT          07/06/98
      KAZMIERSKI, JOSEPH G. JR.
07/06/98 CONTINUANCE BY ORDER OF COURT          09/02/98
      KAZMIERSKI, JOSEPH G. JR.
09/02/98 SPECIAL ORDER
      DEFENDANT FILES SUPPLEMENTAL PETITION AND AT ACHMENTS (TRANSCRIPTS).
      GARCIA, RODOLFO
09/02/98 CONTINUANCE BY AGREEMENT               12/02/98
      GARCIA, RODOLFO
12/02/98 SPECIAL ORDER
      AMENDED MOTION TO DISMISS
      KAZMIERSKI, JOSEPH G. JR.
12/02/98 CONTINUANCE BY ORDER OF COURT          01/06/99
      KAZMIERSKI, JOSEPH G. JR.
01/04/99 HEARING DATE ASSIGNED             01/06/99 1729
      RESPONSE TO STATES AMENDED MOTION TO DISMISS
01/06/99 CONTINUANCE BY ORDER OF COURT          02/09/99
      KAZMIERSKI, JOSEPH G. JR.
02/09/99 CONTINUANCE BY ORDER OF COURT          03/02/99
      KAZMIERSKI, JOSEPH G. JR.
03/02/99 CONTINUANCE BY ORDER OF COURT          03/10/99
      KAZMIERSKI, JOSEPH G. JR.
03/10/99 CONTINUANCE BY ORDER OF COURT          03/12/99
      KAZMIERSKI, JOSEPH G. JR.
03/12/99 SPECIAL ORDER
      STATE'S PETITION TO DISMISS PC PETITION-GRNT D
      KAZMIERSKI, JOSEPH G. JR.
03/16/99 NOTIFICATION SENT TO DEFENDANT
03/24/99 NOTICE OF APPEAL FILED, TRNSFR

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 013

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 91CR2297201

PATRICK      O'CONNOR

                CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
04/13/99 NOTICE OF NOTICE OF APP MAILED
04/13/99 HEARING DATE ASSIGNED                     04/16/99 1713
04/16/99 PUBLIC DEF APPTD FOR APPEAL
04/16/99 O/C FREE REPT OF PROCD ORD N/C
04/16/99 MEMO OF ORDS & NOA PICKED-UP
04/19/99 REPT OF PRCDS ORD FR CRT RPT
04/29/99 APPELLATE COURT NUMBER ASGND                        99-1339
06/11/99 COMMON LAW RECORD PREPARED
06/17/99 TRANS PROC REC/FILED CLKS OFF
06/16/99 CLR RECD BY APP COUNSEL
        PUBLIC DEFENDER
06/21/99 REPORT OF PROCEEDINGS PREPARED
06/16/99 CLR RECD BY APP COUNSEL
        PUBLIC DEFENDER
08/11/99 SUPPL REC RECD BY APPL COUNSEL
        PUBLIC DEFENDER
06/23/99 REPRT/PROCDS RECD BY APP ATTRY             00/00/00
02/20/01 MANDATE FILED                             03/01/01 1701
03/01/01 REVIEW COURT REVERSAL-RMD DRTN            00/00/00
        FOR FURTHER PROCEEDINGS
        WOOD, WILLIAM S.
03/01/01 CASE ASSIGNED                             03/07/01 1729
        WOOD, WILLIAM S.
03/07/01 DEFENDANT IN CUSTODY                      00/00/00
        KAZMIERSKI, JOSEPH G. JR.
03/07/01 PRISONER DATA SHEET TO ISSUE              00/00/00
        KAZMIERSKI, JOSEPH G. JR.
03/07/01 CONTINUANCE BY AGREEMENT                  04/12/01
        KAZMIERSKI, JOSEPH G. JR.
04/12/01 DEFENDANT IN CUSTODY                      00/00/00
        KAZMIERSKI, JOSEPH G. JR.
04/12/01 CONTINUANCE BY AGREEMENT                  05/22/01
        KAZMIERSKI, JOSEPH G. JR.
05/22/01 DEFENDANT NOT IN COURT                    00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/22/01 CONTINUANCE BY AGREEMENT                  07/17/01
        KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 014

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK    O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
| | | |
|---|---|---|
| 07/17/01 DEFENDANT NOT IN COURT | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 07/17/01 CONTINUANCE BY AGREEMENT | 08/28/01 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 08/28/01 DEFENDANT NOT IN COURT | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 08/28/01 WITNESSES ORDERED TO APPEAR | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 08/28/01 CONTINUANCE BY ORDER OF COURT | 11/05/01 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 11/05/01 CONTINUANCE BY ORDER OF COURT | 11/26/01 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 11/26/01 CONTINUANCE BY ORDER OF COURT | 12/12/01 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 12/12/01 DEFENDANT IN CUSTODY | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 12/12/01 PRISONER DATA SHEET TO ISSUE | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 12/12/01 WITNESSES ORDERED TO APPEAR | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 12/12/01 CONTINUANCE BY AGREEMENT | 02/19/02 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 02/19/02 DEFENDANT IN CUSTODY | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 02/19/02 PRISONER DATA SHEET TO ISSUE | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 02/19/02 CONTINUANCE BY AGREEMENT | 03/06/02 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 03/06/02 DEF REM CUST CC SHERIF | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 03/06/02 DEFENDANT IN CUSTODY | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 03/06/02 PRISONER DATA SHEET TO ISSUE | 00/00/00 | |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 03/06/02 SPECIAL ORDER | 00/00/00 | |
| ORDER FOR FITNESS. | | |
| KAZMIERSKI, JOSEPH G. JR. | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 015

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 91CR2297201

PATRICK      O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/06/02 MOTION DEFT - CONTINUANCE - MD        04/11/02
    KAZMIERSKI, JOSEPH G. JR.
04/11/02 DEFENDANT IN CUSTODY                  00/00/00
    KAZMIERSKI, JOSEPH G. JR.
04/11/02 PRISONER DATA SHEET TO ISSUE          00/00/00
    KAZMIERSKI, JOSEPH G. JR.
04/11/02 CONTINUANCE BY AGREEMENT              05/22/02
    KAZMIERSKI, JOSEPH G. JR.
05/22/02 DEFENDANT IN CUSTODY                  00/00/00
    KAZMIERSKI, JOSEPH G. JR.
05/22/02 PRISONER DATA SHEET TO ISSUE          00/00/00
    KAZMIERSKI, JOSEPH G. JR.
05/22/02 CONTINUANCE BY AGREEMENT              06/25/02
    KAZMIERSKI, JOSEPH G. JR.
06/25/02 DEFENDANT IN CUSTODY                  00/00/00
    KAZMIERSKI, JOSEPH G. JR.
06/25/02 PRISONER DATA SHEET TO ISSUE          00/00/00
    KAZMIERSKI, JOSEPH G. JR.
06/25/02 WITNESSES ORDERED TO APPEAR           00/00/00
    KAZMIERSKI, JOSEPH G. JR.
06/25/02 CONTINUANCE BY AGREEMENT              08/15/02
    KAZMIERSKI, JOSEPH G. JR.
08/15/02 PRISONER DATA SHEET TO ISSUE          00/00/00
    KAZMIERSKI, JOSEPH G. JR.
08/15/02 CONTINUANCE BY AGREEMENT              09/25/02
    KAZMIERSKI, JOSEPH G. JR.
09/25/02 DEFENDANT IN CUSTODY                  00/00/00
    KAZMIERSKI, JOSEPH G. JR.
09/25/02 PRISONER DATA SHEET TO ISSUE          00/00/00
    KAZMIERSKI, JOSEPH G. JR.
09/25/02 CONTINUANCE BY AGREEMENT              10/03/02
    KAZMIERSKI, JOSEPH G. JR.
10/03/02 DEFENDANT IN CUSTODY                  00/00/00
    KAZMIERSKI, JOSEPH G. JR.
10/03/02 PRISONER DATA SHEET TO ISSUE          00/00/00
    KAZMIERSKI, JOSEPH G. JR.
10/03/02 SPECIAL ORDER                         00/00/00
    M/S FOR RECORD OPINION / RESTROSPECTIVE FITNES  HEARING GRANTED
    KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 016

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 91CR2297201

PATRICK      O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | |
|---|---|
| 10/03/02 CONTINUANCE BY AGREEMENT | 11/06/02 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 11/06/02 CONTINUANCE BY ORDER OF COURT | 12/03/02 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 12/03/02 CONTINUANCE BY AGREEMENT | 12/30/02 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 12/30/02 DEFENDANT IN CUSTODY | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 12/30/02 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 12/30/02 CONTINUANCE BY AGREEMENT | 01/07/03 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 01/07/03 DEFENDANT IN CUSTODY | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 01/07/03 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 01/07/03 WITNESSES ORDERED TO APPEAR | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 01/07/03 CONTINUANCE BY AGREEMENT | 02/10/03 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 02/10/03 DEFENDANT IN CUSTODY | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 02/10/03 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 02/10/03 MOTION STATE - CONTINUANCE -MS | 03/04/03 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 03/04/03 DEFENDANT IN CUSTODY | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 03/04/03 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 03/04/03 CONTINUANCE BY ORDER OF COURT | 03/18/03 |
| FITNESS HEARING COMMENCED AND CONTINUED | |
| KAZMIERSKI, JOSEPH G. JR. | |
| 03/18/03 DEFENDANT IN CUSTODY | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |
| 03/18/03 PRISONER DATA SHEET TO ISSUE | 00/00/00 |
| KAZMIERSKI, JOSEPH G. JR. | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 017

PEOPLE OF THE STATE OF ILLINOIS

                VS                      NUMBER 91CR2297201

PATRICK        O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/18/03 CONTINUANCE BY ORDER OF COURT         03/24/03
      KAZMIERSKI, JOSEPH G. JR.
03/24/03 DEFENDANT IN CUSTODY                  00/00/00
      KAZMIERSKI, JOSEPH G. JR.
03/24/03 PRISONER DATA SHEET TO ISSUE          00/00/00
      KAZMIERSKI, JOSEPH G. JR.
03/24/03 SPECIAL ORDER                         00/00/00
      FINDING DEFT WOULD HAVE BEEN   UNFIT
      KAZMIERSKI, JOSEPH G. JR.
03/24/03 SPECIAL ORDER                         00/00/00
      AT THE TIME OF THE PLEA.
      KAZMIERSKI, JOSEPH G. JR.
03/24/03 BEHAVIOR CLINIC EXAM ORDERED          03/24/03
      KAZMIERSKI, JOSEPH G. JR.
03/24/03 MOTION DEFT - CONTINUANCE - MD        04/01/03
      KAZMIERSKI, JOSEPH G. JR.
04/01/03 DEFENDANT IN CUSTODY                  00/00/00
      KAZMIERSKI, JOSEPH G. JR.
04/01/03 PRISONER DATA SHEET TO ISSUE          00/00/00
      KAZMIERSKI, JOSEPH G. JR.
04/01/03 MOTION FOR DISCOVERY                  00/00/00 F      2
      KAZMIERSKI, JOSEPH G. JR.
04/01/03 SPECIAL ORDER                         00/00/00
      DEFENSE FILES DISCOVERY REQUEST PURSUANT TO SU REME CRT RULE 412(A)
      KAZMIERSKI, JOSEPH G. JR.
04/01/03 PSYCHIATRIC EXAM REPORT FILED         00/00/00
      NEED ADDITIONAL TIME
      KAZMIERSKI, JOSEPH G. JR.
04/01/03 CONTINUANCE BY AGREEMENT              05/06/03
      KAZMIERSKI, JOSEPH G. JR.
05/06/03 DEFENDANT IN CUSTODY                  00/00/00
      KAZMIERSKI, JOSEPH G. JR.
05/06/03 PRISONER DATA SHEET TO ISSUE          00/00/00
      KAZMIERSKI, JOSEPH G. JR.
05/06/03 CONTINUANCE BY AGREEMENT              05/28/03
      KAZMIERSKI, JOSEPH G. JR.
05/28/03 PRISONER DATA SHEET TO ISSUE          00/00/00
      KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 018

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK      O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
05/28/03 SPECIAL ORDER                          00/00/00
    M/D FOR ORDER ALLOWING DR. STIPER ADMISSION &  IND GRANTED
    KAZMIERSKI, JOSEPH G. JR.
05/28/03 MOTION DEFT - CONTINUANCE - MD          06/25/03
    KAZMIERSKI, JOSEPH G. JR.
06/25/03 PRISONER DATA SHEET TO ISSUE            00/00/00
    KAZMIERSKI, JOSEPH G. JR.
06/25/03 SPECIAL ORDER                          00/00/00
    ORDERS SIGNED- EXAMIN BY DR HONLAN,VIEW EVIDEN E,&ERPS
    KAZMIERSKI, JOSEPH G. JR.
06/25/03 CONTINUANCE BY AGREEMENT               08/05/03
    KAZMIERSKI, JOSEPH G. JR.
08/05/03 DEFENDANT IN CUSTODY                   00/00/00
    KAZMIERSKI, JOSEPH G. JR.
08/05/03 DEFENDANT NOT IN COURT                 00/00/00
    KAZMIERSKI, JOSEPH G. JR.
08/05/03 CONTINUANCE BY AGREEMENT               09/16/03
    KAZMIERSKI, JOSEPH G. JR.
09/16/03 PRISONER DATA SHEET TO ISSUE           00/00/00
    KAZMIERSKI, JOSEPH G. JR.
09/16/03 CONTINUANCE BY AGREEMENT               10/06/03
    KAZMIERSKI, JOSEPH G. JR.
10/06/03 CHANGE PRIORITY STATUS        R        00/00/00
    CLAPS, JOSEPH M.
10/06/03 PRISONER DATA SHEET TO ISSUE           00/00/00
    CLAPS, JOSEPH M.
10/06/03 CONTINUANCE BY AGREEMENT               10/24/03
    CLAPS, JOSEPH M.
10/24/03 PRISONER DATA SHEET TO ISSUE           00/00/00
    KAZMIERSKI, JOSEPH G. JR.
10/24/03 CONTINUANCE BY AGREEMENT               11/18/03
    KAZMIERSKI, JOSEPH G. JR.
11/18/03 DEFENDANT IN CUSTODY                   00/00/00
    KAZMIERSKI, JOSEPH G. JR.
11/18/03 PRISONER DATA SHEET TO ISSUE           00/00/00
    KAZMIERSKI, JOSEPH G. JR.
11/18/03 MOTION DEFT - CONTINUANCE - MD         11/19/03
    KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 019

PEOPLE OF THE STATE OF ILLINOIS

VS                      NUMBER 91CR2297201

PATRICK        O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

```
11/19/03 DEFENDANT IN CUSTODY                 00/00/00
         KAZMIERSKI, JOSEPH G. JR.
11/19/03 CONTINUANCE BY AGREEMENT             11/21/03
         KAZMIERSKI, JOSEPH G. JR.
11/21/03 DEFENDANT IN CUSTODY                 00/00/00
         KAZMIERSKI, JOSEPH G. JR.
11/21/03 PRISONER DATA SHEET TO ISSUE         00/00/00
         KAZMIERSKI, JOSEPH G. JR.
11/21/03 WITNESSES ORDERED TO APPEAR          00/00/00
         KAZMIERSKI, JOSEPH G. JR.
11/21/03 CONTINUANCE BY AGREEMENT             02/09/04
         KAZMIERSKI, JOSEPH G. JR.
12/30/03 DEFENDANT IN CUSTODY                 00/00/00
         KAZMIERSKI, JOSEPH G. JR.
12/30/03 PRISONER DATA SHEET TO ISSUE         00/00/00
         KAZMIERSKI, JOSEPH G. JR.
12/30/03 CASE ADVANCED                        02/09/04
         KAZMIERSKI, JOSEPH G. JR.
12/30/03 BLOOD TEST ORDERED                   00/00/00 S       1
         KAZMIERSKI, JOSEPH G. JR.
12/30/03 WITNESSES ORDERED TO APPEAR          00/00/00
         KAZMIERSKI, JOSEPH G. JR.
12/30/03 CONTINUANCE BY AGREEMENT             02/09/04
         KAZMIERSKI, JOSEPH G. JR.
02/09/04 DEFENDANT IN CUSTODY                 00/00/00
         KAZMIERSKI, JOSEPH G. JR.
02/09/04 PRISONER DATA SHEET TO ISSUE         00/00/00
         KAZMIERSKI, JOSEPH G. JR.
02/09/04 WITNESSES ORDERED TO APPEAR          00/00/00
         KAZMIERSKI, JOSEPH G. JR.
02/09/04 MOTION DEFT - CONTINUANCE - MD       04/27/04
         KAZMIERSKI, JOSEPH G. JR.
04/27/04 DEFENDANT IN CUSTODY                 00/00/00
         KAZMIERSKI, JOSEPH G. JR.
04/27/04 PRISONER DATA SHEET TO ISSUE         00/00/00
         KAZMIERSKI, JOSEPH G. JR.
04/27/04 WITNESSES ORDERED TO APPEAR          00/00/00
         KAZMIERSKI, JOSEPH G. JR.
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 020

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 91CR2297201

PATRICK        O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
04/27/04 CONTINUANCE BY AGREEMENT                05/10/04
        KAZMIERSKI, JOSEPH G. JR.
05/10/04 PRISONER DATA SHEET TO ISSUE            00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/10/04 WITNESSES ORDERED TO APPEAR             00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/10/04 CONTINUANCE BY AGREEMENT                05/18/04
        KAZMIERSKI, JOSEPH G. JR.
05/18/04 DEFENDANT IN CUSTODY                    00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/18/04 PRISONER DATA SHEET TO ISSUE            00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/18/04 CONTINUANCE BY AGREEMENT                05/24/04
        KAZMIERSKI, JOSEPH G. JR.
05/24/04 CONTINUANCE BY AGREEMENT                06/02/04
        KAZMIERSKI, JOSEPH G. JR.
06/02/04 PRISONER DATA SHEET TO ISSUE            00/00/00
        KAZMIERSKI, JOSEPH G. JR.
06/02/04 CONTINUANCE BY AGREEMENT                06/14/04
        KAZMIERSKI, JOSEPH G. JR.
06/14/04 DEFENDANT IN CUSTODY                    00/00/00
        KAZMIERSKI, JOSEPH G. JR.
06/14/04 PRISONER DATA SHEET TO ISSUE            00/00/00
        KAZMIERSKI, JOSEPH G. JR.
06/14/04 WITNESSES ORDERED TO APPEAR             00/00/00
        KAZMIERSKI, JOSEPH G. JR.
06/14/04 PSYCHIATRIC EXAM REPORT FILED           00/00/00
        KAZMIERSKI, JOSEPH G. JR.
06/14/04 CONTINUANCE BY AGREEMENT                07/27/04
        KAZMIERSKI, JOSEPH G. JR.
07/27/04 REINSTATEMENT                     CALL 00/00/00
        KAZMIERSKI, JOSEPH G. JR.
07/27/04 WITNESSES ORDERED TO APPEAR             00/00/00
        KAZMIERSKI, JOSEPH G. JR.
07/27/04 TRIAL COMENCED AND CONTINUED            07/28/04
        KAZMIERSKI, JOSEPH G. JR.
07/28/04 DEFENDANT IN CUSTODY                    00/00/00
        KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 021

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK    O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

```
The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/28/04 PRISONER DATA SHEET TO ISSUE           00/00/00
     KAZMIERSKI, JOSEPH G. JR.
07/28/04 DEFENDANT FOUND FIT
     DEFT. FOUND FIT TO STAND TRIAL
     KAZMIERSKI, JOSEPH G. JR.
07/28/04 CONTINUANCE BY AGREEMENT               08/17/04
     KAZMIERSKI, JOSEPH G. JR.
08/17/04 DEFENDANT IN CUSTODY                   00/00/00
     KAZMIERSKI, JOSEPH G. JR.
08/17/04 PRISONER DATA SHEET TO ISSUE           00/00/00
     KAZMIERSKI, JOSEPH G. JR.
08/17/04 CONTINUANCE BY AGREEMENT               09/02/04
     KAZMIERSKI, JOSEPH G. JR.
09/02/04 DEFENDANT IN CUSTODY                   00/00/00
     KAZMIERSKI, JOSEPH G. JR.
09/02/04 PRISONER DATA SHEET TO ISSUE           00/00/00
     KAZMIERSKI, JOSEPH G. JR.
09/02/04 CONTINUANCE BY AGREEMENT               09/14/04
     KAZMIERSKI, JOSEPH G. JR.
09/14/04 DEFENDANT IN CUSTODY                   00/00/00
     KAZMIERSKI, JOSEPH G. JR.
09/14/04 PRISONER DATA SHEET TO ISSUE           00/00/00
     KAZMIERSKI, JOSEPH G. JR.
09/14/04 CONTINUANCE BY AGREEMENT               10/08/04
     KAZMIERSKI, JOSEPH G. JR.
10/08/04 CONTINUANCE BY AGREEMENT               11/22/04
     KAZMIERSKI, JOSEPH G. JR.
11/22/04 DEFENDANT IN CUSTODY                   00/00/00
     KAZMIERSKI, JOSEPH G. JR.
11/22/04 PRISONER DATA SHEET TO ISSUE           00/00/00
     KAZMIERSKI, JOSEPH G. JR.
11/22/04 DISCOVERY ANSWER FILED                               2
     SUPPLEMENTAL
     KAZMIERSKI, JOSEPH G. JR.
11/22/04 MOTION DEFT - CONTINUANCE - MD         12/08/04
     KAZMIERSKI, JOSEPH G. JR.
12/08/04 DEFENDANT IN CUSTODY                   00/00/00
     KAZMIERSKI, JOSEPH G. JR.
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 022

PEOPLE OF THE STATE OF ILLINOIS

VS                         ·NUMBER 91CR2297201

PATRICK     O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
12/08/04 PRISONER DATA SHEET TO ISSUE         00/00/00
         KAZMIERSKI, JOSEPH G. JR.
12/08/04 MOTION FOR DISCOVERY                 00/00/00 F      2
         KAZMIERSKI, JOSEPH G. JR.
12/08/04 CONTINUANCE BY AGREEMENT             01/18/05
         KAZMIERSKI, JOSEPH G. JR.
01/18/05 DEFENDANT IN CUSTODY                 00/00/00
         KAZMIERSKI, JOSEPH G. JR.
01/18/05 PRISONER DATA SHEET TO ISSUE         00/00/00
         KAZMIERSKI, JOSEPH G. JR.
01/18/05 SPECIAL ORDER                        00/00/00
         PRO SE MOTION WITHDRAWN
         KAZMIERSKI, JOSEPH G. JR.
01/18/05 WITNESSES ORDERED TO APPEAR          00/00/00
         KAZMIERSKI, JOSEPH G. JR.
01/18/05 CONTINUANCE BY AGREEMENT             02/17/05
         .KAZMIERSKI, JOSEPH G. JR.
02/17/05 PRISONER DATA SHEET TO ISSUE         00/00/00
         KAZMIERSKI, JOSEPH G. JR.
02/17/05 MOTION TO SUPPRESS                   00/00/00 C      C
         STATEMENT
         .KAZMIERSKI, JOSEPH G. JR.
02/17/05 CONTINUANCE BY ORDER OF COURT        03/18/05
         KAZMIERSKI, JOSEPH G. JR.
03/01/05 DEFENDANT IN CUSTODY                 00/00/00
         KAZMIERSKI, JOSEPH G. JR.     .
03/01/05 PRISONER DATA SHEET TO ISSUE         00/00/00
         KAZMIERSKI, JOSEPH G. JR.
03/01/05 WITNESSES ORDERED TO APPEAR          00/00/00
         KAZMIERSKI, JOSEPH G. JR.
03/01/05 CONTINUANCE BY AGREEMENT.            03/29/05
         KAZMIERSKI, JOSEPH G. JR.
03/29/05 DEFENDANT IN CUSTODY                 00/00/00
         KAZMIERSKI, JOSEPH G. JR.
03/29/05 PRISONER DATA SHEET TO ISSUE         00/00/00
         KAZMIERSKI, JOSEPH G. JR.
03/29/05 MOTION TO SUPPRESS                   00/00/00 E      C
         KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       Page 023

PEOPLE OF THE STATE OF ILLINOIS

                    VS              NUMBER 91CR2297201

        PATRICK       O'CONNOR

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
03/29/05 ENTERED AND CONTINUED                   00/00/00
        KAZMIERSKI, JOSEPH G. JR.
03/29/05 CONTINUANCE BY ORDER OF COURT           04/11/05
        KAZMIERSKI, JOSEPH G. JR.
04/11/05 DEFENDANT IN CUSTODY                    00/00/00
        KAZMIERSKI, JOSEPH G. JR.
04/11/05 PRISONER DATA SHEET TO ISSUE            00/00/00
        KAZMIERSKI, JOSEPH G. JR.
04/11/05 MOTION TO SUPPRESS                      00/00/00 D       2
        KAZMIERSKI, JOSEPH G. JR.
04/11/05 MOTION DEFT - CONTINUANCE - MD          05/02/05
        KAZMIERSKI, JOSEPH G. JR.
05/02/05 DEFENDANT IN CUSTODY                    00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/02/05 PRISONER DATA SHEET TO ISSUE            00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/02/05 ADMONISH PER SP CT RULE 402             00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/02/05 CONTINUANCE BY AGREEMENT                05/06/05
        KAZMIERSKI, JOSEPH G. JR.
05/06/05 DEFENDANT IN CUSTODY                    00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/06/05 PRISONER DATA SHEET TO ISSUE            00/00/00
        KAZMIERSKI, JOSEPH G. JR.
05/06/05 CONTINUANCE BY AGREEMENT                05/25/05
        KAZMIERSKI, JOSEPH G. JR.
05/25/05 PRISONER DATA SHEET TO ISSUE            00/00/00
        STERBA, DAVID P.
05/25/05 MOTION DEFT - CONTINUANCE - MD          06/06/05
        STERBA, DAVID P.
06/06/05 DEFENDANT IN CUSTODY                    00/00/00
        KAZMIERSKI, JOSEPH G. JR.
06/06/05 PRISONER DATA SHEET TO ISSUE            00/00/00
        KAZMIERSKI, JOSEPH G. JR.
06/06/05 CONTINUANCE BY AGREEMENT                06/22/05
        KAZMIERSKI, JOSEPH G. JR.
06/22/05 DEFENDANT IN CUSTODY                    00/00/00
        KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 024

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 91CR2297201

PATRICK     O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
06/22/05 PRISONER DATA SHEET TO ISSUE         00/00/00
        KAZMIERSKI, JOSEPH G. JR.
06/22/05 DISCOVERY ANSWER FILED               00/00/00 F       2
        KAZMIERSKI, JOSEPH G. JR.
06/22/05 WITNESSES ORDERED TO APPEAR          00/00/00
        KAZMIERSKI, JOSEPH G. JR.
06/22/05 CONTINUANCE BY AGREEMENT             09/26/05
        KAZMIERSKI, JOSEPH G. JR.
09/26/05 DEFENDANT IN CUSTODY                 00/00/00
        KAZMIERSKI, JOSEPH G. JR.
09/26/05 PRISONER DATA SHEET TO ISSUE         00/00/00
        KAZMIERSKI, JOSEPH G. JR.
09/26/05 WITNESSES ORDERED TO APPEAR          00/00/00
        KAZMIERSKI, JOSEPH G. JR.
09/26/05 CONTINUANCE BY AGREEMENT             12/05/05
        KAZMIERSKI, JOSEPH G. JR.
10/24/05 SPECIAL ORDER                        00/00/00
        NOTIFICATION OF MOTION TO ADVANCE FOR CHANGE OF PLEA
10/24/05 HEARING DATE ASSIGNED                10/26/05 1729
10/26/05 DEFENDANT IN CUSTODY                 00/00/00
        KAZMIERSKI, JOSEPH G. JR.
10/26/05 PRISONER DATA SHEET TO ISSUE         00/00/00
        KAZMIERSKI, JOSEPH G. JR.
10/26/05 PLEA OF GUILTY             C004 00/00/00
        BUT MENTALLY ILL
        KAZMIERSKI, JOSEPH G. JR.
10/26/05 PRE-SENT INVEST. ORD, CONTD TO       00/00/00
        KAZMIERSKI, JOSEPH G. JR.
10/26/05 CONTINUANCE BY ORDER OF COURT        11/28/05
        KAZMIERSKI, JOSEPH G. JR.
11/28/05 DEFENDANT IN CUSTODY                 00/00/00
        KAZMIERSKI, JOSEPH G. JR.
11/28/05 DEF SENTENCED ILLINOIS DOC    C001 00/00/00
                44 YRS
        KAZMIERSKI, JOSEPH G. JR.
11/28/05 DEF SENTENCED ILLINOIS DOC    C005 00/00/00
        COUNT 5 IS CONSECUTIVE TO COUNT 1
                6 YRS
        KAZMIERSKI, JOSEPH G. JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 025

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK    O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/28/05 CREDIT DEFENDANT FOR TIME SERV
    DEFT GIVEN CREDIT FOR 5,202 DAYS
    KAZMIERSKI, JOSEPH G. JR.
11/28/05 DEF ADVISED OF RIGHT TO APPEAL          00/00/00
    KAZMIERSKI, JOSEPH G. JR.
11/28/05 CHANGE PRIORITY STATUS          M    00/00/00
    KAZMIERSKI, JOSEPH G. JR.
03/30/06 POST-CONVICTION FILED                00/00/00
03/30/06 HEARING DATE ASSIGNED                04/05/06 1701
04/05/06 CASE ASSIGNED                        04/05/06 1729
    BIEBEL, PAUL JR.
04/05/06 DEFENDANT IN CUSTODY
    SCHREIER, JAMES M.
04/05/06 CONTINUANCE BY AGREEMENT             04/28/06
    SCHREIER, JAMES M.
04/28/06 DEFENDANT IN CUSTODY                 00/00/00
    BROSNAHAN, MARY MARGARET
04/28/06 PRISONER DATA SHEET TO ISSUE         00/00/00
    BROSNAHAN, MARY MARGARET
04/28/06 CONTINUANCE BY ORDER OF COURT        05/10/06
    BROSNAHAN, MARY MARGARET
05/10/06 DEFENDANT IN CUSTODY                 00/00/00
    KAZMIERSKI, JOSEPH G. JR.
05/10/06 CONTINUANCE BY ORDER OF COURT        06/12/06
    KAZMIERSKI, JOSEPH G. JR.
05/15/06 M/D PETN FOR TRNSCT,COMLAW RCD       00/00/00 F       2
05/15/06 HEARING DATE ASSIGNED                06/12/06 1729
06/12/06 POST-CONV PETITION DISMISSED         00/00/00
    KAZMIERSKI, JOSEPH G. JR.
06/12/06 CORRECTED MITTIMUS TO ISSUE          00/00/00
    TO REFLECT 5129 DAYS AND GUILTY BU MENTALLY IL
    KAZMIERSKI, JOSEPH G. JR.
06/12/06 SPECIAL ORDER                        00/00/00
    COPY OF CORRECTED MITTIMUS FORWARDED TO STATEVILLE/IDOC
06/20/06 NOTIFICATION SENT TO DEFENDANT       00/00/00
07/18/06 NOTICE OF APPEAL FILED, TRNSFR       00/00/00
07/18/06 NOTICE OF NOTICE OF APP MAILED       00/00/00

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 026

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 91CR2297201

PATRICK       O'CONNOR

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
| 07/18/06 HEARING DATE ASSIGNED | 07/21/06 1713 | |
| 07/24/06 MOTION TO REDUCE SENTENCE | 00/00/00 F | 2 |
| 07/24/06 HEARING DATE ASSIGNED | 07/28/06 1729 | |
| 07/28/06 MOTION TO REDUCE SENTENCE | 00/00/00 D | 2 |
| KAZMIERSKI, JOSEPH G. JR. | | |
| 07/21/06 ILL STATE APPELLATE DEF APPTD | 00/00/00 | |
| BIEBEL, PAUL JR. | | |
| 07/21/06 O/C FREE REPT OF PROCD ORD N/C | 00/00/00 | |
| BIEBEL, PAUL JR. | | |
| 07/21/06 MEMO OF ORDS & NOA PICKED-UP | 00/00/00 | |
| BIEBEL, PAUL JR. | | |
| 09/22/06 REPT OF PRCDS ORD FR CRT RPT | 00/00/00 | |
| 10/10/06 COMMON LAW RECORD PREPARED | 00/00/00 | |
| (02)VOLUME CLR PREPARED | | |
| 10/11/06 CLR RECD BY APP COUNSEL | 00/00/00 | |
| STATE APPELLATE DEFENDER - ONE VOLUME | | |



I hereby certify that the foregoing has
been entered of record on the above
captioned case.
Date 11/02/06

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

STATE OF ILLINOIS )
                 ) §
COUNTY OF COOK    )

FILED
ANNE JACKSON
DEC 02 1998
AURELIA PUCINSKI
CLERK OF CIRCUIT COURT

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

PATRICK O'CONNOR              )
                   Petitioner )
                              )     P.C. NO. 91-CR-22972
          vs.                 )     HONORABLE JOSEPH KAZMIERSKI
                              )     Judge Presiding
PEOPLE OF THE STATE OF ILLINOIS )
                   Respondent )

### AMENDED MOTION TO DISMISS

Now comes the Respondent, People of the State of Illinois, by Richard A. Devine, State's Attorney of Cook County, Illinois, and Michael L. Corkell, Assistant State's Attorney, and respectfully moves this Honorable Court to strike the petition heretofore filed herein and to dismiss the proceedings for the following reasons:

1. Petitioner's allegations fail to raise any constitutional questions within the purview of the Post-Conviction Hearing Act.

2. Those of petitioner's allegations which might in their broadest sense be construed as raising such constitutional questions are merely bare allegations which, on numerous occasions, have been held by the Supreme Court of Illinois and the Appellate Court of Illinois, First District, to be not sufficient to require a hearing.

1

EXHIBIT C

3.   A guilty plea waives all errors or irregularities non-jurisdictional.  <u>People v. Heirens</u>, (1954) 4 Ill.2d 131; <u>People v. Brown</u>, (1969) 41 Ill.2d 503; <u>McMann v. Richardson</u> (1970) 397 U.S. 759; <u>Tollett v. Henderson</u>, (1973) 411 U.S. 58.

4.   <u>Waiver Applies.</u>

Even though appellate counsel filed an Anders brief, petitioner neglected to raise any claims to the Appellate Court.

5.   <u>Fitness Hearing</u>.

Petitioner argues that the trial court should have conducted a fitness hearing because he was allegedly taking psychotropic drugs when he plead guilty.

The Respondent moves to dismiss this claim for the following reasons:

First, at the time of petitioner's pleas of guilty on September 1, 1993 the decision of <u>People v. Brandon</u> (1994) 162 Ill.2d 450 was not the law in the State of Illinois.  In <u>People v. Strickland</u> (1993) 154 Ill.2d 489, the Illinois Supreme Court held in a capital case that the trial judge did not err in not conducting a formal fitness hearing in a case where the defendant was taking Meharil, which could be considered a psychotropic drug. The court further held that a trial judge can base his findings on what he sees in his courtroom.  The Court held.....

> Moreover, we do not believe that a judge is required to close his eyes to what occurs in his own courtroom. to be sure, lay observation is not a substitute for expert testimony. But a judge need not entirely ignore his own observations of the defendant, particularly when, as

2

> here, the defendant has taken the witness stand and testified at trial. The fitness determination requires an evaluation of the capacity of the accused to comprehend the proceedings and to assist in the presentation of his defense. (See Ill. Rev. Stat. 1985, ch. 38, par. 104-10.) We do not believe that a trial judge is required to disregard completely his own observations of the defendant's ability to perform those functions.

Therefore, the trial court and counsel cannot be faulted for following the law as it existed at the time of petitioner's plea of guilty.

Second, petitioner has failed to demonstrate why these drugs were administered to him and in fact that they are psychotropic medications. In People v. Kidd (1996) 175 Ill.2d 1 the Illinois Supreme Court held that the Rule in Brandon was not violated, even though the defendant was receiving Dilantin and Elavil and Tegretol and the defendant did not receive a fitness hearing. The Court observed that some drugs can be psychotropic depending upon the dosage and the purpose for which they are prescribed. In People v. Strickland, supra, the Illinois Supreme Court held that Mellaril may or may not be psychotropic depending upon the dosage. In Kidd the Court held.....

> Britz further clarified what drugs are psychotropic by adopting the definition found in the Mental Health and Developmental Disabilities Code (405 ILCS 5/1 - 100 through 6-107 (West 1994)). 174 Ill.2d at 197-98. Section 1-121.1 of the Code defines the term "psychotropic medication" as a "medication whose use for

3

antipsychotic, antidepressant, antimanic, antianxiety, behavioral modification or behavioral management purposes is listed in AMA Drug Evaluations, latest edition, or Physician's desk Reference, latest edition, or which are administered for any of these purposes." 405 ILCS 5/1-121.1 (West Supp. 1995). Applying this definition, we conclude that Dilantin is not a psychotropic drug for purposes of the fitness provision of section 104-21(a). Dilantin is prescribed for the treatment of epilepsy, not for any of the purposes specified in the definition found in section 1-121.1 of the Mental Health and Developmental Disabilities Code. Moreover, neither of the references cited in the preceding, definition indicate that Dilantin is used for psychotropic purposes. According to the Physician's desk Reference, Dilantin (phenytoin) is an anticonvulsant drug used to treat epilepsy and to prevent and treat seizures occurring during or following neurosurgery. Physician's Desk Reference 1906-13 (50th ed. 1996) (phenytoin is a drug used to control epileptic seizures).

Because the defendant was not entitled to a fitness hearing under section 104-21(a), defense counsel could not have been ineffective for failing to seek one pursuant to that provision. Accordingly, we do not address the defendant's additional argument that he received ineffective assistance of counsel when his trial attorneys failed to invoke section 104-21(a).
(ID at pp. 18-19)

4

In his amended post-conviction petition, petitioner fails to supply cognizable evidence that he was prescribed these medicines were prescribed for anti psychotic, anti depressant, anti manic, anti anxiety, behavior modification or behavioral management.  It should be noted that petitioner received Dilantin to control seizures.

The Respondent submits that petitioner has failed to demonstrate why these medicines were administered.

6.  Fitness Hearing Continued.

In Claim II of his amended petition, petitioner argues that the trial judge should have ordered sua sponte a fitness hearing. Hearings that the diagnosis of Dr. Stipes and testimony of Dr. Paul Pasulka called for a fitness examination and hearing, and raised a bona fide doubt.  The record of the motion to suppress belies this claim.

The Respondent submits that petitioner has failed to establish a bona fide doubt concerning his fitness.

7.  Retroactivity of People v. Burgess,
    (1997) 176 Ill.2d 289.

In Claim III of his amended petition for post-conviction relief, petitioner argues that the holding of Burgess, which allows retrospective fitness hearings, cannot be applied to this proceeding.  He argues that this is a new rule citing Teague v. Lane (1989) 489 U.S. 288.

The Respondent submits that petitioner errs in making this argument.

5

In <u>People v. Neal</u> (1997) _____Ill.2d_____ the Illinois Supreme Court held that the decision in <u>Burgess</u> applied to post-conviction proceedings.    The Court held that <u>Burgess</u> is retroactive.   The Illinois Supreme Court held.....

> Unlike this case, <u>Burgess</u> was not a proceeding under the Post-Conviction Hearing Act.  The post-trial hearing on defendant's fitness was conducted pursuant to a remand ordered by this court while the matter was pending on direct review of defendant's conviction and sentence.   That procedural difference, however, is now significant.   Once one accepts the proposition that fitness can be assessed after the fact, as a majority of his court did in <u>Burgess</u>, it does not matter whether the retrospective fitness hearing was convened pursuant to a remand order on direct review or whether it was conducted in connection with an action under the Post-Conviction Hearing Act.

In <u>Neal</u> the Illinois Supreme Court held that the lack of a pretrial fitness hearing did not call for reversal of a murder conviction and death sentence.   The court rejected a purse band on retroactive fitness hearings.

The Respondent moves to dismiss claim III.

8.   <u>New Trial.</u>

In Claim IV of his amended petition, petitioner argues that the report of Dr. Conroe requires that he be given a trial.  This only an opinion which a judge may accept or reject.

6

9.  Federal Constitution Law.

In Claim V of his amended petition, petitioner argues that as a matter of Constitutional Law retrospective fitness hearings are insufficient to protect his due process rights.

In People v. Neal, supra, the Illinois Supreme Court held.....

> In the case before us today, approximately 15 years have elapsed since defendant's trial and sentencing. That is a far longer interval than was involved in any of the foregoing decisions. The passage of time, however, is not dispositive. The federal decisions do not establish a bright line rule. Rather than imposing a flat ban on retrospective fitness determinations at delayed post-conviction hearings, they represent an admonition as to the inherent difficulty of retrospectively determining an accused's competency to stand trial (See Conner v. Wingo, 429 F.2d 630, 639 (6th Cir. 1970)), a principle we well appreciate. See Nitz, 173 Ill.2d at 164.

The Respondent moves to dismiss this claim.

10. Guilty Plea.

In Claim VI of his amended petition, petitioner argues that the trial judge did not comply with 725 ILCS 5/115-2.

The Respondent moves to dismiss this claim for the following reasons:

First, the trial judge heard the testimony of Dr. Stipes and Dr. Pasulka.

Second, he afforded petitioner an opportunity to present evidence.

7

Third, the plea transcript shows a valid jury waiver and a factual basis of mental illness.

Fourth, the plea transcripts demonstrates strict compliance with Supreme Court Rule 402.

WHEREFORE, Respondent prays that an order be entered by this Court, striking the petition of the petitioner, Patrick O'Connor and dismissing the proceedings.

Respectfully submitted

RICHARD A. DEVINE
State's Attorney of
Cook County, Illinois

By:    _Michael L. Corkell_
Michael L. Corkell
Assistant State's Attorney

*CAZMIERSKI*
*ZD7*

E-FILED
Wednesday, 27 December, 2006 07:56:37 AM
Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )

**F I L E D**

**JAN 0 4 1999**

**AURELIA PUCINSKI**
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION

PATRICK O'CONNOR,           )
              Petitioner,   )
                            )     Indictment No. 91cr22972
     -v-                    )
                            )
THE STATE OF ILLINOIS,      )     Judge Kazmierski
              Respondent.   )     Presiding.

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

I, the undersigned attorney, do certify that, on January 4, 1999, I filed originals of the attached "Response to State's Motion to Dismiss" copies of which are attached.

I further certify that, on January 4, 1999, I served a true copy of the above-listed document on the address below by means of hand delivery:

        Michael Corkell
        Office of the Cook County State's Attorney
        2650 South California, 14th Floor
        Chicago, IL  60608


Brendan Max
Assistant Public Defender
Office of the Public Defender

**EXHIBIT D**

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF COOK             )

FILED
JAN 04 1999
AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

## IN THE CIRCUIT COURT OF COOK COUNTY
## CRIMINAL DIVISION

PATRICK O'CONNOR,                    )
                                     )
              Petitioner,            )        Indictment No. 91cr22972
                                     )
       -v-                           )
                                     )        Judge Joseph Kazmierski
THE STATE OF ILLINOIS,               )        Presiding.
                                     )
              Respondent.            )

### RESPONSE TO STATE'S AMENDED MOTION TO DISMISS

By not challenging the allegations which establish a constitution violation of Petitioner's right to be fit during his prosecution, the State has conceded the constitutional violation. To establish a constitutional violation, Petitioner need only prove that: 1) he was taking psychotropic drugs during his prosecution, and 2) no hearing was held to determine Petitioner's fitness. 725 ILCS 5/104-21. In its motion to dismiss, the State nowhere challenges Petitioner's assertion that he was taking daily doses of Cogentin and Stelazine during his prosecution and on the day he pled guilty. Furthermore, the State nowhere claims that a hearing was conducted to determine Petitioner's fitness with medication. In fact, the State cannot contest these allegations because they are supported by the indisputable facts of this case. These facts establish a constitutional violation as a matter of law and require this Court to allow Petitioner to withdraw his plea of guilty.

I.      **All fitness issues escape waiver because the trial of unfit defendants is completely abhorrent to Due Process.**

In psychotropic drug cases "where a defendant's capacity is the issue in question, it is anomalous to even consider concepts of waiver." People v. Brandon, 162 Ill.2d 450, 643 N.E.2d 712, 715 (1994). The Illinois Supreme Court reiterated this emphatically in People v. Nitz:

> "[T]o the extent that the State is suggesting waiver, we reject it out of hand. As we have stated the right to be tried while unfit is highly valued. Not even the failure to timely assert a fitness issue will cause the right to fall prey to the ordinary operation of procedural default. People v. Nitz, 173 Ill.2d 151, 670 N.E.2d 672, 676 (1996).

Therefore, the State's misplaced waiver claim must be rejected. (State Motion, p. 2).

II.     **The State's claim that *Strickland* prevents Petitioner's case from going to hearing must be rejected because the defendant in *Strickland* was given a hearing.**

The State vaguely argues that People v. Strickland prevents Petitioner's claim. (State Motion, p. 2-3). Not even a strained reading of Strickland supports the State's assertion. In Strickland, *a fitness hearing was conducted*, and the defendant later complained about some of the procedures involved in the hearing. People v. Strickland, 154 Ill.2d 489, 609 N.E.2d 1366, 1372 (1992). Since the case in Strickland proceeded to an evidentiary hearing, Strickland cannot support the State's faulty argument that Petitioner's case should be dismissed prior to the hearing stage.

III.    **In relying on *People v. Kidd*, the State concedes that Petitioner was on psychotropic medication.**

In citing to People v. Kidd, the State concedes that Petitioner was taking psychotropic medication. In Kidd, the court held that the following two references control whether a drug is psychotropic: the *AMA Drug Evaluations* and the *Physician's Desk Reference*. People v. Kidd, 175 Ill2d 1, 675 N.E.2d 910, 918-19 (1997). The court further held that the defendant's epilepsy

2

medication, Dilantin, was not listed in the references and thus not psychotropic. Id.  In addition to not being classified as a psychotropic drug, Dilantin was given to the defendant for a purely non-psychotropic reason- epilepsy.  Id.

Unlike in Kidd, both the *Physician's Desk Reference*  and the *State of Illinois Circuit Court of Cook County Forensic Clinical Services Psychotropic List* identify Petitioner's medication, Cogentin and Stelazine, as psychotropic medication. (Supplemental Petition, p. 4).  Furthermore, unlike the Kidd defendant who was placed on medication for epilepsy, Petitioner here was place on psychotropic medication due to auditory hallucinations. (Supplemental Petition, Exhibit F). Moreover, Petitioner was suffering from Organic Personality Disorder resulting from several severe head traumas. (Supplemental Petition, Exhibit F).  Therefore, the medication Petitioner was ingesting during his plea was psychotropic.  Furthermore, since the State does not contest the fact that Petitioner was actually taking Cogentin and Stelazine, it is established as a matter of law that Petitioner was taking psychotropic medication during his prosecution.

**IV.     The State's argument for applying *Burgess* retroactively violates the U.S. Constitution.**

Federal due process forbids the retroactive application of Burgess. U.S. Const.Art. VI, U.S. Const. Amend. 14.  Teague v. Lane controls the retroactivity of new rules. See People v. Moore, 177 Ill.2d 421, 686 N.E.2d 587, 592-93 (1997).  Pursuant to Teague, a new rule cannot be applied retroactively to cases no longer pending when the new rule was announced. Teague v. Lane, 489 U.S. 288, 304-05 (1989); See also O'Dell v. Netherland, 521 U.S. 151, 117 S.Ct. 1969 (1997)(where the Supreme Court held that a new criminal procedure rule cannot be applied retroactively).  The State has conceded that the retrospective fitness hearing rule announced in Burgess is a new rule. Likewise, the State cannot challenge Petitioner's assertion that his case was no longer pending when

3

Burgess was announced.  Therefore, Burgess cannot apply to Petitioner, the U.S. Constitution forbids it.

The State's reliance on People v. Neal for the proposition that the new Burgess retrospective fitness hearing rule can be applied to Petitioner is erroneous.  First, the lack of analysis in Neal makes it impossible to determine if it applies to the present facts.  Second, as a matter of Federal due process, the Burgess rule is new law that cannot be applied retroactively. O'Dell v. Netherland, 521 U.S. 151, 117 S.Ct. 1969 (1997).  Moreover, in the post-Neal case of People v. Hill, the First District correctly held that the new "retrospective fitness hearing" rule applies only to cases which were "still pending" when the new rule was announced . People v. Hill, 697 N.E.2d 316 (1st Dist. 1998).  Since Petitioner's case indisputably was not still pending when Burgess was announced, Burgess cannot apply to Petitioner.  Therefore, this Court must grant Petitioner's request that he be allowed to withdraw his guilty plea.

### Conclusion.

Wherefore, Petitioner Patrick O'Connor prays that this Court enter an order allowing Petitioner to withdraw his plea of guilty.

Respectfully Submitted,

Brendan Max

Atty. No. 30295
RITA A. FRY
Cook County Public Defender
2240 W Ogden, Floor 2
Chicago, IL  60612
(312)738-5373

4

E-FILED
Wednesday, 27 December, 2006  07:56:50 AM
Clerk, U.S. District Court, ILCD

CIRCUIT COURT OF COOK COUNTY
2650 S. CALIFORNIA - 5TH FLOOR
CHICAGO, ILLINOIS 60608
(773) 890-3140

AURELIA PUCINSKI, CLERK                      DATE:____MARCH 16, 1999____

____PATRICK O' CONNOR____

                              PETITIONER
VS.

THE PEOPLE OF THE STAT E OF ILLINOIS
                RESPONDENT

TO____PATRICK O'CONNOR   #B 45832____        NO. P.C.___91CR 22972-01____

ADDRESS____P.O. BOX 4001____

CITY & STATE____DANVILLE, ILLINOIS  61834____

NOTICE

Pursuant to Illinois Supreme Court Rule 651, as Amended and Adopted on January 25, 1996, and effective the same day to read as follows:

"You are hereby notified that on ____MARCH 12, 1999____ the court entered an order, a copy of which is enclosed herewith. You have a right to appeal. In the case of an appeal from a post-conviction proceeding involving a judgment imposing a sentence of death, the appeal is to the Illinois Supreme Court. In all other cases, the appeal is to the Illinois Appellate Court in the district in which the circuit court is located. If you are indigent, you have a right to a transcript of the record of the post-conviction proceedings and to the appointment of counsel on appeal, both without cost to you. To preserve your right to appeal you must file a notice of appeal in the trial court within 30 days from the date the order was entered."

Enclosure _____ Copy of Judgement Order

AURELIA PUCINSKI

*Aurelia Pucinski*

Clerk of the Circuit

Directs inquiries to:      Chief Deputy Clerk of the Circuit Court
                           Criminal Division
                           2650 South California Av
                           Chicago, Illinois 60608

Form: CR 007                                          EXHIBIT E

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
)  INDICTMENT NO. 91CR 22972-01
)
)  INDICTMENT FOR: POST CONVICTION
vs.  )
)
)  _____
)
PATRICK O'CONNOR )

### CERTIFIED REPORT OF DISPOSITION

The following disposition was rendered before the Honorable Judge

JOSEPH G. KAZMIERSKI, ON MARCH 12, 1999, STATES MOTION TO DISMISS

POST CONVICTION PETITION IS GRANTED.

I hereby certify that the foregoing has been entered of record on the above captioned case.

Date: MARCH 16, 1999

*Aurelia Pucinski* M.G.

AURELIA PUCINSKI, Clerk of the Circuit Court

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

E-FILED
Wednesday, 27 December, 2006  07:57:10 AM
Clerk, U.S. District Court, ILCD

No. 99-1339

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PATRICK O'CONNOR, | ) | Appeal from the Circuit Court of Cook County, Illinois |
| Petitioner-Appellant, | ) | |
| | ) | Indictment No. 91 cr 22972 |
| v. | ) | |
| | ) | Honorable Joseph Kazmierski |
| THE STATE OF ILLINOIS, | ) | Presiding. |
| Respondent-Appellee. | ) | |

BRIEF AND ARGUMENT FOR PETITIONER-APPELLANT

RITA A. FRY
Public Defender of Cook County
69 West Washington, Floor 15
Chicago, IL 60602
(312)603-0600

BRENDAN MAX
Assistant Public Defender

Of Counsel.

ORAL ARGUMENT REQUESTED

RECEIVED
CRIMINAL APPEALS

SEP 1 8 1999

JOB RICHARD J DALEY CENTER
RICHARD A IRVING
STATE'S ATTORNEY'S OFFICE

EXHIBIT F

POINTS AND AUTHORITIES

I    THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT
     PETITIONER WAIVED THE ISSUE OF FITNESS BASED ON PSYCHOTROPIC
     DRUGS BY FAILING TO RAISE THE ISSUE PRIOR TO HIS POST CONVICTION
     PETITION.

*Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836 (1966) ............................... 11-12

*People v. Brandon*, 162 Ill.2d 450, 643 N.E.2d 712 (1994) .......................... 11,13

*People v. Britz*, 174 Ill.2d 163, 673 N.E.2d 300 (1996) ............................... 12

*People v. Eddmonds*, 143 Ill.2d 501, 578 N.E.2d 952 (1991) ........................... 11

*People v. Kinkaid*, 168 Ill.2d 394, 660 N.E.2d 852 (1996) .......................... 11-14

*People v. Murphy*, 72 Ill.2d 421, 381 N.E.2d 677 (1978) ............................... 11

*People v. Nitz*, 173 Ill.2d 151, 670 N.E.2d 672 (1996) ................................. 11

*People v. Whitehead,* 169 Ill.2d 355, 662 N.E.2d 1304 (1996) .......................... 13

II   PETITIONER'S CASE MAY NOT BE REMANDED FOR FURTHER CONSIDERATION
     IN LIGHT OF *PEOPLE V. BURGESS* OR ITS PROGENY BECAUSE THE CHANGE
     FROM THE RULE OF AUTOMATIC REVERSAL TO THE RULE OF RETROSPECTIVE
     FITNESS HEARINGS CANNOT BE APPLIED RETROACTIVELY TO PETITIONER'S
     CASE.

*Teague v. Lane*, 489 U.S. 288 (1989) ......................................... 14,17

*People v. Abraham*, 293 Ill.App.3d 801, 689 N.E.2d 278 (2nd Dist. 1997) ................ 16

*People v. Birdsall*, 172 Ill.2d 464, 670 N.E.2d 700 (1996) .......................... 14-15

*People v. Brandon*, 162 Ill.2d 450, 643 N.E.2d 712 (1994) ............................ 15

*People v. Burgess*, 176 Ill.2d 289, 680 N.E.2d 357, 363 (1997) ..................... 15-17

*People v. Gevas*, 166 Ill.2d 461, 655 N.E.2d 894 (1995) ............................. 14-15

*People v. Harris*, 164 Ill.2d 322, 647 N.E.2d 893 (1994) .............................. 17

*People v. Hill*, 297 Ill.App.3d 500, 697 N.e.2d 316 (1st Dist. 1998) . . . . . . . . . . . . . . . . . . . . . . 17

*People v. Kinkaid*, 168 Ill.2d 394, 660 N.E.2d 852 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

*People v. Moore*, 177 Ill.2d 421, 686 N.E.2d 587 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*People v. Nitz*, 173 Ill.2d 151, 670 N.E.2d 672 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

III    EVEN IT THIS COURT HOLDS THAT THE *BURGESS* CHANGE APPLIES RETROACTIVELY, THE ILLINOIS SUPREME COURT NONETHELESS HOLDS THAT IT IS INAPPROPRIATE TO APPLY *BURGESS* TO PETITIONER'S CASE.

*People v. Kinkaid*, 168 Ill.2d 394, 660 N.E.2d 852  (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 18-19

IV    PETITIONER'S CASE MAY NOT BE REMANDED FOR FURTHER CONSIDERATION IN LIGHT OF *PEOPLE V. BURGESS* OR ITS PROGENY BECAUSE THE UNITED STATES SUPREME COURT HOLDS THAT, AS A MATTER OF FEDERAL CONSTITUTIONAL LAW, RETROSPECTIVE FITNESS HEARINGS ARE INSUFFICIENT TO PROTECT A DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL.

*Drope v. Missouri*, 420 U.S. 162 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

V    THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED PETITIONER'S POST CONVICTION PETITION BECAUSE PETITIONER'S DUE PROCESS RIGHT TO BE FIT WHEN TRIED WAS VIOLATED WHEN HE DID NOT RECEIVE A FITNESS HEARING DESPITE A BONA FIDE DOUBT CONCERNING PETITIONER'S FITNESS.

*People v. Brandon*, 162 Ill.2d 450, 643 N.E.2d 712 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*People v. George*, 263 Ill.App.3d 968, 636 N.E.2d 682 (1st Dist. 1993) . . . . . . . . . . . . . . . . . . 21

*People v. Nitz*, 173 Ill.2d 151, 670 N.E.2d 672 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

VI    THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED PETITIONER'S POST CONVICTION PETITION BECAUSE PETITIONER'S DUE PROCESS RIGHT TO BE FIT WHEN TRIED WAS VIOLATED WHEN HE DID NOT RECEIVE THE FITNESS HEARING REQUIRED BY THE GUILTY BUT MENTALLY ILL STATUTE.

*725 ILCS 5/115-2* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## NATURE OF THE CASE

Following a negotiated plea of guilty but mentally ill before Judge Thomas Cawley on September 1, 1993, Petitioner was sentenced to 50 years incarceration for murder and a concurrent 20 years incarceration for aggravated criminal sexual assualt.

On appeal, Petitioner's appellate lawyer filed an Anders motion, raising no appellate issues. Thereafter, Petitioner filed a pro-se post conviction petition before Judge Joseph Kazmierski. Petitioner's post conviction counsel filed a Supplemental Petition for Post Conviction Relief. On March 12, 1999, Judge Kazmierski granted the State's motion to dismiss Petitioner's post conviction petition. Petitioner appeals from this ruling.

1

## ISSUES PRESENTED FOR REVIEW

I. Whether the trial court erred in dismissing Petitioner's post conviction claim of a due process violation where Petitioner was allowed to plead guilty but mentally ill without a fitness hearing despite the fact that Petitioner was taking daily doses of psychotropic medication.

II. Whether the trial court erred in dismissing Petitioner's post conviction claim of a due process violation where Petitioner was allowed to plead guilty but mentally ill without a fitness hearing despite the fact that Petitioner was mentally ill, suffered from Organic Brain Disorder, had a plate surgically placed in his head after a severe car accident, had a borderline IQ, functioned at the mental level of a 4th or 5th grader, suffered from auditory hallucinations, and was diagnosed as not being able to adequately comprehend his Miranda warnings, all raising bona fide doubt concerning Petitioner's fitness.

III. Whether the trial court erred in dismissing Petitioner's post conviction claim of a due process violation where Petitioner was allowed to plead guilty but mentally ill without the mandatory fitness hearing required by the guilty but mentally ill statute.

2

## STATEMENT OF JURISDICTION

This is an appeal from the judgment entered in the Circuit Court of Cook County on March 12, 1999, granting the State's motion to dismiss Petitioner's post conviction petition. Notice of Appeal was timely filed on March 24, 1999. Jurisdiction arises under Illinois Supreme Court Rule 604(b) and under Article VI, Section 6 of the Illinois Constitution. *See*, Ill.S.Ct.R. 604(b), Ill.Const.Art. 6, Sect. 6.

## STATEMENT OF FACTS

Despite the fact that Petitioner suffered from Organic Brain Disorder, had a plate inserted in his head after a severe car accident, was left with a borderline IQ and the mental functioning of a 4th or 5th grader, while taking a daily regimen of psychotropic medication, and was acknowledged by the trial court to be mentally ill, the trial court never conducted a fitness hearing when Petitioner plead guilty but mentally ill to murder. Three separate statutes required that a fitness hearing be conducted in Petitioners case: the psychotropic medication statute, the general fitness statute, and the guilty but mentally ill statute.

It is undisputed that Petitioner was taking daily doses of Stelazine and Cogentin throughout his prosecution. (C. 142-157). Both Stelazine and Cogentin are recognized by the *State of Illinois Circuit Court of Cook County Forensic Clinical Services Psychotropic List* and the *1998 Physician's Desk Reference Psychotropic Drug List* as being psychotropic medication. (C. 158-162). Prior to accepting Petitioner's plea of guilty but mentally ill, the trial court was aware of Petitioner's severe mental deficiencies. Up to the day that the trial court accepted Petitioner's plea of guilty but mentally ill along with his waiver of his right to a jury trial, Petitioner's ability to understand and waive constitutional protections was being explored during an unfinished motion to suppress statements.(Supplemental Record, p. 4). On July 16, 1993, the parties to Petitioner's prosecution began litigating a motion to suppress statements based on Petitioner's inability to understand Miranda and coercion. (Supplemental Record, p. 4).

4

The court heard the testimony of Dr. Albert Stipes.(Supplemental Record, p. 66). Dr. Stipes was a Forensic Psychiatrist for the Psychiatric Institute of the Circuit Court of Cook County.(Supplemental Record, p. 69). In this capacity, Dr. Stipes had reviewed over 10,000 felony cases and testified as an expert in over 1000 cases.(Supplemental Record, p. 70). Dr. Stipes conducted an in-person evaluation of Petitioner and was provided with Petitioner's full medical and psychological history. Dr. Stipes testified that he diagnosed Petitioner as suffering from Organic Personality Syndrome.(Supplemental Record, p. 93). Dr. Stipes explained Petitioner's medical history:

1) Petitioner was hospitalized on November 13, 1980 due to severe head trauma.(Supplemental Record, p. 74).

2) Petitioner suffered a right subdural hematoma and skull fracture that caused left-side paralysis, partial blindness.(Supplemental Record, p. 78).

3) Petitioner had portions of his frontal and temporal areas of his brain surgically removed and a plate placed in his head.(Supplemental Record, p. 79-80).

4) Petitioner was again hospitalized on February 27, 1986, due to a second severe head trauma as the result of being hit by a truck.(Supplemental Record, p. 76).

5) Petitioner suffered a intracerebral hemorrhage and the plate in his head shifted positions.(Supplemental Record, p. 85).

Dr. Stipes explained that prior to Petitioner suffering these severe head injuries, Petitioner was an honor role student and a jet engine mechanic in the Air Force Reserves.(Supplemental Record, p. 82). After the injuries, Petitioner "[no] longer had the intellectual ability he had previously." (Supplemental Record, p. 82). Dr. Stipes explained that Petitioner's severe mental limitations left Petitioner almost impossible to interview.(Supplemental Record, p. 88-90). Dr. Stipes explained that Petitioner was tangential and circumstantial in his speech, meaning:

He would take off onto another direction on another subject that was unrelated to what I asked him about, and he would just keep going on and on about it. And it was very difficult to get

5

min back to the subject. . ..This was to reach the point, I almost call it flight of ideas. This is a symptom in which the ideas go on far off. They are totally unrelated. He almost got to that point. . .This is commonly seen in individuals with brain damage. This type of tangentiality, because they are unable to concentrate or focus on one idea for very long, the interview with him became very difficult. . .It became difficult to get any useful information because I would have to keep bringing him back to the subject, bringing him back to the subject every few seconds as we talked.(Supplemental Record, p. 88-89).

Finally, Dr. Stipes testified that Petitioner was not a malingerer, meaning Petitioner was not faking or

exaggerating his illness.(Supplemental Record, p. 91).

In addition to the testimony of Dr. Stipes, Dr Paul Pasulka also testified to Petitioner's severe

mental limitations.(Supplemental Record, p. 110). Dr. Pasulka was a licensed psychologist with a

Ph.D in Clinical Psychology.(Supplemental Record, p. 110-112). Dr. Pasulka testified again to

Petitioner's history of severe head trauma:

1) Petitioner suffered a massive hemorrhage which led to his being in a coma and eventually a plate being place in his head.(Supplemental Record, p. 126-127).

2) Petitioner suffered from partial paralysis, difficulty walking and impaired speech, and partial blindness.(Supplemental Record, p. 128).

3) On March 4, 1986, Petitioner suffered a second severe brain trauma.(Supplemental Record, p. 142).

4) After Petitioner's second brain trauma, he had a performance I.Q. of 77, which indicates borderline mental deficiency.(Supplemental Record, p. 144-146).

As a result of these injuries, Petitioner was left with a "borderline mentally deficient" IQ and

functioning at a 4th or 5th grade level.(Supplemental Record, p. 156, 178). Petitioner suffered from

serious mental impairments, including loss of impulse control, poor judgment, impulsivity, and

inability to appreciate circumstances.(Supplemental Record, p. 133). Further, Dr. Pasulka stated that

people with Petitioner's impairments:

6

Talk a good game but have very poor judgment, implusivity, inability to appreciate circumstances, inability to fully appreciate. And this is where I say they can be found in verbal ability, inability to fully appreciate what is being said or in fact what they're saying at the time. It's the same kind of thing they can be saying something and not necessarily fully understand completely what is being said.(Supplemental Record, p. 134).

Finally, Doctor Pasulka was asked to give his expert opinion concerning Petitioner's ability to understand and waive Miranda rights:

Q: You also have an opinion as to whether or not the defendant could comprehend and therefore make a Knowing and intelligent waiver of his Miranda rights on August the 29th of 1991?

A: I do.

Q: And what is that opinion?

A: My opinion is that he could not.

        \*     \*     \*

Q: And why is it that he would not be able to comprehend and make a knowing intelligent waiver of his Miranda rights on August the 29th of 1991?

A: Merely for all of the variables that we've discussed before. I think his judgment, his insight is very, very limited despite the fact that he has a, something of a preserved verbal ability. It is really a shell without any depth of understanding, it is very superficial. Again all of this is, was pointed out in Dr. Peterson's report in 1983 saying that he could perhaps parrot social, appropriate social judgment and concern but in fact in reality it would mean very little to him. I think the other issue is that this gentleman under a situation like that would take whatever was readily available to him in terms of something that is fed to him or suggested to him and use that to build up his version of reality.(Supplemental Record, p. 151-153).

This information concerning Petitioner's severe deficits and his low functioning was known to the trial court prior to Petitioner's plea.

Before the parties concluded the motion to suppress, Petitioner pled guilty but mentally ill.(C. 61-115). On September 1, 1993, Petitioner's attorney informed the court that Petitioner wished to accept the court's offer and plead guilty.(C. 63). Minutes later, Petitioner changed his mind and

7

decided to continue to litigate his case.(C. 66). Petitioner's case was continued until after the lunch break, when Petitioner was to conclude his motion to suppress.(C. 67). However, after lunch, Petitioner's attorney informed the court that Petitioner had again changed his mind and wished to plead guilty but mentally ill.(C. 69).

At that point, the court accepted Petitioner's plea. As part of Petitioner's plea of guilty but mentally ill, the court acknowledged Petitioner's mental illness: "Under the statute there's a factual basis for, number one, the defendant was and is mentally ill." (C. 106). At no time was a fitness hearing conducted, nor was any mention made of Petitioner's ingestion of psychotropic medication.

At post conviction, Petitioner alleged that his due process rights were violated when he was afforded no fitness hearing pursuant to the psychotropic drug statute.(C. 118-134). Further, Petitioner argued that, because People v. Burgess, 176 Ill.2d 289, 680 N.E.2d 357 (1997), could not be applied retroactively, the post conviction court was required to grant Petitioner a new trial. (C. 118-134).

Second, Petitioner argued that his due process rights were violated when no pre-trial fitness hearing was conducted despite considerable evidence raising a bona fide doubt as to Petitioner's fitness.(C. 122-126). At post conviction, Petitioner presented undisputed evidence that his plea was accepted without a fitness hearing required by 725 ILCS 5/104-11. This statute requires a pre-trial fitness hearing when a bona fide doubt exists as to a defendant's fitness to stand trial. Petitioner argued at post conviction that the cumulation of evidence, including the testimony of Dr. Stipes and Dr. Pasulka, created a bona fide doubt concerning Petitioner's fitness.

Third, Petitioner argued at post conviction that his due process right to be fit was violated when the trial court accepted Petitioner's plea of guilty but mentally ill without conducting a fitness hearing required by 725 ILCS 5/115-2.(C. 133-134). The guilty but mentally ill statute requires, among other

8

protections, a fitness hearing to determine if a mentally ill defendant is fit to waive his right to a trial and plead guilty. Petitioner argued that the trial court afforded him none of the due process protections when he waived his right to trial and plead guilty but mentally ill.

The State responded by claiming that Petitioner had waived his claims involving fitness. (C. 168-175).

The trial court granted the State's motion to dismiss without an evidentiary hearing. (R. B4-B5). In its brief explanation for dismissal, the trial court ruled that Petitioner waived his fitness issues. In so holding, the trial court stated the following:

> Looking at all these factors and applying the law that I believe is applicable to this case, I believe the principal of [ ] waiver is applicable to Mr. O'Connor's petition. The fact that the plea of guilty waives all defects that are not jurisdictional. I think is shown here. The claims that were known to the defendant at that time could have been raised on appeal, if that were the case. That was not done here. All the facts that were set out in here as part of this petition were known at the time the plea was entered and were all part of the hearing on the motion to suppress evidence that had been started prior to the sentence of the plea of guilty. (R. B4-B5).

Petitioner appeals from this ruling.

9

## STANDARD OF REVIEW

When reviewing the dismissal of a post conviction petition without an evidentiary hearing, the

Appellate Court applies a *de novo* standard of review. People v. Coleman,

## SUMMARY OF ARGUMENT

The trial court erroneously dismissed Petitioner's post conviction petition based on waiver. As

a matter of law, waiver has no application to Petitioner's case. First, the Illinois Supreme Court has

repeatedly rejected the application of waiver to post-trial claims based on psychotropic medication.

People v. Nitz, 173 Ill.2d 151, 670 N.E.2d 672 (1996); People v. Kinkead, 168 Ill.2d 394, 660 N.E.2d

852 (1996); People v. Brandon, 162 Ill.2d 450, 643 N.E.2d 712 (1994). Moreover, since Petitioner's

claim is based on evidence *de hors* the record, waiver does not apply. People v. Britz, 174 Ill.2d 163,

673 N.E.2d 300 (1996); People v. Whitehead, 169 Ill.2d 355, 662 N.E.2d 1304 (1996).

The only issue left to determine is Petitioner's remedy on remand. The only available remedy

for Petitioner is a new trial, pursuant to the rule of automatic reversal. The Burgess retrospective

fitness hearing rule cannot be applied retroactively to Petitioner's case. Teague v. Lane, 489 U.S. 288

(1989); People v. Moore, 177 Ill.2d 421, 686 N.E.2d 587 (1997). Further, even if this Court decides

that Burgess can generally be applied retroactively, Kinkaid nonetheless prevents application in

Petitioner's case. People v. Kinkaid, 182 Ill.2d 316, 695 N.E.2d 1255 (1998). Therefore, this Court

must follow the rule of automatic reversal and remand Petitioner's case for a new trial.

## ARGUMENT

**I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT PETITIONER WAIVED THE ISSUE OF FITNESS BASED ON PSYCHOTROPIC DRUGS BY FAILING TO RAISE THE ISSUE PRIOR TO HIS POST CONVICTION PETITION.**

The trial court erred when it ruled that Petitioner's due process claim based on his ingestion of psychotropic drugs was waived by Petitioner's failure to assert this issue at trial or on direct appeal. The trial court's ruling is erroneous because: 1) waiver does not apply to a post trial claim of unfitness based on psychotropic drugs, 2) this issue could not have been raised on appeal since it can only be established by evidence *de hors* the trial record, 3) the trial court's ruling was based on an erroneous belief that the evidence of Petitioner's psychotropic drug intake was part of the original trial record, and 4) the plain error doctrine applies to the failure to present this issue at trial or on appeal.

First, waiver does not apply to a post trial claim of unfitness based on psychotropic drug ingestion. People v. Nitz, 173 Ill.2d 151, 670 N.E.2d 672 (1996); People v. Kinkead, 168 Ill.2d 394, 660 N.E.2d 852 (1996); People v. Brandon, 162 Ill.2d 450, 643 N.E.2d 712 (1994). The due process clause of the fourteenth amendment prohibits the prosecution of a person who is unfit to stand trial. People v. Eddmonds, 143 Ill.2d 501, 578 N.E.2d 952 (1991). The failure to conduct a fitness hearing violates a defendant's due process rights. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836 (1966); People v. Murphy, 72 Ill.2d 421, 381 N.E.2d 677 (1978).

Addressing this issue, the Supreme Court holds: "[T]o the extent that the State is suggesting waiver, we reject it out of hand. As we have stated, the right not to be tried while unfit is highly valued. Not even the failure to timely assert a fitness issue will cause the right to fall prey to the ordinary operation of procedural default." Nitz, 670 N.E.2d at 676. In Nitz, the defendant did not raise

11

the issue of psychotropic drugs either at trial or on direct appeal. Id. Rather, the defendant raised a

psychotropic drug issue for the first time in his post conviction petition. Id. The State argued that the

issue was waived. Id. As stated above, the Supreme Court flatly rejected waiver. Id.

Again, the Kinkead court held the same. People v. Kinkead,  168 Ill.2d 394, 660 N.E.2d 852

(1996).  In Kinkead, the defendant failed to raise the psychotropic drug issue in the trial court, but

instead raised the issue for the first time in the appellate court. Id. at 857.  Again, the State claimed

waiver. Id. Rejecting waiver, the Kinkead court held that "where a defendant's capacity is the issue in

question, it is anomalous to even consider the concepts of waiver because a defendant whose mental

state may render him unfit to stand trial can scarcely be expected to raise the question of fitness in the

first place." Id. See also, Pate v. Robinson, 383 U.S. 375, 87 S.Ct. 836 (1966)(holding that waiver does

not apply to issues of fitness).

Nitz and Kinkead bar the application of waiver to Petitioner's case.  Petitioner's attorneys did

not raise the issue of psychotropic drugs either at trial or on appeal. Petitioner presented this fitness

issue for the first time at post conviction.    At post conviction, Petitioner presented undisputed

documentation *de hors* the record indicating that Petitioner ingested psychotropic drugs daily during

the pendency of his case.(C. 142-162).  The record is further undisputed that the trial court never

conducted a fitness hearing.  The trial court, failing to "reject out of hand" the State's claim of waiver,

instead dismissed Petitioner's case based on the sole grounds of waiver.  The trial court's ruling was

"anomalous" and error as a matter of law.

Second, Petitioner's post conviction claim is not waived because it can only be substantiated

by evidence *de hors* the record.  Claims based on evidence outside of the trial record cannot be

considered on appeal and thus are not subject to waiver. People v. Britz, 174 Ill.2d 163, 673 N.E.2d

12

300 (1996); People v. Whitehead, 169 Ill.2d 355, 662 N.E.2d 1304 (1996). Petitioner's claim that he was ingesting psychotropic drugs is substantiated by evidence not made part of the record until the post conviction proceedings. (C. 142-157). The State has never challenged the fact that Petitioner's intake of Stelazine and Cogentin, and the dosages, were not part of the original trial record. Since waiver does not apply to this claim as a matter of law, the post conviction court erred in dismissing Petitioner's case based on waiver.

Third, the trial court's waiver ruling was based on an erroneous belief that the evidence of Petitioner's psychotropic drug intake was part of the original trial record. In dismissing Petitioner's due process claims, the trial court stated the following:

> All the facts that were set out in here as part of this petition were known at the time the plea was entered and were all part of the hearing on the motion to suppress evidence that had been started prior to the sentence of the plea of guilty.(R. B5).

However, the trial court's statement is factually incorrect. Petitioner presented evidence of his use of Stelazine and Cogentin and the daily dosage charts for the first time at post conviction. (C. 142-157). There is no evidence of record that the original trial court was aware that Petitioner was on a daily regimen of psychotropic drugs. Again, the State has not argued to the contrary. Therefore, the trial court relied on a factually incorrect basis for its finding that Petitioner waived his due process claims regarding fitness.

Fourth, even assuming arguendo that Petitioner should have raised these issues prior to his post conviction, plain error applies. People v. Kinkead, 168 Ill.2d 394, 660 N.E.2d 852 (1996); People v. Brandon, 162 Ill.2d 450, 643 N.E.2d 712, 717 (1994). "The issue of a defendant's fitness for trial may be raised before, during, or after trial." Kinkead, 660 N.E.2d 857. In the present matter, regardless of whether Petitioner's trial and appellate attorneys erred in not raising Petitioner's fitness issues,

13

Petitioner can raise them at post conviction. Id. Therefore, the post conviction court erred as a matter of law when it dismissed Petitioner's case based on waiver.

## II. PETITIONER'S CASE MAY NOT BE REMANDED FOR FURTHER CONSIDERATION IN LIGHT OF *PEOPLE V. BURGESS* OR ITS PROGENY BECAUSE THE CHANGE FROM THE RULE OF AUTOMATIC REVERSAL TO THE RULE OF RETROSPECTIVE FITNESS HEARINGS CANNOT BE APPLIED RETROACTIVELY TO PETITIONER'S CASE.

Petitioner's case may not be remanded for further consideration in light of People v. Burgess. or any post-Burgess case. The Burgess "retrospective fitness hearing" rule was a complete about-face for the Illinois Supreme Court from the prior "rule of automatic reversal." See People v. Kinkead, 168 Ill.2d 394, 660 N.E.2d 852 (1996)(holding that it is not possible to conduct a retrospective fitness hearing); See also People v. Birdsall, 172 Ill.2d 464, 670 N.E.2d 700 (1996); People v. Gevas, 166 Ill.2d 461, 655 N.E.2d 894 (1995). As new law, Burgess cannot be applied retroactively to cases that were no longer pending when it was decided. Teague v. Lane, 489 U.S. 288 (1989); People v. Moore, 177 Ill.2d 421, 686 N.E.2d 587 (1997). Because Petitioner's case was no longer "pending" when Burgess changed the law in 1997, the Burgess "retrospective fitness hearing" rule cannot be applied to Petitioner's case.

Decisions which announce "new rules" cannot be applied retroactively to cases pending on collateral review. People v. Moore, 177 Ill.2d 421, 686 N.E.2d 587 (1997); See also Teague v. Lane, 489 U.S. 288, 304-05 (1989). Quoting the U.S. Supreme Court, the Moore Court stated that "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final. . .a case does not announce a new rule if 'it has simply applied a well-established constitutional principle to govern a case which is closely analogous to those which have been previously considered in the prior case law.'" Id.

14

The Illinois Supreme Court announced a new rule when it decided Burgess on April 24, 1997.

Prior to Burgess, the Illinois Supreme Court steadfastly held that retrospective fitness hearings were

impossible and that a new trial must be granted for the failure to conduct a fitness hearing for

defendants on psychotropic drugs. See, People v. Birdsall, 172 Ill.2d 464, 670 N.E.2d 700 (1996);

People v. Nitz, 173 Ill.2d 151, 670 N.E.2d 672 (1996); People v. Kinkead, 168 Ill.2d 394, 660 N.E.2d

852 (1996); People v. Gevas, 166 Ill.2d 461, 655 N.E.2d 894 (1995); People v. Brandon, 162 Ill.2d

450, 643 N.E.2d 712, 717 (1994). This was called the "automatic reversal" rule. People v. Burgess,

176 Ill.2d 289, 680 N.E.2d 357, 363 (1997).

Although the State regularly argued that a retrospective hearing should be conducted instead

of simply granting a defendant a new trial, prior to Burgess the Court uniformly rejected this argument.

People v. Birdsall, 172 Ill.2d 464, 670 N.E.2d 700 (1996); People v. Nitz, 173 Ill.2d 151, 670 N.E.2d

672 (1996). For instance, in Nitz, the defendant was not given a fitness hearing despite the fact that

he was ingesting Transxene (a psychotropic drug) during his prosecution. People v. Nitz, 173 Ill.2d

151, 670 N.E.2d 672 (1996). The State argued that "the automatic reversal rule of Brandon, Gevas and

Kinkead is flawed and should be abandoned." Id. at 677. Precisely the argument accepted in Burgess

a year later, the Nitz court rejected it completely, holding:

> We note here, as we did in Gevas, that there are inherent difficulties in attempting a
> retrospective nunc pro tunc determination of defendant's mental competency even under the
> most favorable circumstances. Moreover, 'automatic reversal" for the failure to have a fitness
> hearing is not a new concept in Illinois. Even before Brandon and its progeny, where a
> requisite fitness hearing was not provided, reversal was deemed the appropriate remedy. . ..As
> we have rejected any notion that a nunc pro tunc determination of fitness can provide the
> necessary reliability, consistent with the reasoning and holdings in Brandon, Gevas and
> Kinkead, reversal of defendant's convictions and sentence is required. Id. at 678.

The rule of automatic reversal was the Court's only approach to the psychotropic drug issue prior to

_Burgess_.

On April 24, 1997, the Illinois Supreme Court decided _People v. Burgess_. 176 Ill.2d 289, 680

N.E.2d 357 (1997). For the first time, and in direct contravention of its earlier rulings, the Illinois

Supreme Court held that it was possible to conduct a retrospective fitness hearing rather than grant a

defendant a new trial. _Id._  In so doing, the Court recognized its departure from precedent:

> We are aware that we have previously declined to make use of retrospective fitness hearings,
> noting the difficulty in determining, long after the conclusion of the underlying proceedings,
> the degree of mental functioning enjoyed by the defendant.  Nonetheless, we believe that, at
> least in the present case, there are sufficient reasons to _depart from our previous practice of_
> _automatic reversal_ and make a case-specific inquiry into the psychotropic drugs administered
> to this particular defendant. _Id._ at 363.(emphasis added)(citations omitted).

After identifying its past rule of automatic reversal, the Court then announced its new rule requiring

a case-specific analysis and potential retrospective fitness hearings. _Id._

The new retrospective fitness hearing rule is not a "simple application of well-established

authority." Rather, the retrospective hearing rule is a complete departure from the _Birdsall_-_Nitz_-_Gevas_-

_Brandon_ line of Supreme Court precedent.  The change in law was described by the _Abraham_ court as

follows:

> Under prior precedents of this court and the Illinois Supreme Court, the defendant would
> automatically be entitled to have his conviction vacated and the cause remanded for a fitness
> hearing; then if the defendant was found fit, he would have an opportunity to plead anew. ...
> However, in _People v. Burgess_, our supreme court held that a rule of automatic reversal is not
> always appropriate. _People v. Abraham_, 293 Ill.App.3d 801, 689 N.E.2d 278 (2nd Dist. 1997).

As is clear, _Burgess_ was not dictated by precedent. Rather, as _Burgess_ and _Abraham_ identify, _Burgess_

was a complete change of direction from the rule of automatic reversal in the _Birdsall_-_Nitz_-_Gevas_-

Brandon holdings. As such , the Burgess rule cannot be applied to cases that were no longer pending when it was announced.

The First District recently held exactly this in People v. Hill. 697 N.E.2d 316 (1st Dist. 1998). In Hill, the Court first identified the change in the law occasioned by Burgess and its progeny. Id. Thereafter, the Court acknowledged that *"the rule announced in these cases applies to cases pending at the time they were announced, including cases pending on direct review, such as the instant case."* Id.(emphasis added); See also People v. Harris, 164 Ill.2d 322, 647 N.E.2d 893 (1994)(holding that a judicial change in interpretation of law can only be applied to cases still pending on direct appeal and not retroactively). This holding was a recognition of the law of Moore that a case is no longer "pending" when the direct appellate process is complete. The Hill Court properly identified the limits of the new Burgess rule to "pending cases."

In the present matter, Petitioner's case was no longer "pending" when the Court decided Burgess. A case is no longer "pending" when the direct appeal rights have terminated and only a collateral attack is left. Teague v. Lane, 489 U.S.288, 304-05 (1989). The U.S. Supreme Court holds that a criminal case is final and no longer pending "where the judgment on conviction was rendered, the availability of appeal exhausted, and the time for certiorari had elapsed." Id. at 294. In Mr. Petitioner's case, his appeal was denied on February 6, 1995. (Exhibit E). Thereafter, Petitioner had 21 days to file a petition for leave to appeal to the Illinois Supreme Court. S.Ct.Rule 315(b). Petitioner did not file a PLA. Therefore, his conviction became final and was no longer pending as of February 27, 1995. Burgess was decided on April 24, 1997, more than two years after Petitioner's case was no longer pending. Burgess, 176 Ill.2d 289, 680 N.E.2d 357, 363 (1997). Because Petitioner's conviction

17

was no longer pending when Burgess was decided, Petitioner's case may not be remanded in light of Burgess or its progeny.

### III. EVEN IF THIS COURT HOLDS THAT THE *BURGESS* CHANGE APPLIES RETROACTIVELY, THE ILLINOIS SUPREME COURT NONETHELESS HOLDS THAT IT IS INAPPROPRIATE TO APPLY *BURGESS* TO PETITIONER'S CASE.

As Kinkaid makes clear, regardless of the retroactivity of Burgess, the Burgess retrospective fitness rule does not apply to Petitioner's case. The Kinkaid court clarified what it meant in Burgess: that the case-by-case retrospective fitness hearing approach is a limited exception to the general rule of automatic reversal. People v. Kinkaid, 182 Ill.2d 316, 695 N.E.2d 1255 (1998). Emphasizing the limitations of Burgess, the Kinkaid court reiterated the Burgess holding that, "*at least in the present case*, there are sufficient reasons to depart from out previous practice of automatic reversal and to make *a case-specific inquiry* into the psychotropic drugs administered to this particular defendant." Id. at 1266.(emphasis in original). Acknowledging this, the Kinkaid court remanded the defendant's case for a new trial, distinguishing Burgess and its progeny.

First, the Court distinguished Neal. Id. at 1268. The Kinkaid court noted that the defendant in Neal did not receive an automatic reversal because the evidence was undisputed that the defendant had stopped taking medication months before trial. Id. The Kinkaid court distinguished its case, where the defendant continued taking medication through trial and sentencing. Id.

Next, the Kinkaid court distinguished Burgess. Id. at 1268-69. In Burgess, the defendant was only taking nighttime doses of medication that would have dissipated by morning. Id. Further, in Burgess the defendant received small doses of medication only to help him in sleeping peacefully. Id. Finally, the defendant in Burgess did not have any underlying medical conditions which would have exacerbated the effects of the medication. Id.

18

In <u>Kinkaid</u>, by contrast, the defendant did not take psychotropic medication simply as a sleeping aid. <u>Id.</u> Further, the evidence was inconclusive as to whether the nightly doses of medication would have dissipated over night. <u>Id.</u> Finally, the defendant suffered from a liver ailment which could have enhanced the effect of the psychotropic medication. <u>Id.</u> Based on these factors, the <u>Kinkaid</u> court held the <u>Burgess</u> retrospective fitness hearing approach to be inappropriate, and instead granted a new trial. <u>Id.</u> at 1270.

Petitioner's case is materially indistinguishable from <u>Kinkaid</u>, and thus requires the application of the pre-<u>Burgess</u> rule of automatic reversal. First, Petitioner received daily doses of Stelazine and Cogentin, not as a sleeping aid, but because he suffered from Organic Personality Disorder as a result of severe head trauma.(C. 165-167). Petitioner was prescribed these drugs only after exhibiting auditory hallucinations.(C. 165-167). Further, even without the effect of the drugs, Petitioner already exhibited "flight of ideas," "very poor judgment," "impulsivity," "inability to appreciate circumstances," and the functioning of a 4th or 5th grader.(Supplemental Record, p. 88-89, 134, 156, 178; C. 165-167). Moreover, the effect of the psychotropic medication could have been to exacerbate Petitioner's pre-existing conditions to further limit Petitioner's ability to understand his prosecution and help his lawyer in his defense.(C. 165-167). Even stronger than <u>Kinkaid</u>, these factors require that the <u>Burgess</u> approach be rejected in Petitioner's case, and that this Court follow the rule of automatic reversal.

**V. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED PETITIONER'S POST CONVICTION PETITION BECAUSE PETITIONER'S DUE PROCESS RIGHT TO BE FIT WHEN TRIED WAS VIOLATED WHEN HE DID NOT RECEIVE A FITNESS HEARING DESPITE A BONA FIDE DOUBT CONCERNING PETITIONER'S FITNESS.**

The uncontested evidence establishes that the trial court was privy to a mountain of evidence which directly called into question Petitioner's fitness and ability to knowingly and intelligently waive his right to a jury trial. Despite this evidence, the trial court failed to conduct a fitness hearing to determine if Petitioner's severe deficits prevented him from being fit to proceed. Because due process prohibits the prosecution of an unfit defendant, the court has a duty to conduct a fitness hearing if facts are known that raise a bona fide question concerning a defendant's fitness. See <u>People v. Nitz</u>, 173 Ill.2d 151, 670 N.E.2d 672 (1996); <u>People v. Brandon</u>, 162 Ill.2d 450, 643 N.E.2d 712 (1994). Therefore, the trial court <u>must</u> conduct a hearing if a bona fide question of fitness arises. <u>People v. George</u>, 263 Ill.App.3d 968, 636 N.E.2d 682 (1st Dist. 1993). Because the trial court failed to conduct a fitness hearing, Petitioner must be given a new trial.

The trial court was privy to abundant proof of Petitioner's unfitness, the result of two major auto accidents. Petitioner had a plate surgically placed in his head after the first accident.(Supplemental Record, p. 78-81, 110-129). Petitioner suffers from Organic Brain Disorder as a result of the accident.(Supplemental Record, p. 184-185). Also as a result of his accidents, Petitioner is left with a borderline IQ, functions at the mental level of a 4th or 5th grader, and is partially blind and partially paralyzed.(Supplemental Record, p. 78-84, 129, 144, 178). While in jail awaiting prosecution, Petitioner suffered from auditory hallucinations and was placed on a daily regimen of psychotropic medication.(C. 142-167). Although once a normal high-functioning honor student,

21

Petitioner now exhibits "flight of ideas," "very poor judgment," "impulsivity," and an "inability to appreciate circumstances."(Supplemental Record, p. 82-89, 127-134). Even Petitioner's appearance and affect alone were a red flag: Dr. Pasulka stated that "I think anyone who met Mr. O'Connor would find him strange."(Supplemental Record, p. 180-181). Further, Dr. Pasulka testified at Petitioner's motion to suppress statements that Petitioner did not even have the intellectual capacity to knowingly waive fundamental <u>Miranda</u> rights.(Supplemental Record, p. 152-154). Each of these limitations implicated Petitioner's fitness for trial. Obviously, Petitioner's real and substantial limitations, known to the trial court, raised a bona fide doubt as to his fitness.

Additionally, the fact that Petitioner was mentally ill and pled guilty but mentally ill raised a bona fide doubt concerning his fitness. The trial court expressly recognized Petitioner's mental illness in accepting his plea.(C. 100-115). Relying on the testimony of Dr. Stipes from the motion to suppress, the trial judge stated: "Under the statute there's a factual basis for, number one, the defendant was and is mentally ill."(C. 100-115). Mental illness in a defendant could not be a stronger red flag of unfitness for trial. Certainly, mental illness raises a bona fide doubt as to Petitioner's fitness to waive his fundamental right to a trial and plead guilty.

The cumulative evidence, including Petitioner's severe limitations and his mental illness, raised a bona fide doubt. Pursuant to 725 ILCS 5/104-11, the trial court could not except a plea from Petitioner without conducting a fitness hearing. Because the trial court failed to do this, a new trial must be granted.

## VI. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED PETITIONER'S POST CONVICTION PETITION BECAUSE PETITIONER'S DUE PROCESS RIGHT TO BE TRIED WHILE FIT WAS VIOLATED WHEN HE DID NOT RECEIVE THE FITNESS HEARING REQUIRED BY THE GUILTY BUT MENTALLY ILL STATUTE.

The trial court violated Petitioner's due process rights when it accepted Petitioner's plea of guilty but mentally ill without conducting a fitness hearing. Entering a plea of guilty but mentally ill is governed by 725 ILCS 5/115-2. The statute reads in pertinent part:

(b) Before or during trial a plea of guilty but mentally ill may be accepted by the court when:

> (1)the defendant has undergone an examination by a clinical psychologist or psychiatrist and has waived his right to trial, and
>
> (2) the judge has examined the psychiatric or psychological reports; and
>
> (3) the judge has held a hearing, at which either party may present evidence, on the issue of the defendant's mental health and, at the conclusion of such hearing, is satisfied that there is a factual basis that the defendant was mentally ill at the time of the offense to which the plea is entered.

During Petitioner's plea agreement, none of these due process protections were followed by the trial court. Petitioner was never examined concerning his ability to waive his right to a jury trial, nor was a hearing conducted.(C. 61-115). Rather, Petitioner was allowed to plead guilty but mentally ill without being afforded any of the protections required by due process. Therefore, the trial court erred in dismissing Petitioner's post conviction claim of due process violations.

23

## CONCLUSION

For the aforementioned reasons, the appellant respectfully requests that this Honorable Court reverse the trial court's order, vacate Petitioner's guilty plea, and grant him a new trial.

Respectfully Submitted,
Rita A. Fry
Public Defender of Cook County
69 West Washington, Floor 15
Chicago, IL 60602
312.603.0600

Counsel for Appellant.

Brendan Max, Assistant Public Defender
Of Counsel.

24

APENDIX

INDEX TO THE COMMON LAW RECORD

| C. 1-5 | Trial Court Half Sheet |
| C. 6-18 | Certified Statement of Conviction and Disposition |
| C. 19 | Trial Court Half Sheet- Notice of Appeal Notation |
| C. 20-30 | Indictment of Patrick O'Connor |
| C. 31-32 | Court Order of August 21, 1995 |
| C. 33-34 | Petition for Stenographic Transcript |
| C. 35-36 | Court Order of January 22, 1996 |
| C. 37-53 | Pro-se Petition for Post Conviction Relief |
| C. 54-117 | State's Motion to Dismiss |
| C. 118-134 | Supplemental Petition for Post Conviction Relief |
| C. 135-139 | Post Conviction Demonstrative Exhibits |
| C. 140-167 | Supplemental Petition for Post Conviction Relief Exhibits |
| C. 168-175 | State's Amended Motion to Dismiss |
| C. 176-180 | Petitioner's Response to State's Amended Motion to Dismiss |
| C. 181-182 | Certified Report of Disposition dated March 16, 1999 |
| C. 183 | Notice of Appeal dated March 24, 1999 |
| C. 184-185 | Notice of Notice of Appeal |
| C. 186 | Certification of Record dated June 11, 1999 |

NO. 99-1339

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

---

PEOPLE OF THE STATE OF ILLINOIS,

Respondent-Appellee,

vs.

PATRICK O'CONNOR,

Petitioner-Appellant.

---

Appeal from the Circuit Court of Cook County, Criminal Division.
Honorable **JOSEPH KAZMIERSKI**, Judge Presiding.

BRIEF AND ARGUMENT FOR
RESPONDENT-APPELLEE

———

RICHARD A. DEVINE,
  State's Attorney,
  County of Cook,
  Room 309 - Richard J. Daley Center,
  Chicago, Illinois 60602

Attorney for Respondent-Appellee

RENEE GOLDFARB,
JON J. WALTERS,
Assistant State's Attorneys,
    Of Counsel.

EXHIBIT G

*EwPC 208*

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,

Respondent-Appellee,

vs.

PATRICK O'CONNOR,

Petitioner-Appellant.

## POINT AND AUTHORITIES

**THIS COURT SHOULD REMAND THIS CASE FOR FURTHER PROCEEDINGS CONSISTENT WITH THE POST-CONVICTION ACT. SHOULD PETITIONER ESTABLISH THAT HE IS ENTITLED TO POST-CONVICTION RELIEF, THE TRIAL COURT SHOULD CONDUCT A RETROSPECTIVE FITNESS HEARING IN LIGHT OF PEOPLE V. BURGESS.**
**(Response to Petitioner's Arguments I-VI)**

People v. Nitz, 173 Ill.2d 151, 670 N.E.2d 672 (1996)........... 9, 13

People v. Kinkead, 168 Ill.2d 394, 660 N.E.2d 852 (1996)........ 9, 15

People v. Brandon, 162 Ill.2d 450, 643 N.E.2d 712 (1994)........ 9, 12

People v. Guest, 166 Ill.2d 381, 655 N.E.2d 873 (1995).......... 10

People v. Gaultney, 174 Ill.2d 410, 675 N.E.2d 102 (1996)....... 10

People v. Coleman, 183 Ill.2d 366, 701 N.E.2d 1063 (1998)....... 10

People v. Burgess, 176 Ill.2d 289, 680 N.E.2d 357 (1997)........ 10, 12

Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989)............. 10, 11

People v. Neal, 179 Ill.2d 541, 689 N.E.2d 1040 (1997)....11, 17, 18, 20, 22

Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838 (1993)........ 11, 12

1

<u>Free v. Peters</u>, 12 F.3d 700 (7th Cir. 1993)..................... 12

<u>People v. Dixon</u>, ___ Ill. App. 3d ___,
    1999 Ill. App. LEXIS 812 (4th Dist. 1999)................. 13

<u>People v. Hill</u>, ___ Ill. App. 3d ___,
    1999 Ill. App. LEXIS 734 (2nd Dist. 1999)................13, 20, 22

<u>People v. Wiggins</u>, 298 Ill. App. 3d 766,
    700 N.E.2d 119 (1st Dist. 1998)........................... 13

<u>People v. Majors</u>, ___ Ill. App. 3d ___,
    1999 Ill. App. LEXIS 811 (4th Dist. 1999)................. 13

<u>People v. Damico</u>, ___ Ill. App. 3d ___,
    1999 Ill. App. LEXIS 816 (2nd Dist. 1999)................. 13

<u>Bousley v. United States</u>, 523 U.S. 614, 118 S.Ct. 1604 (1998)... 13

<u>People v. Walker</u>, 262 Ill. App.3d 796,
    635 N.E.2d 684 (1st Dist. 1994)........................... 13

<u>People v. Hubert</u>, 51 Ill. App. 3d 394,
    366 N.E.2d 909 (1st Dist. 1977)........................... 14

<u>People v. Brown</u> 131 Ill. App. 3d 859,
    476 N.E.2d 469 (2nd Dist. 1985)........................... 14

<u>Galowski v. Berge</u>, 78 F.3d 1176 (7th Cir. 1996)................ 14

<u>United States ex. rel. Bilyew v. Franzen</u>, 842 F.2d 189,
    192 (7th Cir. 1988)....................................... 14, 18

<u>United States ex. rel. Bilyew v. Franzen</u>, 686 F.2d 1238,
    (7th Cir. 1982)........................................... 14, 18

<u>Bruce v. Estelle</u>, 536 F.2d 1051 (5th Cir. 1976),
    <u>cert</u>. <u>denied</u>, 429 U.S. 1053 (1977).........................14, 18, 20

<u>Conner v. Wingo</u>, 429 F.2d 630 (6th Cir. 1970),
    <u>cert</u>. <u>denied</u> 406 U.S. 921 (1972).........................14, 16, 17, 20

<u>People v. Harris</u>, 113 Ill. App. 3d 663,
    447 N.E.2d 941 (1st Dist. 1983)........................... 14, 15

<u>People v. Foster</u>, 76 Ill.2d 365, 392 N.E.2d 6 (1979)............ 15

<u>People v. Birdsall</u>, 172 Ill.2d 464, 670 N.E.2d 700 (1996)....... 15

<u>People v. Kinkead</u>, 182 Ill.2d 316, 695 N.E.2d 1255 (1998)....... 16, 20, 21

2

People v. Gevas, 166 Ill.2d 461, 655 N.E.2d 894 (1995).......... 16

Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896 (1975)............ 16, 17

In re Page, 170 F.3d 659 (7th Cir. 1999),
    modified, 179 F.3d 1024 (7th Cir. 1999)................... 16, 17

Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836 (1966)............ 17

People v. Sanchez, 169 Ill.2d 472, 662 N.E.2d 1199 (1996)....... 19

People v. Eddmonds, 143 Ill.2d 501, 578 N.E.2d 952 (1991)....... 19

People v. Odle, 128 Ill.2d 111, 538 N.E.2d 428 (1988)........... 19

People v. Hill, 297 Ill. App. 3d 500,
    697 N.E.2d 316 (1st Dist. 1998)........................... 19

People v. McMillen, 281 Ill. App. 3d 247,
    666 N.E.2d 812 (1st Dist. 1996)........................... 19

People v. Hammerli, 277 Ill. App. 3d 873,
    662 N.E.2d 452 (1st Dist. 1996)........................... 19

People v. Wright, 272 Ill. App. 3d 1033,
    651 N.E.2d 758 (1st Dist. 1995)........................... 20

People v. Coulter, 230 Ill. App. 3d 209,
    594 N.E.2d 1163 (1st Dist. 1992).......................... 20

People v. Ahmed, 206 Ill. App.3d 927,
    565 N.E.2d 137 (1st Dist. 1990)........................... 20

People v. Williams, 205 Ill. App.3d 715,
    564 N.E.2d 507 (1st Dist. 1990)........................... 20

People v. Williams, 201 Ill. App.3d 207,
    558 N.E.2d 1258 (1st Dist. 1990).......................... 20

People v. Wheeler, 194 Ill. App. 3d 178,
    550 N.E.2d 1170 (1st Dist. 1990).......................... 20

People v. Kapsalis, 186 Ill. App. 3d 96,
    541 N.E.2d 1323 (1st Dist. 1989).......................... 20

People v. Jamerson, 292 Ill. App. 3d 944,
    687 N.E.2d 329 (3rd Dist. 1997)........................... 20

People v. Gibson, 292 Ill. App. 3d 842,
    687 N.E.2d 1076 (5th Dist. 1997).......................... 20

People v. Burton, 184 Ill.2d 1, 703 N.E.2d 49 (1998)............. 22

People v. Sandham, 174 Ill.2d 379, 673 N.E.2d 1032 (1996)........ 22

People v. Lopez, 216 Ill. App. 3d 83,
    576 N.E.2d 246 (1st Dist. 1991)............................ 22

People v. Wilson, 124 Ill. App. 3d 831,
    464 N.E.2d 1158 (1st Dist. 1984)........................... 22

People v. Dominique, 86 Ill. App.3d 794,
    408 N.E.2d 280 (1st Dist. 1980)............................ 22

725 ILCS 5/122-5.............................................. 10

725 ILCS 5/122-6.............................................. 10

725 ILCS 5/104-21(a).......................................... 12

725 ILCS 5/104-11............................................. 13

225 ILCS 60/49................................................ 18

225 ILCS 60/50................................................ 18

## ISSUE PRESENTED FOR REVIEW

Whether this Court should remand this case for further proceedings consistent with the Post-Conviction Act, and whether the trial court may conduct a retrospective fitness hearing.

## STATEMENT OF FACTS

Petitioner, Patrick O'Connor, was indicted on four counts of first-degree murder, three counts of aggravated criminal sexual assault, one count of criminal sexual assault, and one count of aggravated unlawful restraint under Indictment No. 91 CR-22972. (C.R. 20-29)[1] Petitioner pled guilty but mentally ill before the Honorable Thomas Cawley to first-degree murder and aggravated criminal sexual assault. (C.R. 69-108) The court found petitioner eligible for the death penalty, but sentenced petitioner to 50 years' imprisonment for the murder and a concurrent sentence of 20 years for the aggravated criminal sexual assault. (C.R. 110-13) On appeal, after the public defender filed a Motion to Withdraw as appellate counsel, this Court affirmed petitioner's conviction. (C.R. 59-60) On May 22, 1995, petitioner filed a post-conviction petition. (C.R. 13) After the People filed a Motion to Dismiss the petition, the Honorable Joseph Kazmierski dismissed the petition.

---

[1]The People refer to the common law record and other records of petitioner's post-conviction proceedings as (C.R. ___) and (R. Vol. _, ___), and the common law record of petitioner's trial as (T.C.R. ___).

(R. Vol.III, B4-5) Petitioner now appeals the dismissal of his post-conviction petition.

As part of the factual basis for the guilty plea, the court admitted petitioner's court-reported statement. (C.R. 75-77) In his statement, petitioner admitted that he arrived home between 4:00 and 4:15 a.m. on August 29, 1991. (C.R. 78) After a conversation with his wife, petitioner went to the basement, picked up a hammer, returned to the room where his wife was, and hit her four times in the head. (C.R. 79-82) Her head began to bleed. (C.R. 82) Petitioner hit her in the head until his arm got tired. (C.R. 82) When she choked on some blood, he retrieved a knife and attempted to cut her throat. (C.R. 82) The knife had an approximately 18-inch blade. (C.R. 85) Before attempting to cut her throat, petitioner pulled his wife's pants down and had anal intercourse. (C.R. 82-3) When cutting his wife's neck failed to kill her, petitioner attempted to stab her through the neck. (C.R. 84) After attempting to stab her in the heart, petitioner inserted the knife into her body and turned it in a circular motion in order to pierce her lungs and heart. (C.R. 85-6) Petitioner then wiped the blood off the knife and hammer. (C.R. 86) He took the hammer and knife outside, turned on his hose, and rinsed the blood off the hammer, knife, and his hands. (C.R. 86-7) Petitioner wiped his fingerprints off the knife, and hid it in some garbage at an unknown address. (C.R. 87-8) He walked towards 63rd Street, wiped the fingerprints off the hammer, and dropped it in some bushes. (C.R. 88) He walked to the police station, and told the officers someone had just attacked and killed his wife. (C.R. 88) Later, he showed the police where he hid the knife and hammer. (C.R. 88-9)

6

After an examination. Dr. Barry Lifschultz, a Deputy Medical Examiner, concluded that the victim, Deborah O'Connor, died as a result of craniocerebral injuries due to blunt trauma, and that multiple stab wounds contributed to her death. (C.R. 97) The medical examiner documented 15 lacerations to the back of Deborah's head, five lacerations and two abrasions to the left side of her head, three abrasions to the front of her head, four lacerations to the top of her head, a subgaleal hemorrhage over the entire surface of the head, shattering of the cranial cap and base of the skull, four stab wounds and 12 superficial incised wounds to the neck, five stab wounds to the chest: and a stab wound and incised wound to her back. (C.R. 92-95)

A photograph of the scene depicted a cut telephone cord. (C.R. 100)

Rosemary Whitcomb, Connie Hall, Ezigro Centino, Michael Peterson, and Steve Rodriguez would have testified, if called, that petitioner, on numerous occasions throughout the year preceding the murder, said that he was going to kill his wife.

Petitioner agreed to plead guilty, and indicated that he understood he gave up an insanity defense and his motion to suppress statements. (C.R. 106-8) When asked if he was satisfied with his defense counsel, petitioner said that he would rather have Perry Mason, but he was satisfied with his attorney. (C.R. 109-10) The court then sentenced petitioner and entered judgment on the plea. (C.R. 110-13)

After petitioner filed his post-conviction petition, his attorney filed a supplemental petition for post-conviction relief. (C.R. 118) Among issues raised in the supplemental petition was the claim that petitioner had received daily doses of psychotropic drugs at the time of his plea. (C.R. 118) The trial court found that petitioner's guilty plea waived all non-jurisdictional

7

defects, and that petitioner waived his claims by failing to raise them in his appeal.  (R. Vol.II, B4-5)  Based on these findings, the trial court granted the People's motion to dismiss the post-conviction petition.

8

ARGUMENT

THIS COURT SHOULD REMAND THIS CASE FOR FURTHER
PROCEEDINGS CONSISTENT WITH THE POST-CONVICTION
ACT. SHOULD PETITIONER ESTABLISH THAT HE IS
ENTITLED TO POST-CONVICTION RELIEF, THE TRIAL COURT
SHOULD CONDUCT A RETROSPECTIVE FITNESS HEARING IN
LIGHT OF PEOPLE V. BURGESS.
(Response to Petitioner's Arguments I-VI)

The trial court granted the People's motion to dismiss petitioner's
post-conviction petition on the basis of waiver. Petitioner contends that
waiver cannot bar his claim that he was denied a mandatory fitness hearing
based on his taking the psychotropic drug stelazine, although petitioner pled
guilty, failed to raise any issues on appeal, and raised the claim for the
first time in his post-conviction petition. In view of decisions issued by the
Illinois Supreme Court, the People must agree. See, e.g., People v. Nitz, 173
Ill.2d 151, 670 N.E.2d 672 (1996); People v. Kinkead, 168 Ill.2d 394, 660
N.E.2d 852 (1996); People v. Brandon, 162 Ill.2d 450, 643 N.E.2d 712 (1994).
Petitioner further contends that the only appropriate remedy is a new trial
because the decision in People v. Burgess cannot be applied retroactively to
his case, because the United States Supreme Court holds that retrospective
fitness hearings are impermissible, and because a retrospective fitness hearing
would be inappropriate. However, the Burgess decision is applicable to
petitioner's case, the United States Supreme Court has not held that
retrospective fitness hearings are unconstitutional, and a retrospective
fitness hearing would be appropriate in this case in light of the substantial
medical evidence regarding petitioner's mental state developed
contemporaneously with the proceedings leading to conviction. As this case was
dismissed pursuant to a motion to dismiss, rather than after an evidentiary

9

hearing, this Court should remand the case for an evidentiary hearing pursuant to the Post-Conviction Act so that the trial court may decide unresolved factual issues and determine what relief petitioner deserves should he establish a constitutional violation.

Petitioner has failed to establish that he is entitled to post-conviction relief in the form of a new trial. A post-conviction petitioner bears the burden of establishing a substantial showing of a violation of constitutional rights. People v. Guest, 166 Ill.2d 381, 389, 655 N.E.2d 873 (1995). At the second stage of post-conviction proceedings, the prosecution files a motion to dismiss or an answer. People v. Gaultney, 174 Ill.2d 410, 418, 675 N.E.2d 102 (1996); 725 ILCS 5/122-5. The circuit court is foreclosed from engaging in any factfinding at a dismissal hearing because all well-pleaded facts are to be taken as true at a motion to dismiss. People v. Coleman, 183 Ill.2d 366, 380-1, 701 N.E.2d 1063 (1998). If the court does not dismiss or deny the petition, the proceeding advances to an evidentiary hearing. People v. Gaultney, 174 Ill.2d 410, at 418; 725 ILCS 5/122-6. "If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceedings and such supplementary orders ... as may be necessary and proper." 725 ILCS 5/122-6. Review of a trial court's decision to dismiss a petition without an evidentiary hearing is de novo. People v. Coleman, 183 Ill.2d 366 at 387-89.

Petitioner's first contention, that the decision in People v. Burgess, 176 Ill.2d 289, 680 N.E.2d 357 (1997) cannot be applied to his case, fails as a matter of Illinois law. Petitioner's contention is derived from the rule that new constitutional rules of criminal procedure will not be applicable to cases which have become final before the rule was announced. Teague v. Lane,

10

489 U.S. 288, 109 S.Ct. 1060, 1075 (1989). The Illinois Supreme Court, in a case decided after Burgess, confronted this issue and decided contrary to the instant petitioner's position. The case was before the supreme court on appeal from denial of the petitioner's third petition for post-conviction relief, and the conviction had clearly become final well before Burgess was decided. People v. Neal, 179 Ill.2d 541, 543-45, 689 N.E.2d 1040 (1997). The supreme court cited the general rule that decisions apply retroactively to cases pending at the time they are announced, including cases on direct review, and the court determined that it had to ascertain the effect of Burgess on the case before it as the case had been proceeding pursuant to the Post-Conviction Act at the time Burgess was decided. People v. Neal, 179 Ill.2d 541, at 552. The supreme court decided that the procedural difference between Neal and Burgess was not significant. People v. Neal, 179 Ill.2d at 552-3. "Once one accepts the proposition that fitness can be assessed after the fact...it does not matter whether the retrospective fitness hearing was convened pursuant to a remand order on direct review or whether it was conducted in connection with an action under the Post-Conviction Hearing Act." People v. Neal, 179 Ill.2d at 552-3. The supreme court then applied the Burgess decision to Neal 179 Ill.2d at 553-4. In view of the fact that the Illinois Supreme Court has already decided this issue against petitioner, his argument must be rejected.

Even assuming, arguendo, that petitioner's argument had merit, it must be rejected for yet another reason: the retroactivity argument is not available to a post-conviction petitioner. In Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838 (1993), the U.S. Supreme Court limited the scope of the retroactivity rule announced in Teague v. Lane, 489 U.S. 288 (1989), which the instant petitioner relies upon. In Lockhart, the court announced that the

11

retroactivity rule was motivated by respect for the prosecution's strong interest in finality of criminal convictions, and pointed out that a habeas corpus petitioner has no interest in the finality of a state court judgment. Lockhart, 113 S.Ct. 838, at 844. The result is the prosecution will benefit from the Teague decision in some cases while a petitioner will not. Lockhart, 113 S.Ct. at 844. See also Free v. Peters, 12 F.3d 700, 703 (7th Cir. 1993) (Teague entitles the prosecution, but not the petitioner, to object to the application of a new rule to an old case). As the retroactivity argument is unavailable to petitioner, his argument must be rejected.

As well, the decision in Burgess constituted neither a constitutional rule nor a new rule, thus, rendering Teague even less applicable to the instant case. First, Burgess is clearly a matter of statutory interpretation, not a constitutional rule. Burgess responded to the line of cases beginning with People v. Brandon, 162 Ill.2d 450, 643 N.E.2d 712 (1994). In Brandon, the supreme court determined that the applicable version of Section 104-21(a) evinced a recognition by the General Assembly that psychotropic medication constituted a signal of possible unfitness. 162 Ill.2d 450, at 457. The court construed this section to automatically entitle a defendant, who received psychotropic medication, to a mandatory fitness hearing, and reversed and remanded for a new trial because the defendant had not received a fitness hearing. People v. Brandon, 162 Ill.2d 450, at 459-61. The court in Burgess related that Brandon and subsequent cases held that a hearing was mandatory under §104-21(a). People v. Burgess, 176 Ill.2d 289, at 299-300.

As a further demonstration that Brandon and its progeny, as well as Burgess, do not set forth constitutional rules, the General Assembly amended §104-21(a). That section no longer equates the reception of psychotropic drugs

12

with a presumption of unfitness.    725 ILCS 5/104-21(a) (1999).    Since the
amendment, several courts have determined that defendants were not entitled to
fitness hearings, let alone retrospective fitness hearings, simply because they
received psychotropic medication.    See, People v. Dixon, ___ Ill. App. 3d ___,
1999 Ill. App. LEXIS 812 (4th Dist. 1999); People v. Hill, ___ Ill. App. 3d
___, 1999 Ill. App. LEXIS 734 (2nd Dist. 1999); People v. Wiggins, 298 Ill.
App. 3d 766, 773-4, 700 N.E.2d 119 (1st Dist. 1998);  People v. Majors, ___
Ill. App. 3d ___, 1999 Ill. App. LEXIS 811 (4th Dist. 1999); People v. Damico,
___ Ill. App. 3d ___, 1999 Ill. App. LEXIS 816 (2nd Dist. 1999).    As Burgess
did not set out a constitutional rule, Teague is inapplicable.    See Bousley v.
United States, 523 U.S. 614, 619-20, 118 S.Ct. 1604 (1998) (Teague is
inapplicable to a situation in which a court decides the meaning of a criminal
statute).

The People acknowledge that the Illinois Supreme Court in People v.
Nitz, 173 Ill.2d 151, determined that the absence of any inquiry into the
defendant's fitness was a constitutional question for the Post-Conviction Act.
However, as that case was decided before the current amendment to the
psychotropic drug fitness statute and the substantial authority construing the
amended statute, and because a retrospective fitness hearing hardly constitutes
the complete denial of any inquiry into a defendant's fitness, that decision
is not persuasive in the present case.

Second, Burgess does not represent a new rule.    Retrospective fitness
determinations have existed long before People v. Brandon.    A statute governing
fitness hearings specifically states that fitness may be raised "before,
during, or after trial."    725 ILCS 5/104-11.    See also People v. Walker, 262
Ill. App.3d 796, 802, 635 N.E.2d 684 (1st Dist. 1994)(The issue may be raised

13

at any time); People v. Hubert, 51 Ill. App. 3d 394, 395-6, 366 N.E.2d 909 (1st Dist. 1977) (The trial court properly held a fitness hearing nearly 4½ months after the trial).[2]

In addition to the Illinois statute, a substantial number of federal courts have determined that retrospective fitness hearings are proper. See e.g., Galowski v. Berge, 78 F.3d 1176, 1181 (7th Cir. 1996); United States ex. rel. Bilyew v. Franzen, 842 F.2d 189, 192 (7th Cir. 1988) (Bilyew II) (Retrospective fitness determination was proper); United States ex. rel. Bilyew v. Franzen, 686 F.2d 1238, 1246-7 (7th Cir. 1982) (Bilyew I) (Remanding to determine if a meaningful fitness determination could be made as to the defendant's fitness for trial in 1974); Bruce v. Estelle, 536 F.2d 1051, 1057 (5th Cir. 1976), cert. denied, 429 U.S. 1053 (1977)(A retrospective fitness hearing was proper despite the defendant's complaint about the nine-year gap); Conner v. Wingo, 429 F.2d 630, 632-40 (6th Cir. 1970), cert. denied 406 U.S. 921 (1972)(Retrospective hearing proper after approximately six-year delay). In 1983, over ten years before Brandon, this Court reviewed the federal decisions permitting retrospective hearings, and commented that the "salutary effect of judicial economy, trial costs to both parties, stability of judgments and elimination of evidentiary problems related to retrial make the federal approach worthy of consideration here." People v. Harris, 113 Ill. App. 3d 663, 667-8, 447 N.E.2d 941 (1st Dist. 1983). The court decided not to remand

---

[2] In the case of People v. Brown, 131 Ill. App. 3d 859, 861-64, 476 N.E.2d 469 (2nd Dist. 1985), the court ruled that the trial court improperly denied a motion to vacate findings of guilty predicated on the defendant's unfitness, where the trial court denied the motion because the trial had already ended, because the issue of fitness for trial can be raised after trial. Suggestively, the court remanded "for the trial court to make a determination of whether a bona fide doubt as to defendant's fitness to stand trial and to be sentenced existed, and for further proceedings, if necessary in accordance with that finding." People v. Brown, 131 Ill. App. 3d at 866.

14

for a retrospective hearing because the trial judge had died and his role in a retrospective hearing would have been vital because he was in the best position to observe the defendant's demeanor.  <u>People v. Harris</u>, 113 Ill. App. 3d 663, at 668.

Further, determinations on a related issue of mental status, sanity, are, by their very nature, always retrospective.  People are not examined as to their sanity, then released to commit crimes.  Instead, mental health experts and the courts reconstruct the defendant's mental state, his sanity, as it was at the time of the crime.  Such retrospective determinations as to a defendant's mental state are both routine and proper.  <u>See</u> <u>e.g.</u>, <u>People v. Foster</u>, 76 Ill.2d 365, 378-9, 392 N.E.2d 6 (1979).  After considering the Illinois statute, the substantial case law in support, and the appropriateness of retrospective determinations on a related subject, one can hardly seriously contend that the <u>Burgess</u> decision constituted a new rule.

It is true that <u>Brandon</u> and its progeny held that retrospective fitness hearings were inappropriate.  However, to say that all of the cases in the <u>Brandon</u> line stood for the proposition that retrospective hearings were impossible is to vastly overstate the case.  (Pet. Br. 15)  For instance, the court in <u>Birdsall</u> summed up the state of the law in the following way:

> [I]f an accused who is entitled to a fitness
> hearing is not accorded such hearing before being
> criminally prosecuted or sentenced, the conviction
> <u>ordinarily</u> must be reversed and the cause remanded
> for further proceedings.  <u>People v. Birdsall</u>, 172
> Ill.2d 464, 476, 670 N.E.2d 700 (1996) (emphasis
> added).

Clearly, ordinary rules may give way to extraordinary circumstances. <u>Birdsall</u>'s summary is hardly the same as saying that the conviction must always be reversed.  The court in <u>People v. Kinkead</u>, 168 Ill.2d 394, 415, 660 N.E.2d

852 (1996) (<u>Kinkead</u> I) ordered a limited remand to inquire into the specifics of the defendant's use of psychotropic drugs. In <u>People v. Kinkead</u>, 182 Ill.2d 316, 341, 348, 695 N.E.2d 1255 (1998) (<u>Kinkead</u> II), Justice Harrison, in a concurring opinion, classified the resulting hearing on remand as a retrospective fitness hearing, and the plurality admitted that language in the <u>Kinkead</u> I opinion may have suggested a broader inquiry on remand. In <u>People v. Gevas</u>, 166 Ill.2d 461, 471, 655 N.E.2d 894 (1995), the court cited <u>Drope v. Missouri</u>, 420 U.S. 162, 95 S.Ct. 896 (1975) for the proposition that "there are 'inherent difficulties' in attempting a retrospective 'nunc pro tunc determination' of defendant's mental capacity," and believed that <u>after two years</u>, it would be impossible to conduct a meaningful hearing. Again, stating that there are "inherent difficulties" is not the same as saying retrospective fitness hearings are impossible. Indeed, the Supreme Court in <u>Drope</u> cited <u>Conner v. Wingo</u>, 429 F.2d 630 (6th Cir. 1970) as supporting authority. <u>Drope</u>, 95 S.Ct. 896, at 909. As discussed above, <u>Conner</u> held that a retrospective fitness hearing was proper after a delay of many years. Thus, subjecting the cases in the <u>Brandon</u> line to even a minimal level of scrutiny reveals that they do not universally stand for the proposition that retrospective fitness hearings are always impossible.

Further, the Seventh Circuit has recently determined that, far from announcing or applying a rule, the <u>Brandon</u> line simply represents an erroneous interpretation of law. <u>In re Page</u>, 170 F.3d 659, 662 (7th Cir. 1999), modified, 179 F.3d 1024 (7th Cir. 1999). The defendant in <u>People v. Neal</u>, had filed a federal habeas corpus petition arguing that the retroactive application of <u>Burgess</u> to his case violated due process. <u>In re Page</u>, 170 F.3d at 660-1. The Seventh Circuit disagreed, noting that the Constitution does not entitle

16

defendants to obtain a benefit from errors of state law.  In re Page, 170 F.3d at 662.  In light of this case, and in light of the substantial authority permitting retrospective hearings, including an Illinois statute, it cannot be said that Burgess announced a new rule for the purposes of Teague non-retroactivity.  Therefore, this Court must reject the argument that the Burgess decision cannot be applied to petitioner's case.

Petitioner incorrectly contends that the United States Supreme Court holds as a matter of federal constitutional law that retrospective fitness hearings are insufficient to protect a defendant's due process rights.  In fact, at most, the Supreme Court has noted that there are inherent difficulties in conducting a retrospective hearing.  See Drope, 95 S.Ct. 896, at 909.  As discussed above, this is not the same as saying such hearings are completely forbidden.  Also, as discussed above, in Drope, the Supreme Court cited Conner v. Wingo as supporting authority, and Conner held that a retrospective fitness hearing was appropriate.  Even more, a substantial number of federal cases in addition to Conner, as cited above, have held that retrospective fitness hearings are proper.  Conner, cited in Drope, clarified that the language in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836 (1966), regarding the difficulty in retrospectively determining a defendant's competence to stand trial constituted an admonition rather than a flat bar.  Conner, 429 F.2d 630, at 639-40.  See also People v. Neal, 179 Ill.2d at 553.  Indeed, a thorough review of the decisions in Drope and Pate reveals that the Supreme Court did not grant a new trial because retrospective fitness hearings are impossible, but because they would have been inappropriate given the factual circumstances of those cases.  See Drope, 95 S.Ct. 896, at 909 ("we cannot conclude such a procedure would be adequate here."); Pate, 86 S.Ct. 836, at 843 ("That Robinson's hearing

17

would be held six years after the fact aggravates these difficulties.")
Petitioner mischaracterizes <u>Pate</u> and <u>Drope</u>, and therefore, his argument must
fail.

Finally, petitioner contends that a retrospective fitness hearing would
be inappropriate in this case. However, because a considerable amount of
medical information and observation occurred contemporaneously with
petitioner's guilty plea, a retrospective fitness hearing would be particularly
appropriate in this case.

The passage of time is not dispositive. <u>People v. Neal</u>, 179 Ill.2d 541
at 553. The passage of even a considerable amount of time may not be an
insurmountable obstacle if there is sufficient evidence in the record derived
from knowledge contemporaneous to trial. <u>Bilyew</u> I, 686 F.2d at 1247. A
reliable reconstruction of a defendant's mental state depends less on time than
on the state of the record, and especially where medical information
contemporaneous to trial is available, the chances for an accurate assessment
increase. <u>Bilyew</u> I, 686 F.2d at 1247; <u>Bruce v. Estelle</u>, 536 F.2d 1051 at 1057.

A retrospective fitness determination would be highly appropriate in
light of the substantial number of mental examinations petitioner underwent
before his guilty plea. Petitioner only saw fit to attach an excerpt from his
medical records at Cermak Health Services. (C.R. 150-57) However, since only
a licensed physician can prescribe medication such as psychotropic medication,
<u>see</u>, <u>e.g.</u>, 225 ILCS 60/49; 225 ILCS 60/50, the physicians at Cermak who
prescribed the medication could testify to its purposes and effects on
petitioner. Dr. Stipes, a psychiatrist at the Psychiatric Institute
interviewed petitioner pursuant to a court referral, and saw him on two other
occasions. (R. Vol.II, 67, 69, 72, 93) Dr. Stipes found petitioner legally

18

sane.  (T.C.R. 49)  Dr. Rabin of the Psychiatric Institute performed an intelligence test and a variety of other tests on petitioner. (R. Vol.II, 83, 93) Dr. Stipes ordered an electroencephalogram of petitioner, the results of which were normal, although there was low voltage on the right side of the brain. (R. Vol.II, 92-95) A further alcohol-activated EEG revealed no clear abnormalities. (T.C.R. 74-5) Dr. Paul Pasulka, a clinical psychologist, was retained by petitioner to access his general abilities, his limitations with respect to the nature of the charges, and his ability to appreciate and understand <u>Miranda</u> warnings. (R. Vol.II, 108-9, 114-5, 120-1) He performed neuropsychological testing and administered the Minnesota Multiphasic Personality Inventory to petitioner. (R. Vol.II, 146, 148) The intelligence testing performed by Dr. Rabin indicated petitioner had a verbal intelligence quotient of 99 and a full scale IQ of 88. (R. Vol.II, 145) Dr. Pasulka did not have petitioner's exact score on reading comprehension, petitioner read and pronounced words at a 12th grade level, and petitioner tested at the 8th-9th grade level on math tests. (R. Vol.II, 154) The great mass of available medical information developed prior to petitioner's guilty plea demonstrates the feasibility and appropriateness of a retrospective fitness determination in this case. As a matter of fact, petitioner, himself, attached a letter from Dr. Henry Conroe, date June, 1998, which states an opinion as to petitioner's fitness. (C.R. 165-67)[3]

---

[3] The fact that Dr. Conroe determined that petitioner was unfit at the time of the plea should not be given too much weight in view of Dr. Conroe's long history of testifying for criminal defendants as to their mental illnesses, insanity, or unfitness. <u>See</u> <u>People v. Sanchez</u>, 169 Ill.2d 472, 662 N.E.2d 1199 (1996); <u>People v. Gevas</u>, 166 Ill.2d 461; <u>People v. Eddmonds</u>, 143 Ill.2d 501, 578 N.E.2d 952 (1991); <u>People v. Odle</u>, 128 Ill.2d 111, 538 N.E.2d 428 (1988); <u>People v. Hill</u>, 297 Ill. App. 3d 500, 697 N.E.2d 316 (1st Dist. 1998); <u>People v. McMillen</u>, 281 Ill. App. 3d 247, 666 N.E.2d 812 (1st Dist. 1996); <u>People v. Hammerli</u>, 277 Ill. App. 3d 873, 662 N.E.2d 452 (1st Dist. 1996); <u>People v.</u>

In addition, the trial judge could be called to testify to his observations of petitioner during the plea hearing. (C.R. 69-74, 104-113) Petitioner even asked a "good" question regarding his possible sentence involving a three-year mandatory release period. (C.R. 104) This question, by itself, suggests petitioner was fit to plead. See People v. Hill, ___ Ill. App. 3d ___, 1999 Ill. App. LEXIS 734, 36 (2nd Dist. 1999). Given the abundance of information as to petitioner's mental state at the time of his plea, a retrospective fitness hearing would be feasible and appropriate. See People v. Jamerson, 292 Ill. App. 3d 944, 951, 687 N.E.2d 329 (3rd Dist. 1997); People v. Gibson, 292 Ill. App. 3d 842, 847, 687 N.E.2d 1076 (5th Dist. 1997). See also People v. Neal, 179 Ill.2d 541, 553-55 (Retrospective hearing after 15 years was appropriate); Bilyew II, 842 F.2d 189 (7th Cir. 1988); Bruce v. Estelle, 536 F.2d 1051 (5th Cir. 1976); Conner v. Wingo, 429 F.2d 630 (6th Cir. 1970).

The sole authority petitioner cites to support his contention that a retrospective fitness determination would be inappropriate is Kinkead II. However, that case is quite distinguishable from the instant case. The court placed particular emphasis on the fact that the defendant had originally accepted a plea offer that would spare his life, but then changed his mind and informed the court he wished to plead guilty and asked the court to impose the death penalty. Kinkead II, 182 Ill.2d 316, at 317, 347. One of the doctors who examined the defendant was thunderstruck when he heard of this change.

---

Wright, 272 Ill. App. 3d 1033, 651 N.E.2d 758 (1st Dist. 1995); People v. Coulter, 230 Ill. App. 3d 209, 594 N.E.2d 1163 (1st Dist. 1992); People v. Ahmed, 206 Ill. App.3d 927, 565 N.E.2d 137 (1st Dist. 1990); People v. Williams, 205 Ill. App.3d 715, 564 N.E.2d 507 (1st Dist. 1990); People v. Williams, 201 Ill. App.3d 207, 558 N.E.2d 1258 (1st Dist. 1990); People v. Wheeler, 194 Ill. App. 3d 178, 550 N.E.2d 1170 (1st Dist. 1990); People v. Kapsalis, 186 Ill. App. 3d 96, 541 N.E.2d 1323 (1st Dist. 1989).

Kinkead II. 182 Ill.2d at 328.  Unlike Kinkead, petitioner in the instant case pled guilty and received a 50-year sentence that was in accord with an earlier conference his attorney had with the judge.  (C.R. 105)  In addition, unlike the instant case, the defense attorneys in Kinkead testified that defendant had difficulty understanding at times, and one observed that the defendant appeared to be very sad and confused, and his desire for self-preservation disappeared. 182 Ill.2d at 322.  The defendant had a history of self-mutilation as child and twice attempted suicide.  182 Ill.2d at 347.  Moreover, the trial court in Kinkead had already conducted a sui generis or retrospective fitness hearing, the result of which was that one doctor could not give an opinion as to whether the drug would have impaired the defendant's judgment, a second doctor admitted that impaired liver function would increase the drug's side effects and he had not considered the defendant's liver function, a third doctor testified he was thunderstruck when he learned of the defendant's flip-flop on the death penalty, and a fourth doctor testified that the drug could have affected the defendant's brain and thought processes.  182 Ill.2d at 325-30, 342, 348-9. As Kinkead II is such a different case, it is not persuasive in this case.

Notably, the plurality in Kinkead II made an unprincipled and unpersuasive attempt to distinguish People v. Neal.  The plurality stated that the circuit court in Neal held that Section 104-21(a) had not been violated because the defendant had failed to establish that his use of thorazine was proximate in time to his trial.  Kinkead II, 182 Ill.2d at 343.  Of course, the plurality ignored the express determination in the Neal opinion that, "[a]lthough the dosage was discontinued prior to the start of the actual trial, the timing of the dosage was comparable to the situation in Gevas, where the record showed that the defendant was being treated with psychotropic medication

21

until just over a month before he pleaded guilty and requested the death penalty and was sentenced." People v. Neal, 179 Ill.2d at 551.

Because of the abundance of evidence developed contemporaneously with petitioner's guilty plea along with the abundance of relevant authority, a retrospective fitness hearing would be appropriate in the instant case.

The People agree with petitioner that his petition should not have been dismissed at the motion to dismiss stage of post-conviction proceedings, and that petitioner has established the right to an evidentiary hearing on his claim that he was denied a fitness hearing under Section 104-21(a). However, because the record is less than complete, e.g., the record does not contain petitioner's complete medical records from Cermak Hospital Services, and because the Appellate Court cannot engage in factfinding, it would be most appropriate to remand this case to the circuit court for an evidentiary hearing on petitioner's post-conviction petition.  Because the People agree that a remand is necessary to further consider petitioner's claims that he was denied a fitness hearing under Section 104-21(a), it is unnecessary to address petitioner's claims that he was entitled to a fitness hearing under other theories, which petitioner raised in his Arguments V and VI.  Section 104-21 does not require separate fitness hearings on a defendant's fitness and on his fitness with medication.  See People v. Burton, 184 Ill.2d 1, 15, 703 N.E.2d 49 (1998); People v. Sandham, 174 Ill.2d 379, 390, 673 N.E.2d 1032 (1996).[4]

---

[4] Furthermore, the People wish to point out that the mere fact that one is mentally ill does not equate to a bona fide doubt of fitness.  See People v. Hill, ___ Ill. App.3d ___, 1999 Ill. App. LEXIS 734, 34-37 (2nd Dist. 1999); People v. Lopez, 216 Ill. App. 3d 83, 85-88, 576 N.E.2d 246 (1st Dist. 1991); People v. Wilson, 124 Ill. App. 3d 831, 836-38, 464 N.E.2d 1158 (1st Dist. 1984); People v. Dominique, 86 Ill. App.3d 794, 804, 408 N.E.2d 280 (1st Dist. 1980). Thus, the medical information which petitioner presented at his aborted motion to suppress, information which the People never had the opportunity to rebut, was insufficient to require a fitness hearing.  Moreover, even if petitioner was

In light of all the foregoing, this Court should remand this case for an evidentiary hearing pursuant to the Post-Conviction Act. Petitioner is not entitled to a new trial at the current stage of the proceedings because the decision in <u>Burgess</u> can be applied retroactively to his case, because the United States Supreme Court does not hold that retrospective fitness hearings are impermissible, and because a retrospective fitness hearing would be appropriate in this case given the abundance of information in the current record as to medical examinations performed on petitioner that were substantially contemporaneous to his guilty plea.

---

entitled to a hearing as to his mental health at the time of the offense, and the information already before the court was somehow insufficient to make the finding, the trial court found petitioner guilty but mentally ill anyway. (C.R. 106, 114) Further, a hearing as to the defendant's mental state at the time of the crime is clearly not equivalent to a hearing into a defendant's fitness at the time of trial, as demonstrated by the fact that different statutes and procedures apply to these different hearings.

## CONCLUSION

The People of the State of Illinois respectfully request that this Honorable Court remand this case for further proceedings consistent with the Post-Conviction Act, including a retrospective fitness hearing, if necessary.


Respectfully Submitted,


RICHARD A. DEVINE,
State's Attorney,
County of Cook,
Room 309 - Richard J. Daley Center,
Chicago, Illinois 60602

<u>Attorney for Respondent-Appellee</u>


RENEE GOLDFARB,
JON J. WALTERS,
Assistant State's Attorneys,
   <u>Of Counsel</u>.

NO. 99-1339

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

---

PEOPLE OF THE STATE OF ILLINOIS,

Respondent-Appellee,

vs.

PATRICK O'CONNOR,

Petitioner-Appellant.

---

Appeal from the Circuit Court of Cook County, Criminal Division.
Honorable Joseph Kazmierski, Judge Presiding.

SUPPLEMENTAL BRIEF AND ARGUMENT FOR
RESPONDENT-APPELLEE

———

RICHARD A. DEVINE,
State's Attorney,
County of Cook,
Room 309 - Richard J. Daley Center,
Chicago, Illinois 60602

<u>Attorney for Respondent-Appellee</u>

RENEE GOLDFARB,
JON J. WALTERS,
Assistant State's Attorneys,
<u>Of Counsel</u>.

EXHIBIT H

EWPC229

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,

                                              Respondent-Appellee,

                              vs.

PATRICK O'CONNOR,

                                              Petitioner-Appellant.

## POINT AND AUTHORITIES

**THE TRIAL COURT PROPERLY DISMISSED PETITIONER'S POST-CONVICTION PETITION WHERE PETITIONER'S CLAIM IS NOT COGNIZABLE UNDER THE POST-CONVICTION ACT AND WHERE PETITIONER FAILED TO ESTABLISH A SUBSTANTIAL SHOWING OF A VIOLATION OF CONSTITUTIONAL RIGHTS.**
**(Response to Petitioner's Arguments I-VI)**

People v. Whitehead, 169 Ill.2d 355,
    662 N.E.2d 1304 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4, 5

People v. Guest, 166 Ill.2d 381,
    655 N.E.2d 1160 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

People v. Mitchell, ___ Ill.2d ___,
    2000 Ill. LEXIS 15(2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    passim

People v. Coleman, 183 Ill.2d 366,
    701 N.E.2d 1063 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

1

People v. Moore, ___ Ill.2d ___, 2000 Ill. LEXIS 315, 13-14(2000). . . . . . .    5, 7, 12

People v. Del Vecchio, 129 Ill.2d 265,
    544 N.E.2d 312 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

People v. Topps, ___ Ill. App.3d ___,
    723 N.E.2d 331 (1st Dist. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . .    5

People v. Haynes, 174 Ill.2d 204,
    673 N.E.2d 318 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6, 11

People v. Murphy, 72 Ill.2d 421,
    381 N.E.2d 677 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

People v. Damico, 309 Ill.App.3d 203,
    722 N.E.2d 194 (2nd Dist. 1999). . . . . . . . . . . . . . . . . . . . . . . . . ..    8, 9

People v. Hill, 308 Ill.App.3d 691,
    ___ N.E.2d ___ (2nd Dist. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . .    10

People v. Coleman, 168 Ill.2d 509, 660 N.E.2d 919 (1995). . . . . . . . . . . . . .    10

People v. Bleitner, 189 Ill. App.3d 971,
    546 N.E.2d 241 (4th Dist. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . .    10

People v. Eddmonds, 143 Ill.2d 501, 578 N.E.2d 952 (1991). . . . . . . . . . . . .    10

People v. Randle, 277 Ill. App.3d 788,
    661 N.E.2d 370 (1st Dist. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . .    11

People v. Walker, 262 Ill. App.3d 796,
    635 N.E.2d 684 (1st Dist. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . .    11

People v. Scott, 148 Ill.2d 479,
    594 N.E.2d 217 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

People v. Adamcyk, 259 Ill. App.3d 670,
    631 N.E.2d 407 (2nd Dist. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . .    11

725 ILCS 5/115-2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11

## ISSUE  PRESENTED FOR REVIEW

Whether the trial court properly dismissed petitioner's post-conviction petition where petitioner's claim is not cognizable under the Post-Conviction Act and where petitioner failed to establish a substantial showing of a violation of constitutional rights.

## STATEMENT OF FACTS

The People rely on their original Statement of Facts.  (P. Br. 5-8)

**ARGUMENT**

**THE TRIAL COURT PROPERLY DISMISSED
PETITIONER'S POST-CONVICTION PETITION WHERE
PETITIONER'S CLAIM IS NOT COGNIZABLE UNDER
THE POST-CONVICTION ACT AND WHERE PETITIONER
FAILED TO ESTABLISH A SUBSTANTIAL SHOWING OF
A VIOLATION OF CONSTITUTIONAL RIGHTS.**
**(Response to Petitioner's Arguments I-VI)[1]**

Petitioner contends that the trial court improperly dismissed his post-conviction petition.

Petitioner contends that he should have received a fitness hearing because he ingested psychotropic

medication, that the trial court should have held a fitness hearing because of information before

the court suggesting a <u>bona fide</u> doubt of his fitness for trial, and the court should have held a

hearing as to whether he was guilty but mentally ill at the time of the offense.  The trial court,

however, properly dismissed the petition.  First, petitioner's claims that he was entitled to a fitness

hearing under the psychotropic drug fitness provision, 725 ILCS 5/104-21(a), are not cognizable

under the Post-Conviction Act.   Second, petitioner failed to establish a substantial showing of a

violation of constitutional rights with respect to his remaining claims.

A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right.

<u>People v. Whitehead</u>, 169 Ill.2d 355, 370-1, 662 N.E.2d 1304 (1996); <u>People v. Guest</u>, 166 Ill.2d

381, 389, 655 N.E.2d 1160 (1992).  An evidentiary hearing on the petition is required only when

the allegations of the petition, supported by the record and accompanying affidavits, make a

substantial showing of a violation of a constitutional right.  <u>People v. Mitchell</u>, ___ Ill.2d ___,

---

[1]The People rely on the Argument in their original brief, with the exception of any
argument conceding that petitioner is entitled to an evidentiary hearing under the Post-
Conviction Act.

2000 Ill. LEXIS 15, 8(2000).   The dismissal of a post-conviction petition is subject to de novo review.  People v. Coleman, 183 Ill.2d 366, 388-9, 701 N.E.2d 1063 (1998).

Petitioner is not entitled to an evidentiary hearing, or post-conviction relief of any kind, on his claim that he was entitled to, but did not receive, a fitness hearing because he ingested psychotropic medications at or near the time of his guilty plea.  In the recent case of People v. Mitchell, 2000 Ill. LEXIS 15, at 16-25, and the subsequent case of People v. Moore, ___ Ill.2d ___, 2000 Ill. LEXIS 315, 13-14(2000), the Illinois Supreme Court determined that such a claim was statutory, and not constitutional, in nature, and therefore not a proper basis for relief under the Post-Conviction Act.  Thus, the trial court properly dismissed petitioner's claims relating to the psychotropic drug fitness provision.  The only claim that the Supreme Court did consider to be cognizable was a claim that a petitioner was deprived of his right to the effective assistance of counsel because trial counsel failed to request a hearing under Section 104-21(a).  See People v. Moore, 2000 Ill. LEXIS at 14-15.  Since petitioner nowhere makes that claim in his brief, that issue is not before this Court.

Furthermore, petitioner has failed to establish a substantial showing of a violation of his constitutional rights with respect to his claim that he should have received a fitness hearing because a bona fide doubt existed as to his fitness to plead guilty.   First, petitioner waived this issue.  Issues that could have been presented on direct appeal, but were not, are deemed waived.  People v. Whitehead, 169 Ill.2d 355, 371, 662 N.E.2d 1304 (1996); People v. Del Vecchio, 129 Ill.2d 265, 275, 544 N.E.2d 312 (1989).  Since petitioner did not raise this issue on direct review (C.R. 59-60), and raised it for the first time in post-conviction proceedings, he has waived this issue.  See People v. Topps, ___ Ill. App.3d ___, 723 N.E.2d 331, 336 (1st Dist. 1999) (The

5

petitioner waived the issue of his counsel's failure to request a fitness hearing by not raising it on direct appeal).

Petitioner's arguments that waiver should not apply are most unpersuasive. The cases to which petitioner cites (People v. Brandon, 162 Ill.2d 450, and its progeny) are of, at best, doubtful validity in light of People v. Mitchell, 2000 Ill. LEXIS 15. Moreover, petitioner's contention that this claim can only be substantiated by evidence outside the record is totally false. When one examines petitioner's supplemental post-conviction petition, it is clear that petitioner entirely relied on evidence in the record available at the time of the guilty plea in support of his claim. (C.R. 122-26) Indeed, petitioner, himself, said in his petition, that, "the trial court was privy to a mountain of evidence" relating to his fitness. (C.R. 123) Every specific piece of evidence petitioner relied on in his petition came from the record: Dr. Stipes' testimony, Dr. Pasulka's testimony, and the fact that petitioner pled guilty but mentally ill. (C.R. 123-26) Petitioner cannot seriously contend that this issue could not have been litigated on direct appeal. Therefore, petitioner waived this issue.

Assuming, arguendo, that petitioner did not waive the issue, petitioner still failed to make the required showing. Petitioner has failed to make the case that he was unfit to plead guilty. Under Illinois law, a defendant is presumed fit to stand trial, and will only be considered unfit if, because of his mental or physical condition, he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense. People v. Haynes, 174 Ill.2d 204, 226, 673 N.E.2d 318 (1996).

The record in this case demolishes any idea that petitioner was unable to understand the nature and purpose of the proceedings against him or was unable to assist in his defense. Petitioner

6

responded appropriately and displayed no confusion in his exchanges with the trial court.  (C.R. 70, 72-74, 104-106, 108-110, 113) He asked the court to explain the term "mandatory release period," which the trial court termed, "a good question." (C.R. 104)  Moreover, defense counsel represented to the court that he had spoken to petitioner, and petitioner understood he was giving up the right to have the court hear evidence and rule on his motion to suppress, and the right to pursue a defense including specified witnesses and what they would testify to. (C.R. 107-8) When the trial court asked petitioner if he was satisfied with defense counsel, petitioner said he would rather have Perry Mason, but he was satisfied with his attorney. (C.R. 109-110) It should be noted that despite the fact that petitioner committed what the trial court characterized as a "brutal and heinous" crime, petitioner, by pleading guilty, avoided the death penalty, a natural life or extended-term sentence, and even the maximum term for murder.  The record clearly shows that petitioner understood the proceedings and could assist in his defense.  Petitioner's contention lacks merit.[2]

Recent case law further demonstrates the impossibility of any contention of a <u>bona fide</u> doubt of his fitness in this case. The supreme court dismissed a defendant's post-conviction petition without a hearing when the defendant alleged a <u>bona fide</u> doubt of his fitness existed because of his ingestion of psychotropic medication, a history of mental treatment, substance abuse, brain injury, learning disability, and a low IQ   People v. Moore, 2000 Ill. LEXIS 315, at 6, 8-9.  An affidavit from a neuropsychologist referred to the defendant's having attention deficit disorder,

---

[2]Petitioner's repetitious claim that he has a borderline IQ is misleading at best.  While petitioner did have a performance IQ of 77, his verbal IQ score was 99 and his full-scale IQ was 88. (R. Vol. II, 145) Petitioner read and pronounced words at a 12th grade level, and scored at the 8th or 9th grade level on math tests. (R. Vol. II, 154) The results of an EEG were normal, though there was low voltage on the right side, and the results of an alcohol-induced EEG were the same. (R. Vol. II, 95-6) Petitioner greatly exaggerates his supposed mental limitations.

7

traumatic brain injury, and a possible substance abuse problem. Id. at 18. However, the mere fact that a defendant has limited mental capacity does not by itself raise a bona fide doubt of his fitness for trial. Id. Moreover, the record, as in the instant case, belied any contention that the defendant did not understand the nature of the proceedings or was unable to assist in his defense. Id. at 18-19.

Similarly, in People v. Mitchell, 2000 Ill. LEXIS 15, 30, the defendant's exchanges with the trial judge did not display any confusion about the nature of the proceedings. Evidence that the defendant attached to his post-conviction petition did not show a reasonable probability that the defendant would be found unfit, even though an affidavit established that the combination of the defendant's medications might have affected his ability to make certain decisions and may have caused the defendant to appear too relaxed or detached, while another affidavit described the defendant as having a learning disability, difficulty in school, borderline mental retardation, seizure disorder, and difficulty in processing information. Id. at 32-33. In Mitchell, the Supreme Court referred to the case of People v. Murphy, 72 Ill.2d 421, 381 N.E.2d 677 (1978), where psychiatric evidence established that the defendant was mentally retarded and could only understood simple procedures but not complicated ones or those having abstract meanings, the defendant had a limited vocabulary, and he could not read above the first-grade level, but the supreme court held that the record supported the conclusion that there was no bona fide doubt of fitness. People v. Mitchell, 2000 Ill. LEXIS at 33-35.

Again, in People v. Damico, 309 Ill. App.3d 203, 722 N.E.2d 194, 198 (2nd Dist. 1999), the defendant contended that the facts and circumstances surrounding his psychological health prior to the start of trial, compounded by his recent use of psychotropic medication, raised a bona fide

doubt of his fitness, and that the trial court erred in not holding a fitness hearing. Prior to trial, his

defense counsel had filed a petition to have the defendant examined for fitness for trial, alleging

that the medication altered the defendant's demeanor, causing him to be drowsy and affecting his

recall. People v. Damico, 722 N.E.2d at 199. The petition also alleged that, based upon the

defendant's lack of ability to recall occurrences relating to the charges pending against him and

counsel's observations as to his behavior, the defendant was not able to meaningfully assist in his

defense. Id. Trial counsel represented that the defendant was "unable often to provide [him] with

information or new information or confirmation that he had provided ... on previous occasions,"

and that the defendant was unable to follow certain lines of thought as they attempted to put

together defenses. Id. According to the attorney, the defendant often seemed "to be off in space

somewhere" and was unable to assist in his defense. Id. The defendant pointed out on appeal that

he had been in and out of psychiatric institutions since he was a child, had been hospitalized for

suicide attempts and depression, and that a doctor indicated that the defendant could be suffering

from post-traumatic stress syndrome, multiple substance abuse, and intermittent explosive

disorder, and could have a borderline personality disorder. Id. at 200. Although the defendant

made a comment at an earlier proceeding that the medication was "dragging him down," there was

no indication that the defendant was suffering from side effects of his psychotropic medication or

that the effects were preventing him from cooperating with defense counsel. Id. at 201. Based

upon the record of the case, the appellate court concluded that the trial court did not abuse its

discretion in determining that no bona fide doubt as to fitness existed, and, therefore, no fitness

hearing was required. Id.

Additionally, in <u>People v. Hill</u>, 308 Ill.App.3d 691, 697-8, ___ N.E.2d ___ (2nd Dist. 1999), the defendant filed a 2-1401 petition to which he attached handwritten pages describing a period of depression, several suicide attempts, his belief that his dead wife would appear to him, and he referred to himself in the third person and recounted arguments he had with himself about his actions with the victims.  In a diary apparently kept while awaiting trial, the defendant described hallucinations in which he saw his deceased wife's spirit and heard her voice, and he complained of side effects of various medications.  <u>People v. Hill</u>, 308 Ill. App.3d at 698.  Nonetheless, the trial court did not err in failing to order a fitness hearing <u>sua</u> <u>sponte</u> because the record established no <u>bona</u> <u>fide</u> doubt regarding his fitness to stand trial.  308 Ill. App.3d at 705-6.

Moreover, Dr. Conroe's June, 1998 letter does not support the existence of a <u>bona</u> <u>fide</u> doubt. Dr. Conroe only saw petitioner for 1 3/4 hours, and his purpose was to render an opinion as to sanity, not fitness to stand trial.  (C.R. 165) Other than that, Dr. Conroe reviewed records.  (C.R. 165) There is no indication he ever observed petitioner's interaction with his attorney.  The mere fact that a psychiatrist expresses an opinion that a defendant was unfit does not require a similar finding by the court.  <u>See</u> <u>People v. Coleman</u>, 168 Ill.2d 509, 525, 660 N.E.2d 919 (1995); <u>People v. Bleitner</u>, 189 Ill. App.3d 971, 975-77, 546 N.E.2d 241 (4th Dist. 1989).  Dr. Conroe's uninformed opinion cannot stand in light of the record before this Court, and does not reveal a <u>bona</u> <u>fide</u> doubt of fitness.  <u>See</u> <u>People v. Eddmonds</u>, 143 Ill.2d 501, 516-26, 578 N.E.2d 952 (1991)(Evidence that two doctors had, at one time, expressed an opinion that the defendant was unfit, that two attorneys thought that the defendant was unfit, and that the defendant had been diagnosed with paranoia and early schizophrenic process did not establish a <u>bona</u> <u>fide</u> doubt of fitness in view of other evidence available to the court).  Petitioner conceded this point as he did

10

not even include Dr. Conroe's letter in his argument in his petition regarding a <u>bona</u> <u>fide</u> doubt of fitness. (C.R. 122-26)

Given the record before this Court, and the abundance of recent cases, this Court should reject any claims of a <u>bona</u> <u>fide</u> doubt of fitness. Therefore, even assuming, <u>arguendo</u>, that petitioner has not waived his contention that a <u>bona</u> <u>fide</u> doubt existed as to his fitness, the trial court still properly dismissed the post-conviction petition as petitioner failed to establish a substantial showing of a violation of his constitutional rights.

Finally, the trial court properly dismissed petitioner's meritless claim that petitioner's due process right to be tried while fit was violated when he did not receive a hearing as to whether he was guilty but mentally ill at the time of the offense under section 725 ILCS 5/115-2 of the Code of Criminal Procedure. Whether someone is fit to stand trial is totally unrelated and irrelevant to the issue of whether that person was mentally ill at the time of the offense. It must be remembered that fitness to stand trial is a limited concept, and a defendant is only unfit when he is unable to understand the nature and purpose of the proceedings against him or to assist in his defense. <u>People v. Haynes</u>, 174 Ill.2d 204, 226, 673 N.E.2d 318 (1996). Fitness addresses only a person's ability to function within the context of trial, it does not refer to sanity or competence in other areas, and a person may be fit for trial although his mind maybe otherwise unsound. <u>People v. Randle</u>, 277 Ill. App.3d 788, 797, 661 N.E.2d 370 (1st Dist. 1995); <u>People v. Walker</u>, 262 Ill. App.3d 796, 803, 635 N.E.2d 684 (1st Dist. 1994). Thus, the question of fitness for trial is irrelevant to the question of sanity (or mental illness) at the time of the offense. <u>People v. Scott</u>, 148 Ill.2d 479, 531, 594 N.E.2d 217 (1992); <u>People v. Adamcyk</u> 259 Ill. App.3d 670, 676, 631 N.E.2d 407 (2nd Dist. 1994). Petitioner cannot make an apple out of an orange. As petitioner has

11

failed to raise a constitutional issue, merely a statutory one, the trial court properly dismissed this claim as it was not cognizable under the Post-Conviction Act. See People v. Moore, 2000 Ill. LEXIS 315, at 13-14; People v. Mitchell, 2000 Ill .LEXIS 15, at 16-25.[3]

In sum, the trial court properly dismissed petitioner's post-conviction petition. Illinois courts do not recognize a claim that a defendant took psychologic medication and should have received a fitness hearing per Section 104-21(a) as a basis for relief under the Post-Conviction Act. Petitioner waived any claim regarding a bona fide doubt as to his fitness because his own petition demonstrates that the issue could have been raised on direct appeal, yet petitioner did not raise it. Further, the record and recent cases reveal the absence of a bona fide doubt. Also, petitioner's contention that he should have had a hearing as to his being guilty but mentally ill at the time of the offense is totally irrelevant to the issue of fitness for trial, and is not cognizable under the Post-Conviction Act as it is a statutory, rather than a constitutional claim. Petitioner has simply failed to aver cognizable claims or demonstrate the showing necessary to obtain post-conviction relief, or even an evidentiary hearing. Therefore, this Court should affirm the dismissal of petitioner's post-conviction petition.

---

[3]Moreover, petitioner cannot seriously contend that he has suffered a substantial constitutional deprivation by the court's alleged failure to hold a hearing under 725 ILCS 5/115-2 where the court substantially complied with the statute and where petitioner was found guilty but mentally ill.

12

## CONCLUSION

The People of the State of Illinois respectfully request that this Honorable Court affirm the dismissal of petitioner's post-conviction petition.

Pursuant to People v. Nicholls, 71 Ill. 2d 166, 374 N.E.2d 194 (1998) and relevant statutory provisions 725 ILCS 5/110-7(h)(1998); 725 ILCS 130/13 (1998); 55 ILCS 5/4-2002.1 (1998), the People of the State of Illinois respectfully request that this Court grant the People costs and incorporate as part of its judgment and mandate a fee of $100.00 for defending this appeal. In addition, pursuant to People v. Agnew, 105 Ill. 2d 275, 473 N.E.2d 1319 (1985) and 55 ILCS 5/4-2002.1 (1998), the People respectfully request that this Court also grant the People an additional fee of $50.00 in the event oral argument is held in this case.

Respectfully Submitted,

RICHARD A. DEVINE,
    State's Attorney,
    County of Cook,
    Room 309 - Richard J. Daley Center,
    Chicago, Illinois 60602

Attorney for Respondent-Appellee

RENEE GOLDFARB,
JON J. WALTERS,
Assistant State's Attorneys.
        Of Counsel.

13

No. 99-1339

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| PATRICK O'CONNOR, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois |
| Petitioner-Appellant, | ) | |
| | ) | Indictment No. 91 cr 22972 |
| v. | ) | |
| | ) | Honorable Joseph Kaşmierski |
| THE STATE OF ILLINOIS, | ) | Presiding. |
| | ) | |
| Respondent-Appellee. | ) | |

REPLY BRIEF FOR PETITIONER-APPELLANT

RITA A. FRY
Public Defender of Cook County
69 West Washington, Floor 15
Chicago, IL 60602
(312)603-0600

BRENDAN MAX
Assistant Public Defender

<u>Of Counsel.</u>

ORAL ARGUMENT REQUESTED



RECEIVED
CRIMINAL APPEALS

MAY - 5 2000

309 RICHARD J. DALEY CENTER
RICHARD A. DEVINE
STATE'S ATTORNEY'S OFFICE

EXHIBIT I

POINTS AND AUTHORITIES

I. *PEOPLE V. MITCHELL* DOES NOT AFFECT THE ERROR BY THE TRIAL COURT IN HOLDING THAT PETITIONER WAIVER HIS CLAIM OF A DUE PROCESS VIOLATION BASED ON A BONA FIDE DOUBT OF FITNESS .

*Pate v. Robinson*, 86 S.Ct. 836, 383 U.S. 375 (1966)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*People v. Eddmonds*, 143 Ill.2d 501,  578 N.E.2d 952 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*People v. McLain*, 37 Ill.2d 173, 226 N.E.2d 21 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*People v. Sandham*, 174 Ill.2d 379, 673 N.E.2d 1032 (1996) . . . . . . . . . . . . . . . . . . . . . . . .  1-2

*People v. Smith*, 44 Ill.2d 82, 254 N.E.2d 492 (1969)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*People v. Whitehead*, 169 Ill.2d 355, 662 N.E.2d 1304 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II THE STATE HAS WAIVED ITS NEWLY CRAFTED ARGUMENT THAT NO BONA FIDE DOUBT EXISTED IN PETITIONER'S CASE BY NEVER ARGUING THIS POSITION IN THE TRIAL COURT.

*People v. Del Vecchio*, 129 Ill.2d 265, 544 N.E.2d 312 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*People v. Whitehead*, 169 Ill.2d 355, 662 N.E.2d 1304 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re E. V., a Minor*, 190 Ill.App.3d 1079, 547 N.E.2d 521 (1st Dist. 1989) . . . . . . . . . . . . . . . 5

III. THE EVIDENCE OF PETITIONER'S UNFITNESS IS SUBSTANTIAL, RAISES A BONA FIDE DOUBT CONCERNING HIS FITNESS, AND REQUIRES THAT PETITIONER'S PLEA AND SENTENCE BE VACATED.

*People v. Kinkaid*, 168 Ill.2d 394, 660 N.E.2d 852 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*People v. Sandham*, 174 Ill.2d 379, 673 N.E.2d 1032 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re E. V., a Minor*, 547 N.E.2d 521 (1st Dist. 1989)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*People v. Baldwin*, 185 Ill.App.3d 1079, 541 N.E.2d 1315 (1st Dist. 1989) . . . . . . . . . . . . . . . 7

IV. CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**ARGUMENT**

**I. *PEOPLE V. MITCHELL* DOES NOT AFFECT THE ERROR BY THE TRIAL COURT IN HOLDING THAT PETITIONER WAIVED HIS CLAIM OF A DUE PROCESS VIOLATION BASED ON A BONA FIDE DOUBT OF FITNESS.**

Petitioner argued at post conviction that he deserved a new trial because the evidence, both in the original trial record and outside the record, established a bona fide doubt regarding Petitioner's fitness to stand trial. (C.122-126). The State's only response to this argument was to invoke waiver and to assert that, "The record of the motion to suppress belies this claim." (C. 172). Nowhere else, including during oral argument in the trial court, did the State assert any other argument with respect to this issue. Furthermore, the trial court never ruled whether the evidence established a bona fide doubt as to Petitioner's fitness. (Tr. B4-5). In summarily dismissing Petitioner's claim regarding a bona fide doubt as to fitness, the trial court simply held Petitioner to have waived all issues. (Tr. B4-5). This was plain error as a matter of law.

Waiver does not apply to this issue as a matter of law and as a matter of fact. As a matter of law, waiver does not apply to post trial claims of fitness to stand trial. Pate v. Robinson, 86 S.Ct. 836, 383 U.S. 375 (1966); People v. Sandham, 174 Ill.2d 379, 673 N.E.2d 1032, 1033 (1996); People v. Smith, 44 Ill.2d 82, 254 N.E.2d 492 (1969); People v. McLain, 37 Ill.2d 173, 226 N.E.2d 21 (1967). Although the State makes an unsupported claim that Mitchell somehow changed waiver law (State Br., p. 6), this is obviously not true. In Sandham, the defendant failed to raise the issue of a bona fide doubt as to his fitness in the trial court. Sandham, 673 N.E.2d at 1033. The Court rejected the State's contention of waiver, stating:

> The right to be fit for trial, however, is fundamental. Accordingly, prosecuting a defendant where there is a bona fide doubt as to that defendant's fitness renders the proceeding

1

fundamentally unfair and we review this contention under the plain error rule. Id. (Citations omitted).

The Court decided Sandham without reference to the psychotropic drug statute, but rather relied on the bona fide doubt statute. Id. As such, the Court's statement of waiver law in this area cannot be seriously challenged even in light of Mitchell. Mitchell neither overruled Sandham nor discussed the principle of waiver.

As a matter of fact, waiver does not apply to claims supported by evidence *de hors* the record. People v. Whitehead, 169 Ill.2d 355, 662 N.E.2d 1304 (1996). While the State claims that Petitioner's position in this regard is "totally false" (State Br., p. 6), this assertion is made without support of the record. Crucial facts shedding light on Petitioner's unfitness were not part of the original trial record. The fact that Petitioner was on daily psychotropic medication was not part of the original trial record. (C. 142-162). The fact that Petitioner was placed on these medications as a result of suffering hallucinations and not merely for sleeping aides was not part of the original trial record. (C. 166). The fact that Petitioner was receiving large daily doses of these medications was not part of the trial record. (C. 166). All of this crucial evidence was made part of the record for the first time at post conviction.

Additionally, the affidavit of Dr. Henry Conroe was not part of the original trial record. (C. 165-167). In his affidavit, Dr. Conroe states the following:

> In conclusion, based on the above, Mr. Patrick O'Connor, on or about 9/1/93, was not fit to stand trial as he was unable to assist in his defense due to the Organic Personality Disorder secondary to severe brain damage sustained during two accidents. The [sequelae] of these injuries interfered with his ability to have the appropriate emotional concern, understanding and insight to work with his attorney in preparing his defense. He would have had difficulty weighing alternatives and their consequences, and he would not have been able to express his decision to his attorney in a manner that would allow him to know the client's wishes. (C. 166).

2

Also contained in Dr. Conroe's affidavit is the fact that the medications Petitioner was taking produce

drowsiness and mental confusion (C. 166), and Petitioner was more vulnerable to the side effects of

these medications due to his existing brain damage. (C. 166). The trial court certainly should have

been aware of this crucial evidence when determining whether a fitness hearing was appropriate.

Since none of this information was part of the original trial record but is rather only found *de hors*

the record, waiver simply does not apply.

Moreover, if the State's point is that waiver applies unless all of the evidence of unfitness is

outside the record, this position is contrary in law. <u>People v. Eddmonds,</u> 143 Ill.2d 501, 578 N.E.2d

952, 959 (1991)(holding that a post conviction claim of a due process violation involving a bona fide

doubt of fitness is properly based both on facts in the original trial record and facts raised for the first

time at post conviction). The evidence outside the record of Petitioner's unfitness, when combined

with the other abundant evidence of Petitioner's severe deficits and low functioning, raised a bona

fide doubt as to his fitness. Because crucial evidence is outside the original trial record, waiver does

not apply.

Finally, the statutory language makes clear that the issue of a bona fide doubt concerning

fitness can be raised at any time, including after a trial or plea. 725 ILCS 5/104-11. In this regard,

the statute states that fitness may be raised "by the defense, the State or the Court at any appropriate

time before a plea is entered or before, during or after trial." 725 ILCS 5/104-11. Clearly, Petitioner

has not waived the issue of his unfitness to stand trial.

3

## II. THE STATE HAS WAIVED ITS NEWLY CRAFTED ARGUMENT THAT NO BONA FIDE DOUBT EXISTED IN PETITIONER'S CASE BY NEVER ARGUING THIS POSITION IN THE TRIAL COURT.

Waiver does apply to the new and belated arguments the State raises for the first time on appeal concerning Petitioner's claim of a bòna fide doubt as to fitness. People v. Whitehead, 169 Ill.2d 355, 662 N.E.2d 1304 (1996); People v. Del Vecchio, 129 Ill.2d 265, 544 N.E.2d 312 (1989). As stated above, the only argument the State made in the trial court regarding this issue was this single sentence in its motion to dismiss: "The record of the motion to suppress belies this claim." (C. 172). In addition to never explaining this cryptic statement, the State nowhere raised any other arguments regarding this issue, and ignored it altogether in oral argument on its motion to dismiss the post conviction petition.(Tr. A4, A21-23).

Having failed to raise any other arguments regarding bona fide doubt in the trial court, the State belatedly crafts original arguments regarding bona fide doubt on appeal. (State Br., p. 6-11). In fact, the State occupies most of its argument, pages six through eleven, arguing for the first time that the record does not establish that a bona fide doubt as to Petitioner's fitness existed. (State Br., p. 6-11). In this regard, the State argues that the record "demolishes any idea that petitioner was unable to understand the nature and purpose of the proceedings against him or was unable to assist in his defense." (State Br., p. 6). The State proceeds to argue this point, basing its claim on Mitchell, Moore, Damico, and Hill.

This argument fails for three reasons. First, the State waived these issues by failing to raise them in the trial court. People v. Whitehead, 169 Ill.2d 355, 662 N.E.2d 1304 (1996); People v. Del Vecchio, 129 Ill.2d 265, 544 N.E.2d 312 (1989). Second, by arguing that no bona fide doubt existed, the State implicitly concedes that this case must be remanded to the trial court. The trial court never

4

addressed whether the evidence of Petitioner's severe deficits raised a bona fide doubt regarding

fitness.(Tr. B4-5).  In relying only on waiver in dismissing Petitioner's petition, the trial court never

made a finding regarding this issue.(Tr. B4-5).  Once this court holds that Petitioner has not waived

the issue of fitness, this case should be remanded for an initial determination in the trial court

regarding whether a bona fide doubt existed as to Petitioner's fitness.  In re E.V., a Minor, 190

Ill.App.3d 1079, 547 N.E.2d 521, 522 (1st Dist. 1989)(holding that the trial court has discretion to

determine whether a bona fide doubt of fitness exists).  Third, at the appropriate time, Petitioner will

establish that a bona fide doubt existed regarding Petitioner's fitness at the time Petitioner pled guilty

to murder.

### III. THE EVIDENCE OF PETITIONER'S UNFITNESS IS SUBSTANTIAL, RAISES A BONA FIDE DOUBT CONCERNING HIS FITNESS, AND REQUIRES THAT PETITIONER'S PLEA AND SENTENCE BE VACATED.

The evidence of Petitioner's unfitness at trial is substantial, raising at minimum a bona fide

doubt concerning Petitioner's fitness to stand trial and enter a plea of guilty in his case.  This includes

evidence of Petitioner's two severe head injuries which left him with a plate in his head, portions of

his brain removed, partial paralysis, partial blindness, and impaired speech. (Supplemental Record,

p. 74-90).  This includes evidence that as a result of this trauma, Petitioner was diagnosed as suffering

from Organic Brain Disorder, symptoms of which are loss of impulse control, poor judgment,

impulsivity, and inability to appreciate circumstances. (Supplemental Record, p. 93, 134).  This

includes evidence that Petitioner was left with a borderline performance IQ, with the performance

quotient being the most important of the three intelligence quotients for predicting everyday

functioning.(Supplemental Record, p. 144-146, 156, 178).  This includes evidence that Petitioner was

5

taking large daily doses of psychotropic medication to combat the hallucinations. (C. 138, 142-162, 166). This includes evidence that Petitioner did not merely plead guilty, but rather pleaded guilty but mentally ill. (C. 114). This includes evidence that the trial court made a finding that Petitioner suffered from mental illness. (C. 114). Most importantly, this includes evidence of the conclusions of the many doctors who have treated and evaluated Petitioner:

Dr. Albert Stipes:

> [Petitioner] would take off onto another direction on another subject that was unrelated to what I asked him about, and he would just keep going on and on about it. And it was very difficult to get min back to the subject. . . .This was to reach the point, I almost call it flight of ideas. This is a symptom in which the ideas go on far off. They are totally unrelated. he almost got to that point. . .This is commonly seen in individuals with brain damage. This type of tangentiality, because they are unable to concentrate or focus on one idea for very long, the interview with him became very difficult. . .It became difficult to get any useful information because I would have to keep bringing him back to the subject, bringing him back to the subject every few seconds as we talked.(Supplemental Record, p. 88-89).

Dr. Paul Pasulka:

> [People with Petitioner's injuries can] talk a good game but have very poor judgment, impulsivity, inability to appreciate circumstances, inability to fully appreciate. And this is where I say they can be found in verbal ability, inability to fully appreciate what is being said or in fact what they're saying at the time. It's the same kind of thing they can be saying something and not necessarily fully understand completely what is being said. . . .Merely for all of the variables that we've discussed before. I think his judgment, his insight is very, very limited despite the fact that he has a, something of a preserved verbal ability. It is really a shell without any depth of understanding, it is very superficial. Again all of this is, was pointed out in Dr. Peterson's report in 1983 saying that he could perhaps parrot social, appropriate social judgment and concern but in fact in reality it would mean very little to him. I think the other issue is that this gentleman under a situation like that would take whatever was readily available to him in terms of something that is fed to him or suggested to him and use that to build up his version of reality. (Supplemental Record, p. 133, 151-153).

Dr. Joseph Blielberg:

> [Petitioner shows] clear apathy and lack of concern regarding the consequence and implications of his deficits and to a large extent actually appears not to be fully aware of them. The likely behavioral result is that the patient will show atrocious judgment. His cognitive

deficits result in his having difficulty sorting relevant from irrelevant and important from unimportant information. His capacity to become appropriately concerned and mobilized in impaired. Therefore during the process of making judgments the patient is likely to pay attention to irrelevant or trivial aspects of a situation and further is likely not to attach appropriate concern toward more relevant features of the situation. His resulting judgments will be of highly erratic quality. (C. 166).

Dr. Henry Conroe:

In conclusion, based on the above, Mr. Patrick O'Connor, on or about 9/1/93, was not fit to stand trial as he was unable to assist in his defense due to the Organic Personality Disorder secondary to severe brain damage sustained during two accidents. The [sequelae] of these injuries interfered with his ability to have the appropriate emotional concern, understanding and insight to work with his attorney in preparing his defense. He would have had difficulty weighing alternatives and their consequences, and he would not have been able to express his decision to his attorney in a manner that would allow him to know the client's wishes. (C. 166).

In light of all the evidence in the post conviction record,[1] the State's assertion that Petitioner's fitness can be established by a brief exchange between Petitioner and the trial court during his plea is unpersuasive. In light of this evidence, a bona fide doubt as to Petitioner's fitness surely is established. See People v. Kinkaid, 168 Ill.2d 394, 695 N.E.2d 1255, 1257-1262 (1998); In re E.V., a Minor, 190 Ill.App.3d 1079, 547 N.E.2d 521, 522 (1st Dist. 1989). Moreover, once a bona fide doubt exists, the proper remedy is a new trial. People v. Sandham, 174 Ill.2d 379, 673 N.E.2d 1032, 1037 (1996).

---

[1] To the extent that Petitioner's trial attorney failed to present this evidence of unfitness, the trial attorney was ineffective. People v. Baldwin, 541 N.E.2d 1315, 1322-23 (1st Dist. 1989).

7

## CONCLUSION

For the aforementioned reasons, Petitioner respectfully requests that this Honorable Court reverse the trial court's dismissal of Petitioner's post conviction petition, vacate his plea of guilty and sentence and order a new trial, or the in the alternative remand this case to the trial court for further proceedings.

Respectfully Submitted,
Rita A. Fry
Public Defender of Cook County
69 West Washington, Floor 15
Chicago, IL 60602
(312)603-0600

Counsel for Appellant.

Brendan Max, Assistant Public Defender
Of Counsel.

8

PLE OF THE STATE OF ILLINOIS )
V. ) CASE NUMBER
ATRICK O'CONNOR_____ ) DATE OF BIRTH 00/00/00
Defendant ) DATE OF ARREST 08/29/91
    IR NUMBER 0907370 SID NUMBER _____

ORDER OF COMMITMENT AND SENTENCE TO
ILLINOIS DEPARTMENT OF CORRECTIONS *Correct*
====================================

The above named defendant having been adjudged guilty of the offense(s) enumerated below
is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|---|---|---|---|---|
| 001 | 38-9-1-A(1) | MURDER | YRS. 044 MOS. 00 | M |
| | and said sentence shall run concurrent with count(s) ___ ___ ___ ___ | | | |
| 005 | 38-12-14-A(1) | AGG CRIM SEX ASSAULT | YRS. 006 MOS. 00 | X |
| | and said sentence shall run consecutive to count(s) 001 ___ ___ ___ | | | |
| ____ | | _____ | YRS. ____ MOS. ____ | ____ |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | |
| ____ | | _____ | YRS. ____ MOS. ____ | ____ |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | |
| ____ | | _____ | YRS. ____ MOS. ____ | ____ |
| | and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on: | | | |

On Count ___ defendant having been convicted of a class _ offense is sentenced as
a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

On Count ___ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

The Court finds that the defendant is entitled to receive credit for time actually served
in custody for a total credit of 5129 days as of the date of this order

IT IS FURTHER ORDERED that the above sentence(s) be concurrent with
the sentence imposed in case number(s) _____
AND: consecutive to the sentence imposed under case number(s)
_____ _____ _____ _____ _____

IT IS FURTHER ORDERED THAT DEFT FOUND GUILTY BUT MENTALLY ILL _____
_____

IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff
take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take
him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

DATED _____ JUNE 12, 2006 _____ ENTERED: 06/12/06

**ENTERED**
JUDGE JOSEPH KAZMIERSKI JR.-1629

CERTIFIED BY J JUDY DZIEKAN
  DEPUTY CLERK
WAP2 06/12/06 10:34:42  JUN 12 2006 JUDGE: KAZMIERSKI, JOSEPH G. JR. 1629 CCG N305

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

EXHIBIT K

Wednesday, 27 December, 2006 07:58:57 AM    **E-FILED**
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CRIMINAL DIVISION

· FILED ·

MAR 3 0 2006

⌐⌐ ⌐⌐ BROWN
CL⌐ ⌐ ⌐⌐ ⌐⌐ OURT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| RESPONDENT, | ) | |
| | ) | |
| | ) | |
| V. | ) | CASE NO. 91 CR22972 |
| | ) | |
| | ) | |
| PATRICK O'CONNOR, | ) | |
| PETITIONER, | ) | |
| | ) | |

### LEAVE TO FILE POST CONVICTION PETITION

NOW COMES THE PETITIONER, PATRICK O'CONNOR, PRO SE, AND MOVES THIS
HONORABLE COURT FOR LEAVE TO FILE HIS POST CONVICTION PETITION PURSUANT
TO 725 ILCS 5/122-1 ET. SEQ..  IN SUPPORT THEREOF PETITIONER STATES THE
FOLLOWING:

1- ON NOVEMBER 28, 2005, AFTER A PRESENTENCE HEARING, IN WHICH PETIT-
IONER'S COUNSEL PRESENTED NO WITNESSES, PETITIONER WAS SENTENCED TO
44 AND 6 YEAR CONSECUTIVE SENTENCES FOLLOWING A PLEA OF GUILTY BUT
MENTALLY ILL.

2- PETITIONER'S PLEA WAS ILLEGALLY ENTERED, AS FACTS AND CIRCUMSTANCES
SURROUNDING THE ENTRY OF THE PLEA OF GBMI PROVIDED UNDUE, ILLEGAL,
COERSIVE PRESSURE TO PLEAD GUILTY ON THE PETITIONER.  CONDITIONS OF
CONFINEMENT WERE UNCONSTITUTIONALLY HARSH, WHILE PETITIONER WAS
HELD ON A NO BOND HOLD, FORCED TO ENDURE UNCONSTITUTIONAL PUNISHMENT,
OR PLEAD GUILTY TO RECEIVE HUMANE TREATMENT.  PETITIONER HAD ALREADY
ENDURED UNCONSTITUTIONAL TORTURE WITH NO BED TO SLEEP IN, NOR EFFECTIVE
ACCESS TO THE COURTS VIA A COMPREHENSIVE LAW LIBRARY FOR THREE YEARS,
8 MONTHS AND 22 DAYS WHILE AWAITING TRIAL.

3- PETITIONER REQUESTED A SPEEDY TRIAL PURSUANT TO 725 ILCS5/103-5,
ON 6/28/05 YET NO TRIAL WAS HELD WITHIN THE 120 DAYS ALLOWED BY LAW.

4- INEFFECTIVE COUNSEL ALLOWED THIS VIOLATION OF HIS CLIENT'S RIGHTS,
IN SPITE OF PETITIONER'S REQUEST FOR HIM TO TAKE ACTION.

5- PETITIONER'S ARREST WAS WITHOUT PROBABLE CAUSE IN VIOLATION OF THE 4th
AMENDMENT.

EXHIBIT L

6- PETITIONER'S ARREST AND DETENTION VIOLATE THE 4th AMENDMENT TO
THE U.S. CONSTITUTION, WHICH AS DEFINED IN <u>RIVERSIDE V. MCLAUGHLIN</u>
500 U.S. 44 111S.Ct. 1661 REQUIRES A JUDICIAL DETERMINATION OF
PROBABLE CAUSE BE MADE WITHIN 48 HOURS OF A WARRANTLESS ARREST,
PETITIONER WAS ARRESTED AT 04:55 ON 8/29/91, YET THE JUDICIAL
DETERMINATION OF PROBABLE CAUSE FOR THIS WARRANTLESS ARREST WAS
NOT MADE UNTIL 9/9/91 IN VIOLATION OF PETITIONER'S RIGHTS.

7- PETITIONER WAS CONVICTED UNDER AN UNCONSTITUTIONAL STATUTE, 725 ILCS
5/109-3.1, WAS HELD UNCONSTITUTIONAL IN THE UNITED STATES SUPREME
COURT DECISION IN <u>GERSTIEN V. PUGH</u>, <u>RIVERSIDE V. MCLAUGHLIN</u> IN
VIOLATION OF PETITIONER'S 5<u>th</u>, 14<u>th</u>& 4<u>th</u> AMENDMENT RIGHTS AND
ILLINOIS SUPREME COURT DECISIONS IN <u>PEOPLE V. TELLEZ-VALENCIA</u>,
<u>PEOPLE V. REEDY</u>, AND THE ILLINOIS CONSTITUTION BARRING PROSECUTIONS
UNDER NON-EXISTANT. STATUTES

8- THE PROSECUTION DESTROYED KEY EVIDENCE IN THE FACE OF PETITIONER'S
SPECIFIC DEMAND FOR IT. IN VIOLATION OF S.CT. RULE 412,PETITIONER'S
5<u>th</u> AND 14<u>th</u> AMENDMENT RIGHTS AND SUPREME COURT DECISIONS IN
<u>BRADY V. MARYLAND</u>, <u>YOUNGBLOOD V. ARIZONA</u>, <u>PEOPLE V. NEWBERRY</u>
THIS BLOOD EVIDENCE WAS DESTROYED BY BAD FAITH, REPETITIVE TESING IN
AN EFFORT TO OBTAIN A DIFFERENT RESULT THAT THE PETITIONER COULD
NOT HAVE BEEN THE SOURCE OF THIS BLOOD TYPE.ASSISTANT STATES ATTORNEY
LEVIN'S THREE REPETITIVE REQUESTS FOR DESTRUCTIVE TESTING IN THE FACE
OF PETITIONER'S REQUEST FOR THIS EVIDENCE EXHIBITS A BAD FAITH
DESTRUCTION OF EVIDENCE ASSISTANT STATES ATTORNEY DAULKIN'S DNA
TESTING THAT ULTIMITELY DESTROYED ALL OF THE EVIDENCE WAS UNNEEDED,
YET MYSTERIOUSLY IT RESULTED IN A DIFFERENT RESULT RAISING A
REASONABLE DOUBT AS TO WHOM WAS THE SOURCE OF THIS BLOOD EVIDENCE
IN A CRIMINAL SEXUAL ASSAULT CASE. THE PROSECUTIONS ACTIONS DEPRIVED
PETITIONER ANY CHANCE OF A FAIR TRIAL AND AIDED TO COERSE A GUILTY
PLEA.

9- INEFFECTIVE COUNSEL REFUSED TO RAISE THIS ISSUE DENYING PETITIONER
EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6<u>th</u>AMENDMENT.

10- UNDER THE CIRCUMSTANCES DESCRIBED ABOVE, IT IS IMPOSSIBLE FOR THE
PETITIONER TO RECEIVE A FAIR TRIAL, THEREFOR; WHEN INEFFECTIVE
COUNSEL ADVISED PETITIONER TO PLEAD GUILTY, PETITIONER HAD NO
OTHER OPTION BUT TO GIVE IN TO THE COERSION, AND ENTER A GUILTY, BUT
MENTALLY ILL PLEA.

11- THE PROSECUTION USED THE STATEMENTS OF A PAID WITNESS, TRISHA O'CONNOR, TO INFLAME THE PASSIONS OF THE RIER OF FACT FOR A HARSH SENTENCE. HER VICTIM IMPACT STATEMENT IS COUNTRADICTORY TO THE STATEMENTS SHE GAVE TO ARRESTING OFFICERS TO ESTABLISH PROBABLE CAUSE FOR PETITIONER'S ARREST IN 1991. SHE RECEIVED WITNESS PROTECTION FUNDS FOR SEVERAL YEARS FROM THE COOK COUNTY STATES ATTORNEY'S OFFICE.

12- THE STATES ATTORNEY HAS A DOUBT AS TO THE GUILT OF THE PETITIONER, OR IN THE ALTERNATIVE MISAPPROPIATED FUNDS TO GAIN A FALSE CONVICTION. PETITIONER WAS INCARCERATED UNDER A NO BOND HOLD SINCE HIS DISCOVERY OF THIS CRIME, YET THE STATES ATTORNEY'S OFFICE PAID A LARGE SUM OF MONEY OUT OF THE WITNESS PROTECTION FUNDS TO TRISHA O"CONNOR, TO PROTECT HER FROM WHOM, AN INCARCERATED SUSPECT? OR TO ELICITE FALSE TESTIMONY AGAINST HER FATHER?

13- THIS TESTIMONY WAS PAID FOR WITHOUT NOTIFYING THE COURT NOR DEFENSE COUNSEL OF THE FACT IT WAS PAID FOR.

14- PETITIONER'S RESENTENCE VIOLATES HIS PROTECTION FROM DOUBLE JEOPARDY, AS ON 8/29/91, PETITIONER BEGAN SERVING 50 AND 20 YEAR CONCURRENT SENTENCES WHILE RECEIVING DAY FOR DAY GOOD CONDUCT CREDITS PLUS SIX MONTHS OF ADDITIONAL GOOD CONDUCT CREDITS. THE TWENTY YEAR SENTENCE WAS SERVED ON 2/29/01, making the new six year sentence illegal and in violation of the petitioner's protection from double jeopardy, as he has been twice sentenced for the same act, after having successfully completed his sentence for that act.

15- BASED ON THE FOREGOING FACTS, PETITIONER PRAYS THIS HONORABLE COURT WILL VACATE THE SENTENCE IMPOSED ON THE PETITIONER HOLD A HEARING TO EXAMINE THESE FACTS, THEN DISMISS THE CHARGES AGAINST THE PETITIONER, AS PROSECUTIONS ACTIONS HAVE PERMANENTLY DEPRIVED THE PETITIONER OF EVER RECEIVING A FAIR TRIAL.

RESPECTFULLY SUBMITTED,

_____          3/16/06
PATRICK O'CONNOR PRO SE           DATE

-3-

## AFFIDAVIT

I, PATRICK O'CONNOR AVER AND AFFIRM THAT I AM THE PETITIONER IN THE ATTACHED PETITION, AND ALL FACTS CONTAINED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____     _____
PATRICK O'CONNOR PRO SE       DATE

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, RESPONDENT, | ) ) ) |
| | ) |
| V. | ) CASE NO. 91 CR 22972 |
| | ) |
| PATRICK O'CONNOR, PETITIONER, | ) ) ) |

**FILED**

MAR 3 0 2006

~~CLERK BROWN~~
~~CLERK OF CIRCUIT COURT~~

## MOTION FOR APPOINTMENT OF COUNSEL OTHER THAN THE PUBLIC DEFENDER

NOW COMES THE PETITIONER, PATRICK O'CONNOR, PRO SE., AND MOVES THIS HONORABLE COURT PURSUANT TO 725 ILCS 5/113-3, 725 ILCS 5/122-4, THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION FOR APPOINTMENT OF COUNSEL OTHER THAN THE PUBLIC DEFENDER TO REPRESENT HIM IN THIS PETITION. IN SUPPORT THEREOF PETITIONER STATES THE FOLLOWING:

1– PETITIONER WAS CONVICTED OF FIRST DEGREE MURDER AND AGGREVATED CRIMINAL SEXUAL ASSAULT FOLLOWING A COERSED PLEA OF GUILTY BUT MENTALLY ILL ON NOVEMBER 28, 2005.

2– PETITIONER RAISES SEVERAL MERITORIOUS ISSUES THAT DENIED HIM ANY CHANCE OF A FAIR TRIAL, BUT LACKS THE KNOWLEDGE, LEGAL TRAINING, AND ABILITY TO REPRESENT HIMSELF IN THE LITIGATION OF THESE ISSUES.

3– PETITIONER RAISES THE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL IN HIS PETITION, CREATING A CONFLICT OF INTRESTS WITHIN THE PUBLIC DEFENDER'S OFFICE, AS THE ALLEGED INEFFECTIVE COUNSELOR IS A MEMBER OF THE COOK COUNTY PUBLIC DEFENDER'S OFFICE, FURTHER REPRESENTATION BY THAT OFFICE CREATES THE CONFLICT OF INTERESTS.

4– PETITIONER HAS BEEN INCARCERATED SINCE AUGUST 29, 1991, AND IS WITHOUT THE FUNDS NECESSARY TO RETAIN PRIVATE COUNSEL.

5– PETITIONER HAS SOUGHT PRO BONO REPRESENTATION FROM SEVERAL LAW FIRMS WITHOUT SUCCESS.

6– SECTION 122-4 OF THE POST CONVICTION HEARING ACT ALLOWS FOR THE APPOINTMENT OF COUNSEL TO REPRESENT INDIGENT PETITIONERS.

7– 725 ILCS 5/113-3 ALLOWS THIS COURT TO APPOINT COUNSEL OTHER THAN THE PUBLIC DEFENDER.

8- THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION GUARANTEES DEFENDANT'S IN CRIMINAL PROSECUTIONS ASSISTANCE OF COUNSEL.

9- BASED ON THE FOREGOING FACTS, IN THE INTERESTS OF JUSTICE, AND TO PROTECT PETITIONER'S RIGHTS TO EQUAL PROTECTION OF AND DUE PROCESS OF LAW, AND TO PROTECT THE DIGNITY OF OUR SYSTEM OF JUSTICE, PETITIONER PRAYS THIS HONORABLE COURT WILL GRANT THIS MOTION BY APPOINTING QUALIFIED COUNSEL OTHER THAN THE PUBLIC DEFENDER TO REPRESENT HIM IN THE LITIGATION OF HIS POST CONVICTION PETITION.

### AFFIDAVIT

I, PATRICK O'CONNOR, AVER AND AFFIRM THAT I AM THE PETITIONER IN THE ABOVE CAPTIONED CAUSE, AND ALL FACTS CONTAINED IN THE ATTACHED MOTION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____          3/16/06
PATRICK O'CONNOR PRO SE          DATE

### PROOF OF SERVICE

TO: CLERK OF THE CIRCUIT COURT          TO: STATES ATTORNEY OF COOK COUNTY
    OF COOK COUNTY                           2650 S. CALIFORNIA AVE.
    2650 SOUTH CALIFORNIA AVE.               CHICAGO, IL. 60608
    CHICAGO, IL. 60608

PLEASE TAKE NOTICE THAT ON THIS _16TH_ DAY OF _MARCH_ 2006, I SERVED THE COPIES OF THE ATTACHED MOTION ON THE PARTIES LISTED ABOVE BY PLACING SAID COPIES IN ENVELOPES ADDRESSED AS ABOVE WITH PROPER U.S. POSTAGE ATTACHED,, AND DEPOSITED SAID ENVELOPES IN THE CONTAINER FOR U.S. MAIL LOCATED AT THE DIXON CORRECTIONAL CENTER.

### AFFIDAVIT

I AVER AND AFFIRM THAT ALL FACTS STATED ABOVE ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____          3/16/06
PATRICK O'CONNOR                  DATE

**E-FILED**
Wednesday, 27 December, 2006 07:59:12 AM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br><br>Plaintiff-Respondent )<br><br>v. )<br><br>PATRICK O'CONNOR, )<br><br>Defendant-Petitioner. ) | Post-Conviction<br>91-CR-22972<br><br>**ENTERED**<br>JUDGE JOSEPH KAZMIERSKI, JR. -1629<br>JUN 12 2006<br>DOROTHY BROWN<br>CLERK OF THE CIRCUIT COURT<br>OF COOK COUNTY, IL<br>DEPUTY CLERK |

## <u>ORDER</u>

In this third petition for post-conviction relief, Patrick O'Connor once more seeks

redress from the judgment of conviction entered herein on November 28, 2005.  On that

occasion, petitioner pleaded guilty, but mentally ill, to committing one count of murder

and one count of aggravated criminal sexual assault in violation of the Illinois Criminal

Code. *Ill. Rev. Stat. (1989)*, Ch. 38, Sec. 9-1(A)(1), and 12-14-A(1), respectively.

Petitioner was consecutively sentenced to forty-four years and six years, respectively.  As

grounds for post-conviction relief, petitioner claims that:

(1) his trial counsel was ineffective because:

    a) he failed to raise that his arrest was without probable cause;

    b) he did not protest that blood evidence was destroyed by DNA testing;

    c) he did not object that his right to a speedy trial was violated; and

    d) he advised him to and was coerced into pleading guilty due to the inhumane

        conditions under which he was being kept;

(2) his conviction was unconstitutional under statute, 725 ILCS 5/109-3.1;

EXHIBIT M

(3)   the prosecution used his adopted daughter's victim impact statement containing contrary statements from she gave to police, and she received witness protection funds undisclosed to defense counsel or the court; and

(4) his new six year sentence is illegal since he began serving his original fifty and twenty year sentences, for this crime, on August 29, 1991, and should be released by now.

## BACKGROUND

Petitioner's conviction stems from his guilty, but mentally ill, plea entered October 26, 2005, for murder and aggravated criminal sexual assault. On or about August 29, 1991, he was arrested for murdering his wife, Debbie to whom he was married almost six years and whose two children he had legally adopted. He walked into a police station covered in her blood, with his pants undone, and confessed her murder. He stabbed her repeatedly with hammer and a knife sharpener and raped her. His wife was found lying on their living room floor dead from multiple wounds to her head, chest, and her upper and center back. Petitioner previously suffered a brain injury that left him legally blind, with only some vision in his right eye.

## PROCEDURAL HISTORY

On September 1, 1993, petitioner was concurrently sentenced to fifty years imprisonment for murder and twenty years imprisonment for aggravated criminal sexual assault following his guilty plea. On September 30, 1993, and March 24, 1999, direct appeals were taken to the Illinois Appellate Court, First Judicial District. On May 22, 1995, petitioner filed a post-conviction petition that upon due consideration, this court determined to be frivolous and patently without merit. On August 21, 1995, the court denied his petition. Counsel filed a supplemental petition on September 2, 1998, alleging

2

the trial court allowed O'Connor to plead guilty, but mentally ill, without conducting a fitness hearing. The petition also alleged that O'Connor was receiving daily doses of psychotropic medication at the time of his plea. On December 2, 1998, the State amended its motion to dismiss, arguing that O'Connor had waived the issue and the case law cited was inapplicable to his case. On March 12, 1999, following a hearing on the State's motion, the trial court dismissed the post-conviction petition.    Petitioner appealed the dismissal, and, on February 14, 2001, the Illinois Appellate Court reversed the trial court's decision and remanded the case for a retrospective fitness determination. *People v. O'Connor*, No. 99-1339 (unpublished order under Supreme Court Rule 23). On April 11, 2002, he was found retrospectively unfit for trial at the time of his guilty plea. On July 28, 2004, he was found fit to stand trial. On October 26, 2005, petitioner entered a plea of guilty, but mentally ill, to murder and aggravated criminal sexual assault. On November 28, 2005, he was sentenced to forty-four years for murder and six years for aggravated criminal sexual assault to run consecutively.

The record does not indicate if he filed a direct appeal with the Illinois Appellate Court, First Judicial District, the Illinois Supreme Court, or sought further review in the United States Supreme Court.

## **ANALYSIS**

As noted, this is petitioner's second petition for post-conviction relief. However, the Post-Conviction Hearing Act generally limits a petitioner to the filing of but one petition. *People v. Holman*, 191 Ill. 2d 204, 209, 730 N.E.2d 39, 43 (2000). Indeed, effective January 1, 2004, the legislature in its amendment to section 122-1 of the Act, 725 ILCS 5/122-1 (West 2003), mandated:

3

(f) Only one petition may be filed by a petitioner under this article without leave of the court. Leave of court may be granted only if a petitioner demonstrated cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure.

Moreover, in adopting the "cause and prejudice test," subsection (f) codifies the holding of the Illinois Supreme Court in *People v. Pitsonbarger*, 205 Ill. 2d 444, 793 N.E.2d 609 (2002). That is, under subsection (f)(1), a petitioner shows "cause" by identifying an objective factor that impeded his or her ability to raise a specific claim during the initial post-conviction proceedings; and, under subsection (f)(2), a petitioner shows "prejudice" by demonstrating that the absence of the claim during the initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process.

## I. Effective Assistance of Trial Counsel

Petitioner claims that his trial counsel was ineffective for failing to raise that his arrest was without probable cause, protest that blood evidence was destroyed, failing to raise that his right to a speedy trial was violated, and because he advised him to and was coerced into pleading guilty due to the inhumane conditions under which he was being kept.

In examining petitioner's claims of ineffective assistance of counsel, this court follows the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Under this standard, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that but for this deficiency, there is a reasonable probability that counsel's performance was prejudicial to the defense. *People v. Hickey*, 204 Ill. 2d 585, 613, 792 N.E.2d 232, 251

4

(2001). "Prejudice exists when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *People v. Erickson*, 183 Ill. 2d 213, 224, 700 N.E.2d 1027, 1032 (1998) (citations omitted). A petitioner's failure to make the requisite showing of either deficient performance or sufficient prejudice defeats a claim of ineffectiveness. *People v. Morgan*, 187 Ill. 2d 500, 529-30, 719 N.E.2d 681, 698 (1999).

Significantly, effective assistance of counsel in a constitutional sense means competent, not perfect, representation. *People v. Easley*, 192 Ill. 2d 307, 344, 736 N.E.2d 975, 999 (2000). Notably, courts indulge in the strong presumption that counsel's performance fell within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690, 80 L. Ed. 2d at 695, 104 S. Ct. at 2066; *People v. Edwards*, 195 Ill. 2d 142, 163, 745 N.E.2d 1212, 1223 (2001). Moreover, "the fact that another attorney might have pursued a different strategy is not a factor in the competency determination." *People v. Palmer*, 162 Ill. 2d 465, 476, 643 N.E.2d 797, 802 (1994) (citing *People v. Hillenbrand*, 121 Ill. 2d 537, 548, 521 N.E.2d 900, 904 (1988)).

Further, counsel's strategic decisions will not be second-guessed. Indeed, to ruminate over the wisdom of counsel's advice is precisely the kind of retrospection proscribed by *Strickland* and its progeny. *See Strickland*, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065 ("[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight"); *see also People v. Fuller*, 205 Ill. 2d 308, 331, 793 N.E.2d 526, 542 (2002) (issues of trial strategy must be viewed, not in hindsight, but from the time of counsel's conduct, and with great deference accorded counsel's decisions).

## A. Trial Counsel's Advice to Plead Guilty

Petitioner claims that he entered a plea of guilty upon the erroneous advice of trial counsel. It is well established that, even though a petitioner entered a plea of guilty because of some erroneous advice by his counsel, this fact alone does not defeat the voluntary nature of the plea. *People v. Palmer*, 162 Ill. 2d 465, 474, 643 N.E.2d 797, 801 (1994). In the context of a guilty plea,

> the first part of the *Strickland* test is whether counsel's advice was within the range of competence demanded of attorneys in criminal cases; the second part of the test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process and requires the defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*People v. Mehmedoski*, 207 Ill. App. 3d 275, 278-79, 565 N.E.2d 735, 737-38 (2nd Dist. 1990).

In the instant case, petitioner asserts that trial counsel advised him that he should plead guilty and due to the inhumane conditions under which he was being kept, petitioner agreed to plead guilty, but mentally ill. However, Petitioner has pled guilty, but mentally ill, to these very same charges in 1993. His 2005 guilty, but mentally ill plea, was the second time he pleaded guilty to the murder charge and the aggravated criminal sexual assault charges. The facts were overwhelmingly against him. He confessed to the murder covered in blood and told the police where her hammer and knife sharpener he used could be found.

Nevertheless, Petitioner contends that this advice was erroneous in that the guilty plea was lacking the requisite factual basis. Contrary to his assertion, from the proffer

6

11/08/2006 11:50 FAX 7738897385    SAO | | B-WING    Ø011

presented at petitioner's plea, a sufficient factual basis, indeed, was presented. Consequently, petitioner has failed to establish any deficiency in counsel's advice. *People v. Brown*, 179 Ill. App. 3d 1009, 1014, 535 N.E.2d 66, 69-70 (4th Dist. 1989); *People v. Felton*, 191 Ill. App. 3d 599, 601-02, 548 N.E.2d 57, 59-60 (5th Dist. 1989).

Petitioner claims that his plea of guilty was not voluntary. However, following the entry of the guilty plea, petitioner did not challenge its voluntariness, file a motion to withdraw the plea or raise the voluntariness of his guilty plea on direct appeal. Moreover, the trial court duly admonished petitioner prior to accepting his plea and petitioner does not rely on any newly discovered evidence or other material outside the record. Because petitioner could have previously raised this issue, it is now waived for purposes of post-conviction review. *People v. Hampton*, 165 Ill. 2d 472, 477-78, 651 N.E.2d 117, 119-20 (1995). In conclusion, petitioner's claim is dismissed.

**B. Unsupported Allegations Regarding Trial Counsel's Failure To Protest Destruction Of Blood Evidence Through Testing, Probable Cause for Arrest, etc.**

Specifically, petitioner's allegation that trial counsel was ineffective for failing to protest the destruction of some blood evidence that might have helped petitioner's case is entirely conclusory. Petitioner claims that his trial counsel should have moved to squash his arrest since there was no probable cause. The petition is devoid of any facts supporting petitioner's contentions. Bald, conclusory allegations, such as these will not prevail on post-conviction review. *See People v. Maury*, 287 Ill. App. 3d 77, 80, 678 N.E.2d 30, 32 (1st Dist. 1997) (summarily dismissing petitioner's post-conviction claims because no factual support). Indeed,

> while ineffective assistance of counsel may be an appropriate subject of a
> petition for post-conviction relief, the petition must contain more than a

catalogue of failures on the part of defense counsel; it must contain specific factual allegations which, when supported by evidence, will show substantial prejudice to defendant's rights and from which it can be established that the outcome of the trial, had those failures not occurred, would probably been different.

*People v. Tompkins*, 176 Ill. App. 3d 245, 248, 530 N.E.2d 677, 679 (3rd Dist. 1988) (citations omitted).

In this case, petitioner went to the police station and confessed to his wife's murder in blood soaked clothes, and was subsequently arrested for her murder. Whatever blood evidence was or was not destroyed during the forensic testing would not have helped his case, as the evidence in his case was overwhelming.

Moreover, petitioner failed to raise these two claims on direct appeal and therefore, they are now barred by the doctrine of waiver. In Illinois, the law is clear: "determinations of the reviewing court on direct appeal are *res judicata* as to issues actually decided and issues that could have been raised on direct appeal but were not are waived." *People v. Coleman*, 168 Ill. 2d 509, 522, 660 N.E.2d 919, 927 (1995). Moreover, summary dismissal of post-conviction petitions based on the doctrines of waiver and *res judicata* is appropriate. *People v. Blair*, 2005 Ill. LEXIS 948 (2005); *People v. Rogers*, 197 Ill. 2d 216, 221, 756 N.E.2d 831 (2001). Therefore, because petitioner failed to raise them on direct appeal, all claims challenging the constitutionality of his arrest without probable cause and the destruction of the blood evidence in the instant matter are barred by the doctrine of waiver. Had these claims been raised earlier, there was little chance of success, and no prejudice was suffered. Both claims are denied.

Petitioner additionally claims his trial counsel allowed his right to a speedy trial to be violated. As to his right to a speedy trial, in Illinois the law is clear, "a guilty plea

8

waives the right of an accused to have his conviction reversed for want of a speedy trial".

*People v. Bowman*, 96 Ill. App. 3d 136 (5th Dist. 1981). By pleading guilty, but mentally ill, petitioner waived his right to a speedy trial. This baseless claim is also dismissed.

## II. Petitioner's Conviction Is Constitutional

Petitioner alleges that his conviction is unconstitutional under the statute and he should therefore be released. Petitioner contends that he was convicted under 725 ILCS 5/109-3.1, which was Ill. Rev. Stat., Ch. 38, para. 109-3.1 prior to 1/1/93, entitled Persons Charged with Felonies:

(a) In any case involving a person charged with a felony in this State, alleged to have been committed on or after January 1, 1984, the provisions of this Section shall apply.

(b) Every person in custody in this State for the alleged commission of a felony shall receive either a preliminary examination as provided in Section 109-3 [725 ILCS 5/109-3] or an indictment by Grand Jury as provided in Section 111-2 [725 ILCS 5/111-2], within 30 days from the date he or she was taken into custody. Every person on bail or recognizance for the alleged commission of a felony shall receive either a preliminary examination as provided in Section 109-3 [725 ILCS 5/109-3] or an indictment by Grand Jury as provided in Section 111-2 [725 ILCS 5/111-2], within 60 days from the date he or she was arrested. The provisions of this paragraph shall not apply in the following situations:

(1) when delay is occasioned by the defendant; or

(2) when the defendant has been indicted by the Grand Jury on the felony offense for which he or she was initially taken into custody or on an offense arising from the same transaction or conduct of the defendant that was the basis for the felony offense or offenses initially charged...

(c) Delay occasioned by the defendant shall temporarily suspend, for the time of the delay, the period within which the preliminary examination must be held. On the day of expiration of the delay the period in question shall continue at the point at which it was suspended.

***

Petitioner alleges that his arrest and subsequent indictment was not within the proscribed time frame of this statute. Petitioner was arrested August 21, 1991. Petitioner was indicted on October 3, 1991. It is unclear from the record before this court if the delay was occasioned by the defendant. Nevertheless, in Illinois, the law is clear, "by failing to include the issue in his post-trial motion, defendant waived argument on appeal that the 73 day delay between his arrest and preliminary hearing deprived him of his constitutional and statutory right to a prompt preliminary hearing". *People v. Fuentes*, 172 Ill. App. 3d 874 (3rd Dist. 1988). By failing to raise this claim in his earlier direct appeals and post-conviction petition, this claim has been waived. Had petitioner brought up this baseless claim earlier there is scant possibility he would have prevailed. Petitioner would simply have been re-indicted for the crimes. Therefore, petitioner has suffered no prejudice and his meritless claim is denied.

**III. Victim Impact Statement**

Petitioner alleges his adopted daughter gave a victim impact statement to the court contrary to the statement she gave the police. He further alleges she was given witness protection funds that were undisclosed to the defense counsel or the court. These are completely bald and conclusory allegations. Petitioner has not shown how his adopted daughter's victim impact statement differed from her original police statement. More to the point, whether her statement differed is immaterial to the outcome of his case. He voluntarily pled guilty in 2005. This statement failed to prejudice petitioner's guilty plea and subsequent sentence in any way. In fact, petitioner's original sentence was for fifty years and twenty years, and his subsequent sentence were for forty-four years and six

years. Clearly, his adopted daughter's victim impact statement did not prejudice petitioner in any way. This claim is dismissed.

## IV. Petitioner Has Not Finished Serving His Time

Petitioner's last allegation is that his new six year sentence for aggravated criminal sexual assault is illegal since he began serving his original sentences for fifty years and twenty years on August 29, 1991. He wishes to be released.

Petitioner was arrested on August 29, 1991. After being found fit to stand trial, he was convicted on November 28, 2005, for these two crimes. At that time, he had served approximately fourteen years of his newly reduced forty-four year sentence for the murder of his wife and the six year sentence for his aggravated criminal sexual assault of her. His sentences run consecutively. That is, under 730 ILCS 5/5-8-4(e), Consecutive Terms of Imprisonment are defined as follows:

> In determining the manner in which consecutive sentences of imprisonment, one or more of which is for a felony, will be served, the Department of Corrections shall treat the offender as though he had been committed for a **single term** with the following incidents (emphasis added):
>
> (1) the maximum period of a term of imprisonment shall consist of the aggregate of the maximums of the imposed indeterminate terms, if any, plus the aggregate of the imposed determinate sentences for felonies plus the aggregate of the imposed determinate sentences for misdemeanors subject to paragraph (c) of this Section...
>
> ***

Thus, petitioner's aggregate sentence is fifty years. In Illinois, "consecutive sentences are to be treated as a single term, and credit against that single term can be applied only once to the whole". *People v. Biggs,* 294 Ill. App. 3d 1046 (1 Dist. 1998), appeal denied, 182 Ill. 2d 554 (1999). So, petitioner's approximately fourteen years of

11

imprisonment can only be applied to the whole of his fifty year sentence. Clearly, this is a frivolous claim and is dismissed.

In the present case, petitioner has failed to demonstrate that the rule prohibiting successive petitions should be relaxed. Although the factual assertions relied upon by petitioner in the instant petition were available to him at the time his initial petition was filed, he has failed to identify any objective factor which impeded his efforts to raise the claim in the earlier proceedings. Petitioner does not allege that the facts underlying his present claim were withheld from him or that the claim is based upon newly discovered evidence. The court notes petitioner alleges no reason at all for failing to raise these claims earlier. It is further apparent that petitioner has failed to demonstrate that any prejudice inured from the failure to assert these claims earlier. Had these claims been presented in the initial petition, there is scant probability that petitioner would have prevailed.

## CONCLUSION

Based upon the foregoing discussion, the court further finds that the issues raised and presented by petitioner are frivolous and patently without merit Accordingly, the petition for post-conviction relief is hereby dismissed. Petitioner's request for leave to proceed *in forma pauperis* and for appointment of counsel is likewise denied.

ENTERED: _____

Honorable Joseph G. Kazmierski, Jr.
Circuit Court of Cook County
Criminal Division

DATE: __6/12/06__

12

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,          )
PLAINTIFF/RESPONDENT,                     )
                                          )
                                          )
V.                                        ) CASE NO. 91 CR22972-01
                                          )
                                          )
PATRICK O'CONNOR,                         )
DEFENDANT/PETITIONER,                     ) JOSEPH G. KAZMIERSKI JR.,
                                          ) TRIAL JUDGE PRESIDING
                                          )

MOTION TO RECONSIDER JUDGMENT

NOW COMES THE PETITIONER/DEFENDANT, PATRICK O'CONNOR, AND MOVES THIS
HONORABLE COURT TO RECONSIDER THE JUDGMENT ENTER IN THIS CASE ON JUNE 12, 2006
DISMISSING PETITIONER'S LEAVE TO FILE HIS POST CONVICTION PETITION. IN SUPPORT
OF THIS MOTION PETITIONER STATES THE FOLLOWING:

1- THE JUDGMENT WAS BASED ON A MISUNDERSTANDING OF THE ISSUES RAISED BY THE
   PETITION.

2- THE JUDGMENT WAS BASED ON FALSEHOODS AND INACCURATE INFORMATION..

3- THE COURT'S ORDER BEGINS WITH THE FALSE STATMENT, "IN THIS THIRD PETITION FOR
   POST CONVICTION RELIEF, PATRICK O'CONNOR ONCE MORE SEEKS REDRESS FROM THE
   JUDGMENT OF CONVICTION ENTERED HEREIN ON NOVEMBER 28, 2005." HOWEVER THIS IS
   THE FIRST COLLATERAL ATTACK PATRICK O'CONNOR HAS ON HIS CONVICTION
   OF NOVEMBER 28, 2005. ALL OTHER POST TRIAL RELIEF SOUGHT BY PATRICK O'CONNOR
   ATTACKED HIS UNCONSTITUTIONAL CONVICTION OF SEPTEMBER 7, 1993. CLEARLY THIS
   OPENING ERROR SETS THE TONE FOR THE ERRONEOUS JUDGMENT TO BE ENTERED.

4- FURTHER THE PETITIONER DOES NOT ALLEGE THAT HE HAS SERVED HIS ENTIRE
   SENTENCE, RATHER HE ALLEGES THAT HE HAS COMPLETED THE TWENTY YEAR SENTENCE HE
   BEGAN SERVING ON AUGUST 29, 1991, AND THEREFORE REQUESTS THAT THIS HONORABLE
   COURT DISMISS THAT PARTICULAR CHARGE, NOT VACATE BOTH SENTENCES.

5- THE BACKROUND USED AS A BASIS FOR THIS JUDGMENT ASSUMES FACTS NOT PROVEN, AS
   PETITIONER NEVER WALKED INTO A POLICE STATION COVERED IN HIS WIFE'S BLOOD;
   FORENSIC REPORTS MENTION THREE SMALL DROPS OF WHAT APPEARED TO BE BLOOD ON
   THE ATHLETIC UNDERSHIRT PETITIONER WAS ALLEGEDLY WEARING WHEN HE ENTERED THE
   POLICE STATION, THE ORIGIN OF THIS SMALL AMOUNT OF BLOOD WAS NEVER DETERMINED
   TO BE FROM THE PETITIONER; THE VICTIM; OR THE RESTAURANT WHERE PETITIONER
   WORKED WITH RAW MEAT; PHOTOS OF FRECKLES ON DEFENDANT'S ARMS ARE NOT BLOOD
   STAINS. IN ANY EVENT DRAWING THIS CONCLUSION IS ERROR, AS:
   "IN POSTCONVICTION PROCEEDING, COURT DOES NOT REEXAMINE DEFENDANT'S GUILT OR
   INNOCENCE, BUT RATHER REEXAMINES CONSTITUTIONAL ISSUES WHICH ESCAPED EARLIER
   REVIEW, THUS POSTCONVICTION PETITION IS NOT AN APPEAL, BUT COLLATERAL ATTACK ON
   DEFENDANT'S CONVICTION." PEOPLE V. DOCKERY APP. 1 DIST 1988 296ILL APP3d 271,
   694 NE2d 599/ PEOPLE V. ENOCH 1991 146 ILL2d 44/ people v. lemons 242Ill. App.3d
   941.

6- UNDER THE ANALYSIS HEADING THE FACTS RELIED UPON CHANGE AS THIS BECOMES THE
   SECOND, NOT THIRD POST CONVICTION PETITION, AGAIN THIS IS TRUELY THE FIRST
   ATTACK ON THE CONVICTION OF NOVEMBER 28, 2005 ALLEGING UNCONSTITUTIONAL

-1-

EXHIBIT N

CONDITIONS IN THE COOK COUNTY CRIMINAL JUSTICE SYSTEM WORKED TO COERSE AN INVOLUNTARY PLEA OF GUILTY FROM THE PETITIONER.

7— PETITIONER DID ALLEGE A SPECIFIC CLAIM THAT COURT APPOINTED TRIAL COUNSEL REFUSED TO RAISE MERITORIOUS ISSUES OF VIOLATIONS OF PETITIONER'S RIGHTS, BECAUSE IT WAS TOO MUCH OF AN INCONVENIENCE FOR COUNSEL TO PREPARE MOTIONS FOR COURT TO PROTECT PETITIONER'S RIGHTS.

8— IF THIS HONORABLE COURT WOULD EXAMINE PETITIONER'S ORIGINAL PETITION FOR POST CONVICTION RELIEF, IT WILL FIND THAT PETITIONER RAISED OVER 26 MERITORIOUS ISSUES OF CONSTITUTIONAL RIGHTS VIOLATIONS MERITING POST CONVICTION REVIEW, HOWEVER; INEFFECTIVE, COURT APPOINTED COUNSEL BIFRICATED THAT PETITION WITHOUT PETITIONER'S CONSENT, THEREFORE ANY FAILURE TO RAISE AN ISSUE IS DUE TO REPRESENTATION THAT FELL BELOW THE OBJECTIVE STANDARD OF REASONABLENESS HAD IT NOT BEEN FOR COUNSEL'S DEFECIENT PERFORMANCE THESE ISSUES WOULD HAVE BEEN PRESERVED FOR REVIEW, AND THE OUTCOME OF TRIAL WOULD HAVE BEEN DIFFERENT.

9— THIS COURT IS INCORRECT IN STATING THAT PETITIONER'S ARREST AND PROSECUTION UNDER AN UNCONSTITUTIONAL STATUTE, 725 ILCS 5/109-3.1 IS INSIGNIFICANT, AS THIS STATUTE VIOLATES THE FOURTH AMENDMENT AS DEFINED IN  RIVERSIDE V. MCLAUGHLIN 500 U.S. 44 REQUIRING A JUDICIAL DETERMINATION OF PROBABLE CAUSE FOR ARREST BE MADE WITHIN 48 HOURS OF ARREST, BECAUSE ALTHOUGH PETITIONER MIGHT HAVE BEEN REARRESTED, THE FOURTH AMENDMENT CARRIES THE EXCLUSIONARY RULE, WHICH REQUIRES THE SUPPRESSION OF ALL ILLEGALLY OBTAINED EVIDENCE GAINED AS A PRODUCT OF THE ILLEGAL ARREST, ERGO DEFENDANT'S CONFESSION MUST BE SUPPRESSED, AND THE CHARGES DISMISSED PURSUANT TO 725 ILCS 5/114-11(g).

10— finding that this petition has no meritorious issues is to find that brady in BRADY V. MARYLAND 373 U.S. 83, MCLAUGHLIN IN RIVERSIDE V. MCLAUGHLIN, 500U.S. 44, STRICKLAND IN STRICKLAND V. WASHINGTON GERSTIEN V. GERSTIEN V. PUGH420 U.S. 112, NEWBERRY IN PEOPLE V. NEWBERRY 652 NE2d 288 AND ILLINOIS SUPREME COURT RULE 412 ALL HAVE NO MERIT AND SUCH HIGH COURT DECISIONS HAVE NO MEANING IN A COOK COUNTY COURTROOM. THIS NOT BEING THE CASE, FUNDAMENTAL FAIRNESS AND JUSTICE REQUIRE THAT THIS HONORABLE COURT RECONSIDER ITS JUDGMENT TO DISMISS PETITIONER'S POST CONVICTION PETITION, APPOINT COUNSEL OTHER THAN THE COOK COUNTY PUBLIC DEFENDER TO PROTECT PETITIONER'S RIGHTS, AND IN LIGHT OF THE FACT THAT THE PROSECUTION LOST, OR DESTROYED BLOOD EVIDENCE IN THE FACE OF A SPECIFIC REQUEST FOR IT, PREVENTING ANY CHANCE THAT PETITIONER COULD RECEIVE A FAIR TRIAL, DISMISS THE CHARGES AGAINST THE PETITIONER WITH PREJUDICE.

RESPECTFULLY SUBMITTED,

*Patrick O'Connor*     7-7-06
PATRICK O'CONNOR PRO SE DATE

## NOTICE OF FILING

TO: CLERK OF THE CIRCUIT COURT OF
    COOK COUNTY
    2650 S. CALIFORNIA AVE.
    CHICAGO, IL. 60608
    (4 COPIES)

TO: STATES ATTORNEY OF
    COOK COUNTY
    2650 S. CALIFORNIA AVE.
    CHICAGO, IL. 60608
    (1 COPY)

    PLEASE TAKE NOTICE THAT ON THIS 7ᵗʰ DAY OF July 2006, I FILED THE
ATTACHED MOTION TO RECONSIDER JUDGMENT ON THE PARTIES LISTED ABOVE BY PLACING AN
ORIGINAL AND THREE COPIES OF SAID MOTION IN ENVELOPES ADDRESSED AS ABOVE WITH
PROPER U.S. POSTAGE ATTACHED, AND PLACED SAID ENVELOPES IN THE CONTAINER FOR U.S.
MAIL LOCATED AT THE LOGAN CORRECTIONAL CENTER, LINCOLN, ILLINOIS 62656.

*Patrick O'Connor*                          7-7-06
PATRICK O'CONNOR                            DATE
REG. NO. B-45832
P.O. BOX 1000
LINCOLN, IL. 62656

## AFFIDAVIT

    I, PATRICK O'CONNOR, AVER AND AFFIRM THAT ALL FACTS STATED ABOVE AND IN THE ATTACHED
MOTION ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

*Patrick O'Connor*                          7-7-06
PATRICK O'CONNOR PRO SE.                     DATE

**E-FILED**
Wednesday, 27 December, 2006 07:59:35 AM
Clerk, U.S. District Court, ILCD

PEOPLE OF THE STATE OF ILLINOIS,

     Respondent-Appellee,

-vs-

PATRICK O'CONNOR,

     Petitioner-Appellant.

) APPELLATE COURT NO. 06-2090
) Appeal From  Joseph G. Kazmierski
) Trial Court No.  91 CR 22972
) Notice of appeal 07/18/2006
) On Bond  NO
) In Custody
) Misdemeanor  NO    Felony  YES

## DOCKETING STATEMENT - CRIMINAL

Has this case been in this court before, or is it pending?  If yes, Appeal Number 94-0651 & 99-1339.

Have co-defendants, if any, appealed?  If yes, list names and case numbers None.

Does defendant have other cases with currently pending appeals?  If yes, Appeal Number.

### ATTORNEYS

Appellant's Attorney:    Office of the State Appellate Defender
    203 North LaSalle Street - 24th Floor
    Chicago, Illinois  60601
    (312) 814-5472

Trial Counsel:    Brendan Max(APD) 2650 S. California, Chicago, IL 60608

Appellee's Attorney:    Cook County State's Attorney
    300 Daley Center, Chicago, IL 60602
    312 603-5496

### COURT REPORTER

Approximate number of days of trial court proceedings to be transcribed: 4

### NATURE OF THE CASE

Type of Case:  Post-Conviction.  Defendant's petition for post-conviction relief was dismissed on June 12, 2006.  General statement of issues proposed to be raised:  The trial court erred in dismissing defendant's petition.

EXHIBIT O