IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

E-FILED
Tuesday, 09 January, 2007  03:29:02 PM
Clerk, U.S. District Court, ILCD

FILED
JAN 0 9 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. PATRICK O'CONNOR,<br>PETITIONER,<br><br>V.<br><br>GREGORY P. FIRKUS, WARDEN,<br>RESPONDENT, | )<br>)<br>)<br>)<br>)<br>) CASE NO. 06 C 3229<br>)<br>)<br>) THE HONORABLE<br>) RICHARD MILLS,<br>) JUDGE PRESIDING. |

<u>MOTION IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO EXHAUST</u>

   NOW COMES THE PETITIONER, PATRICK O'CONNOR, PRO SE PURSUANT TO RULE 7 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND FILES THIS MOTION IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST, AND STATES THAT RESPONDENT'S MOTION IS FRIVILOUS, PATENTLY WITHOUT MERIT, AND MUST BE DENIED. IN SUPPORT OF THIS MOTION PETITIONER STATES THE FOLLOWING:

1- RESPONDENT'S MOTION ONLY SERVES AS FURTHER REASONS WHY PETITIONER MUST BE ALLOWED TO PROCEED IN HIS PETITION FOR HABEAS CORPUS RELIEF.

2- RESPONDENT FAILED TO OBSERVE THE FACTS AS THEY OCCURRED TO APPLY THE PROPER LAW IN THESE CIRCUMSTANCES; PETITIONER WAS UNJUSTLY ARRESTED WITHOUT PROBABLE CAUSE ON 8/29/91, PETITIONER A MENTALLY CHALLENGED PERSON, WAS TORTURED AND FORCED TO ENDURE TREATMENT WORSE THAN CONDITIONS FOUND INTOLERABLE FOR ENEMIES OF THE U.S. CONSTITUTION HELD AT ABU GRIEG IN IRAQ, AND IN SPITE OF HIS REPEATED ATTEMPTS TO OBTAIN THE JUSTICE GUARANTEED HIM BY THE U.S. CONSTITUTION, FIFTEEN YEARS HAVE PASSED WHILE ILLINOIS GOVERNMENT FRUSTRATES EVERY ATTEMPT PETITIONER MAKES TO OBTAIN JUSTICE, THEREFORE PETITIONER HAS EXHAUSTED EVERY AVAILABLE STATE REMEDY BEFORE PETITIONING THIS HONORABLE COURT FOR RELIEF.

3- PETITIONER DID REQUEST THAT COURT APPOINTED COUNSEL NOT AGREE TO ANY CONTINUANCES, THEREFORE; ALL CONTINUANCES BY AGREEMENT ARE VIOLATIONS OF RULES OF PROFESSIONAL CONDUCT FOR ATTORNIES, AS THE ATTORNEY WAS NOT ABIDING BY HIS CLIENT'S WISHES.

4- RESPONDENT'S MOTION IS NOT SIGNED NOR SUPPORTED BY AFFIDAVIT IN VIOLATION OF

RULES GOVERNING HABEAS CORPUS PETITIONS.

5- PETITIONER'S PETITION CLEARLY STATES THAT HE IS UNABLE TO OBTAIN JUSTICE IN STATE COURTS, AS THE EXHAUSTION OF STATE REMEDIES WILL NOT PROVIDE JUSTICE IN THIS CASE.

6- NOTICE OF APPEAL WAS FILED ON JULY 18, 2006.

7- ILLINOIS SUPREME COURT RULE 326 REQUIRES THE CLERK OF THE COURT TO FILE THE RECORD ON APPEAL WITHIN 63 DAYS OF THE NOTICE OF APPEAL OR BY SEPTEMBER 21, 2006.

8- ILLINOIS SUPREME COURT RULE 343 REQUIRES THE FILING OF APPELLANT'S BRIEF WITHIN 35 DAYS OF THE FILING OF THE RECORD ON APPEAL OR BY OCTOBER 26, 2006.

9- THE ILLINOIS APPELLATE DEFENDER'S OFFICE WAS APPOINTED TO REPRESENT PETITIONER ON APPEAL.

10- COURT APPOINTED COUNSEL'S ACTIONS OF NOT YET ASSIGNING PETITIONER'S APPEAL TO AN ATTORNEY, MAKES A CLEAR SHOWING OF ILLINOIS' GOVERNMENT'S CONTEMPT FOR ITS OWN LAWS, AND ITS REFUSAL TO PROTECT PETITIONER'S RIGHTS, MAKING IT OBVIOUS THAT PETITIONER WILL NOT RECEIVE JUSTICE IN STATE COURTS.

11- ALTHOUGH PETITIONER IS ACTING IN GOOD FAITH, THE ACTIONS OF ILLINOIS GOVERNMENT OFFICIALS WORK TO FRUSTRATE EVERY ATTEMPT PETITIONER MAKES TO OBTAIN JUSTICE IN STATE COURT, THEREFORE; ILLINOIS PROVIDES NO ADEQUATE REMEDY AT LAW REQUIRING PETITIONER TO EXHAUST BEFORE PETITIONER CAN PETITION THE FEDERAL COURT FOR HABEAS CORPUS RELIEF.

12- FOR THE REASONS LISTED ABOVE, AND TO PROTECT THE INTEGRITY OF THE U.S. CONSTITUTION, AND OUR SYSTEM OF JUSTICE, AND TO PROTECT PETITIONER'S RIGHTS, PETITIONER PRAYS THIS HONORABLE COURT WILL DENY RESPONDENTS MOTION TO DISMISS FOR FAILURE TO EXHAUST WITH PREJUDICE, AND ORDER RESPONDENT TO PROCEED WITH PRE-TRIAL MOTIONS WITHIN 21 DAYS OF THIS ORDER.

RESPECTFULLY SUBMITTED,

*Patrick O'Connor* 1/5/07

PATRICK O'CONNOR B-45832
P.O. BOX 1000
LINCOLN, IL. 62656

DATE

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. PATRICK O'CONNOR,<br>    PETITIONER,<br><br>V.<br><br>GREGORY P. FIRKUS, WARDEN,<br>    RESPONDENT, | )<br>)<br>)<br>)<br>)<br>) CASE NO. 06 C 3229<br>)<br>)<br>) THE HONORABLE<br>) RICHARD MILLS,<br>) JUDGE PRESIDING.<br>) |

<u>MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN OPPOSITION TO
MOTION TO DISMISS FOR FAILURE TO EXHAUST</u>

NOW COMES PETITIONER PATRICK O'CONNOR, PRO SE, AND ATTACHES THIS MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION IN OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO EXHAUST, AND MOVES THIS HONORABLE COURT TO DENY RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST. IN SUPPORT OF THIS MOTION PETITIONER STATES THE FOLLOWING:

1- IT IS TRUE THAT PETITIONER HAS AN APPEAL OF THE UNJUST DENIAL OF HIS POSTCONVICTION PETITION PENDING IN THE STATE COURT, HOWEVER PETITIONER HAS DONE EVERYTHING A MENTALLY CHALLENGED LITIGANT CAN DO TO EXHAUST HIS STATE REMEDIES BY FILING HIS APPEAL ON JULY 18, 2006, AND EVIDENCE CLEARLY SHOWS THAT ILLINOIS GOVERNMENT REFUSES TO GRANT PETITIONER DUE PROCESS OF LAW, NOR EQUAL PROTECTION OF THE LAWS, TOTALLY DEPRIVING PETITIONER OF ANY REDRESS OF THE ISSUES RAISED IN HIS POST CONVICTION PETITION.

2- ILLINOIS SUPREME COURT RULE 326, TIME FOR FILING RECORD ON APPEAL, STATES, "THE RECORD ON APPEAL OR CERTIFICATE IN LIEU THEREOF SHALL BE FILED IN THE REVIEWING COURT WITHIN 63 DAYS OF THE FILING OF THE NOTICE OF APPEAL." IN THIS CASE BY SEPTEMBER 23, 2006.

3- ILLINOIS SUPREME COURT RULE 343 TIME FOR FILING AND SERVING BRIEFS, STATES, "BRIEF OF THE APPELLANT SHALL BE FILED IN THE REVIEWING COURT WITHIN 35 DAYS OF THE FILING OF THE RECORD ON APPEAL." THESE RULES HAVE BEEN TOTALLY DISREGARDED BY THE ILLINOIS GOVERNMENT IN PETITIONER'S APPEAL, OTHERWISE BY OCTOBER 26, 2006 APPELLANT'S BRIEF WOULD HAVE BEEN FILED BY COUNSEL APPOINTED TO REPRESENT THE PETITIONER, HOWEVER; THE COURT APPOINTED, STATE APPELLATE DEFENDER'S OFFICE HAS REFUSED TO ASSIGN PETITIONER'S CASE TO AN ATTORNEY YET, THIS CLEARLY DREATES AN ABSENCE OF ANY AVAILABLE STATE CORRECTIVE PROCEDURE, AND CREATES CIRCUMSTANCES THAT RENDER THE STATE PROCESS INEFFECTIVE TO PROTECT

-3-

THE PETITIONER'S RIGHTS 28 USC §§ 2254(b)(i)(ii) AND OPENS THE DOOR FOR INORDINATE DELAY AS CONTEMPLATED IN JACKSON V. DUCKWORTH 112 F 3d878.

4- EVEN IF RESPONDENT WAS CORRECT IN HIS ASSERTION THAT PETITIONER DID NOT DO EVERYTHING POSSIBLE TO CORRECT THIS MISCARRIAGE OF JUSTICE THAT RESULTED IN HIS CONVICTION OVER THE PAST 14 YEARS; RESPONDENT ASSERTS IN POINT 12 OF HIS MOTION THAT THE PETITIONER'S ORIGINAL POSTCONVICTION PETITION WAS FILED IN 1995, AND THE MATTER WAS NOT SETTLED UNTIL TEN YEARS LATER, OCTOBER 2005, PETITIONER'S CASE IS STILL PENDING IN THE SAME COURTS HIS ORIGINAL POST CONVICTION PETITION WAS FILED AND APPEALED IN, SO IT WOULD BE UNREASONABLE TO BELIEVE THAT THE PROCESS WOULD BE ACCELERATED THIS TIME, IN THE LIGHT OF HOW COURT APPOINTED COUNSEL HAS FAILED TO FILE THE APPELLANT BRIEF IN A TIMELY FASHION.

5- PETITIONER WAS SENTENCED TO SERVE 24 YEARS AND 6 MONTHS TO BEGIN ON 8/29/91. OBVIOUSLY, SINCE THE STATE HAS NOT REGARDED ANY TIME LIMITS TO PROTECT PETITIONER'S RIGHTS, THE STATE PROCEDURE IS INEFFECTIVE TO PROTECT PETITIONER'S RIGHTS, AND IN REALITY NO STATE REMEDY IS AVAILABLE TO PETITIONER.

6- CLEARLY THIS COURT SHOULD LOOK AT THE TOTALITY OF THE CIRCUMSTANCES, AS PETITIONER BEGAN HIS SEARCH FOR RELIEF FROM HIS UNCONSTITUTIONAL ARREST AND DETENTION ON 8/29/91, AND 15 YEARS LATER, AFTER COURT APPOINTED COUNSEL EXPLAINED TO PETITIONER THAT HE HAD NO CHANCE OF A FAIR TRIAL IN COOK COUNTY, ILLINOIS STILL HAS NOT FINALIZED HIS CONVICTION, PROOF OF CIRCUMSTANCES THAT PRECLUDE ANY EFFECTIVE STATE REMEDY. IN PISCIOTTI V. COOPER 790 F.SUPP. 178, THE COURT HELD THAT, "IF HABEAS PETITIONER HAS RAISED RELEVANT CLAIM BEFORE HIGHEST COURT OF STATE ON DIRECT APPEAL, HE WILL NOT BE REQUIRED TO RAISE ISSUE ON ANY OTHER VENUE OF RELIEF ie, ON STATE POST CONVICTION REVIEW, FOR PURPOSES OF FEDERAL HABEAS CORPUS CLAIM." 28 USCA 2254 (b,c). PETITIONER DID RAISE ISSUES IN THE ILLINOIS SUPREME COURT, THEREFORE APPEAL OF HIS POST CONVICTION PETITION IS NOT NECESSARY TO EXHAUST HIS STATE REMEDIES., AND RESPONDENT'S MOTION MUST BE DENIED. PETITIONER HAS ALREADY ESTABLISHED THE FUTILITY OF HIS EFFORTS IN STATE COURT OVER THE PAST 15 YEARS. "EXCEPTIONS TO EXHAUSTION OF STATE REMEDIES BEFORE BRINGING HABEAS PETITION EXIST FOR EXCESSIVE DELAY IN STATE PROCESSES, EXISTANCE OF CIRCUMSTANCES RENDERING AVAILABLE PROCESSES FUTILE OR INEFFECTIVE AND INTERFERENCE BY STATE OFFICIALS IN PETITIONER'S ACCESS TO STATE REMEDIES." 28 USC 2254 BROWN V. U.S. 344 U.S. 448, BROOKS V. JONES 875 F2d 30 AND "EIGHT YEAR DELAY IN APPEAL PROCESS EXCESSIVE." GRADY V. GREER 707 F2d 965 (7TH CIR) MAYFIELD V. PETSOCK 821 F2d 179. "IF THERE IS AN ABSENCE OF AVAILABLE STATE CORRECTIVE PROCESS OR THE EXISTANCE OF CIRCUMSTANCES RENDERING SUCH PROCESS INEFFECTIVE TO PROTECT THE RIGHTS OF THE PRISONER 28 USC 2254 (b) THE EXHAUSTION

-4-

REQUIREMENT OF 2254(b) REFERS ONLY TO STATE REMEDIES STILL AVAILABLE TO THE PETITIONER AT THE TIME HE FILES THE FEDERAL HABEAS PETITION." ENGLEY V. ISAAC 456 U.S. 107 IN ADDITION THE REMEDY OFFERED BY THE STATE MUST BE A MEANINGFUL REMEDY." PERRY V. FAIRMAN 702 F2d AT 120, GRAY V. GREER 707 F2d 965 (7th CIR). OBVIOUSLY INORDINATE DELAYS HAVE DEPRIVED AVAILABLE STATE REMEDIES OF ANY MEANING, AS PETITIONER'S SENTENCE WILL BE SERVED BEFORE THE STATE REACHES ITS DECISION.

7- THIS COURT HAS HELD THAT THE ILLINOIS POST CONVICTION HEARING ACT IS AN "INEFFECTIVE REMEDY" IN CIRCUMSTANCES WHERE THE ILLINOIS COURTS STRICTLY APPLY THE DOCTRINE OF RES JUDICATA OR WAIVER." WILLIAMS V. BEANTLEY 502 F2d 1383, JOHNSON V. ZERBST 304 U.S. 458 "FUNDAMENTAL FAIRNESS REQUIRES THAT THIS RULE BE RELAXED." PEOPLE V. HEALEY 205 N.E.2d 456. Clearly one reason for the denial of petitioner's post conviction petition was waiver, as the court deemed it a SUCCESSIVE PETITION, THEREFORE THE REMEDY RESPONDENT CLAIMS TO NOT HAVE BEEN EXHAUSTED MEETS THE REQUIREMENT OF AN INEFFECTIVE REMEDY, AND WAS THEREFORE EXHAUSTED REQUIRING THE DENIAL OF RESPONDENT'S MOTION.

8- "WHERE PETITIONER HAS DILIGENTLY SOUGHT TO DEVELOPE THE FACTUAL BASIS FOR HIS CLAIM, BUT STATE COURT HAS PREVENTED HIM FROM DOING SO, THE BAR TO AN EVIDENTIARY HEARING IN A HABEAS PROCEEDING DOES NOT APPLY." 28 USCA 2254(e)(2) DRAKE V. PORTUNDO 351 F2d 388. ILLINOIS FAILURE TO PROVIDE A MEANINGFUL REMEDY MAKES PETITIONERS REMEDIES EXHAUSTED, REQUIRING THE DENIAL OF RESPONDENT'S MOTION.

9- SUFFICIENTLY UNDUE OR INORDIATE DELAY INSTATE PROCEEDURE MAY MAKE THE AVAILABLE STATE REMEDIES INEFFECTIVE, AND EXHAUSTION WILL BE EXECUTED FOR HABEAS PURPOSES. BELL V. ROBERT 402 F.Supp 938. IN THE CASE AT BAR, GOVERNMENT OFFICIALS ARE BOTH PROSECUTING AND REPRESENTING PETITIONER ON APPEAL OF WHAT COURTS HAVE HELD TO BE AN INEFFECTIVE PROCESS, THEREFORE; PETITIONER HAS EFFECTIVELY EXHAUSTED HIS STATE REMEDIES REQUIRING DENIAL OF RESPONDENT'S MOTION.

10- THE MOTION FILED BY THE RESPONDENT VIOLATES RULE 11 OF THE RULES GOVERNING HABEAS CORPUS PETITIONS IN THAT IT IS NOT SIGNED NOR ACCOMPANIED BY AN AFFIDAVIT. F. R. CIV. P. RULE 11(a) SIGNATURE "EVERY PLEADING, WRITTEN MOTION, AND OTHER PAPER SHALL BE SIGNED BY AT LEAST ONE ATTORNEY OF RECORD IN THE ATTORNEY'S INDIVIDUAL NAME." IN THIS CASE PETITIONER PREVIOUSLY FILED A MOTION HE FAILED TO SIGN, THE MOTION WAS DENIED FOR THIS FAILURE TO SIGN IT, THEREFORE, RESPONDENT'S UNSIGNED MOTION MUST ALSO BE DENIED WITH PREJUDICE.

11- RULE 5 OF THE RULES GOVERNING HABEAS CORPUS REQUIRES (a) "EVERY WRITTEN MOTION OTHER THAN ONE WHICH MAY BE HEARD EX PARTE, AND EVERY WRITTEN NOTICE, APPEARANCE, ORDER, OFFER OF JUDGMENT, DESIGNATION OF RECORD ON APPEAL SHALL BE SERVED UPON EACH OF THE PARTIES." RESPONDENT'S MOTION REFERS TO EXHIBITS A THROUGH O, HOWEVER, NO SUCH EXHIBITS WERE ATTACHED TO PRTITIONER'S COPY OF THIS MOTION, THEREFORE RESPONDENT HAS FAILED TO SERVE PETITIONER WITH A COMPLETE COPY OF HIS MOTION. BECAUSE RESPONDENT FAILED TO SERVE PETITIONER WITH A COMPLETE COPY OF HIS MOTION,, IN VIOLATION OF COURT RULES OF PROCEDURE, RESPONDENT'S MOTION CANNOT BE CONSIDERED TIMELY FILED, AND MUST BE DENIED BY THIS HONORABLE COURT WITH PREJUDICE.

12- BASED ON THE FOREGOING FACTS, CONTROLLING CASE LAW, THE FACT THAT PETITIONER'S PETITION ASSERTS THAT THE GOVERNMENT REFUSES TO ABIDE BY FEDERAL AND STATE LAW, RESPONDENT'S REFUSAL TO COMPLY WITH RULES OF THE COURT CONSISTANT WITH ILLINOIS GOVERNMENT'S REFUSAL TO GRANT PETITIONER DUE PROCESS AND EQUAL PROTECTION OF THE LAW, THE FACT THAT PETITIONER EFFECTIVELY EXHAUSTED ALL MEANINGFUL STATE REMEDIES AVAILABLE TO HIM, FUNDAMENTAL FAIRNESS, PETITIONER PRAYS THIS HONORABLE COURT WILL APPLY THE LAW STATED, AND DISMISS RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST WITH PREJUDICE, GRANT THIS MOTION IN OPPOSITION TO RESPONDENTS MOTION, AND REQUIRE THE RESPONDENT TO FILE ANY PRETRIAL MOTIONS APPROPIATE IN THE LITIGATION OF THE CASE. TO BRING THIS CASE TO A TIMELY CONCLUSION.

### AFFIDAVIT

I PATRICK O'CONNOR AVER AND AFFIRM THAT I AM THE PETITIONER IN THE ATTACHED MOTION AND ALL FACTS STATED THEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_Patrick O'Connor_     1/5/07
PATRICK O'CONNOR     DATE

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. PATRICK O'CONNOR, <br> PETITIONER, | ) <br> ) <br> ) <br> ) |
| V. | ) CASE NO. 06 C 3229 <br> ) |
| GREGORY P. FIRKUS WARDEN, LOGAN CORRECTIONAL CENTER, <br> RESPONDENT, | ) THE HONORABLE <br> ) RICHARD MILLS, <br> ) JUDGE PRESIDING. |

ORDER

THIS CAUSE COMING TO BE HEARD ON THE MOTION OF THE PETITIONER IN OPPOSITION TO RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST. IN THIS HABEAS CORPUS COMPLAINT, AND THIS HONORABLE COURT BEING DULY ADVISED IN THE PREMISES:

**IT IS HEREBY ORDERED** THAT THE MOTION OF RESPONDENT IS HEREBY DENIED, AND THE CAUSE SET FOR PRETRIAL MOTIONS.

ENTERED THIS _____ DAY OF _____ 2007 _____
RICHARD MILLS JUDGE

_____
CLERK OF THE COURT

-7-



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-8176

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

December 28, 2006

**SUSAN R. CARR**
DIRECTOR OF SUPPORT SERVICES

Mr. Patrick O'Connor
Register No. B-45832
Logan Correctional Center
R.R.3, Box 1000
Lincoln, IL 62656

Dear Mr. O'Connor:

     In response to your recent correspondence requesting the status of your appeal, this office has not yet received your record on appeal. The Official Court Reporter's Office is processing transcript orders by judgment date. However, that office is severely understaffed and in need of many more court reporters and support staff in order to produce complete records in a reasonable amount of time.

     Currently, Official Court Reporter's are working on cases with judgment dates through October, 2005. The court reporters will be working on these cases through October, 2006. As a result, it will take 11 to 13 months for complete transcripts to be filed. Based on your judgment date, and the Official Court Reporter's Office current rate of preparing and filing transcripts, it will be approximately 5-6 months before the transcripts are filed. The inordinate delay in providing transcripts due to the grossly understaffed Official Court Reporter's Office is unacceptable. A defendant will potentially be denied his due process right to a timely appeal (decision within two years from filing a notice of appeal) if it takes over a year for the record to be filed and before parties can begin working on the appeal. This office is diligently working to address this problem.

     Finally, once we receive your trial transcript, we will review it (to determine that it is complete), and an attorney will be assigned to your case. In addition, a copy of your transcripts will be sent to you.

Sincerely,

SUSAN R. CARR
Director of Support Services

## CERTIFICATE OF SERVICE

TO: CLERK OF THE U.S. DISTRICT COURT FOR
    THE CENTRAL DISTRICT OF ILLINOIS
    600 EAST MONROE ST.
    SPRINGFIELD, IL. 62701

TO: COLLEEN M. GRIFFIN
    ASSISTANT ATTORNEY GENERAL
    100 W. RANDOLPH ST. 12FLOOR
    CHICAGO, IL. 60601

    I, PATRICK O'CONNOR, HEREBY CERTIFY THAT ON THIS _____ DAY OF JANUARY 2007, I SERVED AN ORIGINAL AND THREE COPIES OF THE ATTACHED MOTION ON THE PARTIES NAMED ABOVE BY PLACING SAID COPIES IN ENVELOPES ADDRESSED AS ABOVE WITH PROPER U.S. POSTAGE ATTACHED, AND PLACED SAID ENVELOPES IN THE CONTAINER FOR U.S. MAIL LOCATED AT THE LOGAN CORRECTIONAL CENTER IN LINCOLN, ILLINOIS.

_[signature]_                1/5/07
PATRICK O'CONNOR         DATE
REG. NO. B-45832
P.O. BOX1000
Lincoln, Il. 62656

### AFFIDAVIT

    I, PATRICK O'CONNOR, AVER AND AFFIRM THAT I AM THE PETITIONER PRO SE IN THE ATTACHED MOTION, AND ALL FACTS CONTAINED ABOVE ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_[signature]_                1/5/07
PATRICK O'CONNOR PRO SE    DATE

tions. If not all plaintiffs or all defendants are appellants or appellees, the names of those who are should be included parenthetically just below the title.)

CERTIFICATE IN LIEU OF RECORD

I, _____, clerk of the circuit court in said county and State and keeper of the records, files, and seal of the court, do hereby certify that the record on appeal in the above-captioned matter has been prepared and certified in the form required for transmission to the reviewing court. (Here set forth a detailed table of contents of the record on appeal.)

I further certify that the record on appeal has this date been delivered to
_____

I do further certify that this certificate in lieu of record pursuant to Supreme Court Rule 325 issued out of my office this \_\_\_\_ day of _____, 19\_\_.

_____
                         Clerk of the Circuit Court

Amended eff. Oct. 21, 1969; Jan. 1, 1970; July 1, 1985, eff. Aug. 1, 1985; April 10, 1987, eff. Aug. 1, 1987; Dec. 17, 1993, eff. Feb. 1, 1994.

**Formerly** Ill.Rev.Stat.1991, ch. 110A, ¶ 325.

### Rule 326. Time for Filing Record on Appeal

Except as provided in Rules 306, 307, 308 and 335, the record on appeal or certificate in lieu thereof shall be filed in the reviewing court within 63 days after the filing of the notice of appeal, or the last notice of appeal if more than one appeal is taken, or, if the time for filing a report of proceedings has been extended, within 14 days after the expiration of the extended time. If a certificate is filed in lieu of the record, the appellant, or the trial court clerk at appellant's request, shall deliver the record to the reviewing court at the time the reply brief is due or earlier if the reviewing court so orders. Extensions of time for filing the record or certificate may be granted by the reviewing court or a judge thereof on motion made before the expiration of the original or extended time or on motion filed within 35 days thereafter supported by a showing of reasonable excuse for failure to file the motion earlier. The movant shall serve a copy of any motion for extension of time on the clerk preparing the record on appeal.

Amended eff. Oct. 21, 1969; Jan. 1, 1970; Dec. 17, 1993, eff. Feb. 1, 1994.

**Formerly** Ill.Rev.Stat.1991, ch. 110A, ¶ 326.

### Rule 327. Notice of Filing Record

Upon the filing of the record on appeal or the certificate in lieu of record, whichever occurs first, the clerk of the reviewing court shall provide notice of filing to all parties to the appeal.

Amended eff. Oct. 21, 1969; Jan. 1, 1970; July 30, 1979; Oct. 15, 1979; July 1, 1985, eff. Aug. 1, 1985; Dec. 17, 1993, eff. Feb. 1, 1994.

**Formerly** Ill.Rev.Stat.1991, ch. 110A, ¶ 327.

### Rule 328. Supporting Record

Any party seeking relief from the reviewing court before the record on appeal is filed shall file with his or her application an appropriate supporting record containing enough of the trial court record to show an appealable order or judgment, a timely filed and served notice of appeal (if required for appellate jurisdiction), and any other matter necessary to the application made. The supporting record must be authenticated by the certificate of the clerk of the trial court or by the affidavit of the attorney or party filing it. The supporting record shall bear a cover page with a caption of the appeal. The cover page shall be clearly labelled "Supporting Record." The numbering of volumes and pages of the supporting record shall conform to the requirements of Rule 324.

Adopted Dec. 17, 1993, eff. Feb. 1, 1994.

### Rule 329. Supplemental Record on Appeal

The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court or a judge thereof. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth. If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. If necessary, a supplemental record may be certified and transmitted. The clerk of the circuit court shall prepare a bound and certified supplemental record which shall be filed in the reviewing court upon order issued pursuant to motion.

Amended May 28, 1982, eff. July 1, 1982; amended October 14, 2005, eff. January 1, 2006.

**Formerly** Ill.Rev.Stat.1991, ch. 110A, ¶ 329.

### Rule 330. Captions in Reviewing Courts

(a) Any document, other than a brief (see Rule 341(b)) or a preprinted form, filed in a reviewing court shall contain a caption that includes:

    (1) the number of the case in the reviewing court;

    (2) the name of the reviewing court, with identification of district and division, where applicable;

    (3) the name of the case as it appeared in the trial court, except that the status of each party in the reviewing court shall also be indicated (e. g., plaintiff-appellant). In the case of an action for direct review in the appellate court of a final administrative decision, the parties shall be designated as petitioner(s) and respondent(s) (see Rule 335);

    (4) the name of the court (or agency) from which the case was brought and the docket number in that court (or agency), and when applicable in the Supreme Court, the name of the court (or agency) where the case originated and the docket number in that court (or agency);

    (5) the name of the trial judge entering the judgment to be reviewed; and

    (6) the title of the document.

(b) In all appeals filed from proceedings under the Mental Health and Developmental Disabilities Code,[1] the Mental Health and Developmental Disabilities Confidentiality Act,[2] or from actions for collection of fees for mental health services, the recipient of services shall be identified by first name and last initial or by initials only. The preferred method is first name and last initial. The alternative method of initials only is to be used when, due to an unusual first

party unless the reviewing court finds that there has been no good-faith effort to comply with this rule.

**(e) Costs.** The actual and reasonable cost of producing an abstract required by the reviewing court to be filed, or additional abstract proved by affidavit satisfactory to the clerk of the reviewing court, shall be taxed as costs in the case; but the cost of including unnecessary matter in the abstract or additional abstract may be disallowed as costs. Amended eff. Oct. 21, 1969; Jan. 1, 1970; July 30, 1979; Oct. 15, 1979; June 1, 1984, eff. July 1, 1984; May 18, 1988, eff. Aug. 1, 1988; Dec. 17, 1993, eff. Feb. 1, 1994; amended Oct. 15, 2004, eff. Jan. 1, 2005.

Formerly Ill.Rev.Stat.1991, ch. 110A, ¶ 342.

### Rule 343. Times for Filing and Serving Briefs

**(a) Time.** Except as provided in subparagraph (b) below and elsewhere in these rules (see Rules 306, 307, 308, 315, and 317), the brief of the appellant shall be filed in the reviewing court within 35 days from the filing of the record on appeal. Within 35 days from the due date of the appellant's brief, or in the case of multiple appellants, the latest due date of any appellant's brief, the appellee shall file his or her brief in the reviewing court. Within 14 days from the due date of the appellee's brief, or in the case of multiple appellees, the latest due date of any appellee's brief, the appellant may file a reply brief.

**(b) Cross–Appeals and Separate Appeals.** Unless otherwise ordered by the reviewing court or a judge thereof, briefs of cross-appellants and separate appellants shall be filed as follows:

(1) *Cross–Appeals.* A cross-appellant shall file a single brief as appellee and cross-appellant at the time his or her brief as appellee is due; the appellant's answer to the arguments on the cross-appeal shall be included in appellant's reply brief; and the cross-appellant may file a reply brief confined strictly to replying to those arguments within 14 days after the due date of the appellant's reply brief.

(2) *Separate Appeals.* A separate appellant shall follow the same briefing schedule as prescribed for the appellant. All appellees shall file their briefs within 35 days of the due date of appellants' briefs. Any replies may be filed within 14 days of the due date of appellees' briefs.

**(c) Extending or Shortening Time.** The reviewing court or a judge thereof, *sua sponte* or upon the motion of a party supported by an affidavit showing a good cause, may extend or shorten the time of any party to file a brief. (See Rule 361.)

Amended eff. Oct. 21, 1969; Jan. 1, 1970; June 28, 1974, eff. Sept. 1, 1974; Dec. 17, 1993, eff. Feb. 1, 1994.

Formerly Ill.Rev.Stat.1991, ch. 110A, ¶ 343.

> *The Illinois Supreme Court, in an order entered Nov. 9, 1982, provided that when the appellant fails to file a brief when due, the clerk is directed to enter an order that the appeal be dismissed for want of compliance with this rule, unless within 14 days of the entry date of that order, the appellant obtains an order extending the filing time or permitting the filing of the brief instanter.*
>
> *Where the appellee has not filed a brief when due, the clerk is directed to enter an order that the case be taken on the brief of the appellant, unless within 14 days of the entry of that order, the appellee obtains an order extending the filing time or permitting filing of the brief instanter.*

### Rule 344. Number of Copies, Service, and Form and Method of Reproduction of Briefs and Abstracts

**(a) Number of Copies To Be Filed and Served; Proof of Service.** Except as provided hereafter nine copies of the abstract, if any, and of each brief shall be filed in appeals to the Appellate Court. In proceedings in the Appellate Court to review orders of the Illinois Workers' Compensation Commission, 15 copies of the abstract, if any, and of each brief shall be filed. In appeals to the Supreme Court, 20 copies of the abstract, if any, and of each brief shall be filed. Three copies shall be served upon each other party to the appeal represented by separate counsel. If the Attorney General and the State's Attorney both appear for a party, each shall be served with three copies. Proof of service shall be filed with all briefs and abstracts.

**(b) Form of Briefs and Abstracts.** The briefs and abstracts, if any, shall be produced on good white paper by any printing, duplicating, or copying process that provides a clear image. Original typewritten pages may be used, but not carbon copies. If printed, the brief shall be on paper 6¾ by 10 inches in type not smaller than 11 point. Footnotes are discouraged. If not printed, the brief shall be legibly and neatly produced on paper 8½ by 11 inches, securely bound on the left side, double spaced, with the text in type not smaller than standard elite typewriting and not to exceed 6 inches by 8½. Briefs or abstracts prepared by the offset process may conform with either of the foregoing specifications. Whether printed or not printed, all copies of such documents shall have a safe and secure method of binding.

In a case in which briefs or other documents requiring reproduction are to be filed with the reviewing courts on behalf of indigents, such briefs or other documents must be reproduced by an inexpensive legible method.

**(c) Color of Covers.** The colors of the covers of the documents shall be: abstract, gray; appellant's brief or petition, white; appellee's brief or answer, light blue; appellant's reply brief, light yellow; reply brief of appellee, light red; petition for rehearing, light green; answer to petition for rehearing, tan; and reply on rehearing, orange. If a separate appendix is filed, the cover shall be the same color as that of the brief which it accompanies.

Amended eff. Sept. 1, 1974; July 30, 1979, eff. Oct. 15, 1979; Sept. 20, 1979, eff. Oct. 15, 1979; Jan. 5, 1981, eff. Feb. 1, 1981; April 27, 1984, eff. July 1, 1984; eff. Jan. 5, 1993; April 7, 1993, eff. June 1, 1993; Dec. 17, 1993, eff. Feb. 1, 1994; amended Oct. 15, 2004, eff. Jan. 1, 2005.

Formerly Ill.Rev.Stat.1991, ch. 110A, ¶ 344.

### Rule 345. Briefs Amicus Curiae

**(a) Leave or Request of Court Necessary.** A brief *amicus curiae* may be filed only by leave of the court or of a judge thereof, or at the request of the court. A motion for leave shall state the interest of the applicant and explain how an *amicus* brief will assist the court.

**(b) Forms; Conditions; Time.** A brief of an *amicus curiae* shall follow the form prescribed for the brief of an appellee, shall identify the *amicus* as such on the cover of the brief, and shall conform to any conditions imposed by the court. Unless the court or a judge thereof specifies otherwise, it shall be filed on or before the due date of the initial brief of the party whose position it supports. The color of the cover shall be the same as that of the party's brief whose position it supports.