IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PATRICK O'CONNOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-3229 |
| | ) | |
| GREGORY P. FIRKUS, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Also pending is the Respondent's motion to dismiss for failure to exhaust, the Petitioner's motion to appoint counsel, and the motion of Assistant Attorney General Russell K. Benton to substitute as counsel for the Respondent.

The Court will DENY the Petitioner's motion to appoint counsel. There is no constitutional right to the assistance of counsel in post-conviction proceedings. See <u>Jenkins v. Gramley</u>, 8 F.3d 505, 508 (7th Cir.

1

1993). The motion of attorney Russell K. Benton to substitute as counsel for the Respondent will be ALLOWED.

## I. BACKGROUND

On September 1, 1993, Petitioner Patrick O'Connor pled guilty but mentally ill in the Circuit Court of Cook County to first degree murder and aggravated criminal sexual assault. The Petitioner was sentenced to serve concurrent prison terms of 50 years for murder and 20 years for aggravated sexual assault. The Petitioner's counsel on direct appeal filed a motion for leave to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). On February 6, 1995, the motion was granted by the Illinois Appellate Court, First District, and that court affirmed the judgment of the circuit court. People v. O'Connor, No. 1-94-0651 (unpublished order under Supreme Court Rule 23).

On May 22, 1995, the Petitioner filed a post-conviction petition under 730 ILCS 5.122-1, et seq. On September 2, 1998, he filed a supplemental petition, wherein he argued that the trial court should have conducted a fitness hearing because he was taking psychotropic medication

when he pled guilty, counsel was ineffective in failing to request a fitness hearing, and retrospective fitness hearings were insufficient to protect his due process rights. On December 2, 1998, the State filed an amended motion to dismiss, which was granted by the trial court on March 12, 1999.

In his appeal, the Petitioner alleged that the trial court erred as a matter of law in dismissing his post-conviction petition when he did not receive a fitness hearing, despite there being a bona fide doubt concerning his fitness. The Petitioner also argued that the case should not be remanded for a retrospective fitness hearing under People v. Burgess, 680 N.E.2d 357 (Ill. 1997), because: (1) Burgess should not be applied retroactively to his case; (2) his case did not fall into the category of cases in which a retroactive fitness hearing was appropriate; and (3) retrospective fitness hearings were insufficient to protect the due process right to a fair trial. On January 19, 2001, the state appellate court reversed and remanded for an evidentiary hearing, determining that the Petitioner's post-conviction petition should not have been summarily dismissed. The court also instructed that, if on remand the circuit court determined that the trial court of conviction erred

in failing to conduct a fitness hearing, then a retrospective hearing under Burgess would be appropriate. People v. O'Connor, No. 1-99-1339 (unpublished order under Supreme Court Rule 23).

On remand, the state post-conviction trial court ordered a retrospective fitness hearing on October 3, 2002. On March 24, 2003, the court issued a special order finding that Petitioner would have been unfit at the time of his original plea. A new fitness hearing was held and on July 28, 2004, the Petitioner was found fit for trial.

On October 26, 2005, the Petitioner again pleaded guilty but mentally ill to murder and aggravated criminal sexual assault. He was sentenced to serve 44 years imprisonment for murder, and a consecutive term of 6 years for aggravated criminal sexual assault.

The Petitioner filed a post-conviction petition on March 30, 2006, contending: (1) his guilty but mentally ill plea was coerced; (2) he was denied his right to a speedy trial; (3) counsel was ineffective for allowing his constitutional rights to be violated; (4) he was arrested without probable cause; (5) no probable cause determination was made within 48 hours of his

warrantless arrest; (6) he was convicted under an unconstitutional statute; (7) the prosecution destroyed key blood and DNA evidence, and counsel was ineffective for failing to raise the issue; (8) the prosecution used the statements of a paid witness to establish probable cause for Petitioner's arrest, and neither the court nor defense counsel was informed of the payment; and (9) his new sentence was illegal since he began to serve his original 50-year sentence on August 29, 1991, and thus should be released.

On June 12, 2006, the Circuit Court of Cook County dismissed the post-conviction petition, finding that the claims were waived, that the Petitioner had not shown he was entitled to file a successive post-conviction petition, and that the petition was frivolous and patently without merit. The Petitioner filed a motion to reconsider, which was denied. On July 18, 2006, the Petitioner appealed, and that appeal is pending before the Illinois Appellate Court, First District as case No. 1-06-2090.

On November 28, 2006, the Petitioner filed his amended petition for habeas corpus relief in this Court, which alleges that: (1) he was unjustly arrested; (2) counsel did not file an appeal; (3) his post-conviction petition

5

should have been heard in 90 days, but is still pending after 14 years; (4) he was denied his Fourth Amendment and due process rights when a probable cause determination for his warrantless arrest was not made within 48 hours of that arrest; (5) due process requires that motions for continuances be made in writing, but over 169 oral motions for continuances were granted in state court, allowing the State to delay his case indefinitely; (6) counsel coerced Petitioner into pleading guilty but mentally ill, and appellate counsel failed to make any argument on his behalf; (7) the prosecution withheld blood and DNA evidence and appointed counsel failed to raise any issue regarding this behavior; (8) the State coerced Petitioner into pleading guilty but mentally ill by holding him at jail without bond in deplorable conditions; (9) he was denied his right to a speedy trial; (10) the Petitioner's sentence violated double jeopardy, and he has already served his original sentence; and (11) the prosecution withheld the fact that it used the testimony of a paid witness to inflame the court during sentencing.

    The basis of the Respondent's motion to dismiss is that the Petitioner has a collateral appeal pending in the state appellate court from the

dismissal of his post-conviction petition. The post-conviction petition in state court contains many of the same claims that Petitioner raises on federal habeas review. Accordingly, the Respondent asks the Court to dismiss the petition without prejudice for failure to exhaust state remedies.

## II. ANALYSIS

A petitioner must first exhaust his remedies in state court before filing a petition for a writ of habeas corpus in federal court. See 28 U.S.C. § 2254 (b)(1)(A). "Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the exhaustion doctrine precludes a federal court from granting him relief on that claim: although a federal court now has the option of denying the claim on its merits, 28 U.S.C. § 2254(b)(2), it must otherwise dismiss his habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). A petitioner cannot receive federal relief while collateral proceedings are pending in state court. Fernandez v. Sternes, 227 F.3d 977, 980-81 (7th Cir. 2000).

The Respondent notes that there are two exceptions to the exhaustion requirement set forth in 28 U.S.C. § 2254(b)(1): (1) if "there is an absence of available state corrective process;" and (2) if "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i),(ii). The Respondent contends that neither exception applies in this case because the corrective process provided by the state courts remains open; he continues to litigate a post-conviction petition in state court. Moreover, no circumstances exist which render the state corrective process ineffective.

The Respondent notes that one circumstance which might render state processes ineffective is inordinate delay, which justifies excusing a petitioner from the exhaustion requirement. See <u>Jackson v. Duckworth</u>, 112 F.3d 878, 881 (7th Cir. 1997). The Respondent contends that while the Petitioner alleges inordinate delay in asserting that his post-conviction petition has been delayed for fourteen years, this is not accurate. Although the Petitioner's original post-conviction was filed in 1995, the state appellate court ultimately remanded the case for an evidentiary hearing. On remand,

the Petitioner was given a fitness hearing. The Petitioner was deemed fit on July 5, 2005, and he thereafter pleaded guilty but mentally ill on October 25, 2005. The Petitioner then filed another post-conviction petition on March 30, 2006; the appeal from the denial of that petition remains pending.

The Respondent alleges that based on those state post-conviction proceedings, there was no inordinate delay in this case. Moreover, most of the continuances in the post-conviction proceedings in the trial court were by agreement. The Respondent claims, therefore, that there is no valid reason to forego the exhaustion requirement in this case.

The Respondent further asserts that this Court should not stay the habeas petition. The Supreme Court recently addressed the issue of staying federal habeas petitions that include both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005). The district court in that case held that some of the petitioner's claims were unexhausted eighteen months after he had filed his habeas petition. Id. at 272. Consequently, if the district court dismissed his petition to allow a return

to state court to exhaust the unexhausted claims, the petitioner would later be time-barred. Id. at 272-73. If the district court stayed the federal habeas proceedings, however, the petitioner would not face a time-bar issue. Id. at 275-76.

The Supreme Court noted that district courts have authority to issue stays when such stays would be a proper exercise of discretion. Id. at 276. The tolling provision in the Anti-Terrorism and Effective Death Penalty Act of 1996 "balances the interests served by the exhaustion requirement and the limitation period," "by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." Id. at 276 (citations omitted). The frequent use of stay and abeyance serves to discourage finality by allowing the petitioner to delay the resolution of the federal habeas proceedings. Id. at 277. The use of those procedures also acts as a disincentive to the exhaustion of claims in state court by a petitioner. Id.

Based on the foregoing, stay and abeyance should only be employed in certain circumstances. Such circumstances include when (1) there is good

cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) there is no evidence that the petitioner deliberately engaged in "dilatory litigation tactics." Id. at 277. "[A] 'stay and abeyance' of a mixed habeas petition 'is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court' and the unexhausted claims are not 'plainly meritless.'" Arrieta v. Battaglia, 461 F.3d 861, 866 (7th Cir. 2006) (quoting Rhines, 544 U.S. at 277)). Accordingly, the "stay and abeyance" procedure should be employed in "appropriate but limited" circumstances. See Dolis v. Chambers, 454 F.3d 721, 724 (7th Cir. 2006).

The Respondent asserts that in this case, the Petitioner's claim of inordinate delay on the part of state courts regarding his post-conviction petition is mistaken. He does not establish the requisite "good cause" for his failure to exhaust his state court remedies before coming to federal court. The Respondent contends, therefore, that the Court should dismiss the habeas petition without prejudice for failure to exhaust, rather than stay it.

After reviewing the record, the Court concludes that the habeas

11

petition should be dismissed without prejudice for failure to exhaust state remedies. There is no "inordinate delay" in this case. The post-conviction petition now pending in the state courts was filed on March 30, 2006.

A review of the state court post-conviction petition shows that it contains several of the same claims that the Petitioner attempts to raise in his petition under section 2254. It appears that no less than eight of the eleven claims in the instant petition are also raised in the Petitioner's state court post-conviction petition. The Petitioner has not established good cause for failing to exhaust his state court remedies before filing his petition under section 2254. In his response to the Respondent's motion, the Petitioner basically states that the state post-conviction remedies do not serve to protect his rights. He claims that the State has failed to provide a meaningful remedy.

The Court concludes that the Petitioner's arguments are without merit. There is not "an absence of available State corrective process," pursuant to section 2254(b)(1)(B)(i). The Petitioner's post-conviction petition is currently pending before the state courts. Moreover, there are no

"circumstances [which] exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii).

Because the Petitioner has not "exhausted the remedies available in the courts of the State," the Court will ALLOW the Respondent's motion and dismiss the Petitioner's habeas petition without prejudice.

<u>Ergo</u>, the Respondent's motion to dismiss for failure to exhaust [d/e 43] is ALLOWED. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. The Petitioner's motion to appoint counsel [d/e 45] is DENIED. The Respondent's motion to substitute counsel [d/e 48] is ALLOWED.

ENTER: February 14, 2007

FOR THE COURT:

s/Richard Mills
United States District Judge